LAURA J. RUETTGERS (SBN 206636)
CHRISTINA M. LAVANIER (SBN 233335)
McCurdy & Fuller LLP
4300 Bohannon Drive, Suite 240
Menlo Park, California 94025
Telephone: (650) 618-3500
Facsimile: (650) 618-3599

Attorneys for Plaintiff
AIU INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AIU INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACCEPTANCE INSURANCE COMPANY, a Delaware corporation, TIG SPECIALTY INSURANCE COMPANY, a California corporation, ROYAL INSURANCE COMPANY OF AMERICA, a Delaware corporation, AMERICAN SAFETY RISK RETENTION GROUP, IND., a Vermont corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff AIU Insurance Company ("AIU") alleges as follows:

### JURISDICTION

1. Jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, based upon the facts more specifically alleged in paragraphs 3 through 8 below.

- 1 -

24961

AIU's Complaint for Declaratory Relief

2. Intradistrict Assignment: Pursuant to Local Rule 3-2(c) and (d), this matter is being filed in the San Francisco Division of the Northern District of California because some of the underlying lawsuits which give rise to this lawsuit occurred in the County of San Mateo.

3. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

**PARTIES**

4. AIU is a New York corporation, with its principal place of business in New York, New York. AIU is authorized to do, and is doing, business in California.

5. AIU is informed and believes, and based thereon alleges, that defendant Acceptance Insurance Company ("Acceptance") is a Delaware corporation, with its principal place of business in Omaha, Nebraska. Acceptance is authorized to do, and is doing, business in California. Acceptance is, and was at all times herein mentioned, engaged in the business of insurance and is admitted in the State of California to transact the business of insurance.

6. AIU is informed and believes, and based thereon alleges, that defendant TIG Specialty Insurance Company ("TIG") is a California corporation, with its principal place of business in Irving, Texas. TIG is authorized to do, and is doing, business in California. TIG is, and was at all times herein mentioned, engaged in the business of insurance and is admitted in the State of California to transact the business of insurance.

7. AIU is informed and believes, and based thereon alleges, that defendant Royal Insurance Company of America ("Royal") is a Delaware corporation, with its principal place of business in Charlotte, North Carolina. Royal is authorized to do, and is doing, business in California. Royal is, and was at all times herein mentioned, engaged in the business of insurance and is admitted in the State of California to transact the business of insurance.

8. AIU is informed and believes, and based thereon alleges, that defendant American Safety Risk Retention Group, Inc. ("American Safety") is a Vermont corporation, with its principal place of business in Atlanta, Georgia. American Safety is authorized to do, and is doing, business

AIU's Complaint for Declaratory Relief

in California. American Safety is, and was at all times herein mentioned, engaged in the business of insurance and is admitted in the State of California to transact the business of insurance.

9. AIU is informed and believes, and based thereon alleges, that defendants DOES 1 through 10 are entities which are authorized to do business and are doing business in California. AIU is informed and believes, and on that basis alleges, defendants DOES 1 through 10 issued a policy or policies of liability insurance which provided coverage to Rylock Company, Ltd. ("Rylock"). AIU is currently unaware of the true identities of DOES 1 through 10 and will amend this complaint at such time as AIU becomes aware of the true identities of these DOE defendants.

## VENUE

10. Venue lies in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## THE INSURANCE POLICIES

11. AIU issued excess liability policy no. BE 309-29-74, effective March 1, 1996 to March 1, 1998, to Rylock ("AIU 96-98 Excess Policy"). A true and correct copy of the AIU 96-98 Excess Policy is attached as Exhibit A and is incorporated by reference herein as though set forth in full. AIU issued excess liability policy no. BE 357-20-18, effective March 1, 1998 to March 1, 2002, to Rylock ("AIU 98-02 Excess Policy"). A true and correct copy of the AIU 98-02 Excess Policy is attached as Exhibit B and is incorporated by reference herein as though set forth in full. The AIU 96-98 Excess Policy and the AIU 98-02 Excess Policy are referred to collectively herein as the "AIU Excess Policies".

12. As more fully described therein, unless otherwise excluded therein, the AIU Excess Policies provide coverage for "property damage", as defined therein, which takes place during the policy periods and which arises out of an "occurrence", as defined therein. Also as set forth therein, the AIU Excess Policies apply in excess of the "Retained Limit" which is defined by the policies, in pertinent part, as: "The total of the applicable limits of the underlying policies listed in

the Schedule of Underlying Insurance and the applicable limits of any other underlying insurance providing coverage to the Insured."

13. AIU is informed and believes, and on that basis alleges, that Acceptance issued the following primary commercial general liability insurance policies to Rylock for periods indicated: (1) policy no. C2CG0053 providing coverage for the period of March 1, 1992 to March 1, 1993 ("Acceptance 92-93 Primary Policy"); (2) policy no. C93G0194 for the period of March 1, 1993 to March 1, 1994 ("Acceptance 93-94 Primary Policy"); and (3) policy no. C94G0370 for the period of March 1, 1994 to March 1, 1995 ("Acceptance 94-95 Primary Policy"); and (4) policy no. C95CG60598 for the period of March 1, 1995 to March 1, 1996 ("Acceptance 95-96 Primary Policy") (collectively, the "Acceptance Primary Policies"). The Acceptance Primary Policies are attached hereto as Exhibits C, D, E and F and are incorporated by reference herein as though set forth in full. Each of the Acceptance Primary Policies provide limits of $1 million per occurrence subject to $2 million in the aggregate for property damage which takes place during the policy period(s) and arises out of an occurrence.

14. AIU is informed and believes, and on that basis alleges, that TIG issued primary general liability policy no. 3135280, effective March 1, 1995 to March 1, 1996 to Rylock ("TIG Primary Policy"). The TIG Primary Policy provides limits of $1 million per occurrence subject to $2 million in the aggregate for property damage which takes place during the policy period and arises out of an occurrence. A true and correct copy of the TIG Primary Policy is attached hereto as Exhibit G and is incorporated by reference herein as though set forth in full.

15. AIU is informed and believes, and on that basis alleges, that Royal issued the following primary commercial general liability insurance policies to Rylock for periods indicated: (1) policy no. PTY441053 providing coverage for the period of March 1, 1996 to March 1, 1997 ("Royal 96-97 Primary Policy"); (2) policy no. PTS443208 for the period of March 1, 1997 to March 1, 1998 ("Royal 97-98 Primary Policy"); (3) policy no. PTR457882 for the period of March 1, 1998 to March 1, 1999 ("Royal 98-00 Primary Policy") (collectively, the "Royal Primary Policies") and (4) policy no. PTR-4578820099 for the period of March 1, 1999 to March 1, 2000.

AIU's Complaint for Declaratory Relief

The Royal Primary Policies are attached hereto as Exhibits H, I, J and K and are incorporated by reference herein as though set forth in full. Each of the Royal Primary Policies provide limits of $1 million per occurrence subject to $2 million in the aggregate for property damage which takes place during the policy period(s) and arises out of an occurrence.

16. AIU is informed and believes, and on that basis alleges, that American Safety issued primary general liability policy no. XGI 00-1462-001, effective March 1, 2000 to March 1, 2001, to Rylock ("American Safety 00-01 Primary Policy"). A true and correct copy of the American Safety 00-01 Primary Policy is attached hereto as Exhibit L and incorporated herein by reference as though fully set forth. AIU is informed and believes, and on that basis alleges, that American Safety issued general liability policy no. XGI 00-1462-002, effective March 1, 2001 to March 1, 2002, to Rylock ("American Safety 01-02 Primary Policy"). A true and correct copy of the American Safety 00-01 Primary Policy is attached hereto as Exhibit M and incorporated herein by reference. The American Safety 00-01 Primary Policy and the American Safety 01-02 Primary Policy are collectively referred to herein as the American Safety Primary Policies.

17. The American Safety Primary Policies each provide limits of $1 million per occurrence subject to a $2 million general aggregate and provide coverage for property damage taking place during the policy period(s) arising out of an occurrence. The American Safety Primary Policies include self-insured retention endorsement form ASIC – ES 98 01 08 99 which subjects the policies to a self-insured retention in the amount of $50,000 per occurrence, subject to a $1,250,000 aggregate.

18. DOES 1 through 10 issued policies of insurance to Rylock which provide coverage to Rylock for property damage taking place during the respective policy periods and arising out of an occurrence. The policies of insurance issued by DOES 1 through 10 are primary to the coverage provided by the AIU Excess Policies.

### THE UNDERLYING EVENTS

19. AIU is informed and believes, and on that basis alleges, that Rylock was engaged in the business of window manufacturing. AIU is informed and believes that Rylock windows were

- 5 -

installed in numerous homes in California and elsewhere. AIU is informed and believes that Rylock has been named as a defendant and/or cross-defendant in litigation in which homeowners have alleged that Rylock's windows were defective and that such defects lead to water intrusion resulting in property damage during the effective periods of the policies issued by Acceptance, TIG, Royal, American Safety, and DOES 1 through 10 ("Rylock Actions").

20.  AIU is informed and believes, and on that basis alleges, that Rylock tendered its defense and indemnity in the Rylock Actions to Acceptance, TIG, Royal, American Safety, and DOES 1 through 10.

21.  AIU is informed and believes that American Safety refused to defend or indemnify Rylock in the Rylock Actions under the American Safety Primary Policies on the basis that the applicable self-insured retention(s) had not been satisfied. AIU is informed and believes that American Safety asserted that it had no obligation to defend or indemnify Rylock in the Rylock Actions even after $50,000 had been incurred in defense and indemnity payments by other carriers and that American Safety asserts that Rylock itself must personally satisfy the self-insured retention amount(s) in order to trigger coverage under the policies. AIU is informed and believes that Rylock was and is unable to personally satisfy the self-insured retention amount(s) as it is insolvent. Accordingly, American Safety has taken the position that its policies will never be implicated.

22.  AIU is informed and believes that Rylock designated the Royal Policies to respond to each of the claims pursuant to *Armstrong World Industries, Inc. v. Aetna Casualty & Surety Co.* (1996) 45 Cal.App.4th 1. AIU is informed and believes that Royal failed to obtain proper contribution from the other carriers with policies implicated by the claims.

23.  AIU is informed and believes that Royal is presently asserting that the Royal Primary Policies are exhausted or that the limits available under the policies are insufficient to address the claims currently pending against Rylock. On that basis, Rylock, TIG, and Royal have asserted that the obligations under the AIU Excess Policies have been triggered and that AIU has a present obligation to defend and indemnify Rylock in the outstanding claims.

AIU's Complaint for Declaratory Relief

24.  AIU asserts that it has no present obligation to defend or indemnify Rylock in the outstanding Rylock Actions because the Royal Primary Policies are not exhausted. Particularly, AIU asserts that once Acceptance, TIG, American Safety, and DOES 1 through 10 reimburse amounts owed to Royal for indemnity payments made by Royal which should have properly been borne by such carriers, the Royal Primary Policy limits will be refreshed. AIU contends that it has no obligation under the AIU Excess Policies until all underlying insurance, including, without limitation, the Acceptance Primary Policies, the TIG Primary Policy, the Royal Primary Policies, the American Safety Primary Policies, and the policies issued by DOES 1 through 10 have been properly exhausted by payments of claims which fall within the coverage afforded by the AIU Excess Policies.

## FIRST CLAIM FOR RELIEF

### (For Declaratory Relief Against American Safety)

25.  AIU repeats each and every allegation contained in paragraphs 1 through 24 of this complaint, and incorporates each and every one of those allegations into this Claim for Relief as if they were set forth herein.

26.  Actual controversies have arisen and now exist between and among American Safety and AIU relating to the legal rights and duties under the American Safety policies. Particularly, American Safety asserts that the self-insured retentions of the American Safety Primary Policies have not been satisfied and cannot be satisfied because only the insured may satisfy the retention amounts. AIU alleges that the self-insured retentions in the American Safety Policies may be satisfied by payments under other insurance policies, including without limitation payments made under the Royal Policies. Accordingly, AIU alleges that American Safety has a present duty to Rylock under the American Safety Policies, including a duty to provide Rylock with primary coverage and to reimburse Royal for payments of claims made on behalf of American Safety.

- 7 -

24961

AIU's Complaint for Declaratory Relief

27. AIU seeks a declaration from this Court that the terms and conditions of the American Safety Primary Policies do not provide that only the insured, personally, can satisfy the retention amounts and trigger an obligation under the policies.

28. An actual controversy exists between the parties to this action, and this court has the authority to issue a declaratory relief judgment concerning their respective rights and duties pursuant to 28 U.S.C. § 2202.

## SECOND CLAIM FOR RELIEF

### (For Declaratory Relief Against Acceptance, TIG, Royal, American Safety, and DOES 1 through 10)

29. AIU repeats each and every allegation contained in paragraphs 1 through 28 of this complaint, and AIU incorporates each and every one of those allegations into this Claim for Relief as if they were set forth herein.

30. Actual controversies have arisen and now exist between and among AIU, Acceptance, Royal, TIG, American Safety, and DOES 1 through 10 relating to their respective legal rights and duties under their respective policies. Particularly, Royal asserts that the Royal Primary Policies are exhausted. Acceptance, TIG, American Safety, and DOES 1 through 10 assert that they have no obligation to reimburse Royal for their respective allocated share of past defense and indemnity costs incurred by Royal. AIU asserts that the Royal Primary Policies are not exhausted because the other primary carriers, including but not limited to, Acceptance, TIG, American Safety, Acceptance and DOES 1 through 10 have an obligation to reimburse Royal for their respective allocated share of past indemnity costs incurred.

31. AIU seeks an order from this Court that the Royal Primary Policies are not exhausted since they are subject to refreshment from the other primary carriers including but not limited to Acceptance, TIG, American Safety and DOES 1 through 10. AIU seeks an order from this Court that there is no obligation under the AIU Excess Policies until all primary coverage is properly exhausted.

32. An actual controversy exists between the parties to this action, and this court has the authority to issue a declaratory relief judgment concerning their respective rights and duties pursuant to 28 U.S.C. § 2202.

## PRAYER

WHEREFORE, AIU prays for judgment as follows:

1. That the Court make and enter a binding judicial declaration in accordance with AIU's contentions set forth in the claims for relief.

2. For costs of suit incurred in this action.

3. For reasonable attorney's fees.

4. For such other and further relief as this Court deems just and proper.

DATED: October 26, 2007

MCCURDY & FULLER LLP

By: _____
LAURA J. RUETTGERS
CHRISTINA M. LAVANIER
Attorneys for Plaintiff
AIU INSURANCE COMPANY

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

24961

- 9 -

AIU's Complaint for Declaratory Relief