1  Semha Alwaya (CSBN 141999)
2  Trelawney James-Riechert (CSBN 160853)
   A. Mark Hom (CSBN 154777)
3  Law Offices of Semha Alwaya
   2200 Powell Street, Suite 110
4  Emeryville, California 94608
   Telephone:  (510) 595-7900
5  Facsimile:  (510) 595-9049
   E-mail:      salwaya@alwayalaw.com
6  Attorney for Defendant
7  TIG INSURANCE COMPANY
   ERRONEOUSLY SUED HEREIN AS
8  TIG SPECIALTY INSURANCE COMPANY

9

10              UNITED STATES DISTRICT COURT

11      FOR THE NORTHERN DISTRICT OF CALIFORNIA

12              SAN FRANCISCO DIVISION

13

| | |
|---|---|
| AIU INSURANCE COMPANY, a New York corporation, | No. C 07-05491 EDL |
| Plaintiff, | **ANSWER OF DEFENDANT TIG INSURANCE COMPANY, ERRONEOUSLY SUED HEREIN AS TIG SPECIALTY INSURANCE COMPANY** |
| vs. | |
| ACCEPTANCE INSURANCE COMPANY, a Delaware corporation, TIG SPECIALTY INSURANCE COMPANY, a California corporation, ROYAL INSURANCE COMPANY OF AMERICA, a Delaware corporation, AMERICAN SAFETY RISK RETENTION GROUP, IND., a Vermont corporation, and DOES 1 through 10, inclusive, | **COMPLAINT FILED:** OCTOBER 29, 2007 |
| Defendants. | |

24    Defendant TIG Insurance Company, erroneously sued herein as TIG Specialty

25  Insurance Company, ("TIG") answers the allegation contained in the Complaint

26  brought by Plaintiff AIU Insurance Company ("Plaintiff" or "AIU") as follows:

27      1.    Answering the allegations contained in Paragraph 1 of Plaintiff's

28  Complaint, TIG is without sufficient knowledge or information to form a belief as to

-1-

the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

2. Answering the allegations contained in Paragraph 2 of Plaintiff's Complaint, TIG admits that some of the underlying lawsuit is alleged to have occurred in the County of San Mateo. Except as expressly admitted herein, the remainder of Paragraph 2 does not call for an admission or a denial.

3. Answering the allegations contained in Paragraph 3 of Plaintiff's Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every remaining allegation contained therein.

4. Answering the allegations contained in Paragraph 4 of Plaintiff's Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every remaining allegation contained therein.

5. Answering the allegations contained in Paragraph 5 of Plaintiff's Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every remaining allegation contained therein.

6. Answering the allegations contained in Paragraph 6 of Plaintiff's Complaint, TIG admits that it is a California Corporation, authorized to do, and doing business in California. Contrary to the allegations of Complaint, TIG's principal place of business is Manchester, New Hampshire. TIG also admits that it is engaged in the business of insurance and is admitted in the State of California to transact the business of insurance. Except as expressly admitted herein, TIG denies the remaining allegations of this paragraph.

7. Answering the allegations contained in Paragraph 7 of Plaintiff's Complaint, TIG is without sufficient knowledge or information to form a belief as to

ANSWER OF DEFENDANT TIG INSURANCE COMPANY

1   the truth of the allegations contained in said paragraph, and on that basis denies each
2   and every remaining allegation contained therein.

3       8.    Answering the allegations contained in Paragraph 8 of Plaintiff's
4   Complaint, TIG is without knowledge or information sufficient to form a belief as to
5   the truth of those allegations and thus denies the same.

6       9.    Answering the allegations contained in Paragraph 9 of Plaintiff's
7   Complaint, TIG is without knowledge or information sufficient to form a belief as to
8   the truth of those allegations and thus denies the same.

9       10.   Answering the allegations contained in Paragraph 10 of Plaintiff's
10  Complaint, TIG is without knowledge or information sufficient to form a belief as to
11  the truth of those allegations and thus denies the same.

12      11.   Answering the allegations contained in Paragraph 11 of Plaintiff's
13  Complaint, TIG is without knowledge or information sufficient to form a belief as to
14  the truth of those allegations and thus denies the same.

15      12.   Answering the allegations contained in Paragraph 12 of Plaintiff's
16  Complaint, TIG alleges affirmatively that the terms and conditions of AIU's policies
17  attached as Exhibits A and B speak for themselves.  TIG otherwise denied any and all
18  remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

19      13.   Answering the allegations contained in Paragraph 13 of Plaintiff's
20  Complaint, TIG admits that the Acceptance Primary Policies are attached as exhibits to
21  the Complaint.  However, TIG is without sufficient knowledge or information to form
22  a belief as to the truth of the allegations contained in said paragraph, and on that basis
23  denies each and every allegation contained therein.

24      14.   Answering the allegations contained in Paragraph 14 of Plaintiff's
25  Complaint, TIG admits that it issued policy No. 31352800 effective March 1, 1995 to
26  March 1, 1996 to Rylock.  The TIG policy provides $1M per occurrence subject to a
27  $2M in the aggregate for products/completed operations.
28

ANSWER OF DEFENDANT TIG INSURANCE COMPANY

15.     Answering the allegations contained in Paragraph 15 of Plaintiff's Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

16.     Answering the allegations contained in Paragraph 16 of Plaintiff's Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

17.     Answering the allegations contained in Paragraph 17 of Plaintiff's Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

18.     Answering the allegations contained in Paragraph 18 of Plaintiff's Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19.     Answering the allegations contained in Paragraph 19 of Plaintiff's Complaint, TIG admits Rylock was engaged in the business of window manufacturing. TIG also admits that Rylock windows were installed in numerous homes in California. TIG also admits that Rylock has been named as a defendant and/or cross-defendant in litigation in which homeowners have alleged that Rylock's windows were defective and that such defects led to water intrusion resulting in property damage. Except as expressly admitted herein, TIG is without knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies the same.

20.     Answering the allegations contained in Paragraph 20 of Plaintiff's Complaint, TIG admits that Rylock has tendered the defense and indemnity of certain matters to TIG. Except as expressly admitted herein, TIG is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21.    Answering the allegations contained in Paragraph 21 of Plaintiff's Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22.    Answering the allegations contained in Paragraph 22 of Plaintiff's Complaint, TIG admits that Rylock has designated the Royal policies to respond to at least some of the claims in certain matters. Except as expressly admitted herein, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23.    Answering the allegations contained in Paragraph 23 of Plaintiff's Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

24.    Answering the allegations contained in Paragraph 24 of Plaintiff's Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

25.    Answering the allegations contained in Paragraph 25 of Plaintiff's Complaint, TIG incorporates by reference its answers to Paragraphs 1 through 24 as though fully set forth herein.

26.    Answering the allegations contained in Paragraph 26 of Plaintiff's Complaint, TIG is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and thus denies the same.

27.    The allegations contained in Paragraph 27 of Plaintiff's Complaint do not call for an admission or a denial from TIG.

ANSWER OF DEFENDANT TIG INSURANCE COMPANY

28.    Answering the allegations contained in Paragraph 28 of Plaintiff's Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

29.    Answering the allegations contained in Paragraph 29 of Plaintiff's Complaint, TIG incorporates by reference its answers to Paragraphs 1 through 28 as though fully set forth herein.

30.    Answering the allegations contained in Paragraph 30 of Plaintiff's Complaint, TIG admits that an actual controversy exists between AIU and TIG relating to their respective legal rights and duties under their respective policies. Except as expressly admitted herein, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

31.    The allegations contained in Paragraph 31 of Plaintiff's Complaint do not call for an admission or a denial from TIG.

32.    Answering the allegations contained in Paragraph 32 of Plaintiff's Complaint, TIG admits that there is an actual controversy between it and AIU. Except as expressly admitted herein, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

TIG asserts the following affirmative defenses to Plaintiff's Complaint.

## First Affirmative Defense

This matter is subject to dismissal based on abstention principles in that this Court has the power to refrain from hearing cases based on "'scrupulous regard for the

rightful independence of the state governments' and for the smooth working of the federal judiciary" [*Quackenbush v. Allstate Ins. Co.* (1996) 517 U.S. 706, 718, quoting *Railroad Comm'n of Tex. v. Pullman Co.* (1941) 312 U.S. 496, 500–501] because the only relief sought is for equitable or discretionary relief.

### Second Affirmative Defense

Plaintiffs' Complaint fails to state a claim against TIG upon which relief can be granted.

### Third Affirmative Defense

To the extent that AIU may have failed to mitigate, minimize or avoid any damages it allegedly sustained, any recovery against TIG must be reduced by that amount.

### Fourth Affirmative Defense

As a separate and affirmative defense to the Complaint and without admitting that the terms, conditions and exclusions of an insurance policy must be pled in an affirmative defense, TIG alleges that coverage for the claims that are the subject of this action is precluded, in whole or in part, by reason of the terms, conditions, provisions, limitations, endorsements and exclusions of the TIG policy.

### Fifth Affirmative Defense

TIG alleges that its obligations in connection with the underlying action, if any, must be apportioned among all of the responsible insurers including, without limitation, Plaintiffs.

### Sixth Affirmative Defense

As a separate affirmative defense, TIG alleges that Plaintiffs' damages, if any, were caused by or contributed to by the acts, errors and omissions of Plaintiff and/or other individuals or entities, and that Plaintiff's recovery against TIG, if any, must be reduced accordingly.

### Seventh Affirmative Defense

Without admitting that the subject matter of this paragraph must be pled as an

-7-

ANSWER OF DEFENDANT TIG INSURANCE COMPANY

affirmative defense, TIG alleges that the Plaintiff may not recover from TIG any amounts for which payments have been made to or are collected by Plaintiff from third parties to this litigation, and Plaintiff's recovery, if any, against TIG must be reduced by the payments that have been made by such third parties.

### Eighth Affirmative Defense

Plaintiff's claim against TIG is barred by the applicable statutes of limitations.

### Ninth Affirmative Defense

TIG alleges that it may have additional defenses that cannot now be articulated and, therefore, TIG reserves its right to amend the Answer.

**WHEREFORE** TIG requests a judgment as follows:

1.    That plaintiff take nothing by reason of its Complaint;

2.    A declaration that Defendant TIG has no obligation to AIU for any amount claimed in Plaintiff's Complaint;

3.    That defendant TIG be awarded costs of suit incurred herein; and

4.    For such other and further relief as the Court deems appropriate.

DATED: December 6, 2007

LAW OFFICES OF SEMHA ALWAYA

By: _Semha Alwaya_
Semha Alwaya
Attorney for Defendant TIG INSURANCE
COMPANY ERRONEOUSLY SUED
HEREIN AS TIG SPECIALTY
INSURANCE COMPANY

-8-

## REQUEST FOR JURY TRIAL

TIG hereby requests trial by jury.

LAW OFFICES OF SEMHA ALWAYA

By: *Semha Alwaya*

Semha Alwaya
Attorney for Defendant TIG INSURANCE
COMPANY ERRONEOUSLY SUED
HEREIN AS TIG SPECIALTY INSURANCE
COMPANY

ANSWER OF DEFENDANT TIG INSURANCE COMPANY