1  Mary E. McPherson, Esq., SBN 177194
   mmcpherson@tsmp.com
2  Angela Pak, Esq., SBN 201477
   apak@tsmp.com
3  TRESSLER, SODERSTROM, MALONEY
4  & PRIESS, LLP
   1901 Avenue of the Stars, Suite 450
5  Los Angeles, CA 90067-6006
   Telephone: (310) 203-4800
6  Facsimile: (310) 203-4850
7
   Attorneys for Defendant
8  ROYAL INDEMNITY COMPANY
   as successor in interest to
9  Royal Insurance Company of America
10 (improperly sued as "Royal Insurance Company of America")

11                UNITED STATES DISTRICT COURT

12     NORTHERN DISTRICT OF CALIFORNIA - San Francisco Division

13 | AIU INSURANCE COMPANY, a New          | Case No.: C 07 5491 PJH
14 | York corporation,                     |
                                           | ANSWER AND AFFIRMATIVE
15 |          Plaintiff                    | DEFENSES OF DEFENDANT
                                           | ROYAL INDEMNITY COMPANY
16 |     v.                                |
                                           | COMPLAINT FILED:
17 |                                       | October 29, 2007
   | ACCEPTANCE INSURANCE
18 | COMPANY, a Delaware corporation,
   | TIG SPECIALTY INSURANCE
19 | COMPANY, a California corporation,
20 | ROYAL INSURANCE COMPANY OF
   | AMERICA, a Delaware corporation,
21 | AMERICAN SAFETY RISK
   | RETENTION GROUP, IND., a
22 | Vermont corporation, and DOES 1-10,
23 | INCLUSIVE,
24 |          Defendants.
25

Defendant Royal Indemnity Company as successor in interest to Royal Insurance Company of America (improperly sued as "Royal Insurance Company of America") ("Royal") hereby answers the Complaint for Declaratory Relief of Plaintiff AIU Insurance Company ("AIU") as follows:

## JURISDICTION

1. Answering Paragraph 1 of the Complaint, Royal lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1, and on that basis denies each and every allegation contained therein.

2. Answering Paragraph 2 of the Complaint, Royal admits only that some of the underlying lawsuits which give rise to this lawsuit were filed in the County of San Mateo, California and denies each and every remaining allegation in Paragraph 2.

3. Answering Paragraph 3 of the Complaint, Royal admits only that AIU is seeking declaratory relief and that it lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 3, and on that basis denies each and every allegation contained therein.

## PARTIES

4. Answering Paragraph 4 of the Complaint, Royal lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 4, and on that basis denies each and every allegation contained therein.

5. Answering Paragraph 5 of the Complaint, Royal lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 5, and on that basis denies each and every allegation contained therein.

///

6.    Answering Paragraph 6 of the Complaint, Royal lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 6, and on that basis denies each and every allegation contained therein.

7.    Answering Paragraph 7 of the Complaint, Royal admits only that Royal is a Delaware corporation, with its principal place of business in Charlotte, North Carolina and that it is authorized to, and does, business in California. Royal further admits that it was at all times herein mentioned, engaged in the business of insurance and admitted to the State of California to transact the business of insurance. Royal denies each and every other allegation of Paragraph 7.

8.    Answering Paragraph 8 of the Complaint, Royal lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 8, and on that basis denies each and every allegation contained therein.

9.    Answering Paragraph 9 of the Complaint, Royal lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 9, and on that basis denies each and every allegation contained therein.

## VENUE

10.    Answering Paragraph 10 of the Complaint, Royal lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 10, and on that basis denies each and every allegation contained therein.

## THE INSURANCE POLICIES

11.    Answering Paragraph 11 of the Complaint, Royal lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 11, and on that basis denies each and every allegation contained therein.

///

12. Answering Paragraph 12 of the Complaint, Royal lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 12, and on that basis denies each and every allegation contained therein.

13. Answering Paragraph 13 of the Complaint, Royal lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 13, and on that basis denies each and every allegation contained therein.

14. Answering Paragraph 14 of the Complaint, Royal lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 14 and on that basis denies each and every allegation contained therein.

15. Answering Paragraph 15 of the Complaint, Royal admits only that it issued the following insurance policies for the periods indicated: (1) Policy No. PTY 441053 effective for the period March 1, 1996 to March 1, 1997; (2) Policy No. PTS 443208 effective for the period March 1, 1996 to March 1, 1998; (3) Policy No. PTR 457882 effective for the period March 1, 1998 to March 1, 1999; and (4) Policy No. PTR 4578820099 effective for the period March 1, 1999 to March 1, 2000, each which policy speaks for itself. Royal denies each and every remaining allegation in Paragraph 15.

16. Answering Paragraph 16 of the Complaint, Royal lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 16, and on that basis denies each and every allegation contained therein.

17. Answering Paragraph 17 of the Complaint, Royal lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 17, and on that basis denies each and every allegation contained therein.

///

18. Answering Paragraph 18 of the Complaint, Royal lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 18, and on that basis denies each and every allegation contained therein.

### THE UNDERLYING EVENTS

19. Answering Paragraph 19 of the Complaint, Royal admits only that Rylock was engaged in the business of window manufacturing; that Rylock is alleged to have installed windows in home located in California and elsewhere; and that Rylock has been named as defendant and/or cross-defendant in lawsuits in which homeowners alleged that Rylock's windows were defective and that such defects lead to water intrusion resulting in property damage. Except as expressly admitted herein, Royal lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 19, and on that basis denies each and every allegation contained therein.

20. Answering Paragraph 20 of the Complaint, Royal admits only that Rylock tendered the defense and indemnity of certain lawsuits in which Rylock was named a defendant and/or cross-defendant to Royal. Except as expressly admitted herein, Royal lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 20, and on that basis denies each and every allegation contained therein.

21. Answering Paragraph 21 of the Complaint, Royal lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 19, and on that basis denies each and every allegation contained therein.

22. Answering Paragraph 22 of the Complaint, Royal admits only that Relock referenced the court decision *Armstrong World Industries, Inc. v. Aetna*

*Casualty & Surety Co,* (1996) 45 Cal.App.4th 1 in certain correspondence it sent to Royal and other insurance companies and denies each and every other allegation contained in Paragraph 22 of the Complaint.

23. Answering Paragraph 23 of the Complaint, Royal admits only that the limits of the Royal policies Policy No. PTY 441053 effective for the period March 1, 1996 to March 1, 1997, Policy No. PTS 443208 effective for the period March 1, 1996 to March 1, 1998, Policy No. PTR 457882 effective for the period March 1, 1998 to March 1, 1999, and Policy No. PTR 4578820099 effective for the period March 1, 1999 to March 1, 2000, each which policy speaks for itself, and each of which has been, or very soon will be, exhausted through payment of settlements or judgments made on behalf of Rylock and that upon exhaustion of the Royal policies the AIU excess policies are triggered requiring AIU to defend and indemnify Rylock in all outstanding lawsuits and claims. Except as expressly admitted herein, Royal lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 23, and on that basis denies each and every allegation contained therein.

24. Answering Paragraph 24 of the Complaint, Royal admits only that the limits of the Royal policies Policy No. PTY 441053 effective for the period March 1, 1996 to March 1, 1997, Policy No. PTS 443208 effective for the period March 1, 1996 to March 1, 1998, Policy No. PTR 457882 effective for the period March 1, 1998 to March 1, 1999, and Policy No. PTR 4578820099 effective for the period March 1, 1999 to March 1, 2000, each which policy speaks for itself, and each of which has been or very soon will be, exhausted through payment of settlements or judgments made on behalf of Rylock. Royal denies that its policies have not been

properly exhausted and denies that the Royal policies may be "refreshed" by any amounts that may be owed to Rylock by any other insurer. Rylock denies that the AIU excess policies will not be triggered upon exhaustion of the Royal policies. Royal contends that AIU to defend and indemnify Rylock in all outstanding lawsuits and claims filed against Rylock upon exhaustion of the Royal policies. Except as expressly admitted herein, Royal lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 24, and on that basis denies each and every allegation contained therein.

## FIRST CLAIM FOR RELIEF

### (For Declaratory Relief Against American Safety)

25. Answering Paragraph 25 of the Complaint, Royal repeats and incorporates by reference its answers to Paragraphs 1-24 above as if they were set forth herein.

26. Answering Paragraph 26 of the Complaint, Royal lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 26, and on that basis denies each and every allegation contained therein.

27. Answering Paragraph 27 of the Complaint, Royal has no obligation to either admit or deny such allegations contained therein as they are directed only to American Safety and not to Royal.

28. Answering Paragraph 28 of the Complaint, Royal lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 28, and on that basis denies each and every allegation contained therein.

///

## SECOND CLAIM FOR RELIEF

## (For Declaratory Relief Against Acceptance, TIG, Royal, American Safety and DOES 1-10)

29. Answering Paragraph 29 of the Complaint, Royal repeats and incorporates by reference its answers to Paragraphs 1-28, above as if set forth fully herein.

30. Answering Paragraph 30 of the Complaint, Royal admits only that there is a dispute or controversy between the parties regarding AIU's coverage obligations to Rylock and whether the Royal policies have been exhausted. Royal denies each and every remaining allegation contained in Paragraph 30.

31. Answering Paragraph 31 of the Complaint, Royal admits only that there is a dispute or controversy between the parties regarding AIU's coverage obligations to Rylock and whether the Royal policies have been exhausted. Royal denies each and every remaining allegation contained in Paragraph 31.

32. Answering Paragraph 32 of the Complaint, Royal admits only that there is a dispute or controversy between the parties regarding AIU's coverage obligations to Rylock and whether the Royal policies have been exhausted. Royal denies each and every remaining allegation contained in Paragraph 32.

## PRAYER

Royal denies that AIU is entitled to the relief sought by its Complaint.

## AFFIRMATIVE DEFENSES

By way of further answer, and by way of affirmative defenses, Royal alleges as follows:

///

8
ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ROYAL INDEMNITY COMPANY

## FIRST AFFIRMATIVE DEFENSE

1. AIU's claims against Royal are barred, in whole or in part, to the extent that AIU fails to state a claim against Royal upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. AIU's claims against Royal are barred, in whole or in part, to the extent that AIU fails to state facts sufficient to constitute a cause of action against Royal.

## THIRD AFFIRMATIVE DEFENSE

3. AIU's claims against Royal against Royal are barred because the limits of the Royal policies Policy No. PTY 441053 effective for the period March 1, 1996 to March 1, 1997, Policy No. PTS 443208 effective for the period March 1, 1996 to March 1, 1998, Policy No. PTR 457882 effective for the period March 1, 1998 to March 1, 1999, and Policy No. PTR 4578820099 effective for the period March 1, 1999 to March 1, 2000, each which policy speaks for itself, and each of which has been, or very shortly will be exhausted through payment of settlements or judgments Royal has made on behalf of Rylock.

## FOURTH AFFIRMATIVE DEFENSE

4. AIU's claims against Royal are barred because Royal has no obligation to obtain contribution from any other insurance company, person or entity relative to the defense and indemnification of Rylock.

///

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ROYAL INDEMNITY COMPANY

### FIFTH AFFIRMATIVE DEFENSE

5. AIU's claims against Royal are barred because, once the Royal policies have been exhausted through payment of settlements or judgments, Royal has no further obligations to defend or indemnify Rylock.

### SIXTH AFFIRMATIVE DEFENSE

6. AIU's claims against Royal are barred, in whole or in part, pursuant to the terms, provisions, definitions, conditions, exclusions, endorsements, and limitations set forth in Royal Policies.

### SEVENTH AFFIRMATIVE DEFENSE

7. AIU's claims against Royal are barred because once the Royal policies have been exhausted through payment of settlements or judgment, they may not be retroactively "refreshed" by any amounts that may be owed to Rylock by any other insurer.

### EIGHTH AFFIRMATIVE DEFENSE

8. AIU's claims against Royal are barred, in whole or in part, to the extent the applicable statutes of limitations have expired.

### NINTH AFFIRMATIVE DEFENSE

9. AIU's claims against Royal are barred, in whole or in part, to the extent the doctrine of laches applies.

### TENTH AFFIRMATIVE DEFENSE

10. AIU's claims against Royal are barred, in whole or in part, to the extent the doctrine of waiver applies.

///

## ELEVENTH AFFIRMATIVE DEFENSE

11. AIU's claims against Royal are barred, in whole or in part, to the extent the doctrine of estoppel applies.

## TWELFTH AFFIRMATIVE DEFENSE

12. AIU's claims against Royal are barred, in whole or in part, to the extent AIU failed to exercise reasonable diligence to mitigate its damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. AIU has suffered no damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. AIU's claims against Royal are barred, in whole or in part, to the extent the doctrine of unclean hands applies.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. AIU's claims against Royal are barred, in whole or in part, to the extent any duty or performance of Royal has been excused by reason of failure of consideration, breach, prevention of performance, frustration of purpose, and/or acceptance.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. AIU's claims against Royal are barred, in whole or in part, to the extent any duty or obligation that Royal may have had under contract or by operation of law has been performed, discharged, excused, or rendered impossible or impractical to perform by AIU and/or other persons or entities.

///

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. AIU's claims against Royal are barred, in whole or in part, to the extent AIU seeks reimbursement under the Royal Policies for obligations assumed, or monies voluntarily paid, by AIU.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Royal reserves its right to assert further and additional affirmative defenses and policy defenses based upon information that may be provided in discovery or other investigation in the course of this litigation.

WHEREFORE, having fully answered AIU's Complaint, and having asserted its affirmative defenses thereto, Royal respectfully prays for judgment against AIU as follows:

1. That AIU take nothing against Royal by reason of the Complaint on file herein;

2. That this Court adjudge, determine and decree that AIU is not entitled to the relief sought in its Complaint;

3. That AIU is not entitled to cost of suit, reasonable attorneys' fees or any other relief as to its Complaint;

4. That this Court adjudge, determine and decree that Royal is entitled to its costs and disbursements incurred in this action including, but not limited to, reasonable attorneys' fees; and

///

5.    For such other and further relief as the Court deems just and proper.

Dated: December 11, 2007

                TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP

By: *(signature)*
Mary E. McPherson
Angela Pak
Attorneys for Defendant
ROYAL INDEMNITY COMPANY
as successor in interest to
Royal Insurance Company of America
(improperly sued as "Royal Insurance Company of America")

LA-#100385 (1458-442)

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ROYAL INDEMNITY COMPANY