DAVID A. FIRESTONE, #061122
VOGL & MEREDITH LLP
456 Montgomery Street, 20th Floor
San Francisco, CA 94104
Telephone No: (415) 398-0200
Facsimile No:  (415) 398-2820
dfirestone@voglmeredith.com

Attorneys for Defendant
AMERICAN SAFETY RISK RETENTION GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AIU INSURANCE COMPANY, a New York corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>ACCEPTANCE INSURANCE COMPANY, A Delaware corporation; TIG SPECIALTY INSURANCE COMPANY, a California corporation; ROYAL INSURANCE COMPANY OF AMERICA, a Delaware corporation; AMERICAN SAFETY RISK RETENTION GROUP, INC., a Vermont corporation; and DOES 1 through 10, inclusive,<br><br>            Defendants. | No.  C 07 5491 PJH<br><br>ANSWER AND AFFIRMATIVE DEFENSES OF AMERICAN SAFETY RISK RETENTION GROUP, INC. TO COMPLAINT BY AIU INSURANCE COMPANY<br><br>Complaint Filed:    October 29, 2007 |

Defendant AMERICAN SAFETY RISK RETENTION GROUP, INC. ("Defendant") answers the complaint filed in this matter by Plaintiff AIU INSURANCE COMPANY ("Plaintiff"), as follows:

1.    Answering Paragraph 1, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein and on that basis denies each and every allegation therein.

1

ANSWER AND AFFIRMATIVE DEFENSES OF                                                  No. C 07 5491 PJH
AMERICAN SAFETY RISK RETENTION GROUP, INC.

1        2.      Answering Paragraph 2, Defendant admits that some of the underlying lawsuit which gave rise to this lawsuit were filed in the County of San Mateo.  Defendant lacks sufficient information or belief to admit or deny the remaining allegations contained in paragraph 2 and on that basis denies each and every such allegation.

5        3.      Answering Paragraph 3, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein and on that basis denies each and every allegation therein.

8        4.      Answering Paragraph 4, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein and on that basis denies each and every allegation therein.

11       5.      Answering Paragraph 5, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein and on that basis denies each and every allegation therein.

14       6.      Answering Paragraph 6, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein and on that basis denies each and every allegation therein.

17       7.      Answering Paragraph 7, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein and on that basis denies each and every allegation therein.

20       8.      Answering Paragraph 8, Defendant admits that it is a Vermont corporation, incorporated February 10, 1988, with its principal place of business in Atlanta, Georgia and that it was authorized to engage in the business of insurance, and was engaged in the business of insurance, in California at all times relevant herein. Except as specifically admitted herein, Defendant denies each and every remaining allegation contained in paragraph 8.

25       9.      Answering Paragraph 9, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein and on that basis denies each and every allegation therein.

28       10.     Answering Paragraph 10, Defendant lacks sufficient information or belief to admit

2

ANSWER AND AFFIRMATIVE DEFENSES OF                                            No. C 07 5491 PJH
AMERICAN SAFETY RISK RETENTION GROUP, INC.

or deny the allegations contained therein and on that basis denies each and every allegation therein.

11. Answering Paragraph 11, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein and on that basis denies each and every allegation therein.

12. Answering Paragraph 12, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein and on that basis denies each and every allegation therein.

13. Answering Paragraph 13, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein and on that basis denies each and every allegation therein.

14. Answering Paragraph 14, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein and on that basis denies each and every allegation therein.

15. Answering Paragraph 15, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein and on that basis denies each and every allegation therein.

16. Answering Paragraph 16, Defendant admits that it issued commercial general liability policy no. XGI 00-1462-001, which was effective March 1, 2000 to March 1, 2001. Except as specifically admitted herein, Defendant denies each and every remaining allegation contained in paragraph 16.

17. Answering Paragraph 17, Defendant admits that the above-described commercial general liability policy no. XGI 00-1462-001 contained limits of liability of $1,000,000 per occurrence and $1,000,000 products-completed operations aggregate limit, subject to a self-insured retention of $50,000 as set forth in form ES 98 01 08 99 contained within that policy. Except as specifically admitted herein, Defendant denies each and every remaining allegation contained in paragraph 17.

18. Answering Paragraph 18, Defendant lacks sufficient information or belief to admit

or deny the allegations contained therein and on that basis denies each and every allegation therein.

19. Answering Paragraph 19, Defendant admits that it is informed and believes that Rylock was engaged in the business of window manufacturing and is alleged to have installed windows in homes located in California and elsewhere that were allegedly defective such that they caused the intrusion of water. Defendant lacks sufficient information or belief to admit or deny the remaining allegations contained in paragraph 19 and on that basis denies each and every such allegation.

20. Answering Paragraph 20, Defendant lacks sufficient information or belief to admit or deny the remaining allegations contained in paragraph 20 and on that basis denies each and every such allegation.

21. Answering Paragraph 21, Defendant admits it asserts that the self-insured retention of $50,000 as set forth in form ES 98 01 08 99 contained within the above-described policy no. XGI 00-1462-001 is a condition precedent that must be paid over in its entirety by Rylock. Except as specifically admitted herein, Defendant denies each and every remaining allegation contained in paragraph 21.

22. Answering Paragraph 22, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein and on that basis denies each and every allegation therein.

23. Answering Paragraph 23, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein and on that basis denies each and every allegation therein.

24. Answering Paragraph 24, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein and on that basis denies each and every allegation therein.

25. Answering Paragraph 25, Defendant incorporates by this reference his answers to paragraphs 1-24 above as though fully set forth herein.

26. Answering Paragraph 26, Defendant admits that the self-insured retention as set

ANSWER AND AFFIRMATIVE DEFENSES OF   No. C 07 5491 PJH
AMERICAN SAFETY RISK RETENTION GROUP, INC.

forth in form ES 98 01 08 99 contained within the above-described policy no. XGI 00-1462-001 has not been satisfied and cannot be satisfied other than by the insured, Rylock.  Except as specifically admitted herein, Defendant denies each and every remaining allegation contained in paragraph 26.

27.     Answering Paragraph 27, Defendant admits that form ES 98 01 08 99 contained within the above-described above-described policy no. XGI 00-1462-001 provides that Rylock is obligated to pay over the full $50,000 self-insured retention to meet the terms of the self-insured retention endorsement.  Defendant lacks sufficient information or belief to admit or deny the remaining allegations contained in paragraph 27 and on that basis denies each and every such allegation.

28.     Answering Paragraph 28, Defendant admits the allegations contained therein.

29.     Answering Paragraph 29, Defendant incorporates by this reference his answers to paragraphs 1-28 above as though fully set forth herein.

30.     Answering Paragraph 30, Defendant admits there is a dispute concerning Plaintiff's obligations to Rylock and whether or not the policies issued by defendant Royal Indemnity Company have been exhausted.  Defendant lacks sufficient information or belief to admit or deny the remaining allegations contained in paragraph 30 and on that basis denies each and every such allegation.

31.     Answering Paragraph 31, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein and on that basis denies each and every allegation therein.

32.     Answering Paragraph 32, Defendant lacks sufficient information or belief to admit or deny the allegations contained therein and on that basis denies each and every allegation therein.

**ANSWER TO PLAINTIFFS' PRAYER FOR RELIEF**

Answering Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any relief against this answering Defendant, including the relief requested in the complaint.  All allegations of the complaint not specifically admitted in this answer are hereby denied.

5

ANSWER AND AFFIRMATIVE DEFENSES OF                                    No. C 07 5491 PJH
AMERICAN SAFETY RISK RETENTION GROUP, INC.

**AFFIRMATIVE DEFENSES**

<u>FIRST AFFIRMATIVE DEFENSE</u>

Defendant alleges that the complaint, and all causes of action contained therein, fail to state facts sufficient to constitute a cause of action against defendant.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Defendant alleges that the complaint, and each cause of action contained therein, is barred by the applicable statutes of limitation, California Code of Civil Procedure §§ 335 through 349.4.

<u>THIRD AFFIRMATIVE DEFENSE</u>

Defendant alleges that plaintiff failed and neglected to use reasonable care to protect itself and to minimize the losses and damages complained of, if any there were.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Defendant alleges that plaintiff has waived and/or is estopped from asserting any claims against defendant.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Defendant alleges that plaintiff has failed to mitigate its damages, if any there were.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Defendant alleges that plaintiff cannot recover because plaintiff was a volunteer.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Defendant alleges that plaintiff's claims are barred by plaintiff's unclean hands and by laches.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

Defendant alleges that plaintiff cannot recover because it would be inequitable for plaintiff to recover from defendant.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Defendant alleges that defendant has no obligation to defend or indemnify under the subject policy issued by defendant, because the claims and damages alleged do not fall within the policy's terms, definitions or conditions or do fall within the exclusions set forth in the policy.

///

### TENTH AFFIRMATIVE DEFENSE

Defendant alleges that defendant has no obligation to defend or indemnify under the subject policy issued by defendant, because the claims and damages alleged do not fall within the insuring clause of the policy.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that defendant has no obligation to defend or indemnify under the subject policy issued by defendant, because the claims and damages alleged fall within exclusions of the policy.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that defendant has no obligation to defend or indemnify under the subject policy issued by defendant, because one or more conditions of the policy have not been satisfied.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that if plaintiff in fact sustained any damages or injuries by reason of any alleged act, omission, negligence or other fault on the part of defendant, such acts, omissions, negligence or other fault were passive or secondary in character, whereas the positive act, omission, negligence and other fault of plaintiff was active, primary and preliminary in character; as a result of which plaintiff is not entitled to contribution from defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that defendant's conduct was not the cause in fact or the legal or proximate cause of any injury, loss or damage alleged by plaintiff or any other party to this action.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that if any fault or negligence is found on the part of this defendant, that said fault or negligence should be compared with the fault or negligence of the plaintiff and all other parties herein and apportioned accordingly and that there should be equitable indemnity and equitable apportionment against all parties.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the subject policy issued by defendant is subject to a Self-Insured

7

ANSWER AND AFFIRMATIVE DEFENSES OF                                         No. C 07 5491 PJH
AMERICAN SAFETY RISK RETENTION GROUP, INC.

Retention that has not been satisfied, which is a condition precedent to any obligation of Defendant to provide indemnity, coverage or a defense under the subject policy.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that defendant's obligations, if any, under the subject policy are discharged, released or excused.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that plaintiff is barred from recovering from defendant because of the doctrine of judicial estoppel.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant alleges that plaintiff, plaintiff's insured, and/or other persons or entities failed to perform and/or comply with all applicable provisions of the subject policy.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant alleges that defendant has no duty to defend or indemnify under the subject policy because the alleged claims and/or losses were not fortuitous and were known losses, such that insurance for such losses is barred by statute, public policy and common law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant alleges that plaintiff's claims against defendant are barred because plaintiff is not the real party in interest.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant alleges that plaintiff has a duty to participate in the defense of the insured upon exhaustion of any one of the underlying policies, and plaintiff may have an obligation to reimburse defendant Royal Indemnity Company if it fails properly to drop down.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant alleges that plaintiff has no equitable right against Defendant, as plaintiff has not incurred more than its fair share of defense or indemnity costs to support any claim against Defendant.

///

///

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to set out its claims with sufficient particularity to permit this answering Defendant to raise all appropriate defenses. This answering Defendant accordingly reserves the right to add additional defenses as the factual bases for plaintiff's claims become known.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered the complaint, Defendant respectfully requests judgment as follows:

1. Dismissing the complaint in its entirety and with prejudice;
2. Awarding Defendant its reasonable attorney's fees incurred herein;
3. Awarding Defendant its costs and disbursements to be taxed; and,
4. Awarding Defendant such other and further relief as the court deems just and appropriate.

Dated: December 19, 2007        VOGL & MEREDITH LLP


By  /s/ David A. Firestone
　　DAVID A. FIRESTONE
Attorneys for Defendant
AMERICAN SAFETY RISK RETENTION GROUP, INC.

ANSWER AND AFFIRMATIVE DEFENSES OF                                   No. C 07 5491 PJH
AMERICAN SAFETY RISK RETENTION GROUP, INC.