LAURA J. RUETTGERS (SBN 206636)
CHRISTINA M. LAVANIER (SBN 233335)
McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
Telephone: (650) 618-3500
Facsimile: (650) 618-3599
Email: laura.ruettgers@mccurdylawyers.com
Email: christina.lavanier@mccurdylawyers.com

Attorneys for Plaintiff
AIU INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AIU INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACCEPTANCE INSURANCE COMPANY, a Delaware corporation, TIG SPECIALTY INSURANCE COMPANY, a California corporation, ROYAL INSURANCE COMPANY OF AMERICA, a Delaware corporation, AMERICAN SAFETY RISK RETENTION GROUP, IND., a Vermont corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. C 07-5491 PJH<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Initial CMC:   February 7, 2008<br>Courtroom:    3, 17th Floor<br>Time:         2:30 p.m.<br>Judge:        Hon. Phyllis J. Hamilton |

## JOINT CASE CONFERENCE STATEMENT

The parties to the above entitled action, AIU Insurance Company ("AIU" or "plaintiff") and Defendants Acceptance Insurance Company ("Acceptance"), TIG Insurance Company ("TIG"), Royal Indemnity Company as successor-in-interest to Royal Insurance Company of America (erroneously sued as Royal Insurance Company of America) ("Royal") and American

26578

- 1 -

JOINT CASE MANAGEMENT STATEMENT

Safety Risk Retention Group, Inc. ("American Safety") (collectively "defendants") jointly submit this Case Management Statement.

(1) <u>Jurisdiction and Service</u>

Jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, in that there is complete diversity among the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000. Venue in this district is appropriate because some of the events which give rise to this lawsuit occurred in the County of San Mateo. There are no issues regarding personal jurisdiction or venue. All known parties to this action have been served and have filed answers to the complaint.

(2) <u>Facts</u>

This action presents issues regarding allocation and priority as between primary and excess general liability insurance policies issued to Rylock Company, Ltd. ("Rylock"), a window manufacturer. The basic facts are set forth below.

(a) <u>The Insurance Profile</u>

As more fully described in the complaint, Acceptance issued primary commercial general liability policies to Cedar Corp. for the period March 1, 1992 to March 1, 1996. The policy from the period of March 1, 1995 through March 1, 1996 excludes Rylock as an insured. TIG issued a primary general liability policy to Rylock for the period March 1, 1995 to March 1, 1996. Royal issued primary commercial general liability policies to California Cedar Products under which Rylock qualifies as an insured, on an annual basis for the period March 1, 1996 to March 1, 2000. There is a dispute regarding the policy or policies of insurance issued by American Safety. AIU asserts that American Safety issued primary general liability policies for the period March 1, 2000 to March 1, 2002. American Safety contends that it issued a primary general liability policy for the period March 1, 2000 to March 1, 2001. Also as more fully described in the complaint, AIU issued excess liability policies for the period March 1, 1996 to March 1, 2002. The insurance information for Rylock which is presently known to the parties is summarized for the Court's ease of reference in the chart attached to this statement as Exhibit "A".

(b) <u>The Underlying Events</u>

Beginning in 2002, a number of homeowners filed construction defect lawsuits against various homebuilders. The alleged defects included defects pertaining to Rylock windows installed in the homes. In response, the various homebuilders filed cross-complaints against their subcontractors and suppliers, including Rylock. Upon notice of the lawsuits against it, Rylock tendered the claims to its insurance carriers, including, Acceptance, TIG, Royal, American Safety, and AIU.

AIU contends, and Royal disputes, that the insured had a practice of "electing" the Royal policies to provide the sole defense and indemnity for the underlying claims. Royal contends, and AIU disputes, that the insured tendered the underlying claims to all of its insurers and that the insured did not "elect" only the Royal policies to defend and indemnify it for the underlying claims. Royal also asserts that each of its policies is exhausted, or is nearing exhaustion.

(c) <u>The Insurance Dispute</u>

The issues presented by this matter are as follows:

- Has Royal properly exhausted its policies such that Royal may discontinue further defense and indemnity of Rylock in pending claims?
- Do/did Acceptance, TIG, and/or American Safety have an obligation to defend or indemnify Rylock for any of the underlying claims?
- Whether payments by other insurers "refresh" the Royal policies after they have been exhausted by payment of settlements and/or judgments?
- Is Rylock or its assignee, CMA Business Credit Services, obligated under the American Safety policy/ies to pay over and deposit the applicable self-insured retention as a condition precedent to any obligation by American Safety to provide or continue to provide indemnity, coverage, or a defense to Rylock?
- Does AIU, the excess carrier, have a present obligation to defend or indemnify Rylock in the pending actions?

(3) <u>Legal Issues</u>

The legal issues raised by this matter, including references to specific statutes and

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

decisions, if any, are as follows:

- At what point may Royal properly discontinue further defense and indemnity of Rylock on the basis of exhaustion?
- Did Acceptance, TIG, and/or American Safety pay their share of the claims or do they have an obligation to defend and indemnify Rylock?
- In what manner may the applicable self-insured retention provided by the American Safety policy/ies be satisfied; *i.e.*, must the insured or its assignee personally satisfy the self-insured retention or may it be satisfied by other valid and collectible insurance?
- At what point does AIU, Rylock's excess carrier, have an obligation to defend or indemnify Rylock in the pending actions in light of the unexhausted primary coverage?

(4)     Motions

There are presently no pending motions before this Court. AIU and American Safety anticipate filing motions to seek rulings on the factual/legal issues raised herein as quickly as possible. Upon exhaustion of its policies, Royal anticipates filing a motion seeking dismissal. TIG anticipates filing motions as well.

(5)     Amendment of Pleadings

The parties do not anticipate the filing of amended pleadings at this time, although to the extent new facts, additional causes of action, or defenses are identified through discovery, amended pleadings may be filed.

(6)     Evidence Preservations

The parties have taken and will continue to take all necessary steps to preserve evidence relevant to the issues reasonably evident in this action.

(7)     Disclosures

The deadline for serving the initial disclosures is January 31, 2008. The parties seek this Court's intervention in instituting a staggered initial disclosure period based upon the unique circumstances presented by this matter.

By the date of the conference, the parties wish to comply with the court's order to timely produce all documents known to relate to this matter. However, only Royal has the ability to identify which claims are at issue because only Royal knows which claims allegedly exhausted its policies. It is AIU's position that, despite numerous requests, Royal has refused to provide the parties with "loss/run" or other information identifying which claims against Rylock are pertinent in this matter. Until Royal provides this information, the parties to this action are unable to identify and produce all of the requisite documents because they do not know which claims, and corresponding documents, are at issue.

It is Royal's position that it has advised AIU that it will provide it with copies of Loss Runds once all the Royal policies have been exhausted. At this time, Royal estimates that there is approximately a total of $75,000 in indemnity limits remaining under its policies. Royal has also advised AIU that it will provide a list of all claims made under the Royal policies by or on January 31, 2008, the date of the parties' Initial Disclosures.

AIU, Acceptance, TIG, and American Safety ask that this Court issue an order compelling Royal to provide a list of claims for which Royal incurred defense or indemnity on behalf of Rylock by January 31, 2008 or within 10 days of the case management conference. AIU, Acceptance, TIG, and American Safety ask that the Court require the parties provide all initial disclosure documents pertaining to those claims within 30 days of Royal's provision of the list of claims. It is Royal's position that the other parties' request is pre-mature, overbroad, and burdensome. As there are hundreds of underlying claims, (most of which have been closed and may be in storage) involving thousands of pages and documents located in various offices and storage facilities, it would be overly burdensome to require Royal to copy and produce all of them. However, once the Royal policies are exhausted, it will make available all relevant, non-privileged claim file information pertinent to this matter for the other parties' review.

(8)   Discovery

By the date of the case management conference, the parties will have completed their initial disclosures to the extent possible based upon Royal's refusal to produce information pertaining to claims for which Royal incurred defense and indemnity.

AIU anticipates that discovery in the matter will attempt to determine: (1) the pertinent claims leading to Royal's alleged exhaustion; (2) the time-period in which the property damage alleged in each such claim took place; and (3) what amounts were paid under each policy applicable to each claim. The anticipated discovery and the schedule of the same are as follows:

The Parties anticipate discovery under these timelines:

| | |
|---|---|
| January-Feb. 2008 | Federal Rule 26(a)(1) Disclosures |
| Feb. – July 2008 | Written Interrogatories |
| | Requests for Admission |
| | Production of Documents |
| May 2008 | Mediation |
| August – Jan 2009 | Depositions (expert and non-expert) |

(9)  Class Actions

This matter is not expected to become a class action.

(10)  Related Cases

The parties are informed and believe that there are actions currently pending against Rylock. Further information regarding said cases will be determined throughout discovery in this matter.

(11)  Relief

   (a)  Plaintiff AIU seeks the following relief:

AIU seeks an order from this Court declaring that the Royal policies are not exhausted because Royal is entitled to reimbursement for defense and indemnity costs of other primary insurers on the risk. AIU also seeks an order that the American Safety policy/ies do not require that the insured personally satisfy the self-insured retentions provided for therein. AIU also seeks an order that AIU has no duty to defend or indemnify Rylock until all underlying insurance, including the American Safety policy/ies, has been exhausted by payment of claims.

   (b)  Defendant Acceptance seeks the following relief:

Acceptance seeks an order from the Court that it does not have an obligation to equitably contribute to Royal on these claims.

        (c)    <u>Defendant TIG seeks the following relief::</u>

TIG seeks an order from this Court that: (1) TIG has no obligation to reimburse Rylock because some or all of the claims are time-barred; and (2) TIG has no obligation to reimburse Rylock because it is already participating in the defense of all or many of the claims.

        (d)    <u>Defendant Royal seeks the following relief:</u>

Upon exhaustion of its policies Royal will seek an order from the Court that the limits of the Royal policies Policy PTY 441053 effective for the period March 1, 1996 to March 1, 1997, Policy No. PTS No. 443208 effective for the period March 1, 1996 to March 1, 1998, Policy No. PTR 457882 effective for the period March 1, 1998 to March 1, 1999, and Policy No. PTR 4578820099 effective for the period March 1, 1999 to March 1, 2000, have been properly exhausted through payment of settlements or judgments made on behalf of Rylock and therefore Royal has no further obligation to defend or defend any insured under its policies. Royal will also seek an order from the Court that defense and indemnity obligation under its policies may not be "refreshed" or reactivated by payment of any amounts that may be owed to Rylock by any other insurance company.

        (e)    <u>Defendant American Safety seeks the following relief:</u>

<u>American Safety seeks an order from the Court that it does not have a duty to defend and/or indemnify Rylock because Rylock or its assignee have failed and refused to pay over and deposit the self-insured retention as required by the American Safety policy/ies, thereby failing to satisfy a condition precedent to any obligation by American Safety to defend or indemnify Rylock.</u>

    (12)    <u>Settlement and ADR</u>

The parties agree to submit this matter before a private mediator to be jointly selected and scheduled by the parties. AIU contends that such process will not be meaningful until it obtains a ruling on its anticipated summary judgment motion with respect to the manner in which the American Safety self-insured retentions may be satisfied. Acceptance contends such process will not be meaningful until all parties have the claims files of Royal. TIG contends that this process will not be meaningful until all claims at issue are identified by Royal, and AIU's summary judgment motion against American Safety is determined. Royal contends that mediation will be

26578

most likely to succeed once its policies are exhausted and the Court has ruled on the legal issues in this case.

The parties agree to participate in ADR. To date, the parties have not participated in any ADR efforts. The parties timely filed the Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference by the January 17, 2008 deadline. Before ADR can be completed, the parties must obtain from Royal information regarding which claims allegedly exhausted its policies. AIU asserts that ADR should not proceed until it obtains a ruling as respects satisfaction of the American Safety policy's/ies' self-insured retention.

(13)  <u>Consent to Magistrate Judge for All Purposes</u>

The parties do not consent to the assignment of a magistrate to this matter.

(14)  <u>Other References</u>

This matter is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

(15)  <u>Narrowing of Issues</u>

As it presents a purely legal issue, AIU anticipates that the issues pertaining to satisfaction of the American Safety policy's/ies' self-insured retention may be disposed of by motion practice. With respect to allocation under the various policies, such issues present factual questions which may ultimately require trial. However, the parties hope to narrow the issues by stipulating, to the extent possible, regarding which claims are at issue and the dates related thereto (including installation dates, notice of completion dates, and/or close of escrow dates) so that the pertinent time-frame for each claim can be identified.

(16)  <u>Expedited Schedule</u>

The parties believe that this case is not appropriate for handling on an expedited basis.

(17)  <u>Scheduling: Proposed Deadlines and Court Dates/Trial Date</u>

| | |
|---|---|
| Last day to amend pleadings | July 16, 2008 |
| Close of non-expert and third-party discovery | December 3, 2008 |
| Exchange of expert reports | December 3, 2008 |
| Close of expert discovery | February 5, 2009 |

| | | |
|---|---|---|
| 1 | Dispositive motions due | February 12, 2009 |
| 2 | Proposed Trial Date | May 14, 2009 |

(18) <u>Trial</u>

Plaintiff properly requested jury trial for this matter. Without further information from Royal regarding which claims are potentially at issue, the parties are unable to determine a precise length for the trial. To the extent the parties can stipulate to factual issues as noted above, the parties believe the matter may be tried in 10 court days.

(19) <u>Disclosure of Non-party interested Entities or Persons</u>

AIU filed a "Certification of Interested Entities or Persons" identifying the following entities:

    (a)    Acceptance Insurance Company;

    (b)    TIG Specialty Insurance Company;

    (c)    Royal Insurance Company of America;

    (d)    American Safety Risk Retention Group, Inc.;

    (e)    Rylock Company, Ltd and its assignees

Acceptance did not file a "Certification of Interested Entities or Persons" but identifies the following entities:

    (a)    Acceptance Insurance Company;

    (b)    TIG Specialty Insurance Company;

    (c)    Royal Insurance Company of America;

    (d)    American Safety Risk Retention Group, Inc.;

    (e)    Rylock Company, Ltd and its assignees

TIG did not file a "Certification of Interested Entities or Persons" but identifies the following entities:

    (a)    Acceptance Insurance Company;

    (b)    Royal Insurance Company of America;

    (c)    American Safety Risk Retention Group, Inc.;

    (d)    Rylock Company, Ltd and its assignees;

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

26578
- 9 -
JOINT CASE MANAGEMENT STATEMENT

1      (e)    AIU Insurance Company

2  Royal did not file a "Certification of Interested Entities or Persons" but identifies the
3  following entities:
4      (a)    Acceptance Insurance Company;
5      (b)    TIG Specialty Insurance Company;
6      (c)    Royal Insurance Company of America;
7      (d)    American Safety Risk Retention Group, Inc.;
8      (e)    Rylock Company, Ltd and its assignees

9  American Safety did not file a "Certification of Interested Entities or Persons" but
10 identifies the following entities:
11     (a)    Acceptance Insurance Company;
12     (b)    TIG Specialty Insurance Company;
13     (c)    Royal Insurance Company of America;
14     (d)    American Safety Risk Retention Group, Inc.;
15     (e)    Rylock Company, Ltd and its assignees

DATED: ~~January~~ February 14, 2008          MCCURDY & FULLER LLP

By: _____
LAURA J. RUETTGERS
Attorneys for Plaintiff
AIU INSURANCE COMPANY

DATED: January ___, 2008          LAW OFFICES OF SEMHA ALWAYA

By: _____
SEMHA ALWAYA
Attorneys for Defendant
TIG SPECIALTY INSURANCE COMPANY

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

26578

- 10 -

JOINT CASE MANAGEMENT STATEMENT

DATED: January ___, 2008                TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP

By: _____
MARY E. McPHERSON
Attorneys for Defendant
ROYAL INSURANCE COMPANY OF AMERICA

DATED: January ___, 2008                MARRONE, ROBINSON, FREDERICK & FOSTER

By: _____
THOMAS FOSTER
Attorneys for Defendant
ACCEPTANCE INSURANCE COMPANY

DATED: January ___, 2008                VOGL & MEREDITH LLP

By: _____
DAVID A. FIRESTONE
Attorneys for Defendant
AMERICAN SAFETY RISK RETENTION GROUP, INC.

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

26578

- 11 -

JOINT CASE MANAGEMENT STATEMENT

DATED: February 13, 2008

TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP

By: *Mary E. McPherson*
MARY E. McPHERSON
Attorneys for Defendant
ROYAL INSURANCE COMPANY OF AMERICA

DATED: February 13, 2008

MARRONE, ROBINSON, FREDERICK & FOSTER

By: *Thomas Foster* (signed for)
THOMAS FOSTER
Attorneys for Defendant
ACCEPTANCE INSURANCE COMPANY

DATED: February ___, 2008

VOGL & MEREDITH LLP

By: _____
DAVID A. FIRESTONE
Attorneys for Defendant
AMERICAN SAFETY RISK RETENTION GROUP, INC.

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

26578

JOINT CASE MANAGEMENT STATEMENT

| | | |
|---|---|---|
| 1 | DATED: February ___, 2008 | TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP |
| 2 | | |

By: _____
MARY E. McPHERSON
Attorneys for Defendant
ROYAL INSURANCE COMPANY OF AMERICA

DATED: February ___, 2008

MARRONE, ROBINSON, FREDERICK & FOSTER

By: _____
THOMAS FOSTER
Attorneys for Defendant
ACCEPTANCE INSURANCE COMPANY

DATED: February 13, 2008

VOGL & MEREDITH LLP

By: _____
DAVID A. FIRESTONE
Attorneys for Defendant
AMERICAN SAFETY RISK RETENTION GROUP, INC.

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

26578

JOINT CASE MANAGEMENT STATEMENT