LAURA J. RUETTGERS (SBN 206636)
CHRISTINA M. LAVANIER (SBN 233335)
McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
Telephone: (650) 618-3500
Facsimile: (650) 618-3599
Email: laura.ruettgers@mccurdylawyers.com
Email: christina.lavanier@mccurdylawyers.com

Attorneys for Plaintiff
AIU INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| AIU INSURANCE COMPANY, a New York corporation,<br><br>   Plaintiff,<br><br>  vs.<br><br>ACCEPTANCE INSURANCE COMPANY, a Delaware corporation, TIG SPECIALTY INSURANCE COMPANY, a California corporation, ROYAL INSURANCE COMPANY OF AMERICA, a Delaware corporation, AMERICAN SAFETY RISK RETENTION GROUP, IND., a Vermont corporation, and DOES 1 through 10, inclusive,<br><br>   Defendants. | CASE NO. C 07-5491 PJH<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Initial CMC: February 7, 2008<br>Courtroom: 3, 17th Floor<br>Time:   2:30 p.m.<br>Judge:  Hon. Phyllis J. Hamilton |

## JOINT CASE CONFERENCE STATEMENT

  The parties to the above entitled action, AIU Insurance Company ("AIU" or "plaintiff") and Defendants Acceptance Insurance Company ("Acceptance"), TIG Insurance Company ("TIG"), Royal Indemnity Company as successor-in-interest to Royal Insurance Company of America (erroneously sued as Royal Insurance Company of America) ("Royal") and American

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1   Safety Risk Retention Group, Inc. ("American Safety") (collectively "defendants") jointly submit

2   this Case Management Statement.

3          (1)      Jurisdiction and Service

4          Jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, in that

5   there is complete diversity among the parties and the amount in controversy, exclusive of interest

6   and costs, exceeds the sum of $75,000.  Venue in this district is appropriate because some of the

7   events which give rise to this lawsuit occurred in the County of San Mateo.  There are no issues

8   regarding personal jurisdiction or venue.  All known parties to this action have been served and

9   have filed answers to the complaint.

10         (2)      Facts

11         This action presents issues regarding allocation and priority as between primary and excess

12  general liability insurance policies issued to Rylock Company, Ltd. ("Rylock"), a window

13  manufacturer.  The basic facts are set forth below.

14              (a)      The Insurance Profile

15         As more fully described in the complaint, Acceptance issued primary commercial general

16  liability policies to Cedar Corp. for the period March 1, 1992 to March 1, 1996.  The policy from

17  the period of March 1, 1995 through March 1, 1996 excludes Rylock as an insured.  TIG issued a

18  primary general liability policy to Rylock for the period March 1, 1995 to March 1, 1996.  Royal

19  issued primary commercial general liability policies to California Cedar Products under which

20  Rylock qualifies as an insured, on an annual basis for the period March 1, 1996 to March 1, 2000.

21  There is a dispute regarding the policy or policies of insurance issued by American Safety.  AIU

22  asserts that American Safety issued two consecutive primary general liability policies for the

23  period March 1, 2000 to March 1, 2002.  American Safety contends that it issued a single primary

24  general liability policy for the period March 1, 2000 to March 1, 2001.  Also as more fully

25  described in the complaint, AIU issued excess liability policies for the period March 1, 1996 to

26  March 1, 2002.

27              (b)      The Underlying Events

28         Beginning in 2002, a number of homeowners filed construction defect lawsuits against

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

26818_2

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1  various homebuilders.  The alleged defects included defects pertaining to Rylock windows

2  installed in the homes.  In response, the various homebuilders filed cross-complaints against their

3  subcontractors and suppliers, including Rylock.  Upon notice of the lawsuits against it, Rylock

4  tendered the claims to its insurance carriers, including, Acceptance, TIG, Royal, American Safety,

5  and AIU.

6       AIU contends, and Royal disputes, that the insured had a practice of "electing" the Royal

7  policies to provide the sole defense and indemnity for the underlying claims.  Royal contends, and

8  AIU disputes, that the insured tendered the underlying claims to all of its insurers and that the

9  insured did not "elect" only the Royal policies to defend and indemnify it for the underlying

10  claims. Royal also asserts that each of its policies is exhausted, or is nearing exhaustion.

11            (c)    The Insurance Dispute

12  The issues presented by this matter are as follows:

13      •  Has Royal properly exhausted its policies such that Royal may discontinue further

14         defense and indemnity of Rylock in pending claims?

15      •  Do/did Acceptance, TIG, and/or American Safety have an obligation to defend or

16         indemnify Rylock for any of the underlying claims?

17      •  Whether payments by other insurers "refresh" the Royal policies after they have

18         been exhausted by payment of settlements and/or judgments?

19      •  Is Rylock or its assignee, CMA Business Credit Services, obligated under the

20         American Safety policy/ies to pay over and deposit the applicable self-insured

21         retention as a condition precedent to any obligation by American Safety to provide

22         or continue to provide indemnity, coverage, or a defense to Rylock?

23      •  Does AIU, the excess carrier, have a present obligation to defend or indemnify

24         Rylock in the pending actions?

25      (3)   Legal Issues

26  The legal issues raised by this matter, including references to specific statutes and

27  decisions, if any, are as follows:

28      •  At what point may Royal properly discontinue further defense and indemnity of

26818_2

- 3 -

1    Rylock on the basis of exhaustion?

2    • Did Acceptance, TIG, and/or American Safety pay their share of the claims or do

3    they have an obligation to defend and indemnify Rylock?

4    • In what manner may the applicable self-insured retention provided by the American

5    Safety policy/ies be satisfied; *i.e.*, must the insured or its assignee personally satisfy

6    the self-insured retention or may it be satisfied by other valid and collectible

7    insurance?

8    • At what point does AIU, Rylock's excess carrier, have an obligation to defend or

9    indemnify Rylock in the pending actions in light of the unexhausted primary

10    coverage?

11    (4)    <u>Motions</u>

12    There are presently no pending motions before this Court.  AIU and American Safety

13    anticipate filing motions to seek rulings on the factual/legal issues raised herein as quickly as

14    possible.  Upon exhaustion of its policies, Royal anticipates filing a motion seeking dismissal.

15    TIG anticipates filing motions as well.

16    (5)    <u>Amendment of Pleadings</u>

17    The parties do not anticipate the filing of amended pleadings at this time, although to the

18    extent new facts, additional causes of action, or defenses are identified through discovery,

19    amended pleadings may be filed.  Royal may move for leave to file a counterclaim.

20    (6)    <u>Evidence Preservations</u>

21    The parties have taken and will continue to take all necessary steps to preserve evidence

22    relevant to the issues reasonably evident in this action.

23    (7)    <u>Disclosures</u>

24    The deadline for serving the initial disclosures was February 14, 2008.  Based upon the

25    unique issues presented by this matter, the parties stipulated to continue the initial disclosure

26    deadline to March 14, 2008 in order to seek this Court's assistance in instituting a more

27    appropriate disclosure method.

28

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

26818_2

JOINT CASE MANAGEMENT STATEMENT

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

(8)    Discovery

AIU anticipates that discovery in the matter will attempt to determine: (1) the pertinent claims leading to Royal's alleged exhaustion; (2) the time-period in which the property damage alleged in each such claim took place; and (3) what amounts were paid under each policy applicable to each claim.  The anticipated discovery and the schedule of the same are as follows:

The Parties anticipate discovery under these timelines:

| | |
|---|---|
| Feb.-March 2008 | Federal Rule 26(a)(1) Disclosures |
| March - July 2008 | Written Interrogatories |
| | Requests for Admission |
| | Production of Documents |
| May 2008 | Mediation |
| August – Jan 2009 | Depositions (expert and non-expert) |

(9)    Class Actions

This matter is not expected to become a class action.

(10)    Related Cases

The parties are informed and believe that there are actions currently pending against Rylock.  Further information regarding said cases will be determined throughout discovery in this matter.

(11)    Relief

(a)    Plaintiff AIU seeks the following relief:

AIU seeks an order from this Court declaring that the Royal policies are not exhausted because Royal is entitled to reimbursement for defense and indemnity costs of other primary insurers on the risk.  AIU also seeks an order that the American Safety policy/ies do not require that the insured personally satisfy the self-insured retentions provided for therein.  AIU also seeks an order that AIU has no duty to defend or indemnify Rylock until all underlying insurance, including the American Safety policy/ies, has been exhausted by payment of claims.

(b)    Defendant Acceptance seeks the following relief:

Acceptance seeks an order from the Court that it does not have an obligation to equitably

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1    contribute to Royal on these claims.

2        (c)    Defendant TIG seeks the following relief::

3        TIG seeks an order from this Court that: (1) TIG has no obligation to reimburse Rylock

4    because some or all of the claims are time-barred; and (2) TIG has no obligation to reimburse

5    Rylock because it is already participating in the defense of all or many of the claims.

6        (d)    Defendant Royal seeks the following relief:

7        Upon exhaustion of its policies Royal will seek an order from the Court that the limits of

8    the Royal policies Policy PTY 441053 effective for the period March 1, 1996 to March 1, 1997,

9    Policy No. PTS No. 443208 effective for the period March 1, 1996 to March 1, 1998, Policy No.

10    PTR 457882 effective for the period March 1, 1998 to March 1, 1999, and Policy No. PTR

11    4578820099 effective for the period March 1, 1999 to March 1, 2000, have been properly

12    exhausted through payment of settlements or judgments made on behalf of Rylock and therefore

13    Royal has no further obligation to defend or defend any insured under its policies.  Royal will also

14    seek an order from the Court that defense and indemnity obligation under its policies may not be

15    "refreshed" or reactivated by payment of any amounts that may be owed to Rylock by any other

16    insurance company.

17        (e)    Defendant American Safety seeks the following relief:

18        American Safety seeks an order from the Court that it does not have a duty to defend

19    and/or indemnify Rylock because Rylock or its assignee have failed and refused to pay over and

20    deposit the self-insured retention as required by the American Safety policy/ies, thereby failing to

21    satisfy a condition precedent to any obligation by American Safety to defend or indemnify Rylock.

22        (12)    Settlement and ADR

23        The parties agree to submit this matter before a private mediator to be jointly selected and

24    scheduled by the parties.  AIU contends that such process will not be meaningful until it obtains a

25    ruling on its anticipated summary judgment motion with respect to the manner in which the

26    American Safety self-insured retentions may be satisfied.  Acceptance contends such process will

27    not be meaningful until all parties have the claims files of Royal.  TIG contends that this process

28    will not be meaningful until all claims at issue are identified by Royal, and AIU's summary

1  judgment motion against American Safety is determined.  Royal contends that mediation will be

2  most likely to succeed once its policies are exhausted and the Court has ruled on the legal issues in

3  this case.

4          The parties agree to participate in ADR.  To date, the parties have not participated in any

5  ADR efforts.  The parties timely filed the Joint ADR Certification with Stipulation to ADR

6  Process or Notice of Need for ADR Phone Conference by the January 17, 2008 deadline.  Before

7  ADR can be completed, the parties must obtain from Royal information regarding which claims

8  allegedly exhausted its policies.  AIU asserts that ADR should not proceed until it obtains a ruling

9  as respects satisfaction of the American Safety policy's/ies' self-insured retention.

10         (13)    Consent to Magistrate Judge for All Purposes

11         The parties do not consent to the assignment of a magistrate to this matter.

12         (14)    Other References

13         This matter is not suitable for reference to binding arbitration, a special master, or the

14  Judicial Panel on Multidistrict Litigation.

15         (15)    Narrowing of Issues

16         As it presents a purely legal issue, AIU anticipates that the issues pertaining to satisfaction

17  of the American Safety policy's/ies' self-insured retention may be disposed of by motion practice.

18  With respect to allocation under the various policies, such issues present factual questions which

19  may ultimately require trial.  However, the parties hope to narrow the issues by stipulating, to the

20  extent possible, regarding which claims are at issue and the dates related thereto (including

21  installation dates, notice of completion dates, and/or close of escrow dates) so that the pertinent

22  time-frame for each claim can be identified.

23         (16)    Expedited Schedule

24         The parties believe that this case is not appropriate for handling on an expedited basis.

25         (17)    Scheduling:  Proposed Deadlines and Court Dates/Trial Date

26         Last day to amend pleadings                    July 16, 2008

27         Close of non-expert and third-party discovery    December 3, 2008

28         Exchange of expert reports                     December 3, 2008

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

26818_2

- 7 -

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1    Close of expert discovery                    February 5, 2009

2    Dispositive motions due                      February 12, 2009

3    Proposed Trial Date                          May 14, 2009

4    (18)    Trial

5    Plaintiff properly requested jury trial for this matter.  Without further information from

6    Royal regarding which claims are potentially at issue, the parties are unable to determine a precise

7    length for the trial.  To the extent the parties can stipulate to factual issues as noted above, the

8    parties believe the matter may be tried in 10 court days.

9    (19)    Disclosure of Non-party interested Entities or Persons

10   AIU filed a "Certification of Interested Entities or Persons" identifying the following

11   entities:

12        (a)    Acceptance Insurance Company;

13        (b)    TIG Specialty Insurance Company;

14        (c)    Royal Insurance Company of America;

15        (d)    American Safety Risk Retention Group, Inc.;

16        (e)    Rylock Company, Ltd and its assignees

17   Acceptance did not file a "Certification of Interested Entities or Persons" but identifies the

18   following entities:

19        (a)    Acceptance Insurance Company;

20        (b)    TIG Specialty Insurance Company;

21        (c)    Royal Insurance Company of America;

22        (d)    American Safety Risk Retention Group, Inc.;

23        (e)    Rylock Company, Ltd and its assignees

24   TIG did not file a "Certification of Interested Entities or Persons" but identifies the

25   following entities:

26        (a)    Acceptance Insurance Company;

27        (b)    Royal Insurance Company of America;

28        (c)    American Safety Risk Retention Group, Inc.;

1           (d)     Rylock Company, Ltd and its assignees;

2           (e)     AIU Insurance Company

3     Royal did not file a "Certification of Interested Entities or Persons" but identifies the

4 following entities:

5           (a)     Acceptance Insurance Company;

6           (b)     TIG Specialty Insurance Company;

7           (c)     Royal Insurance Company of America;

8           (d)     American Safety Risk Retention Group, Inc.;

9           (e)     Rylock Company, Ltd and its assignees

10     American Safety did not file a "Certification of Interested Entities or Persons" but

11 identifies the following entities:

12           (a)     Acceptance Insurance Company;

13           (b)     TIG Specialty Insurance Company;

14           (c)     Royal Insurance Company of America;

15           (d)     American Safety Risk Retention Group, Inc.;

16           (e)     Rylock Company, Ltd and its assignees

17 DATED: February ____, 2008           MCCURDY & FULLER LLP

18

19

20                By:    _____

21                    LAURA J. RUETTGERS
                     Attorneys for Plaintiff

22                    AIU INSURANCE COMPANY

23 DATED: February ____, 2008           LAW OFFICES OF SEMHA ALWAYA

24

25

26                By:    _____

27                    SEMHA ALWAYA
                     Attorneys for Defendant

28                    TIG SPECIALTY INSURANCE COMPANY

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1

2   DATED: February ___, 2008          TRESSLER, SODERSTROM, MALONEY &
                                       PRIESS, LLP

3

4

5                                   By: _____

6                                      MARY E. McPHERSON
                                       Attorneys for Defendant
7                                      ROYAL INSURANCE COMPANY OF
                                       AMERICA
8

9   DATED: February ___, 2008          MARRONE, ROBINSON, FREDERICK &
                                       FOSTER
10

11

12                                  By: _____

13                                     THOMAS FOSTER
                                       Attorneys for Defendant
14                                     ACCEPTANCE INSURANCE COMPANY

15

16  DATED: February ___, 2008          VOGL & MEREDITH LLP

17

18

19                                  By: _____

20                                     DAVID A. FIRESTONE
                                       Attorneys for Defendant
21                                     AMERICAN SAFETY RISK RETENTION
                                       GROUP, INC.
22

23

24

25

26

27

28

26818_2

JOINT CASE MANAGEMENT STATEMENT

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1        (d)     Rylock Company, Ltd and its assignees;

2        (e)     AIU Insurance Company

3        Royal did not file a "Certification of Interested Entities or Persons" but identifies the

4  following entities:

5        (a)     Acceptance Insurance Company;

6        (b)     TIG Specialty Insurance Company;

7        (c)     Royal Insurance Company of America;

8        (d)     American Safety Risk Retention Group, Inc.;

9        (e)     Rylock Company, Ltd and its assignees

10      American Safety did not file a "Certification of Interested Entities or Persons" but

11  identifies the following entities:

12        (a)     Acceptance Insurance Company;

13        (b)     TIG Specialty Insurance Company;

14        (c)     Royal Insurance Company of America;

15        (d)     American Safety Risk Retention Group, Inc.;

16        (e)     Rylock Company, Ltd and its assignees

17  DATED: February 13, 2008           MCCURDY & FULLER LLP

18

19

20                   By:

21                      LAURA J. RUETTGERS

22                      Attorneys for Plaintiff
                             AIU INSURANCE COMPANY

23  DATED: February 12, 2008           LAW OFFICES OF SEMHA ALWAYA

24

25

26                   By:

27                      SEMHA ALWAYA
                            Attorneys for Defendant

28                      TIG SPECIALTY INSURANCE COMPANY

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

26578

- 9 -

1

2   DATED: February _13_, 2008                TRESSLER, SODERSTROM, MALONEY &
                                              PRIESS, LLP
3

4

5                                     By:     _Mary E M^cPherson_
6                                             MARY E. McPHERSON
                                              Attorneys for Defendant
7                                             ROYAL INSURANCE COMPANY OF
                                              AMERICA
8

9   DATED: February _13_, 2008                MARRONE,  ROBINSON,  FREDERICK  &
                                              FOSTER
10

11

12

13                                    By:     _Marron E. Jolan     for_
                                              THOMAS FOSTER
14                                            Attorneys for Defendant
                                              ACCEPTANCE INSURANCE COMPANY
15

16  DATED: February ___, 2008                 VOGL & MEREDITH LLP

17

18

19

20                                    By:     _____
                                              DAVID A. FIRESTONE
21                                            Attorneys for Defendant
                                              AMERICAN SAFETY RISK RETENTION
22                                            GROUP, INC.

23

24

25

26

27

28

26578

JOINT CASE MANAGEMENT STATEMENT

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

DATED:  February ___, 2008

TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP


By: _____

MARY E. McPHERSON
Attorneys for Defendant
ROYAL INSURANCE COMPANY OF AMERICA


DATED:  February ___, 2008

MARRONE,  ROBINSON,  FREDERICK  & FOSTER


By: _____

THOMAS FOSTER
Attorneys for Defendant
ACCEPTANCE INSURANCE COMPANY


DATED: February *13*, 2008

VOGL & MEREDITH LLP


By _____

DAVID A. FIRESTONE
Attorneys for Defendant
AMERICAN SAFETY RISK RETENTION GROUP, INC.

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA  94025
(650) 618-3500

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

26578

- 10 -

JOINT CASE MANAGEMENT STATEMENT