Semha Alwaya (CSBN 141999)
Trelawney James-Riechert (CSBN 160853)
A. Mark Hom (CSBN 154777)
Law Offices of Semha Alwaya
2200 Powell Street, Suite 110
Emeryville, California 94608
Telephone:    (510) 595-7900
Facsimile: (510) 595-9049
E-mail:    salwaya@alwayalaw.com

Attorney for Defendant
TIG INSURANCE COMPANY
ERRONEOUSLY SUED HEREIN AS
TIG SPECIALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| AIU INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACCEPTANCE INSURANCE COMPANY, a Delaware corporation, TIG SPECIALTY INSURANCE COMPANY, a California corporation, ROYAL INSURANCE COMPANY OF AMERICA, a Delaware corporation, AMERICAN SAFETY RISK RETENTION GROUP, IND., a Vermont corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. C 07-05491 PJH<br><br>**DEFENDANT TIG INSURANCE COMPANY'S RESPONSE TO PLAINTIFF AIU INSURANCE COMPANY'S REQUEST FOR PRODUCTION, SET ONE** |

PROPOUNDING PARTY:    PLAINTIFF AIU INSURANCE COMPANY

RESPONDING PARTY:    DEFENDANT TIG INSURANCE COMPANY

SET NO.:    ONE

-1-

Pursuant to Federal Rules of Civil Procedure Rule 34(b)(2) and Local Rule 34-1, Defendant TIG INSURANCE COMPANY ("TIG") hereby responds to Plaintiff AIU INSURANCE COMPANY'S ("AIU") Request for Production, Set No. One.

**GENERAL OBJECTIONS**

1.   TIG objects to each and every one of these demands to the extent that they seek information or evidence that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

2.   TIG bases these responses on the assumption that, in propounding these demands, AIU does not seek information protected against discovery by: (a) the attorney-client privilege; (b) the work-product doctrine; (c) constitutional and statutory rights of privacy; (d) the confidentiality of statements made or conduct engaged in for settlement purposes; (e) confidential trade secrets or other proprietary information privileges; or (f) information that is not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. To the extent that any or all of the demands, or any parts thereof, could be construed to seek such information or evidence, TIG objects thereto, and asserts the foregoing privileges and objections to the greatest extent permitted by law. Furthermore, inadvertent disclosure of any such information shall not constitute a waiver of any of these privileges and objections nor of TIG's right to object to the use of any such information during any subsequent proceeding.

3.   TIG objects to each and every demand on the grounds that it has not concluded its investigation of the facts relating to this case, formal discovery, or preparation for trial. TIG reserves the right to produce evidence

-3-

of any subsequently discovered fact or facts, to alter or amend its responses set forth herein and otherwise to assert factual and legal contentions as additional facts are ascertained, analyses are made, and legal research is completed. TIG objects to each and every demand insofar as it may be construed as limiting or restricting its right to rely upon any document or information for any purpose whatsoever, including the use of documents or information as evidence at any subsequent hearing, trial, or proceeding.

4. TIG objects to each and every one of these demands to the extent that they seek information or material prepared in anticipation of litigation or for trial of this or any matter.

5. Any objection by TIG asserted herein based on privacy is asserted both on behalf of TIG and other persons or entities whose privacy rights are affected.

6. TIG objects to each and every demand to the extent it seeks information not in TIG's possession, custody, or control on the grounds that it is unduly burdensome or oppressive.

7. TIG will make reasonable efforts to respond to each and every demand, to the extent that no objection is made, as TIG understands and interprets the demand. If AIU subsequently asserts an interpretation of any demand that differs from that of TIG, TIG reserves the right to supplement its objections and responses.

8. To the extent that any demand calls for information already in the possession of AIU or its counsel, TIG objects on the grounds that the demand is unnecessary and unduly burdensome and constitutes annoyance, harassment, and oppression of TIG.

9. TIG reserves the right to use at trial or deposition, or in support of or opposition to any motion, any and all writings heretofore or hereafter

produced by parties to this action or by third persons. To the extent that TIG identifies certain writings or delineates any facts, it does so without prejudice to its right to establish at a later date any additional facts that may be contained within or discovered as a result of any additional investigation and discovery.

10. Inadvertent identification or production of privileged writings or information by TIG is not a waiver of any applicable privilege. Production of writings or information does not waive any objection, including but not limited to relevancy, or to the admission of such writings in evidence.

**ALL RESPONSES ARE SUBJECT TO THE GENERAL OBJECTIONS**

Each of the general objections set forth above is hereby incorporated by reference into each of the specific responses set forth below. Notwithstanding the specific response to any of the demands below, TIG does not waive any of the general objections made herein. Each of the general objections is asserted as to each of these demands propounded by AIU.

**RESPONSES**

**REQUEST FOR PRODUCTION NO. 1**

All DOCUMENTS identified by YOU (by document and/or category) in YOUR initial disclosures (original and amended, if any) served in this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Subject to all General Objections set forth above, TIG responds that any and all responsive documents have been identified, and that TIG will produce all relevant and non-privileged portions of its claim files. TIG further responds that the documents are voluminous. Therefore, they will be made available for review by AIU and/or its counsel, upon reasonable notice

to TIG, at TIG's corporate headquarters located at 250 Commercial Street, #500, Manchester, New Hampshire.

**REQUEST FOR PRODUCTION NO. 2**

All DOCUMENTS constituting, evidencing, relating or referring to all UNDERLYING CLAIMS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Subject to all General Objections set forth above, TIG responds that any and all responsive documents have been identified, and that TIG will produce all relevant and non-privileged portions of its claim files. TIG further responds that the documents are voluminous. Therefore, they will be made available for review by AIU and/or its counsel, upon reasonable notice to TIG, at TIG's corporate headquarters located at 250 Commercial Street, #500, Manchester, New Hampshire.

**REQUEST FOR PRODUCTION NO. 3**

All DOCUMENTS constituting, evidencing, relating or referring to each claim identified on the LOSS RUN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Subject to all General Objections set forth above, TIG responds that any and all responsive documents have been identified, and that TIG will produce all relevant and non-privileged portions of its claim files. TIG further responds that the documents are voluminous. Therefore, they will be made available for review by AIU and/or its counsel, upon reasonable notice to TIG, at TIG's corporate headquarters located at 250 Commercial Street, #500, Manchester, New Hampshire.

**REQUEST FOR PRODUCTION NO. 4**

All DOCUMENTS constituting, evidencing, relating or referring to all UNDERLYING CLAIMS for which RYLOCK sought defense and/or indemnity

under the TIG POLICY(IES).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Subject to all General Objections set forth above, TIG responds that any and all responsive documents are voluminous and TIG will produce all relevant and non-privileged portions of its claim files. The files will be made available for review by AIU and/or its counsel, upon reasonable notice to TIG, at TIG's corporate headquarters located at 250 Commercial Street, #500, Manchester, New Hampshire.

**REQUEST FOR PRODUCTION NO. 5**

All DOCUMENTS constituting, evidencing, relating or referring to all UNDERLYING CLAIMS for which any entity sought defense and/or indemnity as additional insured(s) of the TIG POLICY(IES).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Subject to all General Objections set forth above, TIG objects to this request as seeking information that constitutes trade secrets. TIG also objects to this request in that it violates the rights of privacy of TIG's other insureds. TIG also objects to this request as irrelevant. TIG will not produce any documents in response to this request.

**REQUEST FOR PRODUCTION NO. 6**

All DOCUMENTS constituting, evidencing, relating or referring to all payments made for defense under the TIG POLICY(IES).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Subject to all General Objections set forth above, TIG objects to this request as irrelevant in that all payments made for defense under the TIG POLICY(IES) are outside of the policy limits. Subject to all stated objections, TIG responds that it will produce the requested information.

**REQUEST FOR PRODUCTION NO. 7**

All DOCUMENTS constituting, evidencing, relating or referring to all payments made for indemnity under the TIG POLICY(IES).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Subject to all General Objections set forth above, TIG will produce the requested information.

**REQUEST FOR PRODUCTION NO. 8**

The TIG POLICY(IES)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Subject to all General Objections set forth above, TIG objects to this request as duplicative and unnecessary in that plaintiff attached copies of all responsive TIG POLICY(IES) to their complaint in this matter. Subject to the foregoing, TIG refers to its response to the following request.

**REQUEST FOR PRODUCTION NO. 9**

Certified copies of the TIG POLICY(IES)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Subject to all General Objections set forth above, TIG responds that it will provide certified copies of its policies.

DATED: May 28, 2008                    LAW OFFICES OF SEMHA ALWAYA

By: _/s/ Semha Alwaya_
Semha Alwaya

Attorney for Defendant TIG INSURANCE COMPANY ERRONEOUSLY SUED HEREIN AS TIG SPECIALTY INSURANCE COMPANY

RESPONSE OF DEFENDANT TIG INSURANCE COMPANY TO PLAINTIFF AIU INSURANCE COMPANY'S RFP

## REQUEST FOR JURY TRIAL

TIG hereby requests trial by jury.

LAW OFFICES OF SEMHA ALWAYA

By: *Semha Alwaya*
Semha Alwaya
Attorney for Defendant TIG INSURANCE
COMPANY ERRONEOUSLY SUED
HEREIN AS TIG SPECIALTY INSURANCE
COMPANY

-8-

RESPONSE OF DEFENDANT TIG INSURANCE COMPANY TO PLAINTIFF AIU INSURANCE COMPANY'S RFP

POS
+
E file