1    LAURA J. RUETTGERS (SBN 206636)
     CHRISTINA M. LAVANIER (SBN 233335)
2    McCURDY & FULLER LLP
     4300 Bohannon Drive, Suite 240
3    Menlo Park, CA 94025
     Telephone:  (650) 618-3500
4    Facsimile:  (650) 618-3599
     Email: laura.ruettgers@mccurdylawyers.com
5    Email: christina.lavanier@mccurdylawyers.com

6    Attorneys for Plaintiff
     AIU INSURANCE COMPANY
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12

13   AIU INSURANCE COMPANY, a New          CASE NO. C 07-5491 PJH
     York corporation,
14                                          **STIPULATION TO PERMIT AIU
                                            INSURANCE COMPANY TO FILE
15              Plaintiff,                   FIRST AMENDED COMPLAINT
                                            [FRCP 15(a)(2)]**
16        vs.

17   ACCEPTANCE INSURANCE COMPANY,
     a Delaware corporation, TIG SPECIALTY
18   INSURANCE COMPANY, a California
     corporation, ROYAL INSURANCE
19   COMPANY OF AMERICA, a Delaware
     corporation, AMERICAN SAFETY RISK
20   RETENTION GROUP, IND., a Vermont
     corporation, and DOES 1 through 10,
21   inclusive,

22              Defendants.

23        The defendants/opposing parties in the above entitled action, Acceptance Insurance
                                                                         *Arrowood Indemnity Company, f/k/a Royal*
24   Company ("Acceptance"), TIG Insurance Company ("TIG"), Royal Indemnity Company as   *Indemnity Company,*

25   successor-in-interest to Royal Insurance Company of America (erroneously sued as Royal   *erroneously sued as*

26   Insurance Company of America) ("Royal") and American Safety Risk Retention Group, Inc.

27   ("American Safety"), by and through their counsel of record, hereby stipulate to permit plaintiff

28

     27605.doc                              - 1 -
     ─────────────────────────────────────────────────────────
     STIPULATION PERMITTING FILING OF FIRST AMENDED COMPLAINT [FRCP 15(a)(2)]

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1    AIU Insurance Company to file its First Amended Complaint, attached hereto as Exhibit A.

2         The parties expressly agree that said stipulation is without prejudice to the

3    defendants/opposing parties' right to seek dismissal or judgment on some or all of the Claims for

4    Relief included within the First Amended Complaint.

5         IT IS SO STIPULATED.

6    DATED: May 28, 2008                    MARRONE, ROBINSON, FREDERICK &
                                            FOSTER
7

8                                    By:    _____
9                                           THOMAS FOSTER
                                            Attorneys for Defendant
10                                          ACCEPTANCE INSURANCE COMPANY

11

12   DATED: May ___, 2008                   LAW OFFICES OF SEMHA ALWAYA

13

14                                   By:    _____
                                            SEMHA ALWAYA
15                                          Attorneys for Defendant
                                            TIG SPECIALTY INSURANCE COMPANY
16

17   DATED: May ___, 2008                   TRESSLER, SODERSTROM, MALONEY &
                                            PRIESS, LLP
18

19

20                                   By:    _____
                                            MARY E. McPHERSON
21                                          Attorneys for Defendant
                                            ROYAL INSURANCE COMPANY OF
22                                          AMERICA

23   DATED: May ___, 2008                   VOGL & MEREDITH LLP

24

25

26                                   By:    _____
                                            DAVID A. FIRESTONE
27                                          Attorneys for Defendant
                                            AMERICAN SAFETY RISK RETENTION
28                                          GROUP, INC.

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

27605                              - 2 -

STIPULATION PERMITTING FILING OF FIRST AMENDED COMPLAINT [FRCP 15(a)(2)]

1   AIU Insurance Company to file its First Amended Complaint, attached hereto as Exhibit A.

2       The parties expressly agree that said stipulation is without prejudice to the

3   defendants/opposing parties' right to seek dismissal or judgment on some or all of the Claims for

4   Relief included within the First Amended Complaint.

5       IT IS SO STIPULATED.

6   DATED: May ___, 2008                    MARRONE, ROBINSON, FREDERICK &
                                            FOSTER
7

8                                   By: _____

9                                       THOMAS FOSTER
                                        Attorneys for Defendant
10                                      ACCEPTANCE INSURANCE COMPANY

11

12  DATED: May ___, 2008                    LAW OFFICES OF SEMHA ALWAYA

13

14                                  By: _____

15                                      SEMHA ALWAYA
                                        Attorneys for Defendant
16                                      TIG SPECIALTY INSURANCE COMPANY

17  DATED: May ___, 2008                    TRESSLER, SODERSTROM, MALONEY &
                                            PRIESS, LLP
18

19                                  By: _Mary E McPherson_____

20                                      MARY E. McPHERSON
                                        Attorneys for Defendant *Arrowood Indemnity*
21                                      ROYAL INSURANCE COMPANY OF
22                                      AMERICA
                                            *Company f/k/a*
23  DATED: May ___, 2008                    VOGL & MEREDITH LLP    *Royal Indemnity*
                                                                   *Co. erroneously*
24                                                                 *sued as*
                                                                   *Royal Indemnity*
25                                  By: _____   *Co.; Successor*
                                                                   *in-interest*
26                                      DAVID A. FIRESTONE
                                        Attorneys for Defendant
27                                      AMERICAN SAFETY RISK RETENTION
                                        GROUP, INC.
28

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

27605.doc                              - 2 -

STIPULATION PERMITTING FILING OF FIRST AMENDED COMPLAINT [FRCP 15(a)(2)]

1   AIU Insurance Company to file its First Amended Complaint, attached hereto as Exhibit A.

2          The parties expressly agree that said stipulation is without prejudice to the

3   defendants/opposing parties' right to seek dismissal or judgment on some or all of the Claims for

4   Relief included within the First Amended Complaint.

5          IT IS SO STIPULATED.

6   DATED:  May ___, 2008                      MARRONE, ROBINSON, FREDERICK &
7                                              FOSTER

8
                                       By: _____
9
                                              THOMAS FOSTER
10                                            Attorneys for Defendant
                                              ACCEPTANCE INSURANCE COMPANY
11

12  DATED:  May 27, 2008                       LAW OFFICES OF SEMHA ALWAYA

13

14                                     By: _Semha Alwaya_____
15                                            SEMHA ALWAYA
                                              Attorneys for Defendant
16                                            TIG SPECIALTY INSURANCE COMPANY

17  DATED:  May ___, 2008                      TRESSLER, SODERSTROM, MALONEY &
18                                             PRIESS, LLP

19

20                                     By: _____

21                                            MARY E. McPHERSON
                                              Attorneys for Defendant
22                                            ROYAL INSURANCE COMPANY OF
                                              AMERICA

23  DATED:  May ___, 2008                      VOGL & MEREDITH LLP
24

25
                                       By: _____
26
                                              DAVID A. FIRESTONE
27                                            Attorneys for Defendant
                                              AMERICAN SAFETY RISK RETENTION
28                                            GROUP, INC.

27605                                    - 2 -
      STIPULATION PERMITTING FILING OF FIRST AMENDED COMPLAINT [FRCP 15(a)(2)]

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA  94025
(650) 618-3500

1    AIU Insurance Company to file its First Amended Complaint, attached hereto as Exhibit A.

2         The parties expressly agree that said stipulation is without prejudice to the

3    defendants/opposing parties' right to seek dismissal or judgment on some or all of the Claims for

4    Relief included within the First Amended Complaint.

5         IT IS SO STIPULATED.

6    DATED: May ___, 2008                    MARRONE, ROBINSON, FREDERICK &
                                             FOSTER
7

8
                                   By:    _____
9                                          THOMAS FOSTER
                                           Attorneys for Defendant
10                                         ACCEPTANCE INSURANCE COMPANY

11
12   DATED: May ___, 2008                    LAW OFFICES OF SEMHA ALWAYA

13
                                   By:    _____
14
                                           SEMHA ALWAYA
15                                         Attorneys for Defendant
                                           TIG SPECIALTY INSURANCE COMPANY
16

17   DATED: May ___, 2008                    TRESSLER, SODERSTROM, MALONEY &
                                             PRIESS, LLP
18

19
                                   By:    _____
20                                         MARY E. McPHERSON
                                           Attorneys for Defendant
21                                         ROYAL INSURANCE COMPANY OF
                                           AMERICA
22

23   DATED: May 2_, 2008                     VOGL & MEREDITH LLP

24

25                                 By:    _____
26                                         DAVID A. FIRESTONE
                                           Attorneys for Defendant
27                                         AMERICAN SAFETY RISK RETENTION
                                           GROUP, INC.
28

276051                              - 2 -

Exhibit A

LAURA J. RUETTGERS (SBN 206636)
CHRISTINA M. LAVANIER (SBN 233335)
McCurdy & Fuller LLP
4300 Bohannon Drive, Suite 240
Menlo Park, California 94025
Telephone: (650) 618-3500
Facsimile: (650) 618-3599

Attorneys for Plaintiff
AIU INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| AIU INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACCEPTANCE INSURANCE COMPANY, a Delaware corporation, TIG SPECIALTY INSURANCE COMPANY, a California corporation, ARROWOOD INDEMNITY COMPANY, FORMERLY KNOWN AS ROYAL INDEMNITY COMPANY, SUCCESSOR-IN-INTEREST TO ROYAL INSURANCE COMPANY OF AMERICA, a Delaware corporation, AMERICAN SAFETY RISK RETENTION GROUP, INC., a Vermont corporation, AMERICAN SAFETY INDEMNITY COMPANY, a Oklahoma corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 07-CV-05491 PJH<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE INDEMNITY, SUBROGATION, AND CONTRIBUTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff AIU Insurance Company ("AIU") alleges as follows:

## JURISDICTION

1.      Jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, based upon the facts more specifically alleged in paragraphs 3 through 8 below.

- 1 -

28278_2

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

2.    Intradistrict Assignment:  Pursuant to Local Rule 3-2(c) and (d), this matter is being filed in the San Francisco Division of the Northern District of California because some of the underlying lawsuits which give rise to this lawsuit occurred in the County of San Mateo.

3.    The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

## PARTIES

4.    AIU is a New York corporation, with its principal place of business in New York, New York.  AIU is authorized to do, and is doing, business in California.

5.    AIU is informed and believes, and based thereon alleges, that defendant Acceptance Insurance Company ("Acceptance") is a Delaware corporation, with its principal place of business in Omaha, Nebraska.  Acceptance is authorized to do, and is doing, business in California.  Acceptance is, and was at all times herein mentioned, engaged in the business of insurance and is admitted in the State of California to transact the business of insurance.

6.    AIU is informed and believes, and based thereon alleges, that defendant TIG Specialty Insurance Company ("TIG") is a California corporation, with its principal place of business in Irving, Texas.  TIG is authorized to do, and is doing, business in California.  TIG is, and was at all times herein mentioned, engaged in the business of insurance and is admitted in the State of California to transact the business of insurance.

7.    AIU is informed and believes, and based thereon alleges, that defendant Arrowood Indemnity Company, formerly known as Royal Indemnity Company, successor-in-interest to Royal Insurance Company of America ("Royal") is a Delaware corporation, with its principal place of business in Charlotte, North Carolina.  Royal is authorized to do, and is doing, business in California.  Royal is, and was at all times herein mentioned, engaged in the business of insurance and is admitted in the State of California to transact the business of insurance.

8.    AIU is informed and believes, and based thereon alleges, that defendant American Safety Risk Retention Group, Inc. ("American Safety Risk") is a Vermont corporation, with its principal place of business in Atlanta, Georgia.  American Safety Risk is authorized to do, and is

- 2 -

28278_2

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1   doing, business in California. American Safety Risk is, and was at all times herein mentioned,

2   engaged in the business of insurance and is admitted in the State of California to transact the

3   business of insurance.

4        9.      AIU is informed and believes, and based thereon alleges, that defendant American

5   Safety Indemnity Company ("American Safety Indemnity") is an Oklahoma corporation, with its

6   principal place of business in Atlanta, Georgia. American Safety Indemnity is authorized to do,

7   and is doing, business in California. American Safety Indemnity is, and was at all times herein

8   mentioned, engaged in the business of insurance and is admitted in the State of California to

9   transact the business of insurance.

10       10.     AIU is informed and believes, and based thereon alleges, that defendants DOES 1

11   through 10 are entities which are authorized to do business and are doing business in California.

12   AIU is informed and believes, and on that basis alleges, defendants DOES 1 through 10 issued a

13   policy or policies of liability insurance which provided coverage to Rylock Company, Ltd.

14   ("Rylock"). AIU is currently unaware of the true identities of DOES 1 through 10 and will

15   amend this complaint at such time as AIU becomes aware of the true identities of these DOE

16   defendants.

17                                   **VENUE**

18       11.     Venue lies in this district pursuant to 28 U.S.C. § 1391 because a substantial part of

19   the events or omissions giving rise to the claim occurred in this judicial district.

20                   **THE INSURANCE POLICIES**

21       12.     AIU issued excess liability policy no. BE 309-29-74, effective March 1, 1996 to

22   March 1, 1998, to Rylock ("AIU 96-98 Excess Policy"). A true and correct copy of the AIU 96-98

23   Excess Policy is attached as Exhibit A and is incorporated by reference herein as though set forth

24   in full. AIU issued excess liability policy no. BE 357-20-18, effective March 1, 1998 to March 1,

25   2002, to Rylock ("AIU 98-02 Excess Policy"). A true and correct copy of the AIU 98-02 Excess

26   Policy is attached as Exhibit B and is incorporated by reference herein as though set forth in full.

27

28                                  - 3 -                            28278_2

1    The AIU 96-98 Excess Policy and the AIU 98-02 Excess Policy are referred to collectively herein

2    as the "AIU Excess Policies".

3        13.    As more fully described therein, unless otherwise excluded therein, the AIU Excess

4    Policies provide coverage for "property damage", as defined therein, which takes place during the

5    policy periods and which arises out of an "occurrence", as defined therein. Also as set forth

6    therein, the AIU Excess Policies apply in excess of the "Retained Limit" which is defined by the

7    policies, in pertinent part, as: "The total of the applicable limits of the underlying policies listed in

8    the Schedule of Underlying Insurance and the applicable limits of any other underlying insurance

9    providing coverage to the Insured."

10       14.    AIU is informed and believes, and on that basis alleges, that Acceptance issued the

11   following primary commercial general liability insurance policies to Rylock for periods indicated:

12   (1) policy no. C2CG0053 providing coverage for the period of March 1, 1992 to March 1, 1993

13   ("Acceptance 92-93 Primary Policy"); (2) policy no. C93G0194 for the period of March 1, 1993 to

14   March 1, 1994 ("Acceptance 93-94 Primary Policy"); and (3) policy no. C94G0370 for the period

15   of March 1, 1994 to March 1, 1995 ("Acceptance 94-95 Primary Policy"); and (4) policy no.

16   C95CG60598 for the period of March 1, 1995 to March 1, 1996 ("Acceptance 95-96 Primary

17   Policy") (collectively, the "Acceptance Primary Policies"). The Acceptance Primary Policies are

18   attached hereto as Exhibits C, D, E and F and are incorporated by reference herein as though set

19   forth in full. Each of the Acceptance Primary Policies provide limits of $1 million per occurrence

20   subject to $2 million in the aggregate for property damage which takes place during the policy

21   period(s) and arises out of an occurrence.

22       15.    AIU is informed and believes, and on that basis alleges, that TIG issued primary

23   general liability policy no. 3135280, effective March 1, 1995 to March 1, 1996 to Rylock ("TIG

24   Primary Policy"). The TIG Primary Policy provides limits of $1 million per occurrence subject to

25   $2 million in the aggregate for property damage which takes place during the policy period and

26   arises out of an occurrence. A true and correct copy of the TIG Primary Policy is attached hereto

27   as Exhibit G and is incorporated by reference herein as though set forth in full.

28

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

- 4 -

28278_2

**First Amended Complaint for Declaratory Relief, Equitable Indemnity, Subrogation, and Contribution**

16.    AIU is informed and believes, and on that basis alleges, that Royal issued the following primary commercial general liability insurance policies to Rylock for periods indicated: (1) policy no. PTY441053 providing coverage for the period of March 1, 1996 to March 1, 1997 ("Royal 96-97 Primary Policy"); (2) policy no. PTS443208 for the period of March 1, 1997 to March 1, 1998 ("Royal 97-98 Primary Policy"); (3) policy no. PTR457882 for the period of March 1, 1998 to March 1, 1999 ("Royal 98-00 Primary Policy") (collectively, the "Royal Primary Policies") and (4) policy no. PTR-4578820099 for the period of March 1, 1999 to March 1, 2000. The Royal Primary Policies are attached hereto as Exhibits H, I, J and K and are incorporated by reference herein as though set forth in full.  Each of the Royal Primary Policies provide limits of $1 million per occurrence subject to $2 million in the aggregate for property damage which takes place during the policy period(s) and arises out of an occurrence.

17.    AIU is informed and believes, and on that basis alleges, that American Safety Risk issued primary general liability policy no. XGI 00-1462-001, effective March 1, 2000 to March 1, 2001, to Rylock ("American Safety Risk 00-01 Primary Policy").  A true and correct copy of the American Safety Risk 00-01 Primary Policy is attached hereto as Exhibit L and incorporated herein by reference as though fully set forth.  AIU is informed and believes, and on that basis alleges, that American Safety Indemnity issued general liability policy no. XGI 01-1462-002, effective March 1, 2001 to March 1, 2002, to Rylock ("American Safety Indemnity 01-02 Primary Policy ").  A true and correct copy of the  American Safety Indemnity 01-02 Primary Policy is attached hereto as Exhibit M and incorporated herein by reference.  American Safety Risk and American Safety Indemnity are collectively referred to herein as "American Safety".  The American Safety Risk 00-01 Primary Policy and the American Safety Indemnity 01-02 Primary Policy are collectively referred to herein as the American Safety Primary Policies.

18.    The American Safety Primary Policies each provide limits of $1 million per occurrence subject to a $2 million general aggregate and provide coverage for property damage taking place during the policy period(s) arising out of an occurrence.  The American Safety Primary Policies include self-insured retention endorsement form ES 98 01 08 99 which subjects

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

- 5 -

28278_2

1  the policies to a self-insured retention in the amount of $50,000 per occurrence, subject to a

2  $1,250,000 aggregate.

3      19.    DOES 1 through 10 issued policies of insurance to Rylock which provide coverage

4  to Rylock for property damage taking place during the respective policy periods and arising out of

5  an occurrence. The policies of insurance issued by DOES 1 through 10 are primary to the

6  coverage provided by the AIU Excess Policies.

7                              **THE UNDERLYING EVENTS**

8      20.    AIU is informed and believes, and on that basis alleges, that Rylock was engaged in

9  the business of window manufacturing. AIU is informed and believes that Rylock windows were

10  installed in numerous homes in California and elsewhere. AIU is informed and believes that

11  Rylock has been named as a defendant and/or cross-defendant in litigation in which homeowners

12  have alleged that Rylock's windows were defective and that such defects lead to water intrusion

13  resulting in property damage during the effective periods of the policies issued by Acceptance,

14  TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10 ("Rylock

15  Actions").

16     21.    AIU is informed and believes, and on that basis alleges, that Rylock tendered, and

17  continues to tender, its defense and indemnity in the Rylock Actions to its primary carriers

18  including but not limited to Acceptance, TIG, Royal, American Safety Risk, American Safety

19  Indemnity, and DOES 1 through 10.

20     22.    AIU is informed and believes that American Safety Risk and American Safety

21  Indemnity refused and continue to refuse to defend or indemnify Rylock in the Rylock Actions

22  under the American Safety Primary Policies on the basis that the applicable self-insured

23  retention(s) were/are not satisfied. AIU is informed and believes that American Safety Risk and

24  American Safety Indemnity assert that no obligation to defend or indemnify Rylock in the Rylock

25  Actions arises even after $50,000 had/has been incurred in defense and indemnity payments by

26  other carriers on the basis that Rylock itself must personally satisfy the self-insured retention

27  amount(s) in order to trigger coverage under the policies. AIU is informed and believes that

28

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

- 6 -

**First Amended Complaint for Declaratory Relief, Equitable Indemnity, Subrogation, and Contribution**

1    Rylock was and is unable to personally satisfy the self-insured retention amount(s) as it is

2    insolvent.  Accordingly, American Safety Risk and American Safety Indemnity have taken the

3    position that their policies will never be implicated.

4          23.    AIU is informed and believes that Rylock designated the Royal Policies to respond

5    to each of the Rylock Actions pursuant to *Armstrong World Industries, Inc. v. Aetna Casualty &*

6    *Surety Co.* (1996) 45 Cal.App.4th 1.  AIU is informed and believes that Royal failed to obtain

7    proper contribution from Acceptance, TIG, American Safety Risk, American Safety Indemnity and

8    DOES 1 through 10 despite the fact that each carrier's respective policies were implicated by the

9    claims.

10         24.    On February 4, 2008, Royal first provided notice of Royal's assertion that the Royal

11   Primary Policies are exhausted.  On that basis, in addition to other parties, defendants have

12   asserted and/or will assert that AIU has a present obligation to defend and indemnify Rylock in the

13   Rylock Actions under the AIU Excess Policies.

14         25.    AIU asserts that it has no present obligation to defend or indemnify Rylock in the

15   outstanding Rylock Actions because the Royal Primary Policies are not exhausted.  Particularly,

16   AIU asserts that once Acceptance, TIG, American Safety, and DOES 1 through 10 reimburse

17   amounts owed to Royal for indemnity payments made by Royal which should have properly been

18   borne by such carriers, the Royal Primary Policy limits will be refreshed.  AIU further contends

19   that no obligation arises under the AIU Excess Policies until all underlying insurance, including,

20   without limitation, the Acceptance Primary Policies, the TIG Primary Policy, the Royal Primary

21   Policies, the American Safety Risk 00-01 Primary Policy, the American Safety Indemnity 01-02

22   Primary Policy, and the policies issued by DOES 1 through 10 have been properly exhausted by

23   payments of claims which fall within the coverage afforded by the AIU Excess Policies.

24

25

26

27

28

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

28278_2

**First Amended Complaint for Declaratory Relief, Equitable Indemnity, Subrogation, and Contribution**

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

## FIRST CLAIM FOR RELIEF

### (For Declaratory Relief Against ASRRG and ASIC)

26.     AIU repeats each and every allegation contained in paragraphs 1 through 25 of this complaint, and incorporates each and every one of those allegations into this Claim for Relief as if they were set forth herein.

27.     Actual controversies have arisen and now exist between and among American Safety Risk, American Safety Indemnity and AIU relating to the legal rights and duties under the American Safety Risk 00-01 Primary Policy and the American Safety Indemnity 01-02 Primary Policy.  Particularly, American Safety Risk asserts that the self-insured retention of the American Safety Risk 00-01 Primary Policy has not been satisfied and cannot be satisfied because only the insured may satisfy the retention amounts.  American Safety Indemnity asserts that the self-insured retention of the American Safety Indemnity 01-02 Primary Policy has not been satisfied and cannot be satisfied because only the insured may satisfy the retention amounts.  AIU alleges that the self-insured retentions in the American Safety Risk 00-01 Primary Policy and the American Safety Indemnity 01-02 Primary Policy may be satisfied by payments under other insurance policies, including without limitation payments made under the Royal Policies.  Accordingly, AIU alleges that American Safety Risk and American Safety Indemnity have a present duty to Rylock under the American Safety Primary Policies, including a duty to provide Rylock with primary coverage in the ongoing actions and to reimburse Royal as respects past payments made.

28.     AIU seeks a declaration from this Court that the terms and conditions of the American Safety Risk 00-01 Primary Policy and/or the American Safety Indemnity 01-02 Primary Policy do not provide that only the insured, personally, can satisfy the retention amounts and trigger an obligation under the policies.  In the alternative, to the extent that only the insured may satisfy the retention amount, AIU seeks this Court's intervention regarding: (1) how the American Safety Risk 00-01 Primary Policy and the American Safety Indemnity 01-02 Primary Policy apply to the extent that the insured is unable to personally satisfy the retention amount; and (2) when the

- 8 -

28278_2

Case 3:07-cv-05491-PJH    Document 33    Filed 06/16/2008    Page 15 of 22

1  AIU Excess Policies apply in light of the unexhausted primary coverage afforded by American

2  Safety Risk and American Safety Indemnity.

3       29.    An actual controversy exists between the parties to this action, and this Court has

4  the authority to issue a declaratory relief judgment concerning their respective rights and duties

5  pursuant to 28 U.S.C. § 2202.

6  **SECOND CLAIM FOR RELIEF**

7  **(For Declaratory Relief Against Acceptance, TIG, Royal, American Safety Risk, American**

8  **Safety Indemnity, and DOES 1 through 10)**

9       30.    AIU repeats each and every allegation contained in paragraphs 1 through 29 of this

10  complaint, and AIU incorporates each and every one of those allegations into this Claim for Relief

11  as if they were set forth herein.

12       31.    Actual controversies have arisen and now exist between and among AIU,

13  Acceptance, Royal, TIG, American Safety Risk, American Safety Indemnity, and DOES 1 through

14  10 relating to their respective legal rights and duties under their respective policies. Particularly,

15  Royal asserts that the Royal Primary Policies are exhausted. Acceptance, TIG, American Safety

16  Risk, American Safety Indemnity, and DOES 1 through 10 assert that they have no obligation to

17  reimburse Royal for their respective allocated share of past defense and indemnity costs incurred

18  by Royal. AIU asserts that the Royal Primary Policies are not exhausted, and accordingly, no

19  obligation arises under the AIU Excess Policies, because the other primary carriers, including but

20  not limited to, Acceptance, TIG, American Safety Risk, American Safety Indemnity and DOES 1

21  through 10 have an obligation to reimburse Royal for their respective allocated share of past

22  indemnity costs incurred.

23       32.    AIU seeks an order from this Court that AIU has no obligation to defend/indemnify

24  Rylock in the Rylock Actions and/or that Royal must continue to defend/indemnify Rylock in the

25  Rylock Actions because the Royal Primary Policies are not exhausted since they are subject to

26  refreshment from the other primary carriers including but not limited to Acceptance, TIG,

27  American Safety Risk, American Safety Indemnity, and DOES 1 through 10.

28

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

- 9 -

28278_2

**First Amended Complaint for Declaratory Relief, Equitable Indemnity, Subrogation, and Contribution**

33.    Actual controversies have arisen and now exist between and among AIU, Acceptance, Royal, TIG, American Safety Risk, American Safety Indemnity, and DOES 1 through 10 relating to AIU's obligations under the AIU Excess Policies. Particularly, Acceptance, Royal, TIG, American Safety Risk, American Safety Indemnity, and DOES 1 through 10 have asserted, or upon information and belief will assert, that AIU has a present obligation to defend and/or indemnify Rylock in the outstanding Rylock Actions under the AIU Excess Policies. AIU asserts that it has no present obligation to defend or indemnify Rylock in the outstanding Rylock Actions because there is available primary coverage to respond to said claims; namely the Acceptance Primary Policies, the TIG Primary Policy, the Royal Primary Policies (which are not properly exhausted), the American Safety Risk 00-01 Primary Policy and/or the American Safety Indemnity 01-02 Primary Policy.

34.    AIU seeks an order from this Court that there is no obligation to defend or indemnify Rylock in the Rylock Actions under the AIU Excess Policies until all applicable primary coverage is properly exhausted.

35.    An actual controversy exists between the parties to this action, and this Court has the authority to issue a declaratory relief judgment concerning their respective rights and duties pursuant to 28 U.S.C. § 2202.

**THIRD CLAIM FOR RELIEF**

**(For Declaratory Relief Against Royal, and DOES 1 through 10)**

36.    AIU repeats each and every allegation contained in paragraphs 1 through 35 of this complaint, and AIU incorporates each and every one of those allegations into this Claim for Relief as if they were set forth herein.

37.    On February 4, 2008, Royal and DOES 1 through 10 first notified AIU of Royal's assertion that the Royal Primary Policies were exhausted by payment of settlements and/or judgments as of November 2007. Based upon this assertion, Royal and DOES 1 through 10 assert that AIU has an immediate obligation to defend and indemnify Rylock in presently pending claims. Royal and DOES 1 through 10 also assert that AIU is obligated under the AIU Excess

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

- 10 -

28278_2

First Amended Complaint for Declaratory Relief, Equitable Indemnity, Subrogation, and Contribution

1    Policies to reimburse amounts incurred by Royal and DOES 1 through 10 after the Royal policies

2    were exhausted. Finally, Royal and DOES 1 through 10 assert that there is no further obligation to

3    defend or indemnify Rylock under the Royal Primary Policies.

4    　　　　38.    AIU disputes that the Royal Primary Policies are exhausted in that other primary

5    carriers have an obligation to reimburse Royal for amounts paid under the policies. Such

6    reimbursement will operate to refresh the limits available under the Royal Primary Policies. AIU

7    also disputes that it has any obligation to reimburse any amounts incurred under the Royal Primary

8    Policies because said policies were never properly exhausted, because Royal and DOES 1 through

9    10 failed to respond and refused to provide information regarding such alleged exhaustion despite

10   AIU's good faith inquiries over a two year period, because Royal and DOES 1 through 10 have a

11   continuing obligation to defend and indemnify Rylock unless and until Royal and DOES 1 through

12   10 establish that the Royal Primary Policies were properly exhausted, and because the Rylock

13   Actions implicate coverage under unexhausted primary policies including, but not limited to, the

14   policies issued by Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity,

15   and DOES 1 through 10.

16   　　　　39.    AIU seeks an order from this Court that: (1) the Royal Primary Policies are not

17   exhausted since they are subject to refreshment from the other primary carriers including but not

18   limited to Acceptance, TIG, American Safety Risk, American Safety Indemnity and DOES 1

19   through 10; (2) Royal and DOES 1 through 10 have a continuing obligation to defend and

20   indemnify Rylock unless and until Royal and DOES 1 through 10 can establish that the Royal

21   Primary Policies are properly exhausted; (3) AIU has no obligation to reimburse Royal and DOES

22   1 through 10; (4) AIU has no obligation to defend and/or indemnify Rylock under the AIU Excess

23   Policies until it is established that the Royal Primary Policies are properly exhausted; and (5) AIU

24   has no obligation to defend and/or indemnify Rylock under the AIU Excess Policies as there

25   remains applicable primary coverage to respond to the claims.

26

27

28

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

28278_2

**First Amended Complaint for Declaratory Relief, Equitable Indemnity, Subrogation, and Contribution**

40.     An actual controversy exists between the parties to this action, and this Court has the authority to issue a declaratory relief judgment concerning their respective rights and duties pursuant to 28 U.S.C. § 2202.

**FOURTH CLAIM FOR RELIEF**

**(For Equitable Indemnity and Contribution Against Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10)**

41.     AIU repeats each and every allegation contained in paragraphs 1 through 40 of this complaint, and AIU incorporates each and every one of those allegations into this Claim for Relief as if they were set forth herein.

42.     Based upon the wrongful refusal of Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10 to defend and indemnify Rylock, AIU has been and/or will be forced to pay for such defense and indemnity under the AIU Excess Policies. AIU, by defending and indemnifying Rylock in the pending actions, either completely or partially satisfied the obligations of Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10.

43.     To the extent that the policies issued by Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10 are found to be primary to the AIU Excess Policies, equity dictates that AIU obtain from Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10 complete reimbursement by way of indemnity of the monies that AIU paid toward the defense and indemnity of Rylock in the pending claims because, in doing so, AIU completely or partially satisfied such carriers' obligations.  To the extent that the policies issued by Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10 are found to provide coverage at the same level as the rights held by AIU, equity dictates that AIU obtain from Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10  reimbursement by way of contribution of the monies paid toward the defense and indemnity of Rylock in the pending claims because, in doing so, AIU completely or partially satisfied such carriers' obligations.

- 12 -

28278_2

**First Amended Complaint for Declaratory Relief, Equitable Indemnity, Subrogation, and Contribution**

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTH CLAIM FOR RELIEF

### (For Equitable Subrogation Against Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10)

44.     AIU repeats each and every allegation contained in paragraphs 1 through 43 of this complaint, and AIU incorporates each and every one of those allegations into this Claim for Relief as if they were set forth herein.

45.     Defendants Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10 breached their obligations to defend and indemnify Rylock in the pending claims.  AIU is subrogated to the rights of Rylock as against said carriers respecting such breach.

## SIXTH CLAIM FOR RELIEF

### (For Waiver and Estoppel Against Royal and DOES 1 through 10)

46.     AIU repeats each and every allegation contained in paragraphs 1 through 45 of this complaint, and AIU incorporates each and every one of those allegations into this Claim for Relief as if they were set forth herein.

47.     AIU first received notice of the purported impending exhaustion of the Royal Primary Policies in or about December 2005.  Beginning on that date, and continuing through the present, AIU requested that Royal and DOES 1 through 10 provide AIU with information pertaining to the purported exhaustion.  In addition, AIU requested that Royal and DOES 1 through 10 provide AIU with information regarding how the amounts purportedly exhausting the Royal Primary Policies had been allocated between and among Rylock's primary carriers.  For a period exceeding two years, Royal and DOES 1 through 10 refused to provide AIU with the information requested.  Based upon the unjustified refusal of Royal and DOES 1 through 10 to provide AIU with the information requested, AIU was damaged in that it was forced to file the present action to obtain such information and AIU was or may be wrongfully forced to assume the defense and indemnity of Rylock in the pending actions.  Based upon the unjustified refusal of Royal and DOES 1 through 10 to provide AIU with the information requested, Rylock was

- 13 -

28278_2

1  damaged in that an unnecessary gap in coverage arose which would not have occurred had such

2  information been timely provided.  AIU is subrogated to Rylock's rights in this regard.

3        48.     Based upon the unjustified refusal and failure of Royal and DOES 1 through 10 to

4  provide the information requested by AIU related to the purported exhaustion of the Royal Primary

5  Policies, Royal and DOES 1 through 10 have waived and/or are equitably estopped from now

6  seeking contribution, subrogation and/or indemnity from AIU.

7        49.     AIU requests that this Court determine the respective rights and obligations of

8  Royal and DOES 1 through 10 under their respective policies with respect to the waiver and

9  estoppel issues.

10  **PRAYER**

11  WHEREFORE, AIU prays for judgment as follows:

12        1.     That the Court make and enter a binding judicial declaration in accordance with

13  AIU's contentions set forth in the claims for relief.

14        2.     For equitable indemnity from Acceptance, TIG, Royal, American Safety and DOES

15  1 through 10 according to proof, or, in the alternative, for contribution from Acceptance, TIG,

16  Royal, American Safety and DOES 1 through 10 according to proof, together with interest thereon.

17        3.     For subrogation from Acceptance, TIG, Royal, American Safety and DOES 1

18  through 10 according to proof, together with interest thereon.

19        4.     For an order that Royal and DOES 1 through 10 have waived and/or are equitably

20  estopped from seeking contribution, subrogation and/or indemnity from AIU.

21        5.     For costs of suit incurred in this action.

22        6.     For reasonable attorney's fees.

23        7.     For such other and further relief as this Court deems just and proper.

24  / / /

25  / / /

26  / / /

27  / / /

28

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA  94025
(650) 618-3500

28278_2

**First Amended Complaint for Declaratory Relief, Equitable Indemnity, Subrogation, and Contribution**

1    DATED: June 16, 2008                          MCCURDY & FULLER LLP

2

3                                         By: _____

4                                              LAURA J. RUETTGERS
                                               CHRISTINA M. LAVANIER
5                                              Attorneys for Plaintiff
                                               AIU INSURANCE COMPANY
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

                                    - 15 -                                    28278_2

**First Amended Complaint for Declaratory Relief, Equitable Indemnity, Subrogation, and Contribution**

1

## DEMAND FOR JURY TRIAL

2          AIU demands a trial by jury.

3    DATED:  June ⟨signature⟩ 2008                    MCCURDY & FULLER LLP

4

5                                      By: _____
                                           LAURA J. RUETTGERS
6                                          CHRISTINA M. LAVANIER
                                           Attorneys for Plaintiff AIU INSURANCE
7                                          COMPANY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

- 16 -

28278_2

**First Amended Complaint for Declaratory Relief, Equitable Indemnity, Subrogation, and Contribution**