# EXHIBIT B

# COMMERCIAL UMBRELLA DECLARATIONS

## AIU Insurance Company
70 Pine Street
New York, NY 10270
212-770-7000

POLICY NUMBER:  BE    357-20-18.                    RENEWAL OF: 3092974

PRODUCER NAME: CRUMP E&S OF SAN FRANCISCO INS ) *Maxi Acct*

ADDRESS:       160 SPEAR STREET
               16TH FLOOR
               SAN FRANCISCO        CA  94105

ITEM 1.    NAMED INSURED: CALIFORNIA CEDAR PRODUCTS CO. (PER ENDORSEMENT NO. 01)

           ADDRESS:       400 S FRESNO ST
                          STOCKTON          CA 95203-3007

ITEM 2.    POLICY PERIOD: FROM: March 01, 1998      TO: March 01, 1999 *~~2000~~ 2002*   AT
           12:01 A.M. STANDARD TIME AT THE ADDRESS OF THE NAMED INSURED SHOWN ABOVE.

ITEM 3.    LIMITS OF INSURANCE:

           The Limits of Insurance, subject to all the terms of this policy, are:

           A.    $18,000,000        Each Occurrence

           B.    $18,000,000        General Aggregate (in accordance with Section III,
                                    Limits of Insurance)

           C.    $18,000,000        Products-Completed Operations Aggregate (in
                                    accordance with Section III, Limits of Insurance)

           D.        N/A            Self Insured Retention

ITEM 4.    PREMIUM COMPUTATION

           ESTIMATED        RATE/        ADVANCE              MINIMUM
           EXPOSURE         PER          PREMIUM              PREMIUM

ITEM 5.    ENDORSEMENTS ATTACHED:    SEE ATTACHED SCHEDULE      POLICY

                                                              MAR 06 1998

                                                              RELEASE DATE

COUNTERSIGNED _____              BY _____
               DATE                      AUTHORIZED REPRESENTATIVE

60555 (6/94)

AIU 0038

# AIU Insurance Company

## Commercial Umbrella Policy Form

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy, the words "you" and "your" refer to the **Named Insured** as defined in Insuring Agreement IV, Definitions. The words "we", "us" and "our" refer to the Company providing this insurance. The word "**Insured**" means any person or organization qualifying as such in insuring Agreement IV, Definitions.

In consideration of the payment of the premium and in reliance upon the statements in the Declarations we agree with you to provide coverage as follows:

### Insuring Agreements

**I.    Coverage**

We will pay on behalf of the **Insured** those sums in excess of the Retained Limit that the **Insured** becomes legally obligated to pay by reason of liability imposed by law or assumed by the **Insured** under an **Insured Contract** because of **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** that takes place during the Policy Period and is caused by an **Occurrence** happening anywhere in the world. The amount we will pay for damages is limited as described in Insuring Agreement III, Limits of Insurance.

If we are prevented by law or statute from paying on behalf of the **Insured,** then we will, where permitted by law or statute, indemnify the **Insured** for those sums in excess of the Retained Limit.

**II.    Defense**

    **A.**   We shall have the right and duty to defend any claim or **suit** seeking damages covered by the terms and conditions of this policy when:

        **1.**   The applicable Limits of Insurance of the underlying policies listed in the Schedule of Underlying Insurance and the Limits of Insurance of any other underlying insurance providing coverage to the **Insured** have been exhausted by payment of claims to which this policy applies; or

        **2.**   Damages are sought for **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** covered by this policy but not covered by any underlying insurance listed in the Schedule of Underlying Insurance or any other underlying insurance providing coverage to the **Insured.**

    **B.**   When we assume the defense of any claim or suit:

        **1.**   We will defend any suit against the **Insured** seeking damages on account of **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** even if such suit is groundless, false or fraudulent, but we have the right to investigate, defend and settle the claim as we deem expedient.

        **2.**   We will pay the following, to the extent that they are not included in the underlying policies listed in the Schedule of Underlying Insurance or in any other insurance providing coverage to the **Insured:**

            **a.**   premiums on bonds to release attachments for amounts not exceeding our Limits of Insurance, but we are not obligated to apply for or furnish any such bond;

            **b.**   premiums on appeal bonds required by law to appeal any claim or **suit** we defend, but we are not obligated to apply for or furnish any such bond;

            **c.**   all costs taxed against the **Insured** in any claim or **suit** we defend;

**AIU 0039**

    **d.**    pre-judgment interest awarded against the **Insured** on that part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any pre-judgment interest based on that period of time after the offer;

    **e.**    all interest that accrues after entry of judgment and before we have paid, offered to pay or deposited in court the part of the judgment that is within our applicable Limit of Insurance;

    **f.**    the **Insured's** expenses incurred at our request.

We will not defend any **suit** or claim after our applicable Limits of Insurance have been exhausted by payment of judgments or settlements.

All expenses we incur in the defense of any **suit** or claim are in addition to our Limits of Insurance.

**C.**    In all other instances except A. above, we will not be obligated to assume charge of the investigation, settlement or defense of any claim made, **suit** brought or proceeding instituted against the **Insured**. We will, however, have the right and shall be given the opportunity to participate in the defense and trial of any claims, **suits** or proceedings relative to any **Occurrence** which, in our opinion, may create liability on our part under the terms of this policy. If we exercise such right, we will do so at our own expense.

## III. Limits of Insurance

**A.**    The Limits of Insurance shown in Item 3 of the Declarations and the rules below state the most we will pay regardless of the number of:

    **1.**    **Insureds;**

    **2.**    Claims made or **suits** brought; or

    **3.**    Persons or organizations making claims or bringing **suits**.

**B.**    The General Aggregate Limit is the most we will pay for all damages covered under Insuring Agreement I except:

    **1.**    Damages included in the **Products-Completed Operations Hazard;** and

    **2.**    Coverages included in the policies listed in the Schedule of Underlying Insurance to which no underlying aggregate limit applies.

**C.**    The Products-Completed Operations Aggregate Limit is the most we will pay for all damages included in the **Products-Completed Operations Hazard.**

**D.**    Subject to B. and C. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of damages covered under Insuring Agreement I because of all **Bodily Injury, Property Damage, Personal Injury** and **Advertising Injury** arising out of any one **Occurrence**.

If the applicable limits of insurance of the policies listed in the Schedule of Underlying Insurance or of other insurance providing coverage to the **Insured** are reduced or exhausted by payment of one or more claims that would be insured by our policy we will:

    **1.**    In the event of reduction, pay in excess of the reduced underlying limits of insurance; or

    **2.**    In the event of exhaustion of the underlying limits of insurance, continue in force as underlying insurance.

The Limits of Insurance of this policy apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

**AIU 0040**

E.    Retained Limit

We will be liable only for that portion of damages in excess of the **Insured's** Retained Limit which is defined as the greater of either:

1.    The total of the applicable limits of the underlying policies listed in the Schedule of Underlying Insurance and the applicable limits of any other underlying insurance providing coverage to the **Insured**; or

2.    The amount stated in the Declarations as Self Insured Retention as a result of any one **Occurrence** not covered by the underlying policies listed in the Schedule of Underlying Insurance nor by any other underlying insurance providing coverage to the **Insured**;

and then up to an amount not exceeding the Each Occurrence Limit as stated in the Declarations.

## IV.    Definitions

A.    **Advertising Injury** means injury arising solely out of your advertising activities as a result of one or more of the following offenses:

1.    Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

2.    Oral or written publication of material that violates a person's right of privacy;

3.    Misappropriation of advertising ideas or style of doing business; or

4.    Infringement of copyright, title or slogan.

B.    **Auto** means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But **auto** does not include **mobile equipment.**

C.    **Bodily Injury** means bodily injury, sickness, disability or disease. **Bodily Injury** shall also mean mental injury, mental anguish, humiliation, shock or death if directly resulting from bodily injury, sickness, disability or disease.

D.    **Impaired Property** means tangible property, other than **Your Product** or **Your Work,** that cannot be used or is less useful because:

1.    It incorporates **Your Product** or **Your Work** that is known or thought to be defective, deficient, inadequate or dangerous; or

2.    You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

1.    The repair, replacement, adjustment or removal of **Your Product** or **Your Work;** or

2.    Your fulfilling the terms of the contract or agreement.

E.    **Insured** means each of the following, to the extent set forth:

1.    The **Named Insured,** meaning:

a.    any person or organization listed in Item 1 of the Declarations, and any company that is your subsidiary as of the effective date of this policy and any company you own or control as of the effective date of this policy; and

b.    any organization newly acquired, controlled or formed by you during the policy period but only:

**AIU 0041**

1)  as respects **Occurrences** taking place after you acquire, take control or form such organization;

2)  if such organization is included under the coverage provided by the policies listed in the Schedule of Underlying Insurance; and

3)  if you give us prompt notice after you acquire, take control or form such organization.

We may make an additional premium charge for any additional organizations you acquire, form or take control of during the period of this policy.

2.  If you are an individual, you and your spouse, but only with respect to the conduct of a business of which you are the sole owner.

3.  If you are a partnership or joint venture, the partners or members and their spouses but only as respects the conduct of your business.

No person or organization is an **Insured** with respect to the conduct of any current or past partnership or joint venture that is not shown as a **Named Insured** in the Declarations.

4.  Any person or organization, other than the **Named Insured**, included as an additional insured in the policies listed in the Schedule of Underlying Insurance but not for broader coverage than is available to such person or organization under such underlying policies.

5.  Any of your partners, executive officers, directors, stockholders or employees but only while acting within their duties.

However, the coverage granted by this provision 5. does not apply to the ownership, maintenance, use, loading or unloading of any **autos**, aircraft or watercraft unless such coverage is included under the policies listed in the Schedule of Underlying Insurance and then for no broader coverage than is provided under such underlying policies.

6.  Any person, other than one of your employees, or organization while acting as your real estate manager.

7.  Any person, organization, trustee or estate to whom you are obligated by a written **Insured Contract** to provide insurance such as is afforded by this policy but only with respect to:

a.  liability arising out of operations conducted by you or on your behalf; or

b.  facilities owned or used by you.

8.  Any person (other than your partners, executive officers, directors, stockholders or employees) or organization with respect to any **auto** owned by you, loaned to you or hired by you or on your behalf and used with your permission.

However, the coverage granted by this provision 8. does not apply to any person using an **auto** while working in a business that sells, services, repairs or parks **autos** unless you are in that business.

F.  **Insured Contract** means any oral or written contract or agreement entered into by you and pertaining to your business under which you assume the tort liability of another party to pay for **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** to a third person or organization.  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

G.  **Mobile Equipment** means any of the following types of land vehicles, including any attached machinery or equipment:

1.  Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

2.  Vehicles maintained for use solely on or next to premises you own or rent;

**AIU 0042**

(4)

3.   Vehicles that travel on crawler treads;

4.   Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

    **a.**   power cranes, shovels, loaders, diggers or drills; or

    **b.**   road construction or resurfacing equipment such as graders, scrapers or rollers;

5.   Vehicles not described in 1., 2., 3., or 4. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

    **a.**   air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

    **b.**   cherry pickers and similar devices used to raise or lower workers;

6.   Vehicles not described in 1., 2., 3., or 4. above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not **mobile equipment** but will be considered **autos**:

    **a.**   equipment designed primarily for:

        **1)**   snow removal;

        **2)**   road maintenance, but not construction or resurfacing; or

        **3)**   street cleaning;

    **b.**   cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

    **c.**   air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

**H.   Occurrence** means:

1.   As respects **Bodily Injury** or **Property Damage**, an accident, including continuous or repeated exposure to conditions, which results in **Bodily Injury** or **Property Damage** neither expected nor intended from the standpoint of the **Insured**. All such exposure to substantially the same general conditions shall be considered as arising out of one **Occurrence**;

2.   As respects **Personal Injury**, an offense arising out of your business that results in **Personal Injury**. All damages that arise from the same or related injurious material or act shall be considered as arising out of one **Occurrence**, regardless of the frequency or repetition thereof, the number and kind of media used and the number of claimants; and

3.   As respects **Advertising Injury**, an offense committed in the course of advertising your goods, products and services that results in **Advertising Injury**. All damages that arise from the same or related injurious material or act shall be considered as arising out of one **Occurrence**, regardless of the frequency or repetition thereof, the number and kind of media used and the number of claimants.

**I.   Personal Injury** means injury other than **Bodily Injury** or **Advertising Injury** arising out of one or more of the following offenses:

1.   False arrest, detention or imprisonment;

2.   Malicious prosecution;

3.   The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;

**AIU 0043**

4. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

5. Oral or written publication of material that violates a person's right of privacy.

J. 1. **Products-Completed Operations Hazard** includes all **Bodily Injury** and **Property Damage** occurring away from premises you own or rent and arising out of **Your Product** or **Your Work** except:

   **a.**   products that are still in your physical possession; or

   **b.**   work that has not yet been completed or abandoned.

2. **Your Work** will be deemed completed at the earliest of the following times:

   **a.**   When all of the work called for in your contract has been completed.

   **b.**   When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

   **c.**   When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

   Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

3. This hazard does not include **Bodily Injury** or **Property Damage** arising out of:

   **a.**   the transportation of property, unless the injury or damage arises out of a condition in or on a vehicle created by the loading or unloading of it;

   **b.**   the existence of tools, uninstalled equipment or abandoned or unused materials.

K. **Property Damage** means:

1. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

2. Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the **Occurrence** that caused it.

L. **Suit** means a civil proceeding in which **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** to which this insurance applies is alleged. **Suit** includes:

1. An arbitration proceeding in which such damages are claimed and to which you must submit or do submit with our consent; or

2. Any other alternative dispute resolution proceeding in which such damages are claimed and to which you submit with our consent.

M. **Your Product** means:

1. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

   **a.**   you;

   **b.**   others trading under your name; or

   **c.**   a person or organization whose business or assets you have acquired; and

**AIU 0044**

2.   Containers (other than vehicles) materials, parts or equipment furnished in connection with such goods or products.

**Your Product** includes:

1.   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **Your Product**; and

2.   The providing of or failure to provide warnings or instructions.

**Your Product** does not include vending machines or other property rented to or located for the use of others but not sold.

N.   **Your Work** means:

1.   Work or operations performed by you or on your behalf; and

2.   Materials, parts or equipment furnished in connection with such work or operations.

O.   **Your Work** includes:

1.   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **Your Work**; and

2.   The providing of or failure to provide warnings or instructions.

V.   **Exclusions**

This insurance does not apply to:

A.   Any obligation of the **Insured** under a Workers Compensation, Unemployment Compensation or Disability Benefits Law, or under any similar law.

B.   Any obligation of the **Insured** under the Employees' Retirement Income Security Act of 1974 or any amendments to that act.

C.   Any obligation of the **Insured** under a "No Fault", "Uninsured Motorist" or "Underinsured Motorist" law.

D.   **Property Damage** to :

1.   Property you own, rent, occupy or use;

2.   Personal property in the care, custody or control of the **Insured**.

E.   **Property Damage** to **Impaired Property** or property that has not been physically injured, arising out of:

1.   A defect, deficiency, inadequacy or dangerous condition in **Your Product** or **Your Work**; or

2.   A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to **Your Product** or **Your Work** after it has been put to its intended use.

F.   **Property Damage** to **Your Product** arising out of it or any part of it.

G.   **Property Damage** to **Your Work** arising out of it or any part of it and included in the **Products-Completed Operations Hazard.**

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

(7)

**AIU 0045**

H.   Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

    1.   **Your Product;**

    2.   **Your Work;** or

    3.   **Impaired Property**

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

I.   Liability of any employee with respect to **Bodily Injury** or **Personal Injury** to another employee of the same employer injured in the course of such employment.

However, if insurance for such liability is provided by a policy listed in the Schedule of Underlying Insurance:

    1.   This exclusion shall not apply; and

    2.   The insurance provided by our policy will not be broader than the insurance coverage provided to the employee by the policy listed in the Schedule of Underlying Insurance.

J.   **Bodily Injury** or **Property Damage** arising out of the ownership, maintenance, operation, use, loading or unloading of any watercraft or any aircraft owned by the **Insured** or rented to the **Insured** without a crew.

However, if insurance for such **Bodily Injury** or **Property Damage** is provided by a policy listed in the Schedule of Underlying Insurance:

    1.   This exclusion shall not apply; and

    2.   The insurance provided by our policy will not be broader than the insurance coverage provided by the policy listed in the Schedule of Underlying Insurance.

K.   **Personal Injury** or **Advertising Injury:**

    1.   Arising out of oral or written publication of material, if done by or at the direction of the **Insured** with knowledge of its falsity;

    2.   Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

    3.   Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the **Insured;** or

    4.   For which the **Insured** has assumed liability in a contract or agreement.  This exclusion does not apply to liability for damages that the **Insured** would have in the absence of the contract or agreement.

L.   **Advertising Injury** arising out of:

    1.   Breach of contract, other than misappropriation of advertising ideas under an implied contract;

    2.   The failure of goods, products or services to conform with advertised quality or performance;

    3.   The wrong description of the price of goods, products or services; or

    4.   An offense committed by an **Insured** whose business is advertising, broadcasting, publishing or telecasting.

AIU 0046

**M.**  **1.**  **Bodily Injury, Property Damage** or **Personal Injury** arising out of the actual or threatened discharge, dispersal, seepage, migration, release or escape of pollutants anywhere in the world;

**2.**  Any loss, cost or expense arising out of any governmental direction or request that we, the **Insured** or any other person or organization test for, monitor, clean-up, remove, contain, treat, detoxify, neutralize or assess the effects of pollutants; or

**3.**  Any loss, cost, or expense, including but not limited to costs of investigation or attorneys' fees, incurred by a governmental unit or any other person or organization to test for, monitor, clean-up, remove, contain, treat, detoxify or neutralize pollutants.

This exclusion M. shall not apply to **Bodily Injury, Property Damage** or **Personal Injury** arising out of:

**a.**  Heat, smoke or fumes from a hostile fire;

**b.**  The upset, overturn or collision of a motor vehicle; or

**c.**  The **Products-Completed Operations Hazard;**

if insurance for such **Bodily Injury, Property Damage** or **Personal Injury** is provided by a policy listed in the Schedule of Underlying Insurance. However, the insurance provided by our policy for such **Bodily Injury, Property Damage** or **Personal Injury** will not be broader than the insurance coverage provided by the policy listed in the Schedule of Underlying Insurance.

As used in this exclusion:

**a.**  Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste material. Waste material includes materials which are intended to be or have been recycled, reconditioned or reclaimed;

**b.**  A hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

**N.**  **Bodily Injury** or **Property Damage** due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

**O.**  **Bodily Injury** or **Property Damage** expected or intended from the standpoint of the **Insured.**

However, this exclusion does not apply to **Bodily Injury** resulting from the use of reasonable force to protect persons or property.

**P.**  **1.**  **Bodily Injury, Property Damage** or **Personal Injury** arising out of the manufacture of, mining of, use of, sale of, installation of, removal of, distribution of or exposure to asbestos, asbestos products, asbestos fibers or asbestos dust;

**2.**  Any obligation of the **Insured** to indemnify any party because of damages arising out of such **Bodily Injury, Property Damage** or **Personal Injury** as a result of the manufacture of, mining of, use of, sale of, installation of, removal of, distribution of or exposure to asbestos, asbestos products, asbestos fibers or asbestos dust; or

**3.**  Any obligation to defend any **suit** or claim against the **Insured** alleging **Bodily Injury, Property Damage** or **Personal Injury** and seeking damages, if such **suit** or claim arises from **Bodily Injury, Property Damage** or **Personal Injury** as a result of the manufacture of, mining of, use of, sale of, installation of, removal of, distribution of or exposure to asbestos, asbestos products, asbestos fibers or asbestos dust.

AIU 0047

**Q.**   **Bodily Injury** or **Personal Injury** to:

    **1.**   A person arising out of any:

        **a.**   Refusal to employ that person;

        **b.**   Termination of that person's employment; or

        **c.**   Employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

    **2.**   The spouse, child, parent, brother or sister of that person as a consequence of **Bodily Injury** or **Personal Injury** to that person at whom any of the employment-related practices described in paragraph a., b. or c. above is directed.

This exclusion applies:

**1.**   Whether the **Insured** may be liable as an employer or in any other capacity; and

**2.**   To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**R.**   **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** arising out of or by reason of:

    **1.**   The purchase, sale, offer of sale, or solicitation of any security, debt, bank deposit or financial interest or instrument;

    **2.**   Any representations made at any time in relation to the price or value of any security, debt, bank deposit or financial interest or instrument; or

    **3.**   Any depreciation or decline in price or value of any security, debt, bank deposit or financial interest or instrument.

**S.**   **Bodily Injury** or **Property Damage** for which any **Insured** may be held liable by reason of:

    **1.**   Causing or contributing to the intoxication of any person;

    **2.**   The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

    **3.**   Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

However, if insurance for such **Bodily Injury** or **Property Damage** is provided by a policy listed in the Schedule of Underlying Insurance:

**1.**   This exclusion shall not apply; and

**2.**   The insurance provided by our policy will not be broader than the insurance coverage provided by the policy listed in the Schedule of Underlying Insurance.

**T.**   **Bodily Injury** or **Property Damage:**

    **1. a.**   with respect to which the **Insured** is also an Insured under a nuclear energy liability policy issued by the Nuclear Energy Liability-Property Insurance Assoc., Mutual Atomic Energy Liability Underwriters or the Nuclear Insurance Association of Canada, or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or

AIU 0048

1. b.    resulting from the hazardous properties of nuclear material and with respect to which (1) any person or any organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, (2) the **Insured** is, or had this policy not been available would be, entitled to indemnity from the United States of America or any agency thereof, under any agreement entered into by the United States of America or any agency thereof, with any person or organization.

2.    **Bodily Injury** or **Property Damage** resulting from the hazardous properties of nuclear material, if:

    a.    the nuclear material (1) is at any nuclear facility owned by the **Insured** or operated by the **Insured** or on the **Insured's** behalf, or (2) has been discharged or dispensed therefrom;

    b.    the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by the **Insured** or on the **Insured's** behalf; or

    c.    the **Bodily Injury** or **Property Damage** arises out of the furnishing by the **Insured** of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion c. applies only to **Property Damage** to such nuclear facility and any property thereat.

3.    As used in this exclusion:

    a.    "hazardous properties" includes radioactive, toxic or explosive properties;

    b.    "nuclear material" means source material, special nuclear material or by-product material;

    c.    "source material", "special nuclear material" and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or any law amendatory thereof;

    d.    "spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

    e.    "waste" means any waste material (1) containing by-product material and (2) resulting from the operation by any person or organization of a nuclear facility included within the definition of nuclear facility below;

    f.    "nuclear facility" means:

        1)    any nuclear reactor;

        2)    any equipment or device designed or used for (i) separating the isotopes of uranium or plutonium, (ii) processing or utilizing spent fuel, or (iii) handling, processing or packaging wastes;

        3)    any equipment or device used for the processing, fabricating, or alloying of special nuclear material if at any time the total amount of such material in the **Insured's** custody at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235; or

        4)    any structure, basin, excavation, premises or place prepared or used for storage or disposal of waste, and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

    g)    "nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

AIU 0049

h)    **Property Damage** includes all forms of radioactive contamination of property.

## VI.    Conditions

### A.    Appeals

If the **Insured** or the **Insured's** underlying insurers do not appeal a judgment in excess of the Retained Limit, we have the right to make such an appeal. If we elect to appeal, our liability on such an award or judgment shall not exceed our Limits of Insurance as stated in Item 3 of the Declarations plus the cost and expense of such appeal.

### B.    Audit

We may audit and examine your books and records as they relate to this policy at any time during the period of this policy and for up to three years after the expiration or termination of this policy.

### C.    Bankruptcy or Insolvency

Your bankruptcy, insolvency or inability to pay or the bankruptcy, insolvency or inability to pay of any of your underlying insurers will not relieve us from the payment of any claim covered by this policy.

But under no circumstances will such bankruptcy, insolvency or inability to pay require us to drop down and replace the Retained Limit or assume any obligation within the Retained Limit area.

### D.    Cancellation

1.    You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancellation is to take effect.

2.    We may cancel this policy. If we cancel because of non-payment of premium, we must mail or deliver to you not less than ten (10) days advance written notice stating when the cancellation is to take effect. If we cancel for any other reason , we must mail or deliver to you not less than ninety (90) days advance written notice stating when the cancellation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Declarations will be sufficient to prove notice.

3.    The policy period will end on the day and hour stated in the cancellation notice.

4.    If we cancel, final premium will be calculated pro rata based on the time this policy was in force. Final premium will not be less than the pro rata share of the Minimum Premium as shown in Item 4 of the Declarations.

5.    If you cancel, final premium will be more than pro rata; it will be based on the time this policy was in force and increased by our short rate cancellation table and procedure. Final premium will not be less than the short rate share of the Minimum Premium as shown in Item 4 of the Declarations.

6.    Premium adjustment may be made at the time of cancellation or as soon as practicable thereafter but the cancellation will be effective even if we have not made or offered any refund due you. Our check or our representative's check, mailed or delivered, shall be sufficient tender of any refund due you.

7.    The first **Named Insured** in Item 1 of the Declarations shall act on behalf of all other **Insureds** with respect to the giving and receiving of notice of cancellation and the receipt of any refund that may become payable under this policy.

8.    Any of these provisions that conflict with a law that controls the cancellation of the insurance in this policy is changed by this statement to comply with that law.

**AIU 0050**

**E.    Changes**

Notice to any agent or knowledge possessed by any agent or any other person will not effect a waiver or a change in any part of this policy. This policy can only be changed by a written endorsement that becomes a part of this policy and that is signed by one of our authorized representatives.

**F.    Duties In The Event Of An Occurrence, Claim Or Suit**

1.    You must see to it that we are notified as soon as practicable of an **Occurrence** which may result in a claim under this policy. To the extent possible, notice should include:

    a.    how, when and where the **Occurrence** took place;

    b.    the names and addresses of any injured persons and witnesses; and

    c.    the nature and location of any injury or damage arising out of the **Occurrence.**

2.    If a claim is made or **suit** is brought against any **Insured** that is reasonably likely to involve this policy you must notify us in writing as soon as practicable.

3.    You and any other involved **Insured** must:

    a.    immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or **suit;**

    b.    authorize us to obtain records and other information;

    c.    cooperate with us in the investigation, settlement or defense of the claim or **suit**; and

    d.    assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the **Insured** because of injury or damage to which this insurance may also apply.

4.    No **Insureds** will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**G.    Inspection**

We have the right, but are not obligated, to inspect your premises and operations at any time. Our inspections are not safety inspections. They relate only to the insurability of your premises and operations and the premiums to be charged. We may give you reports on the conditions we find. We may also recommend changes. While they may help reduce losses, we do not undertake to perform the duty of any person or organization to provide for the health or safety of your employees or the public. We do not warrant that your premises or operations are safe or healthful or that they comply with laws, regulations, codes or standards.

**H.    Legal Actions Against Us**

There will be no right of action against us under this insurance unless:

1.    You have complied with all the terms of this policy; and

2.    The amount you owe has been determined with our consent or by actual trial and final judgment.

This insurance does not give anyone the right to add us as a defendant in an action against you to determine your liability.

**I.    Maintenance of Underlying Insurance**

**AIU 0051**

During the period of this policy, you agree:

1.    To keep the policies listed in the Schedule of Underlying Insurance in full force and effect;

2.  That any renewals or replacements of the policies listed in the Schedule of Underlying Insurance will not be more restrictive in coverage;

3.  That the limits of insurance of the policies listed in the Schedule of Underlying Insurance shall not change except for any reduction or exhaustion of aggregate limits by payment of claims for **Occurrences** covered by this policy; and

4.  That the terms, conditions and endorsements of the policies listed in the Schedule of Underlying Insurance will not materially change during the period of this policy.

If you fail to comply with these requirements, we will only be liable to the same extent that we would had you fully complied with these requirements.

**J.**   Other Insurance

If other valid and collectible insurance applies to a loss that is also covered by this policy, this policy will apply excess of the other insurance. However, this provision will not apply if the other insurance is specifically written to be excess of this policy.

**K.**   Premium

The first **Named Insured** designated in Item 1 of the Declarations shall be responsible for payment of all premiums when due.

The premium for this policy shall be computed on the basis set forth in Item 4 of the Declarations. At the beginning of the policy period, you must pay us the Advance Premium shown in Item 4 of the Declarations.

When this policy expires or if it is cancelled, we will compute the earned premium for the time this policy was in force. If this policy is subject to audit adjustment, the actual exposure basis will be used to compute the earned premium. If the earned premium is greater than the Advance Premium, you will promptly pay us the difference. If the earned premium is less than the Advance Premium, we will return the difference to you. But in any event we shall retain the Minimum Premium as shown in Item 4 of the Declarations for each twelve months of our policy period.

**L.**   Prior Insurance

If a loss covered by this policy is also covered in whole or in part under any other excess policy issued to the **Insured** prior to the effective date of this policy, our Limits of Insurance as stated in Item 3 of the Declarations will be reduced by any amounts due the **Insured** under such prior insurance.

**M.**   Separation of **Insureds**

Except with respect to our Limits of Insurance and any rights or duties specifically assigned to the first **Named Insured** designated in Item 1 of the Declarations, this insurance applies:

1.  As if each **Named Insured** were the only **Named Insured**; and

2.  Separately to each **Insured** against whom claim is made or **Suit** brought.

**N.**   Subrogation

If any **Insured** has rights to recover all or part of any payment we have made under this policy, those rights are transferred to us. The **Insured** must do nothing after loss to impair these rights and must help us enforce them.

Any recoveries shall be applied as follows:

1.  Any interests, including the **Insured**, that have paid an amount in excess of our payment under this policy will be reimbursed first;

**AIU 0052**

2.    We then will be reimbursed up to the amount we have paid; and

3.    Lastly, any interests, including the **Insured,** over which our insurance is excess, are entitled to claim the residue.

Expenses incurred in the exercise of rights of recovery shall be apportioned between the interests, including the **Insured,** in the ratio of their respective recoveries as finally settled.

**O.**    Transfer Of Your Rights And Duties

Your rights and duties under this policy may not be transferred without our written consent.

If you die or are legally declared bankrupt, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative.  However, notice of cancellation sent to the first **Named Insured** designated in Item 1 of the Declarations and mailed to the address shown in this policy will be sufficient notice to effect cancellation of this policy.

**P.**    When Loss Is Payable

Coverage under this policy will not apply unless and until the **Insured** or the **Insured's** underlying insurer is obligated to pay the Retained Limit.

When the amount of loss has finally been determined, we will promptly pay on behalf of the **Insured** the amount of loss falling within the terms of this policy.

You shall promptly reimburse us for any amount within the Self Insured Retention paid by us on behalf of an **Insured.**

**In Witness Whereof,** we have caused this policy to be executed and attested, but this policy shall not be valid unless countersigned by one of our duly authorized representatives, where required by law.


SECRETARY                                      PRESIDENT

**AIU 0053**

60556 (6/94)

**FORMS SCHEDULE**

EFFECTIVE DATE: 03/01/98

NAMED INSURED: CALIFORNIA CEDAR PRODUCTS CO.

POLICY NO: 357-20-18

U57710(0693)
U57826(0693)

U62429(0495)
ENDTS. NO. 01-03

AIU 0054

ENDORSEMENT NO.: 06


THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.: 03/01/2001
FORMS A PART OF POLICY NO.: BE 357-20-18
ISSUED TO:  CALIFORNIA CEDAR PRODUCTS CO.
BY: AIU INSURANCE COMPANY


## AMENDATORY ENDORSEMENT


IN CONSIDERATION OF AN **ADDITIONAL PREMIUM**          IT IS HEREBY AGREEN THAT THE ABOVE
**POLICY IS EXTENDED TO EXPIRE:**


### MARCH 01, 2002


ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED


_____
**AUTHORIZED REPRESENTATIVE**



**AIU 0055**

ENDORSEMENT NO.: 05

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.: MARCH 01, 1998
FORMS A PART OF POLICY NO.: BE 357-20-18
ISSUED TO:  CALIFONRIA CEDAR PRODUCTS CO.
BY:  A I U  INSURANCE COMPANY

<u>AMENDATORY ENDORSEMENT</u>

IT IS HEREBY AGREED THAT ITEM 2 . POLICY PERIOD  OF THE DECLARATION PAGE IS AMENDED AS FOLLOWS:

ITEM 3.    POLICY PERIOD    FROM: MARCH 01, 1998        TO: MARCH 01, 2001

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

_____

AUTHORIZED REPRESENTATIVE

(MARCH 30, 1998-JJD)

AIU 0056




ENDORSEMENT NO. 04

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.: MARCH 01, 1998
FORMS A PART OF POLICY NO.: BE 357-20-18
ISSUED TO:  CALIFONRIA CEDAR PRODUCTS CO.
BY:  A I U  INSURANCE COMPANY

### MARINA LIABILITY FOLLOW-FORM ENDORSEMENT

THIS INSURANCE DOES NOT APPLY TO **BODILY INJURY, PROPERTY DAMAGE, PERSONAL INJURY**
OR **ADVERTISING INJURY** ARISING OUT OF:

### MARINA LIABILITY

HOWEVER, IF INSURANCE FOR SUCH **BODILY INJURY, PROPERTY DAMAGE, PERSONAL INJURY** IS
PROVIDED BY A POLICY LISTED IN THE SCHEDULE OF UNDERLYING INSURANCE:

1.    THIS EXCLUSION SHALL NOT APPLY; AND

2.    THE INSURANCE PROVIDED BY OUR POLICY WILL NOT BE BROADER THAN THE INSURANCE
      COVERAGE PROVIDED BY THE POLICY LISTED IN THE SCHEDULE OF UNDERLYING
      INSURANCE.

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.**

_____

**AUTHORIZED REPRESENTATIVE**

60427 (05/94)

(MARCH 30, 1998 JJD)                                                    **AIU 0057**

## ENDORSEMENT

This endorsement, effective 12:01 A.M. 03/01/98          forms a part of

policy No. BE     357-20-18     issued to CALIFORNIA CEDAR PRODUCTS CO.

by A I U INSURANCE COMPANY

### FOREIGN LIABILITY FOLLOW-FORM ENDORSEMENT

This insurance does not apply to **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** that occurs outside the United States of America, its territories and possessions, Puerto Rico and Canada.

However, if insurance for such **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** is provided by a policy listed in the Schedule of Underlying Insurance:

1.    This exclusion shall not apply; and

2.    The insurance provided by our policy will not be broader than the insurance coverage provided by the policy listed in the Schedule of Underlying Insurance.

All other terms and conditions of this policy remain unchanged.

**AIU 0058**

**AUTHORIZED REPRESENTATIVE**

**ENDORSEMENT**

This endorsement, effective 12:01 A.M. **03/01/98**                    forms a part of

policy No. **BE      357-20-18**      issued to **CALIFORNIA CEDAR PRODUCTS CO.**

by **A I U INSURANCE COMPANY**

## EMPLOYEE BENEFITS LIABILITY FOLLOW-FORM ENDORSEMENT
### (CLAIMS MADE VERSION)

**PROVIDES CLAIMS MADE COVERAGE - PLEASE READ CAREFULLY**

This insurance does not apply to **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** arising out of any negligent act, error or omission of the **Insured** or of any other person for whom the **Insured** is legally liable in the administration of the **Insured's** Employee Benefit Programs as defined herein.

However, if insurance for such **Bodily Injury, Property Damage, Personal Injury** or **Advertising Injury** is provided by a policy listed in the Schedule of Underlying Insurance:

1.  This exclusion shall not apply;

2.  The insurance provided by our policy will not be broader than the insurance coverage provided by the policy listed in the Schedule of Underlying Insurance; and

3.  Solely as respects this endorsement, we will only provide coverage for a claim made against the **Insured** during our policy period.

    If the insurance provided by the policy listed in the Schedule of Underlying Insurance provides coverage for **Occurrences** occurring on or after a specified Retroactive Date or for claims made during an Extended Reporting Period, the insurance provided by our policy will also provide such coverage.

For the purposes of this endorsement, the following definitions apply:

1.  Employee Benefit Programs shall mean Group Life Insurance, Group Accident or Health Insurance, Pension Plans, Employee Stock Subscription Plans, Worker's Compensation, Unemployment Insurance, Social Security and Disability Benefits.

2.  Administration shall mean:

    a.  Giving counsel to employees with respect to Employee Benefit Programs;

    b.  Interpreting Employee Benefit Programs;

    c.  Handling of records in connection with Employee Benefit Programs; or

    d.  Effecting enrollment of employees under Employee Benefit Programs;

    provided all such acts are authorized by you.

All other terms and conditions of this policy remain unchanged.

**AIU 0059**

_____

**AUTHORIZED REPRESENTATIVE**

## ENDORSEMENT

This endorsement, effective 12:01 A.M.  03/01/98                forms a part of

policy No. BE    357-20-18      issued to CALIFORNIA CEDAR PRODUCTS CO.

by A I U INSURANCE COMPANY

### COMMERCIAL UMBRELLA

### <u>CALIFORNIA AMENDATORY ENDORSEMENT</u>

In Section VI, Conditions, Condition D, Cancellation, is hereby deleted in its entirety and replaced by the following:

**D.**    Cancellation/Nonrenewal/Increase In Premium, Reduction In Limits Or Change In Conditions Of Coverage

<u>Cancellation</u>

1.    You may cancel this policy.  You must mail or deliver advance written notice to us stating when the cancellation is to take effect.

2.    New policies in effect for sixty (60) days or less.

We may cancel this policy.  If we cancel because of non-payment of premium, we must mail to you not less than ten (10) days advance written notice stating when the cancellation is to take effect.  If we cancel for any other reason, we must mail to you not less than ninety (90) days advance written notice stating when the cancellation is to take effect.  Mailing that notice to you at your mailing address shown in Item 1 of the Declarations shall be sufficient to prove notice.  Such notice will include the reason or reasons for cancellation.

3.    New policies in effect for more than sixty (60) days and any renewal policy.

We may not cancel this policy unless the cancellation is based on one or more of the following reasons:

a.    Non-payment of premium, including payment due on a prior policy issued by us and due during the current policy term covering the same risks;

b.    A judgment by a court or an administrative tribunal that you have violated any law of this state or of the United States having as one of its necessary elements an act which materially increases any of the risks insured against;

c.    Discovery of fraud or material misrepresentation by either of the following:

1.    You or other **Insureds** or your representative in obtaining the insurance; or

2.    You or your representative in pursuing a claim under the policy.

d.    Discovery of willful or grossly negligent acts or omissions, or of any violations of state laws or regulations establishing safety standards, by you or other **Insureds** or a representative of same, which materially increase any of the risks insured against;

e.    Failure by you or other **Insureds** or a representative of same to implement reasonable loss control requirements which were agreed to by you as a condition of policy issuance or which were conditions precedent to the use by us of a particular rate or rating plan if the failure materially increases any of the risks insured against;

**AIU 0060**

f.    A determination by the commissioner that the loss of, or changes in, our reinsurance covering all or part of the risk would threaten our financial integrity or solvency;

g.    A determination by the commissioner that a continuation of the policy coverage could place us in violation of the laws of this state or the state of our domicile or that the continuation of coverage would threaten our solvency;

h.    A change by you or other **Insureds** or a representative of same in the activities or property of the commercial or industrial enterprise which results in a materially added risk, a materially increased risk or a materially changed risk, unless the added, increased, or changed risk is included in the policy;

i.    A material change in limits, type or scope of coverage or exclusions in one or more of the underlying policies;

j.    Cancellation or nonrenewal of one or more of the underlying policies where such policies are not replaced without lapse; or

k.    A reduction in financial rating or grade of one or more insurers insuring one or more underlying policies based on an evaluation obtained from a recognized financial rating organization.

If we cancel because of non-payment of premium or fraud, we must mail or deliver to you and to the producer of record not less then ten (10) days advance written notice stating when the cancellation is to take effect. If we cancel for any of the other reasons listed above, we must mail or deliver to you and to the producer of record not less than thirty (30) days advance written notice stating when the cancellation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Declarations will be sufficient to prove notice. Such notice will include the reason or reasons for cancellation.

4.    The policy period will end on the day and hour stated in the cancellation notice.

5.    If we cancel, final premium will be calculated pro rata based on the time this policy was in force. Final premium will not be less than the pro rata share of the Minimum Premium as shown in Item 4 of the Declarations.

6.    If you cancel, final premium will be more than pro rata; it will be based on the time this policy was in force and increased by our short rate cancellation table and procedure. Final premium will not be less than the short rate share of the Minimum Premium as shown in Item 4 of the Declarations.

7.    Premium adjustment may be made at the time of cancellation or as soon as practicable thereafter but the cancellation will be effective even if we have not made or offered any refund due you. Our check or our representative's check, mailed or delivered, shall be sufficient tender of any refund due you.

8.    The first **Named Insured** in Item 1 of the Declarations shall act on behalf of all other **Insureds** with respect to the giving and receiving of notice of cancellation and the receipt of any refund that may become payable under this policy.

9.    Any of these provisions that conflict with a law that controls the cancellation of the insurance in this policy is changed by this statement to comply with that law.

<u>Nonrenewal</u>

If we decide not to renew this policy or if we intend to condition renewal upon reduction of limits, elimination of coverages, increase in deductibles, increase of more than 25 percent in the rate upon which the premium is based or upon requirements relating to the underlying policy or policies, we shall mail or deliver to the producer of record and to you at the mailing address shown in the policy a notice of nonrenewal at least sixty (60) days but no more than one hundred twenty (120) days prior to the end of the policy period. The notice shall contain the reason or reasons for nonrenewal of the policy.

**AIU 0061**

## Increase in Premium, Reduction In Limits Or Change In Conditions Of Coverage

If this policy has been in effect for more than sixty (60) days or if this policy is a renewal, effective immediately no increase in premium, reduction in limits, or change in the conditions of coverage shall be effective during the policy period unless based upon one of the following reasons:

1. Discovery of willful or grossly negligent acts or omissions, or of any violations of state laws or regulations establishing safety standards by you or other **Insureds** which materially increase any of the risks or hazards insured against;

2. Failure by you or other **Insureds** to implement reasonable loss control requirements which were agreed to by you as a condition of policy issuance or which were conditions precedent to the use by us of a particular rate or rating plan, if the failure materially increases any of the risks insured against;

3. A determination by the commissioner that loss of or changes in our reinsurance covering all or part of the risk covered by the policy would threaten our financial integrity or solvency unless the change in the terms or conditions or rate upon which the premium is based is permitted; **or**

4. A change by you or other **Insureds** in the activities or property of the commercial or industrial enterprise which results in a materially added risk, a materially increased risk, or a materially changed risk, unless the added, increased, or changed risk is included in the policy.

Written notice shall be mailed or delivered to the producer of record and to you at the mailing address shown in the policy at least thirty (30) days prior to the effective date of any increase, reduction or change.

**AIU 0062**

All other terms and conditions of this policy remain unchanged.

**AUTHORIZED REPRESENTATIVE**

ENDORSEMENT NO.:01


THIS ENDORSEMENT, EFFECTIVE 12:01 AM.:   MARCH 01, 1998
FORMS A PART OF POLICY NO.: BE  357-20-18
ISSUED TO:  CALIFORNIA CEDAR PRODUCTS COMPANY
BY: AIU INSURANCE COMPANY


<u>NAMED INSURED ENDORSEMENT</u>
<u>REVISED</u>


IT IS HEREBY AGREED THAT ITEM 1. OF THE DECLARATIONS PAGE THE "NAMED INSURED" IS
AMENDED TO READ AS FOLLOWS:


CALIFORNIA CEDAR PRODUCTS COMPANY
CALMILLS, INC.
CALCEDAR EXPORT, INC.
C.P.C. MARKETING
DURAFLAME, INC.
P&M HOLDINGS, INC.
P&M CEDAR PRODUCTS, INC. A WHOLLY OWNED SUBSIDARY OF P&M HOLDINGS, INC.
LITTLE SAINT SIMONS ISLAND, A DIVISION OF P&M HOLDINGS, INC.
RYLOCK COMPANY, LTD.
PHILIP C. BEROLZHEIMER, INDIVIDUALLY
MICHAEL G. BEROLZHEIMER, INDIVIDUALLY
CHARLES P. BEROLZHEIMER II, INDIVIDUALLY (EFFECTIVE 10/07/1999)
PARKE M. BEROLZHEIMER, INDIVIDUALLY (EFFECTIVE 10/07/1999)
CAROLYN BEROLZHEIMER-GUNTHER, INDIVIDUALLY (EFFECTIVE 10/07/1999)
FIRSTMARK
ESTATE OF CHARLES P. BEROLZHEIMER
M&P PROPERTIES, A GENERAL PARTNERSHIP
WONDERFUEL, LLC
MAPLE LEAF FIRELOG PRODUCTS COMPANY
DURAFLAME HOLDINGS, INC. AND/OR ANY OTHER SUBSIDIARY OWNED OR FINANCIALLY CONTROLLED
        COMPANY AS IS NOW OR MAY HEREAFTER BE CONSTITUTED. (EFFECTIVE 10/28/1999)
CAL CEDAR PROPERTIES, INC. (EEFECTIVE 01/20/2000)
CANADIAN FIRELOG, LTD. (EFFECTIVE 03/03/2000)



ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED



_____
AUTHORIZED REPRESENTATIVE


AIU 0063

`ENDORSEMENT NO.: 01
REVISED

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.: MARCH 01, 1998
FORMS A PART OF POLICY NO.:   BE 357 20 18
ISSUED TO:   CALIFORNIA CEDAR PRODUCTS COMPANY
BY:  AIU INSURANCE COMPANY

## NAMED INSURED ENDORSEMENT

IT IS HEREBY AGREED THAT **ITEM 1.** OF THE DECLARATIONS PAGE THE **"NAMED INSURED'S"**
IS AMENDED TO READ AS FOLLOWS:

        CALIFORNIA CEDAR PRODUCTS COMPANY
        CALMILLS, INC.
        CALCEDAR EXPORT, INC.
        C.P.C. MARKETING
        DURAFLAME, INC.
        P&M HOLDINGS, INC.
        P&M CEDAR PRODUCTS, INC., A WHOLLY OWNED SUBSIDIARY OF P&M
          HOLDINGS, INC.
        LITTLE SAINT SIMONS ISLAND, A DIVISION OF P&M HOLDINGS, INC.
        RYLOCK COMPANY, LTD.
        PHILIP C. BEROLZHEIMER, AND MICHAEL G. BEROLZHEIMER, AS INDIVIDUALS
        FIRSTMARK
        SPRING HILL ASSOCIATES, A PARTNERSHIP COMPOSED OF P&M CEDAR
          PRODUCTS, INC. (50%) AND MARTIN COOPER (50%) AND/OR ANY
          OTHER SUBSIDIARY OWNED OR FINANCIALLY CONTROLLED
          COMPANY AS IS NOW OR MAY HEREAFTER BE CONSTITUTED.
        ESTATE OF CHARLES P. BEROLZHEIMER
        M&P PROPERTIES, A GENERAL PARTNERSHIP

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED

_____
**AUTHORIZED REPRESENTATIVE**

**AIU 0064**

ENDORSEMENT NO.: 01

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.:   MARCH  01, 1998
FORMS A PART OF POLICY NO.:   BE – 357-20-18
ISSUED TO:   CALIFORNIA CEDAR PRODUCTS CO.
BY:   AIU INSURANCE COMPANY

## NAMED INSURED ENDORSEMENT

IT IS AGREED THAT ITEM 1 OF THE DECLARATION PAGE, NAMED INSURED, SHALL READ:

CALIFORNIA CEDAR PRODUCTS
CALMILLS, INC.
P&M HOLDINGS, INC.
P&M CEDAR PRODUCTS, INC.
LITTLE ST. SIMONS ISLAND
M&M PROPERTIES, A GENERAL PARTNERSHIP
FIRSTMARK
RYLOCK COMPANY, LTD.
DURAFLAME, INC.
CALCEDAR EXPORT, INC.
CPC MARKETING
SPRING HILL ASSOCIATES
M&P PROPERTIES, A GENERAL PARTNERSHIP
FIRSTMARK
RYLOCK COMPANY, LTD.
DURAFLAME, INC.
CALCEDAR EXPORT, INC.
CPC MARKETING
SPRING HILL ASSOCIATES
M&P PROPERTIES

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

_____
        AUTHORIZED REPRESENTATIVE

(3/6/98-JJD)

PAGE 1 OF 1

**AIU 0065**

ENDORSEMENT NO. 02

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.:  MARCH 01, 1998
FORMS A PART OF POLICY NO.:  BE – 357-20-18
ISSUED TO:   CALIFORNIA CEDAR PRODUCTS CO.
BY:   AIU INSURANCE COMPANY

### MARINA LEGAL LIABILITY FOLLOW-FORM ENDORSEMENT

THIS INSURANCE DOES NOT APPLY TO **BODILY INJURY, PROPERTY DAMAGE, PERSONAL INJURY
OR ADVERTISING INJURY** ARISING OUT OF:

### MARINA LEGAL LIABILITY

HOWEVER, IF INSURANCE FOR SUCH **BODILY INJURY, PROPERTY DAMAGE, PERSONAL INJURY** IS
PROVIDED BY A POLICY LISTED IN THE SCHEDULE OF UNDERLYING INSURANCE:

1.      THIS EXCLUSION SHALL NOT APPLY; AND

2.      THE INSURANCE PROVIDED BY OUR POLICY WILL NOT BE BROADER THAN THE INSURANCE
        COVERAGE PROVIDED BY THE POLICY LISTED IN THE SCHEDULE OF UNDERLYING
        INSURANCE.

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.**

                                        _____
                                         **AUTHORIZED REPRESENTATIVE**

60427 (05/94)

(3/6/98 JJD)                                                    **AIU 0066**

ENDORSEMENT NO. 03

THIS ENDORSEMENT, EFFECTIVE 12:01 A.M.:  MARCH 01, 1998
FORMS A PART OF POLICY NO.:  BE – 357-20-18
ISSUED TO:  CALIFORNIA CEDAR PRODUCTS CO.
BY:  AIU INSURANCE COMPANY

### OWNED AIRCRAFT LIABILITY FOLLOW-FORM ENDORSEMENT

THIS INSURANCE DOES NOT APPLY TO **BODILY INJURY, PROPERTY DAMAGE, PERSONAL INJURY
OR ADVERTISING INJURY** ARISING OUT OF:

### OWNED AIRCRAFT LIABILITY

HOWEVER, IF INSURANCE FOR SUCH **BODILY INJURY, PROPERTY DAMAGE, PERSONAL INJURY** IS
PROVIDED BY A POLICY LISTED IN THE SCHEDULE OF UNDERLYING INSURANCE:

1.    THIS EXCLUSION SHALL NOT APPLY; AND

2.    THE INSURANCE PROVIDED BY OUR POLICY WILL NOT BE BROADER THAN THE INSURANCE
       COVERAGE PROVIDED BY THE POLICY LISTED IN THE SCHEDULE OF UNDERLYING
       INSURANCE.

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.**

_____
**AUTHORIZED REPRESENTATIVE**

60427 (05/94)

(3/6/98 JJD)                                                                 **AIU 0067**

# SCHEDULE OF UNDERLYING INSURANCE
## (REVISED)

ISSUED TO:        CALIFORNIA CEDAR PRODUCTS CO.
POLICY NO.:      BE – 357-20-18
EFFECTIVE DATE:  MARCH 01, 2000

| TYPE OF POLICY | INSURER | LIMITS |
|---|---|---|
| COMMERCIAL GENERAL LIABILITY | ROYAL INSURANCE CO.<br>PTR457882<br>3/1/98-99 | $2,000,000. EACH OCCURRENCE<br>$2,000,000. GENERAL AGGREGATE<br>$2,000,000. PRODUCTS/COMPLETED<br>OPERATIONS AGGREGATE |
| COMMERCIAL GENERAL LIABILITY<br>(CANADIAN DOLLARS) | GERLING CANADA INS.<br>8136363<br>3/3/00-8/27/00 | $5,000,000. EACH OCCURRENCE<br>$5,000,000. AGGREGATE<br>$5,000,000. PRODUCTS/COMPLETED<br>OPERATIONS AGGREGATE |
| AUTOMOBILE LIABILITY | ROYAL INSURANCE CO.<br>PTS441052-0098<br>3/1/98-99 | COMBINED SINGLE LIMIT<br>$1,000,000. EACH OCCURRENCE |
| AUTOMOBILE LIABILITY<br>(CANADIAN DOLLARS) | GERLING CANADA INS.<br>8136363<br>3/3/00-8/27/00 | $5,000,000. COMBINED SINGLE LIMIT |
| EMPLOYERS LIABILITY | HARTFORD UNDERWRITERS<br>INS. CO (GA)<br>77WZZD7495<br>3/1/98-99 | COVERAGE B EMPLOYERS LIABILITY<br>$1,000,000. EACH ACCIDENT FOR BODILY<br>INJURY BY ACCIDENT<br>$1,000,000. EACH EMPLOYEE FOR BODILY<br>INJURY BY DISEASE<br>$1,000,000. POLICY LIMIT FOR BODILY<br>INJURY BY DISEASE |
| EMPLOYERS LIABILITY | SAIF CORPORATION (OR)<br>A442123130<br>7/1/97-98 | COVERAGE B EMPLOYERS LIABILITY<br>$1,000,000. EACH ACCIDENT FOR BODILY<br>INJURY BY ACCIDENT<br>$1,000,000. EACH EMPLOYEE FOR BODILY<br>INJURY BY DISEASE<br>$1,000,000. POLICY LIMIT FOR BODILY<br>INJURY DISEASE |
| | | |

Sc-all-32.doc
(6/14/01)

AIU 0068

## SCHEDULE OF UNDERLYING INSURANCE (CONT)

| | | |
|---|---|---|
| EMPLOYERS LIABILITY | INDUSTRIAL INDEMNITY CO. (ID)<br>TY963-1523<br>9/1/97-98 | COVERAE B EMPLOYERS LIABILITY<br>$1,000,000.  EACH ACCIDENT FOR BODILY<br>INJURY BY ACCIDENT<br>$1,000,000.  EACH EMPLOYEE FOR BODILY<br>INJURY BY DISEASE<br>$1,000,000.  POLICY LIMIT FOR BODILY<br>INJURY BY DISEASE |
| FOREIGN LIABILITY | INS. CO. OF THE STATE OF PENNSYLVANIA<br>EX57650041-001<br>3/1/98-99 | $1,000,000.  EACH OCCURRENCE<br>$1,000,000.  GENERAL AGGREGATE |
| EMPLOYERS LIABILITY | NEW YORK STATE INS. FUND (NY)<br>11965100<br>1/4/98-99 | COVERAE B EMPLOYERS LIABILITY<br>UNLIMITED  EACH ACCIDENT FOR BODILY<br>INJURY BY ACCIDENT<br>UNLIMITED  EACH EMPLOYEE FOR BODILY<br>INJURY BY DISEASE<br>UNLIMITED  POLICY LIMIT FOR BODILY<br>INJURY BY DISEASE |
| EMPLOYERS LIABILITY | EMPLOYERS INSURANCE OF WAUSAU (MN)<br>031800130937<br>8/13/97-98 | COVERAE B EMPLOYERS LIABILITY<br>$1,000,000.  EACH ACCIDENT FOR BODILY<br>INJURY BY ACCIDENT<br>$1,000,000.  EACH EMPLOYEE FOR BODILY<br>INJURY BY DISEASE<br>$1,000,000.  POLICY LIMIT FOR BODILY<br>INJURY BY DISEASE |
| EMPLOYERS LIABILITY | NEW YORK STATE INS. FUND (NY)<br>968919-1<br>3/20/97-98 | COVERAE B EMPLOYERS LIABILITY<br>INLIMITED  EACH ACCIDENT FOR BODILY<br>INJURY BY ACCIDENT<br>UNLIMITED  EACH EMPLOYEE FOR BODILY<br>INJURY BY DISEASE<br>UNLIMITED  POLICY LIMIT FOR BODILY<br>INJURY BY DISEASE |
| EMPLOYERS LIABILITY | NEW YORK STATE INS. FUND (NY)<br>1142073-4<br>7/1/97-98 | COVERAE B EMPLOYERS LIABILITY<br>INLIMITED  EACH ACCIDENT FOR BODILY<br>INJURY BY ACCIDENT<br>UNLIMITED  EACH EMPLOYEE FOR BODILY<br>INJURY BY DISEASE<br>UNLIMITED  POLICY LIMIT FOR BODILY<br>INJURY BY DISEASE |
| MARINA OPERATORS LEGAL LIABILITY | COMMERCIAL UNION<br>CAH816002<br>4/1/98-99 | $1,000,000.  EACH OCCURRENCE<br>$1,000,000.  AGGREGATE |

AIU 0069

<u>SCHEDULE OF UNDERLYING INSURANCE (CONT)</u>

| | | |
|---|---|---|
| AIRCRAFT LIABILITY | RELIANCE NATIONAL INDEMNITY CO TBD 7/1/97-98 | <u>$5,000,000.</u>  EACH OCCURRENCE<br><u>$5,000,000.</u>  AGGREGATE |
| EMPLOYERS LIABILITY | STATE WORKMEN'S INS. FUND (PA) 039058430971 8/16/97-98 | <u>COVERAE B EMPLOYERS LIABILITY</u><br><u>$1,000,000.</u> EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT<br><u>$1,000,000.</u> EACH EMPLOYEE FOR BODILY INJURY BY DISEASE<br><u>$1,000,000.</u> POLICY LIMIT FOR BODILY INJURY BY DISEASE |
| EMPLOYERS LIABILITY (CALIFORNIA) | EMPLOYERS REINSURANCE CORP. 0586257 3/1/98-99 | <u>COVERAE B EMPLOYERS LIABILITY</u><br><u>$1,000,000.</u> EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT<br><u>$1,000,000.</u> EACH EMPLOYEE FOR BODILY INJURY BY DISEASE<br><u>$1,000,000.</u> POLICY LIMIT FOR BODILY INJURY BY DISEASE |
| PROTECTION & INDEMNITY/ WATERCRAFT LIABILITY | COMMERCIAL UNION CAH-717024 5/31/97-98 | <u>$1,000,000.</u>  EACH OCCURRENCE |
| PROTECTION & INDEMNITY/ WATERCRAFT LIABILITY | COMMERCIAL UNION CAH-717025 5/14/97-98 | <u>$1,000,000.</u>  EACH OCCURRENCE |
| PROTECTION & INDEMNITY/ WATERCRAFT LIABILITY | COMMERCIAL UNION CAH-721031 9/22/97-98 | <u>$1,000,000.</u>  EACH OCCURRENCE |
| PROTECTION & INDEMNITY/ WATERCRAFT LIABILITY | COMMERCIAL UNION CAH-721016 9/30/97-98 | <u>$1,000,000.</u>  EACH OCCURRENCE |
| COMMERCIAL GENERAL LIABILITY (RYLOCK COMPANY ONLY) | AMERICAN SAFETY RISK RETENTION GROUP, LLC XG100-1462-001 | <u>$1,000,000.</u>  EACH OCCURRENCE<br><u>$2,000,000.</u>  GENERAL AGGREGATE *<br><u>$2,000,000.</u>  PRODUCTS/COMPLETED OPERATIONS AGGREGATE<br><u>$1,000,000.</u>  PERS/ADV INJURY LIABILITY<br>*PER LOCATIONS/PROJECT |
| EMPLOYEE BENEFITS LIABILITY (CANADIAN DOLLARS) | GERLING CANADA INS. 8136363 | <u>$1,000,000.</u>  EACH CLAIM<br><u>$1,000,000.</u>  AGGREGATE |

AIU 0070

SCHEDULE OF UNDERLYING INSURANCE (CONT)

AND ANY RENEWAL OR REWRITE THEREOF

AUTHORIZED EPRESENTATIVE

AIU 0071

## SCHEDULE OF UNDERLYING INSURANCE
### (REVISED)

ISSUED TO:              CALIFORNIA CEDAR PRODUCTS CO.
POLICY NO.:             BE 357 20 18
EFFECTIVE DATE:         MARCH 01, 2000

| TYPE OF POLICY | INSURER | LIMITS |
|---|---|---|
| COMMERCIAL GENERAL LIABILITY | ROYAL INSURANCE CO. PTR457882 3/1/98-99 | $2,000,000 EACH OCCURRENCE $2,000,000 GENERAL AGGREGATE $2,000,000 PRODUCTS/COMPLETED OPERATIONS AGGREGATE |
| AUTOMOBILE LIABILITY | ROYAL INSURANCE CO. PTS441052-0098 3/1/98-99 | COMBINED SINGLE LIMIT $1,000,000 EACH OCCURRENCE |
| EMPLOYERS LIABILITY | HARTFORD UNDERWRITERS INS. CO (GA) 77WZZD7495 3/1/98-99 | COVERAGE B EMPLOYERS LIABILITY $1,000,000 EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT $1,000,000 EACH EMPLOYEE FOR BODILY INJURY BY DISEASE $1,000,000 POLICY LIMIT FOR BODILY INJURY BY DISEASE |
| EMPLOYERS LIABILITY | SAIF CORPORATION (OR) A442123130 7/1/97-98 | COVERAGE B EMPLOYERS LIABILITY $1,000,000 EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT $1,000,000 EACH EMPLOYEE FOR BODILY INJURY BY DISEASE $1,000,000 POLICY LIMIT FOR BODILY INJURY BY DISEASE |
| EMPLOYERS LIABILITY | INDUSTRIAL INDEMNITY CO. (ID) TY963-1523 9/1/97-98 | COVERAGE B EMPLOYERS LIABILITY $1,000,000 EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT $1,000,000 EACH EMPLOYEE FOR BODILY INJURY BY DISEASE $1,000,000 POLICY LIMIT FOR BODILY INJURY BY DISEASE |
| FOREIGN LIAIBLITY | INS. CO. OF THE STATE OF PENNSYLVANIA EX57650041-001 3/1/98-99 | $1,000,000 EACH OCCURRENCE $1,000,000 GENERAL AGGREGATE |

*revised 6/14/01 JT*

AIU 0072

SCHEDULE OF UNDERLYING INSURANCE (CONT)

| | | |
|---|---|---|
| EMPLOYERS LIABILITY | NEW YORK STATE INS. FUND (NY) 11965100 1/4/98-99 | UNLIMITED EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT UNLIMITED EACH EMPLOYEE FOR BODILY INJURY BY DISEASE UNLIMITED POLICY LIMIT FOR BODILY INJURY BY DISEASE |
| EMPLOYERS LIABILITY | EMPLOYERS INSURANCE OF WAUSAU (MN) 031800130937 8/13/97-98 | COVERAGE B EMPLOYERS LIABILITY $1,000,000 EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT $1,000,000 EACH EMPLOYEE FOR BODILY INJURY BY DISEASE $1,000,000 POLICY LIMIT FOR BODILY INJURY BY DISEASE |
| EMPLOYERS LIABILITY | NEW YORK STATE INS. FUND (NY) 968919-1 3/20/97-98 | COVERAGE B EMPLOYERS LIABILITY UNLIMITED EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT UNLIMITED EACH EMPLOYEE FOR BODILY INJURY BY DISEASE UNLIMITED POLICY LIMIT FOR BODILY INJURY BY DISEASE |
| EMPLOYERS LIABILITY | NEW YORK STATE INS. FUND (NY) 1142073-4 7/1/97-98 | COVERAGE B EMPLOYERS LIABILITY UNLIMITED EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT UNLIMITED EACH EMPLOYEE FOR BODILY INJURY BY DISEASE UNLIMITED POLICY LIMIT FOR BODILY INJURY BY DISEASE |
| MARINA OPERATORS LEGAL LIABILLITY | COMMERCIAL UNION CAH816002 4/1/98-99 | $1,000,000 EACH OCCURRENCE $1,000,000 AGGREGATE |
| AIRCRAFT LIABILITY | RELIANCE NATIONAL INDEMNITY CO TBD 7/1/97-98 | $5,000,000 EACH OCCURRENCE $5,000,000 AGGREGATE |
| EMPLOYERS LIABILITY | STATE WORKMEN'S INS. FUND (PA) 039058430971 8/16/97-98 | COVERAGE B EMPLOYERS LIABILITY $1,000,000 EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT $1,000,000 EACH EMPLOYEE FOR BODILY INJURY BY DISEASE $1,000,000 POLICY LIMIT FOR BODILY INJURY BY DISEASE |

**AIU 0073**

## SCHEDULE OF UNDERLYING INSURANCE (CONT)

| TYPE OF POLICY | INSURER | LIMITS |
|---|---|---|
| EMPLOYERS' LIABILITY (CALIFORNIA) | EMPLOYERS REINSURANCE CORP. 0586257 03/01/98-99 | COVERAGE B EMPLOYERS LIABILITY $1,000,000. EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT $1,000,000. EACH EMPLOYEE FOR BODILY INJURY BY DISEASE $1,000,000. POLICY LIMIT FOR BODILY INJURY BY DISEASE |
| PROTECTION & INDEMNITY/ WATERCRAFT LIABILITY | COMMERCIAL UNION CAH-717024 05/31/97-98 | $1,000,000. EACH OCCURRENCE |
| PROTECTION & INDEMNITY/ WATERCRAFT LIABILITY | COMMERCIAL UNION CAH-717025 05/14/97-98 | $1,000,000. EACH OCCURRENCE |
| PROTECTION & INDEMNITY/ WATERCRAFT LIABILITY | COMMERCIAL UNION CAH-721031 09/22/97-98 | $1,000,000. EACH OCCURRENCE |
| PROTECTION & INDEMNITY/ WATERCRAFT LIABILITY | COMMERCIAL UNION CAH-721016 09/30/97-98 | $1,000,000. EACH OCCURRENCE |
| COMMERCIAL GENERAL LIABILITY (RYLOCK COMPANY ONLY) | AMERICAN SAFETY RISK RETENTION GROUP, LLC XG100-1462-001 | $1,000,000. EACH OCCURRENCE $2,000,000. GENERAL AGGREGATE * $2,000,000. PRODUCTS/COMPLETED OPERATIONS AGGREGATE $1,000,000. PERS/ADV INJURY LIABILITY *PER LOCATION/PROJECT |

AND ANY RENEWAL OR REWRITE THEREOF

Sc-all-32.
(4/18/00) HN

AIU 0074

## SCHEDULE OF UNDERLYING INSURANCE
### (REVISED)

ISSUED TO:      CALIFORNIA CEDAR PRODUCTS CO.
POLICY NO.:     BE 357 20 18
EFFECTIVE DATE:   MARCH 1, 1998

| TYPE OF POLICY | INSURER | LIMITS |
|---|---|---|
| COMMERCIAL GENERAL LIABILITY | ROYAL INSURANCE CO. PTR457882 3/1/98-99 | $2,000,000 EACH OCCURRENCE $2,000,000 GENERAL AGGREGATE $2,000,000 PRODUCTS/COMPLETED OPERATIONS AGGREGATE |
| AUTOMOBILE LIABILITY | ROYAL INSURANCE CO. PTS441052-0098 3/1/98-99 | COMBINED SINGLE LIMIT $1,000,000 EACH OCCURRENCE |
| EMPLOYERS LIABILITY | HARTFORD UNDERWRITERS INS. CO (GA) 77WZZD7495 3/1/98-99 | COVERAGE B EMPLOYERS LIABILITY $1,000,000 EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT $1,000,000 EACH EMPLOYEE FOR BODILY INJURY BY DISEASE $1,000,000 POLICY LIMIT FOR BODILY INJURY BY DISEASE |
| EMPLOYERS LIABILITY | SAIF CORPORATION (OR) A442123130 7/1/97-98 | COVERAGE B EMPLOYERS LIABILITY $1,000,000 EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT $1,000,000 EACH EMPLOYEE FOR BODILY INJURY BY DISEASE $1,000,000 POLICY LIMIT FOR BODILY INJURY BY DISEASE |
| EMPLOYERS LIABILITY | INDUSTRIAL INDEMNITY CO. (ID) YY963-1523 9/1/97-98 | COVERAGE B EMPLOYERS LIABILITY $1,000,000 EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT $1,000,000 EACH EMPLOYEE FOR BODILY INJURY BY DISEASE $1,000,000 POLICY LIMIT FOR BODILY INJURY BY DISEASE |
| FOREIGN LIAIBLITY | INS. CO. OF THE STATE OF PENNSYLVANIA EX57650041-001 3/1/98-99 | $1,000,000 EACH OCCURRENCE $1,000,000 GENERAL AGGREGATE |

AIU 0075

## SCHEDULE OF UNDERLYING INSURANCE (CONT)

| | | |
|---|---|---|
| EMPLOYERS LIABILITY | NEW YORK STATE INS. FUND (NY) 11965100 1/4/98-99 | UNLIMITED EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT UNLIMITED EACH EMPLOYEE FOR BODILY INJURY BY DISEASE UNLIMITED POLICY LIMIT FOR BODILY INJURY BY DISEASE |
| EMPLOYERS LIABILITY | EMPLOYERS INSURANCE OF WAUSAU (MN) 031800130937 8/13/97-98 | COVERAGE B EMPLOYERS LIABILITY $1,000,000 EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT $1,000,000 EACH EMPLOYEE FOR BODILY INJURY BY DISEASE $1,000,000 POLICY LIMIT FOR BODILY INJURY BY DISEASE |
| EMPLOYERS LIABILITY | NEW YORK STATE INS. FUND (NY) 968919-1 3/20/97-98 | COVERAGE B EMPLOYERS LIABILITY UNLIMITED EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT UNLIMITED EACH EMPLOYEE FOR BODILY INJURY BY DISEASE UNLIMITED POLICY LIMIT FOR BODILY INJURY BY DISEASE |
| EMPLOYERS LIABILITY | NEW YORK STATE INS. FUND (NY) 1142073-4 7/1/97-98 | COVERAGE B EMPLOYERS LIABILITY UNLIMITED EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT UNLIMITED EACH EMPLOYEE FOR BODILY INJURY BY DISEASE UNLIMITED POLICY LIMIT FOR BODILY INJURY BY DISEASE |
| MARINA OPERATORS LEGAL LIABILLITY | COMMERCIAL UNION CAH816002 4/1/98-99 | $1,000,000 EACH OCCURRENCE $1,000,000 AGGREGATE |
| AIRCRAFT LIABILITY | RELIANCE NATIONAL INDEMNITY CO TBD 7/1/97-98 | $5,000,000 EACH OCCURRENCE $5,000,000 AGGREGATE |
| EMPLOYERS LIABILITY | STATE WORKMEN'S INS. FUND (PA) 039058430971 8/16/97-98 | COVERAGE B EMPLOYERS LIABILITY $1,000,000 EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT $1,000,000 EACH EMPLOYEE FOR BODILY INJURY BY DISEASE $1,000,000 POLICY LIMIT FOR BODILY INJURY BY DISEASE |

AIU 0076

## SCHEDULE OF UNDERLYING INSURANCE (CONT)

| EMPLOYERS LIABILITY | EMPLOYERS REINSURANCE CORP. (CA)<br>0586257<br>3/1/98-99 | COVERAGE B EMPLOYERS LIABILITY<br>$1,000,000 EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT<br>$1,000,000 EACH EMPLOYEE FOR BODILY INJURY BY DISEASE |
|---|---|---|
| PROTECTION & INDEMNITY/ WATERCRAFT LIABILITY | COMMERCIAL UNION<br>CAH717024<br>5/31/97-98 | $1,000,000 EACH OCCURRENCE |
| PROTECTION & INDEMNITY/ WATERCRAFT LIABILITY | COMMERCIAL UNION<br>CAH717025<br>5/14/97-98 | $1,000,000 EACH OCCURRENCE |
| PROTECTION & INDEMNITY/ WATERCRAFT LIABILITY | COMMERCIAL UNION<br>CAH721031<br>9/22/97-98 | $1,000,000 EACH OCCURRENCE |
| PROTECTION & INDEMNITY/ WATERCRAFT LIABILITY | COMMERCIAL UNION<br>CAH721016<br>9/30/97-98 | $1,000,000 EACH OCCURRENCE |

AND ANY RENEWAL OR REWRITE THEREOF

AIU 0077

## SCHEDULE OF UNDERLYING INSURANCE

ISSUED TO:         CALIFORNIA CEDAR PRODUCTS
POLICY NO.:        BE 357-20-18
EFFECTIVE DATE:    MARCH 1, 1998

| TYPE OF POLICY | INSURER | LIMITS |
|---|---|---|
| COMMERCIAL GENERAL LIABILITY | ROYAL INSURANCE TO BE DETERMINED MARCH 1, 1998 TO MARCH 1, 1999 | $1,000,000. EACH OCCURRENCE $2,000,000. GENERAL AGGREGATE $2,000,000. PRODUCTS/COMPLETED OPERATIONS AGGREGATE |
| AUTOMOBILE LIABILITY | ROYAL INSURANCE TO BE DETERMINED MARCH 1, 1998 TO MARCH 1, 1999 | COMBINED SINGLE LIMIT FOR EACH OCCURRENCE $1,000,000. |
| EMPLOYERS LIABILITY | TO BE DETERMINED TO BE DETERMINED MARCH 1, 1998 TO MARCH 1, 1999 | COVERAGE B EMPLOYERS LIABILITY $1,000,000. EACH ACCIDENT FOR BODILY INJURY BY ACCIDENT $1,000,000. EACH EMPLOYEE FOR BODILY INJURY BY DISEASE $1,000,000. POLICY LIMIT FOR BODILY INJURY BY DISEASE |
| EMPLOYEE BENEFITS LIABILITY | ROYAL INSURANCE TO BE DETERMINED MARCH 1, 1998 TO MARCH 1, 1999 | $1,000,000. EACH OCCURRENCE $1,000,000. AGGREGATE |

### AND ANY RENEWAL OR REWRITE THEREOF

AIU 0078