LAURA J. RUETTGERS (SBN 206636)
CHRISTINA M. LAVANIER (SBN 233335)
McCurdy & Fuller LLP
4300 Bohannon Drive, Suite 240
Menlo Park, California 94025
Telephone: (650) 618-3500
Facsimile: (650) 618-3599

Attorneys for Plaintiff
AIU INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AIU INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACCEPTANCE INSURANCE COMPANY, a Delaware corporation, TIG SPECIALTY INSURANCE COMPANY, a California corporation, ARROWOOD INDEMNITY COMPANY, FORMERLY KNOWN AS ROYAL INDEMNITY COMPANY, SUCCESSOR-IN-INTEREST TO ROYAL INSURANCE COMPANY OF AMERICA, a Delaware corporation, AMERICAN SAFETY RISK RETENTION GROUP, INC., a Vermont corporation, AMERICAN SAFETY INDEMNITY COMPANY, a Oklahoma corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 07-CV-05491 PJH<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE INDEMNITY, SUBROGATION, AND CONTRIBUTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff AIU Insurance Company ("AIU") alleges as follows:

**JURISDICTION**

1.   Jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, based upon the facts more specifically alleged in paragraphs 3 through 8 below.

- 1 -

28278_2

First Amended Complaint for Declaratory Relief, Equitable Indemnity, Subrogation, and Contribution

2. Intradistrict Assignment: Pursuant to Local Rule 3-2(c) and (d), this matter is being filed in the San Francisco Division of the Northern District of California because some of the underlying lawsuits which give rise to this lawsuit occurred in the County of San Mateo.

3. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

**PARTIES**

4. AIU is a New York corporation, with its principal place of business in New York, New York. AIU is authorized to do, and is doing, business in California.

5. AIU is informed and believes, and based thereon alleges, that defendant Acceptance Insurance Company ("Acceptance") is a Delaware corporation, with its principal place of business in Omaha, Nebraska. Acceptance is authorized to do, and is doing, business in California. Acceptance is, and was at all times herein mentioned, engaged in the business of insurance and is admitted in the State of California to transact the business of insurance.

6. AIU is informed and believes, and based thereon alleges, that defendant TIG Specialty Insurance Company ("TIG") is a California corporation, with its principal place of business in Irving, Texas. TIG is authorized to do, and is doing, business in California. TIG is, and was at all times herein mentioned, engaged in the business of insurance and is admitted in the State of California to transact the business of insurance.

7. AIU is informed and believes, and based thereon alleges, that defendant Arrowood Indemnity Company, formerly known as Royal Indemnity Company, successor-in-interest to Royal Insurance Company of America ("Royal") is a Delaware corporation, with its principal place of business in Charlotte, North Carolina. Royal is authorized to do, and is doing, business in California. Royal is, and was at all times herein mentioned, engaged in the business of insurance and is admitted in the State of California to transact the business of insurance.

8. AIU is informed and believes, and based thereon alleges, that defendant American Safety Risk Retention Group, Inc. ("American Safety Risk") is a Vermont corporation, with its principal place of business in Atlanta, Georgia. American Safety Risk is authorized to do, and is

doing, business in California. American Safety Risk is, and was at all times herein mentioned, engaged in the business of insurance and is admitted in the State of California to transact the business of insurance.

9. AIU is informed and believes, and based thereon alleges, that defendant American Safety Indemnity Company ("American Safety Indemnity") is an Oklahoma corporation, with its principal place of business in Atlanta, Georgia. American Safety Indemnity is authorized to do, and is doing, business in California. American Safety Indemnity is, and was at all times herein mentioned, engaged in the business of insurance and is admitted in the State of California to transact the business of insurance.

10. AIU is informed and believes, and based thereon alleges, that defendants DOES 1 through 10 are entities which are authorized to do business and are doing business in California. AIU is informed and believes, and on that basis alleges, defendants DOES 1 through 10 issued a policy or policies of liability insurance which provided coverage to Rylock Company, Ltd. ("Rylock"). AIU is currently unaware of the true identities of DOES 1 through 10 and will amend this complaint at such time as AIU becomes aware of the true identities of these DOE defendants.

### VENUE

11. Venue lies in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### THE INSURANCE POLICIES

12. AIU issued excess liability policy no. BE 309-29-74, effective March 1, 1996 to March 1, 1998, to Rylock ("AIU 96-98 Excess Policy"). A true and correct copy of the AIU 96-98 Excess Policy is attached as Exhibit A and is incorporated by reference herein as though set forth in full. AIU issued excess liability policy no. BE 357-20-18, effective March 1, 1998 to March 1, 2002, to Rylock ("AIU 98-02 Excess Policy"). A true and correct copy of the AIU 98-02 Excess Policy is attached as Exhibit B and is incorporated by reference herein as though set forth in full.

1  The AIU 96-98 Excess Policy and the AIU 98-02 Excess Policy are referred to collectively herein as the "AIU Excess Policies".

13. As more fully described therein, unless otherwise excluded therein, the AIU Excess Policies provide coverage for "property damage", as defined therein, which takes place during the policy periods and which arises out of an "occurrence", as defined therein. Also as set forth therein, the AIU Excess Policies apply in excess of the "Retained Limit" which is defined by the policies, in pertinent part, as: "The total of the applicable limits of the underlying policies listed in the Schedule of Underlying Insurance and the applicable limits of any other underlying insurance providing coverage to the Insured."

14. AIU is informed and believes, and on that basis alleges, that Acceptance issued the following primary commercial general liability insurance policies to Rylock for periods indicated: (1) policy no. C2CG0053 providing coverage for the period of March 1, 1992 to March 1, 1993 ("Acceptance 92-93 Primary Policy"); (2) policy no. C93G0194 for the period of March 1, 1993 to March 1, 1994 ("Acceptance 93-94 Primary Policy"); and (3) policy no. C94G0370 for the period of March 1, 1994 to March 1, 1995 ("Acceptance 94-95 Primary Policy"); and (4) policy no. C95CG60598 for the period of March 1, 1995 to March 1, 1996 ("Acceptance 95-96 Primary Policy") (collectively, the "Acceptance Primary Policies"). The Acceptance Primary Policies are attached hereto as Exhibits C, D, E and F and are incorporated by reference herein as though set forth in full. Each of the Acceptance Primary Policies provide limits of $1 million per occurrence subject to $2 million in the aggregate for property damage which takes place during the policy period(s) and arises out of an occurrence.

15. AIU is informed and believes, and on that basis alleges, that TIG issued primary general liability policy no. 3135280, effective March 1, 1995 to March 1, 1996 to Rylock ("TIG Primary Policy"). The TIG Primary Policy provides limits of $1 million per occurrence subject to $2 million in the aggregate for property damage which takes place during the policy period and arises out of an occurrence. A true and correct copy of the TIG Primary Policy is attached hereto as Exhibit G and is incorporated by reference herein as though set forth in full.

- 4 -

28278_2

First Amended Complaint for Declaratory Relief, Equitable Indemnity, Subrogation, and Contribution

16. AIU is informed and believes, and on that basis alleges, that Royal issued the following primary commercial general liability insurance policies to Rylock for periods indicated: (1) policy no. PTY441053 providing coverage for the period of March 1, 1996 to March 1, 1997 ("Royal 96-97 Primary Policy"); (2) policy no. PTS443208 for the period of March 1, 1997 to March 1, 1998 ("Royal 97-98 Primary Policy"); (3) policy no. PTR457882 for the period of March 1, 1998 to March 1, 1999 ("Royal 98-00 Primary Policy") (collectively, the "Royal Primary Policies") and (4) policy no. PTR-4578820099 for the period of March 1, 1999 to March 1, 2000. The Royal Primary Policies are attached hereto as Exhibits H, I, J and K and are incorporated by reference herein as though set forth in full. Each of the Royal Primary Policies provide limits of $1 million per occurrence subject to $2 million in the aggregate for property damage which takes place during the policy period(s) and arises out of an occurrence.

17. AIU is informed and believes, and on that basis alleges, that American Safety Risk issued primary general liability policy no. XGI 00-1462-001, effective March 1, 2000 to March 1, 2001, to Rylock ("American Safety Risk 00-01 Primary Policy"). A true and correct copy of the American Safety Risk 00-01 Primary Policy is attached hereto as Exhibit L and incorporated herein by reference as though fully set forth. AIU is informed and believes, and on that basis alleges, that American Safety Indemnity issued general liability policy no. XGI 01-1462-002, effective March 1, 2001 to March 1, 2002, to Rylock ("American Safety Indemnity 01-02 Primary Policy"). A true and correct copy of the American Safety Indemnity 01-02 Primary Policy is attached hereto as Exhibit M and incorporated herein by reference. American Safety Risk and American Safety Indemnity are collectively referred to herein as "American Safety". The American Safety Risk 00-01 Primary Policy and the American Safety Indemnity 01-02 Primary Policy are collectively referred to herein as the American Safety Primary Policies.

18. The American Safety Primary Policies each provide limits of $1 million per occurrence subject to a $2 million general aggregate and provide coverage for property damage taking place during the policy period(s) arising out of an occurrence. The American Safety Primary Policies include self-insured retention endorsement form ES 98 01 08 99 which subjects

1  the policies to a self-insured retention in the amount of $50,000 per occurrence, subject to a
2  $1,250,000 aggregate.

3      19.    DOES 1 through 10 issued policies of insurance to Rylock which provide coverage
4  to Rylock for property damage taking place during the respective policy periods and arising out of
5  an occurrence. The policies of insurance issued by DOES 1 through 10 are primary to the
6  coverage provided by the AIU Excess Policies.

7  <center>**THE UNDERLYING EVENTS**</center>

8      20.    AIU is informed and believes, and on that basis alleges, that Rylock was engaged in
9  the business of window manufacturing. AIU is informed and believes that Rylock windows were
10 installed in numerous homes in California and elsewhere. AIU is informed and believes that
11 Rylock has been named as a defendant and/or cross-defendant in litigation in which homeowners
12 have alleged that Rylock's windows were defective and that such defects lead to water intrusion
13 resulting in property damage during the effective periods of the policies issued by Acceptance,
14 TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10 ("Rylock
15 Actions").

16     21.    AIU is informed and believes, and on that basis alleges, that Rylock tendered, and
17 continues to tender, its defense and indemnity in the Rylock Actions to its primary carriers
18 including but not limited to Acceptance, TIG, Royal, American Safety Risk, American Safety
19 Indemnity, and DOES 1 through 10.

20     22.    AIU is informed and believes that American Safety Risk and American Safety
21 Indemnity refused and continue to refuse to defend or indemnify Rylock in the Rylock Actions
22 under the American Safety Primary Policies on the basis that the applicable self-insured
23 retention(s) were/are not satisfied. AIU is informed and believes that American Safety Risk and
24 American Safety Indemnity assert that no obligation to defend or indemnify Rylock in the Rylock
25 Actions arises even after $50,000 had/has been incurred in defense and indemnity payments by
26 other carriers on the basis that Rylock itself must personally satisfy the self-insured retention
27 amount(s) in order to trigger coverage under the policies. AIU is informed and believes that

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

- 6 -

28278_2

**First Amended Complaint for Declaratory Relief, Equitable Indemnity, Subrogation, and Contribution**

Rylock was and is unable to personally satisfy the self-insured retention amount(s) as it is insolvent. Accordingly, American Safety Risk and American Safety Indemnity have taken the position that their policies will never be implicated.

23. AIU is informed and believes that Rylock designated the Royal Policies to respond to each of the Rylock Actions pursuant to *Armstrong World Industries, Inc. v. Aetna Casualty & Surety Co.* (1996) 45 Cal.App.4th 1. AIU is informed and believes that Royal failed to obtain proper contribution from Acceptance, TIG, American Safety Risk, American Safety Indemnity and DOES 1 through 10 despite the fact that each carrier's respective policies were implicated by the claims.

24. On February 4, 2008, Royal first provided notice of Royal's assertion that the Royal Primary Policies are exhausted. On that basis, in addition to other parties, defendants have asserted and/or will assert that AIU has a present obligation to defend and indemnify Rylock in the Rylock Actions under the AIU Excess Policies.

25. AIU asserts that it has no present obligation to defend or indemnify Rylock in the outstanding Rylock Actions because the Royal Primary Policies are not exhausted. Particularly, AIU asserts that once Acceptance, TIG, American Safety, and DOES 1 through 10 reimburse amounts owed to Royal for indemnity payments made by Royal which should have properly been borne by such carriers, the Royal Primary Policy limits will be refreshed. AIU further contends that no obligation arises under the AIU Excess Policies until all underlying insurance, including, without limitation, the Acceptance Primary Policies, the TIG Primary Policy, the Royal Primary Policies, the American Safety Risk 00-01 Primary Policy, the American Safety Indemnity 01-02 Primary Policy, and the policies issued by DOES 1 through 10 have been properly exhausted by payments of claims which fall within the coverage afforded by the AIU Excess Policies.

## FIRST CLAIM FOR RELIEF

### (For Declaratory Relief Against ASRRG and ASIC)

26. AIU repeats each and every allegation contained in paragraphs 1 through 25 of this complaint, and incorporates each and every one of those allegations into this Claim for Relief as if they were set forth herein.

27. Actual controversies have arisen and now exist between and among American Safety Risk, American Safety Indemnity and AIU relating to the legal rights and duties under the American Safety Risk 00-01 Primary Policy and the American Safety Indemnity 01-02 Primary Policy. Particularly, American Safety Risk asserts that the self-insured retention of the American Safety Risk 00-01 Primary Policy has not been satisfied and cannot be satisfied because only the insured may satisfy the retention amounts. American Safety Indemnity asserts that the self-insured retention of the American Safety Indemnity 01-02 Primary Policy has not been satisfied and cannot be satisfied because only the insured may satisfy the retention amounts. AIU alleges that the self-insured retentions in the American Safety Risk 00-01 Primary Policy and the American Safety Indemnity 01-02 Primary Policy may be satisfied by payments under other insurance policies, including without limitation payments made under the Royal Policies. Accordingly, AIU alleges that American Safety Risk and American Safety Indemnity have a present duty to Rylock under the American Safety Primary Policies, including a duty to provide Rylock with primary coverage in the ongoing actions and to reimburse Royal as respects past payments made.

28. AIU seeks a declaration from this Court that the terms and conditions of the American Safety Risk 00-01 Primary Policy and/or the American Safety Indemnity 01-02 Primary Policy do not provide that only the insured, personally, can satisfy the retention amounts and trigger an obligation under the policies. In the alternative, to the extent that only the insured may satisfy the retention amount, AIU seeks this Court's intervention regarding: (1) how the American Safety Risk 00-01 Primary Policy and the American Safety Indemnity 01-02 Primary Policy apply to the extent that the insured is unable to personally satisfy the retention amount; and (2) when the

AIU Excess Policies apply in light of the unexhausted primary coverage afforded by American Safety Risk and American Safety Indemnity.

29. An actual controversy exists between the parties to this action, and this Court has the authority to issue a declaratory relief judgment concerning their respective rights and duties pursuant to 28 U.S.C. § 2202.

## SECOND CLAIM FOR RELIEF
### (For Declaratory Relief Against Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10)

30. AIU repeats each and every allegation contained in paragraphs 1 through 29 of this complaint, and AIU incorporates each and every one of those allegations into this Claim for Relief as if they were set forth herein.

31. Actual controversies have arisen and now exist between and among AIU, Acceptance, Royal, TIG, American Safety Risk, American Safety Indemnity, and DOES 1 through 10 relating to their respective legal rights and duties under their respective policies. Particularly, Royal asserts that the Royal Primary Policies are exhausted. Acceptance, TIG, American Safety Risk, American Safety Indemnity, and DOES 1 through 10 assert that they have no obligation to reimburse Royal for their respective allocated share of past defense and indemnity costs incurred by Royal. AIU asserts that the Royal Primary Policies are not exhausted, and accordingly, no obligation arises under the AIU Excess Policies, because the other primary carriers, including but not limited to, Acceptance, TIG, American Safety Risk, American Safety Indemnity and DOES 1 through 10 have an obligation to reimburse Royal for their respective allocated share of past indemnity costs incurred.

32. AIU seeks an order from this Court that AIU has no obligation to defend/indemnify Rylock in the Rylock Actions and/or that Royal must continue to defend/indemnify Rylock in the Rylock Actions because the Royal Primary Policies are not exhausted since they are subject to refreshment from the other primary carriers including but not limited to Acceptance, TIG, American Safety Risk, American Safety Indemnity, and DOES 1 through 10.

33. Actual controversies have arisen and now exist between and among AIU, Acceptance, Royal, TIG, American Safety Risk, American Safety Indemnity, and DOES 1 through 10 relating to AIU's obligations under the AIU Excess Policies. Particularly, Acceptance, Royal, TIG, American Safety Risk, American Safety Indemnity, and DOES 1 through 10 have asserted, or upon information and belief will assert, that AIU has a present obligation to defend and/or indemnify Rylock in the outstanding Rylock Actions under the AIU Excess Policies. AIU asserts that it has no present obligation to defend or indemnify Rylock in the outstanding Rylock Actions because there is available primary coverage to respond to said claims; namely the Acceptance Primary Policies, the TIG Primary Policy, the Royal Primary Policies (which are not properly exhausted), the American Safety Risk 00-01 Primary Policy and/or the American Safety Indemnity 01-02 Primary Policy.

34. AIU seeks an order from this Court that there is no obligation to defend or indemnify Rylock in the Rylock Actions under the AIU Excess Policies until all applicable primary coverage is properly exhausted.

35. An actual controversy exists between the parties to this action, and this Court has the authority to issue a declaratory relief judgment concerning their respective rights and duties pursuant to 28 U.S.C. § 2202.

### THIRD CLAIM FOR RELIEF

### (For Declaratory Relief Against Royal, and DOES 1 through 10)

36. AIU repeats each and every allegation contained in paragraphs 1 through 35 of this complaint, and AIU incorporates each and every one of those allegations into this Claim for Relief as if they were set forth herein.

37. On February 4, 2008, Royal and DOES 1 through 10 first notified AIU of Royal's assertion that the Royal Primary Policies were exhausted by payment of settlements and/or judgments as of November 2007. Based upon this assertion, Royal and DOES 1 through 10 assert that AIU has an immediate obligation to defend and indemnify Rylock in presently pending claims. Royal and DOES 1 through 10 also assert that AIU is obligated under the AIU Excess

Policies to reimburse amounts incurred by Royal and DOES 1 through 10 after the Royal policies were exhausted. Finally, Royal and DOES 1 through 10 assert that there is no further obligation to defend or indemnify Rylock under the Royal Primary Policies.

38. AIU disputes that the Royal Primary Policies are exhausted in that other primary carriers have an obligation to reimburse Royal for amounts paid under the policies. Such reimbursement will operate to refresh the limits available under the Royal Primary Policies. AIU also disputes that it has any obligation to reimburse any amounts incurred under the Royal Primary Policies because said policies were never properly exhausted, because Royal and DOES 1 through 10 failed to respond and refused to provide information regarding such alleged exhaustion despite AIU's good faith inquiries over a two year period, because Royal and DOES 1 through 10 have a continuing obligation to defend and indemnify Rylock unless and until Royal and DOES 1 through 10 establish that the Royal Primary Policies were properly exhausted, and because the Rylock Actions implicate coverage under unexhausted primary policies including, but not limited to, the policies issued by Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10.

39. AIU seeks an order from this Court that: (1) the Royal Primary Policies are not exhausted since they are subject to refreshment from the other primary carriers including but not limited to Acceptance, TIG, American Safety Risk, American Safety Indemnity and DOES 1 through 10; (2) Royal and DOES 1 through 10 have a continuing obligation to defend and indemnify Rylock unless and until Royal and DOES 1 through 10 can establish that the Royal Primary Policies are properly exhausted; (3) AIU has no obligation to reimburse Royal and DOES 1 through 10; (4) AIU has no obligation to defend and/or indemnify Rylock under the AIU Excess Policies until it is established that the Royal Primary Policies are properly exhausted; and (5) AIU has no obligation to defend and/or indemnify Rylock under the AIU Excess Policies as there remains applicable primary coverage to respond to the claims.

40. An actual controversy exists between the parties to this action, and this Court has the authority to issue a declaratory relief judgment concerning their respective rights and duties pursuant to 28 U.S.C. § 2202.

### FOURTH CLAIM FOR RELIEF

### (For Equitable Indemnity and Contribution Against Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10)

41. AIU repeats each and every allegation contained in paragraphs 1 through 40 of this complaint, and AIU incorporates each and every one of those allegations into this Claim for Relief as if they were set forth herein.

42. Based upon the wrongful refusal of Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10 to defend and indemnify Rylock, AIU has been and/or will be forced to pay for such defense and indemnity under the AIU Excess Policies. AIU, by defending and indemnifying Rylock in the pending actions, either completely or partially satisfied the obligations of Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10.

43. To the extent that the policies issued by Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10 are found to be primary to the AIU Excess Policies, equity dictates that AIU obtain from Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10 complete reimbursement by way of indemnity of the monies that AIU paid toward the defense and indemnity of Rylock in the pending claims because, in doing so, AIU completely or partially satisfied such carriers' obligations. To the extent that the policies issued by Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10 are found to provide coverage at the same level as the rights held by AIU, equity dictates that AIU obtain from Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10 reimbursement by way of contribution of the monies paid toward the defense and indemnity of Rylock in the pending claims because, in doing so, AIU completely or partially satisfied such carriers' obligations.

## FIFTH CLAIM FOR RELIEF

### (For Equitable Subrogation Against Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10)

44. AIU repeats each and every allegation contained in paragraphs 1 through 43 of this complaint, and AIU incorporates each and every one of those allegations into this Claim for Relief as if they were set forth herein.

45. Defendants Acceptance, TIG, Royal, American Safety Risk, American Safety Indemnity, and DOES 1 through 10 breached their obligations to defend and indemnify Rylock in the pending claims. AIU is subrogated to the rights of Rylock as against said carriers respecting such breach.

## SIXTH CLAIM FOR RELIEF

### (For Waiver and Estoppel Against Royal and DOES 1 through 10)

46. AIU repeats each and every allegation contained in paragraphs 1 through 45 of this complaint, and AIU incorporates each and every one of those allegations into this Claim for Relief as if they were set forth herein.

47. AIU first received notice of the purported impending exhaustion of the Royal Primary Policies in or about December 2005. Beginning on that date, and continuing through the present, AIU requested that Royal and DOES 1 through 10 provide AIU with information pertaining to the purported exhaustion. In addition, AIU requested that Royal and DOES 1 through 10 provide AIU with information regarding how the amounts purportedly exhausting the Royal Primary Policies had been allocated between and among Rylock's primary carriers. For a period exceeding two years, Royal and DOES 1 through 10 refused to provide AIU with the information requested. Based upon the unjustified refusal of Royal and DOES 1 through 10 to provide AIU with the information requested, AIU was damaged in that it was forced to file the present action to obtain such information and AIU was or may be wrongfully forced to assume the defense and indemnity of Rylock in the pending actions. Based upon the unjustified refusal of Royal and DOES 1 through 10 to provide AIU with the information requested, Rylock was

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1  damaged in that an unnecessary gap in coverage arose which would not have occurred had such
2  information been timely provided. AIU is subrogated to Rylock's rights in this regard.
3   48. Based upon the unjustified refusal and failure of Royal and DOES 1 through 10 to
4  provide the information requested by AIU related to the purported exhaustion of the Royal Primary
5  Policies, Royal and DOES 1 through 10 have waived and/or are equitably estopped from now
6  seeking contribution, subrogation and/or indemnity from AIU.
7   49. AIU requests that this Court determine the respective rights and obligations of
8  Royal and DOES 1 through 10 under their respective policies with respect to the waiver and
9  estoppel issues.

## PRAYER

WHEREFORE, AIU prays for judgment as follows:

1. That the Court make and enter a binding judicial declaration in accordance with AIU's contentions set forth in the claims for relief.

2. For equitable indemnity from Acceptance, TIG, Royal, American Safety and DOES 1 through 10 according to proof, or, in the alternative, for contribution from Acceptance, TIG, Royal, American Safety and DOES 1 through 10 according to proof, together with interest thereon.

3. For subrogation from Acceptance, TIG, Royal, American Safety and DOES 1 through 10 according to proof, together with interest thereon.

4. For an order that Royal and DOES 1 through 10 have waived and/or are equitably estopped from seeking contribution, subrogation and/or indemnity from AIU.

5. For costs of suit incurred in this action.

6. For reasonable attorney's fees.

7. For such other and further relief as this Court deems just and proper.

///
///
///
///

- 14 -

28278_2

First Amended Complaint for Declaratory Relief, Equitable Indemnity, Subrogation, and Contribution

DATED: June 16, 2008

MCCURDY & FULLER LLP

By: _____
LAURA J. RUETTGERS
CHRISTINA M. LAVANIER
Attorneys for Plaintiff
AIU INSURANCE COMPANY

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

- 15 -

28278_2

## DEMAND FOR JURY TRIAL

AIU demands a trial by jury.

DATED: June __, 2008

MCCURDY & FULLER LLP

By: _____
LAURA J. RUETTGERS
CHRISTINA M. LAVANIER
Attorneys for Plaintiff AIU INSURANCE COMPANY

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

- 16 -

28278_2

First Amended Complaint for Declaratory Relief, Equitable Indemnity, Subrogation, and Contribution