**EXHIBIT F**

C 94 CG 0370

[X] **Acceptance Insurance Compa...**

[ ] **Acceptance Indemnity Insurance Company**

A STOCK COMPANY
(herein called "the Company")

**GENERAL LIABILITY POLICY**

POLICY NO.   C _95_ CG _0598_

**DECLARATIONS**

| PRODUCER'S NAME AND ADDRESS | |
|---|---|
| | |

**NAMED INSURED**

California Cedar Products Company
(Refer to Endorsement No. 1)
P.O. Box 528
Stockton, CA 95201

**MAILING ADDRESS**

| PRODUCER CODE: | COMMISSION: % |
|---|---|

POLICY PERIOD: From: _3/1/95_   To _3/1/96_
At 12:01 A.M. Standard Time at the address of the Named Insured as stated herein

THE NAMED INSURED IS: [ ] Individual; [ ] Partnership; [X] Corporation; [ ] Joint Venture; [ ] Other _____

AUDIT PERIOD: [X] Annual; [ ] Other _____

The insurance afforded is only with respect to such of the following Parts and Coverages therein as are indicated by [X]. The limit of the Company's liability against each such Coverage shall be as stated herein, subject to all of the terms of the policy having reference thereto.

**LIMITS OF LIABILITY**

| COVERAGE PARTS | Bodily Injury Liability | | Property Damage Liability | |
|---|---|---|---|---|
| | each occurrence | aggregate | each occurrence | aggregate |
| [X] Commercial General Liability Insurance | $ | $ | $ | $ |
| [ ] Owners', Landlords' and Tenants' Liability Insurance | | | | |
| [ ] Manufacturers' and Contractors' Liability Insurance | Refer to Endorsement No. 2 | | | |
| [ ] Owners' and Contractors' Protective Liability Insurance | | | | |
| [ ] Completed Operations and Products Liability Insurance | | | | |
| [ ] Contractual Liability Insurance | | | | |
| [ ] | | | | |
| [ ] | | | | |

AIU 0195

| | aggregate | |
|---|---|---|
| [X] Personal Injury Liability Insurance | $ 2,000,000. | |

| | each person aggregate | each accident |
|---|---|---|
| [ ] Premises Medical Payments Insurance | $ | $ |

Endorsements attached to policy at inception:    As per listing attached hereto

| TOTAL ADVANCE PREMIUM ► $ 325,000. | $ _____ |
|---|---|

If the Policy Period is more than one year and the premium is to be paid in installments, premium is payable on:

| Effective Date | $ |
|---|---|
| 1st Anniversary | $ |
| 2nd Anniversary | $ |

| $ _____ |
|---|
| [        ] |
| $ _____ |
| $ _____ |
| $ _____ |

Countersigned On: _March 15, 1995_

At: _Mt. Laurel, NJ_

By _____
Authorized Representative

This Declarations and Coverage Part(s), with Policy Standard Provisions and Endorsements, if any, issued to form a part thereof, completes the above numbered policy.

| INSURING COMPANY | Acceptance Insurance Company | COMMERCIAL GENERAL LIABILITY INSURANCE COVERAGE PART |
|---|---|---|
| | (herein called "the Company") | |

**ADDITIONAL DECLARATIONS**     Policy No.   C 95 CG 0598

## SCHEDULE

The following discloses all hazards insured hereunder known to exist at the effective date of this policy, unless otherwise stated herein:

| Description of Hazards | Premium Basis | Rates | Advance Premiums |
|---|---|---|---|
| **Premises—Operations**<br><br>   Included | | | |
| | (a) Remuneration<br>(b) Receipts<br>(c) Units | (a) Per $100 of Remuneration<br>(b) Per $100 of Receipts<br>(c) Per Unit | |
| **Completed Operations—Products**<br><br>Manufactures duraflame logs and various wood products<br><br>     Coded as:   59985 | .Domestic<br>(b) $108,497,000.<br>   Foreign<br>(b) $6,500,000. | (b)  $2.97<br><br>(b)  $ .43 | $325,000. |
| | (a) Receipts<br>(b) Sales | (a) Per $1000 of Receipts<br>(b) Per $1000 of Sales | |
| **Escalators (Number at Premises)**<br><br>N/A | Number Insured | Per Landing | |
| **Independent Contractors**<br><br> Included | Cost | Per $100 of Cost | **AIU 0196** |

| Minimum Premium(s):   $325,000. | TOTAL ADVANCE PREMIUM ▶ $ 325,000. |
|---|---|

When used as a Premium basis:

(1) "remuneration" means the entire remuneration earned during the policy period by proprietors and by all employees of the Named Insured other than chauffeurs (except operators of mobile equipment) and aircraft pilots and co-pilots, subject to any overtime earnings or limitation of remuneration rule applicable in accordance with the manuals in use by the Company;

(2) "receipts" means the gross amount of money charged by the Named Insured for such operations by the Named Insured or by others during the policy period as are rated on a receipts basis other than receipts from telecasting, broadcasting or motion picures, and includes taxes, other than taxes which the Named Insured collects as a separate item and remits directly to a governmental division;

(3) "cost" means the total cost to the Named Insured with respect to operations performed for the Named Insured during the policy period by independent contractors of all work let or sub-let in connection with each specific project, including the cost of all labor, materials and equipment furnished, used or delivered for use in the execution of such work, whether furnished by the owner, contractor or sub-contractor, including all fees, allowances, bonuses or commissions made, paid or due;

(4) "sales" means the gross amount of money charged by the Named Insured or by others trading under his name for all goods and products sold or distributed during the policy period and charged during the policy period for installation, servicing or repair, and includes taxes, other than taxes which the Named Insured and others collect as a separate item and remit directly to a governmental division.

## L. COVERAGE A—BODILY INJURY LIABILITY
### COVERAGE B— PROPERTY DAMAGE LIABILITY

The Company will pay on behalf of the Insured those sums which the Insured shall become legally obligated to pay as damages because of

A. bodily injury or    B. property damage

to which this insurance applies, caused by an occurrence and the Company shall have the right and duty to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the

suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

### Exclusions

This insurance does not apply:

(a) to liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or

| | |
|---|---|
| ☒ **Acceptance Insurance Company** | **GENERAL LIABILITY POLICY** |
| ☐ **Acceptance Indemnity Insurance Company** | |
| A STOCK COMPANY<br>(herein called "the Company") | Standard Provisions |

NAMED INSURED

```
California Cedar Products Company
(Refer to Endorsement No. 1)
P.O. Box 528
Stockton, CA  95201
```

MAILING ADDRESS

**Rollins Hudig Hall of Northern California, Inc.**
**Insurance Services**
One Market
Spear Street Tower, Suite 2100
San Francisco, CA 94105

**AIU 0197**

---

In consideration of the payment of the premium, in reliance upon the statements in the declarations made a part hereof and subject to all of the terms of this policy, the Company agrees with the Named Insured as follows:

## COVERAGE

"Coverage is afforded under this policy in accordance with the specific Coverage Parts identified in the Declarations as being a part of this policy and only to Bodily Injury or Property Damage which occurs within the policy territory during the policy period."

## SUPPLEMENTARY PAYMENTS

The Company will pay, in addition to the applicable limit of liability:

(a) all expenses incurred by the Company, all costs taxed against the Insured in any suit defended by the Company and all interest on the entire amount of any judgment therein which accrues after, but not before, entry of the judgment and before the Company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the Company's liability thereon.

(b) premiums on appeal bonds required in any such suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy, and the cost of bail bonds required of the Insured because of accident or traffic law violation arising out of the use of any vehicle to which this policy applies, not to exceed $250 per bail bond, but the Company shall have no obligation to apply for or furnish any such bonds;

(c) expenses incurred by the Insured for first aid to others at the time of an accident, for bodily injury to which this policy applies;

(d) reasonable expenses incurred by the Insured at the Company's request in assisting the Company in the investigation or defense of any claim or suit, including actual loss of earnings not to exceed $25 per day.

## DEFINITIONS

When used in this policy (including endorsements forming a part hereof):

"**automobile**" means a land motor vehicle, trailer or semitrailer designed for travel on public roads (including machinery or apparatus attached thereto), but does not include mobile equipment;

"**loading or unloading**," with respect to an automobile, means the handling of property after it is moved from the place where it is accepted for movement into or onto an automobile or while it is in or on an automobile or while it is being moved from an automobile to the place where it is finally delivered, but "loading or unloading" does not include the movement of property by means of a mechanical device (other than a hand truck) not attached to the automobile;

"**bodily injury**" means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

"**collapse hazard**" includes "structural property damage" as defined herein and property damage to any other property at any time resulting therefrom. "Structural property damage" means the collapse of or structural injury to any building or structure due to (1) grading of land, excavation, borrowing, filling, back-filling, tunnelling, pile driving, cofferdam work or caisson work or (2) moving, shoring, underpinning, raising or demolition of any building or structure or removal or rebuilding of any structural support thereof. The collapse hazard does not include property damage (1) arising out of operations performed for the Named Insured by independent contractors, or (2) included within the completed operations hazard or the underground property damage hazard, or (3) for which liability is assumed by the Insured under an incidental contract;

"**completed operations hazard**" includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect hereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the Named Insured. "Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

(1) when all operations to be performed by or on behalf of the Named Insured under the contract have been completed,

(2) when all operations to be performed by or on behalf of the Named Insured at the site of the operations have been completed, or

(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.

The completed operations hazard does not include bodily injury or property damage arising out of:

(a) operations in connection with the transportation of property, unless the bodily injury or property damage arises out of a condition in or on a vehicle created by the loading or unloading thereof,

(b) the existence of tools, uninstalled equipment or abandoned or unused materials, or

(c) operations for which the classification stated in the policy or in the Company's manual specified "including completed operations";

"**damages**" means only those sums which are payable because of bodily injury or personal injury if applicable) or property damage to which this insurance applies and includes all amounts of any judgment which accrues before entry of that judgment;

"**elevator**" means any hoisting or lowering device to connect floors or landings, whether or not in service, and all appliances thereof including any car, platform, shaft, hoistway, stairway, runway, power equipment and machinery; but does not include an automobile servicing hoist, or a hoist without a platform outside a building if without mechanical power or if not attached to building walls, or a hod or material hoist used in alteration, construction or demolition operations, or an inclined conveyor used exclusively for carrying property or a dumbwaiter used exclusively for carrying property and have a compartment height not exceeding four feet;

"**explosion hazard**" includes property damage arising out of blasting or explosion. The explosion hazard does not include property damage (1) arising out of the explosion of air or steam vessels, piping under pressure, prime movers, machinery or power transmitting equipment, or (2) arising out of operations performed for the Named Insured by independent contractors, or (3) included within the completed operations hazard or the underground property damage hazard, or (4) for which liability is assumed by the Insured under an incidental contract;

## DEFINITIONS

### (Continued)

"Incidental contract" means any written (1) lease of premises, (2) easement agreement, except in connection with construction or demolition operations on or adjacent to a railroad, (3) undertaking to indemnify a municipality required by municipal ordinance, except in connection with work for the municipality, (4) sidetrack agreement, or (5) elevator maintenance agreement;

"Insured" means any person or organization qualifying as an Insured in the "Persons Insured" provision of the applicable insurance coverage. The insurance afforded applies separately to each Insured against whom claim is made or suit is brought, except with respect to the limits of the Company's liability;

"mobile equipment" means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the Named Insured, including the ways immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment;

"Named Insured" means the person or organization named in the declarations of this policy;

"Named Insured's products" means goods or products manufactured, sold, handled or distributed by the Named Insured or by others trading under his name, including any container thereof (other than a vehicle), but "Named Insured's products" shall not include a vending machine or any property other than such container, rented to or located for use of others but not sold;

"Occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the Insured;

"policy territory" means:

(1) the United States of America, its territories or possessions, or Canada, or

(2) international waters or air space, provided the bodily injury or property damag does not occur in the course of travel or transportation to or from any oth country, state or nation, or

(3) anywhere in the world with respect to damages because of bodily injury property damage arising out of a product which was sold for use or consumptic within the territory described in paragraph (1) above, provided the original suit f such damages is brought within such territory;

"pollutants" means any solid, liquid, gaseous or thermal irritant or contaminar including smoke, vapor, soot, fumes, acids, alkalis, chemicals or waste; wast includes materials to be recycled, reconditioned or reclaimed;

"products hazard" includes bodily injury and property damage arising out of th Named Insured's products or reliance upon a representation or warranty made at ar time with respect thereto, but only if the bodily injury or property damage occu away from premises owned by or rented to the Named insured and after physic possession of such products has been relinquished to others;

"property damage" means (1) physical injury to or destruction of tangible proper which occurs during the policy period, including the loss of use thereof at any tin resulting therefrom, or (2) loss of use of tangible property which has not bec physically injured or destroyed provided such loss of use is caused by an occurrenc during the policy period;

"underground property damage hazard" includes underground property damag as defined herein and property damage to any other property at any time resulti therefrom. "Underground property damage" means property damage to wire conduits, pipes, mains, sewers, tanks, tunnels, any similar property, and a apparatus in connection therewith, beneath the surface of the ground or wat caused by and occurring during the use of mechanical equipment for the purpose grading land, paving, excavating, drilling, borrowing, filling, back-filling or pile drivir The underground property damage hazard does not include property damage ( arising out of operations performed for the Named Insured by independent contracto: or (2) included within the completed operations hazard, or (3) for which liability assumed by the Insured under an incidental contract.

AIU 0198

quality of the Named Insured's products or work performed by or on behalf of the Named Insured will be done in a workmanlike manner;

(b) to bodily injury or property damage out .. the ownership, maintenance, operation, use, loading or unloading of (1) any automobile or aircraft owned or operated by or rented or loaned to any Insured, or (2) any other automobile or aircraft operated by any person in the course of his employment by any Insured; but this exclusion does not apply to the parking of an automobile on premises owned by, rented to or controlled by the Named Insured or the ways immediately adjoining, if such automobile is not owned by or rented or loaned to any Insured;

(c) to bodily injury or property damage arising out of (1) ownership, maintenance, operation, use, loading or unloading of any mobile equipment while being used in any prearranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity or (2) the operation or use of any snowmobile or trailer designed for use therewith;

(d) to bodily injury or property damage arising out of and in the course of the transportation of mobile equipment by an automobile owned or operated by or rented or loaned to any Insured;

(e) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any watercraft owned or operated by or rented or loaned to any Insured, or (2) any other watercraft operated by any person in the course of his employment by any Insured; but this exclusion does not apply to watercraft while ashore on premises owned by, rented to or controlled by the Named Insured;

(f) to bodily injury or property damage arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants;

(a) at from premises owned, rented or occupied by the Named Insured;

(b) at or from any site or location used by or for the Named Insured or others for the handling, storage, disposal, processing or treatment of waste;

(c) which are at any time transported, handled, stored, treated, disposed of, or processed as waste by, or for, the Named Insured or any person or organization for whom the Named Insured may be legally responsible; or

(d) at or from any site or location on which the Named Insured, or any contractor or subcontractor working directly or indirectly on behalf of the Named Insured, is performing operations:

(i) if the pollutants are brought on, or to, the site or location in connection with such operations; or

(ii) if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize the pollutants;

(g) to any loss, cost or expense arising out of any governmental direction or request that the Named Insured test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants;

(h) to bodily injury or property damage due to war, whether or not declared, civil war, insurrection, rebellion or revolution or to any act or condition incident to any of the foregoing, with respect to (1) liability assumed by the Insured under an incidental contract, or (2) expenses for first aid under the Supplementary Payments provision;

(i) to bodily injury or property damage for which the Insured or his indemnitee may be held liable if such liability is imposed, (1) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person; (2) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or (i) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or (ii) if not so engaged, as an owner or lessor of premises used for such purposes; but part (1) of this exclusion does not apply with respect to liability of the Insured or his indemnitee as an owner or lessor described in (ii) above;

(j) to any obligation for which the Insured or any carrier as his insurer may be held liable under any workers' compensation, unemployment compensation or disability benefits law, or under any similar law;

(k) to bodily injury to any employee of the Insured arising out of and in the course of his employment by the Insured for which the Insured may be held liable as an employer or in any other capacity; or to any obligation of the Insured to indemnify or contribute with another because of damages arising out of the bodily injury; or to bodily injury sustained by the spouse, brother, parent, brother or sister of an employee of the Insured as a consequence of bodily injury to such employee arising out of and in the course of his employment by the Insured; and this exclusion applies to all claims and suits by any person or organization for damages because of such bodily injury including damages for care and loss of services, but this exclusion does not apply to liability assumed by the Insured under an incidental contract;

(l) to property damage to (1) property owned or occupied by or rented to the Insured, (2) property used by the Insured, or (3) property in the care, custody or control of the Insured or as to which the Insured is for any purpose exercising physical control; but parts (2) and (3) of this exclusion do not apply with respect to liability under a written sidetrack agreement and part (3) of this exclusion does not apply with respect to property damage (other than to elevators) arising out of the use of an elevator at premises owned by, rented to or controlled by the Named Insured;

(m) to property damage to premises alienated by the Named Insured arising out of such premises or any part thereof;

(n) to loss of use of tangible property which has not been physically injured or destroyed resulting from (1) a delay in or lack of performance by or on behalf of the Named Insured of any contract or agreement, or (2) the failure of the Named Insured's products or work performed by or on behalf of the Named Insured to meet the level of performance, quality, fitness or durability warranted or represented by the Named Insured; but this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the Named Insured's products or work performed by or on behalf of the Named Insured after such products or work have been put to use

(o) to property damage to the Named Insured's products arising out of such products or any part thereof;

(p) to property damage to work performed by or on behalf of the Named Insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

(q) to damages claimed for the withdrawal, inspection, repair, replacement, or loss of the use of the Named Insured's products or work completed by or for the Named Insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein;

(r) to property damage included within: (1) the explosion hazard in connection with operations identified in this policy by a classification code number which includes the symbol "x", (2) the collapse hazard in connection with operations identified in this policy by a classification code number which includes the symbol "c", (3) the underground property damage hazard in connection with operations identified in this policy by a classification code number which includes the symbol "u".

## II. PERSONS INSURED

Each of the following is an Insured under this insurance to the extent set forth below:

(a) if the Named Insured is designated in the declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the Named Insured with respect to the conduct of such a business;

(b) if the Named Insured is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c) if the Named Insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;

(d) any person (other than an employee of the Named Insured) or organization while acting as real estate manager for the Named Insured; and

(e) with respect to the operation, for the purpose of locomotion upon a public highway, of mobile equipment registered under any motor vehicle registration law, (i) an employee of the Named Insured while operating any such equipment in the course of his employment, and (ii) any other person while operating with the permission of the Named Insured any such equipment registered in the name of the Named Insured and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization; provided that no person or organization shall be an Insured under this paragraph (e) with respect to: (1) bodily injury to any fellow employee of such person injured in the course of his employment, or (2) property damage to property owned by, rented to, in charge of or occupied by the Named Insured or the employer of any person described in subparagraph (ii).

This insurance does not apply to bodily injury or property damage arising out of the conduct of any partnership or joint venture of which the Insured is a partner or member and which is not designated in this policy as a Named Insured.

## III. LIMITS OF LIABILITY

Regardless of the number of (1) Insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on account of bodily injury or property damage, the Company's liability is limited as follows:

**Coverage A**—The total liability of the Company for all damages, including damages for care and loss of services, because of bodily injury sustained by one or more persons as the result of any one occurrence shall not exceed the limit of bodily injury liability stated in the declarations as applicable to "each occurrence."

Subject to the above provisions respecting "each occurrence", the total liability of the Company for all damages because of (1) all bodily injury included within the completed operations hazard and (2) all bodily injury included within the products hazard shall not exceed the limit of bodily injury liability stated in the declarations as "aggregate".

**Coverage B**—The total liability of the Company for all damages because of all property damage sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of property damage liability stated in the declarations as applicable to "each occurrence."

Subject to the above provisions respecting "each occurrence", the total liability of the Company for all damages because of all property damage to which this coverage applies and described in any of the numbered subparagraphs below shall not exceed the limit of property damage liability stated in the declarations as "aggregate".

(1) all property damage arising out of premises or operations rated on a remuneration basis or contractor's equipment rated on a receipts basis, including property damage for which liability is assumed under any incidental contract relating to such premises or operations, but excluding property damage included in subparagraph (2) below;

(2) all property damage arising out of and occurring in the course of operations performed for the Named Insured by independent contractors and general supervision thereof by the Named Insured, including any such property damage for which liability is assumed under any incidental contract relating to such operations, but this subparagraph (2) does not include property damage arising out of maintenance or repairs at premises owned by or rented to the Named Insured or structural alterations at such premises which do not involve changing the size of or moving buildings or other structures;

(3) all property damage included within the products hazard and all property damage included within the completed operations hazard.

Such aggregate limit shall apply separately to the property damage described in subparagraphs (1), (2) and (3) above, and under subparagraphs (1) and (2), separately with respect to each project away from premises owned by or rented to the Named Insured.

**Coverages A and B**—For the purpose of determining the limit of the Company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

AIU 0199

## CONDITIONS

### 1. Premium

All premiums for this policy shall be computed in accordance with the Company's rules, rates, rating plans, premiums and minimum premiums applicable to the Insurance afforded herein.

Premium designated in this policy as "advance premium" is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the policy period. At the close of each period (or part thereof terminating with the end of the policy period) designated in the declarations as the audit period the earned premium shall be computed for such period and, upon notice thereof to the Named Insured, shall become due and payable. If the total earned premium for the policy period is less than the premium previously paid, the Company shall return to the Named Insured the unearned portion paid by the Named Insured, but the Company shall receive and retain no less than the minimum annual premiums listed in the Coverage Part(s) hereto.

The Named Insured shall maintain records of such information as is necessary for premium computation, and shall send copies of such records to the Company at the end of the policy period and at such times during the policy period as the Company may direct.

### 2. Inspection and Audit

The Company shall be permitted but not obligated to inspect the Named Insured's property and operations at any time. Neither the Company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the Named Insured or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

The Company may examine and audit the Named Insured's books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

### 3. Financial Responsibility Laws

When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law to the extent of the coverage and limits of liability by such law. The Insured agrees to reimburse the Company for any payment made by the Company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.

### 4. Insured's Duties in the Event of Occurrence, Claim or Suit

(a) In the event of an occurrence, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to the Company's authorized representative as soon as practicable.

(b) If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Company's authorized representative every demand, notice, summons or other process received by him or his representative.

(c) The Insured shall cooperate with the Company and, upon the Company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the Insured because of injury or damage with respect to which insurance is afforded under the policy; and the Insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

### 5. Action Against The Company

No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the Company as a party to any action against the Insured to determine the Insured's liability, nor shall the Company be impleaded by the Insured or his legal representative. Bankruptcy or insolvency of the Insured or of the Insured's estate shall not relieve the Company of any of its obligations hereunder.

### 6. Other Insurance

The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the Insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the Company's liability under this policy shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the Company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

(a) **Contribution by Equal Shares.** If all of such other valid and collectible insurance provides for contribution by equal shares, the Company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

(b) **Contribution by Limits.** If any of such other insurance does not provide for contribution by equal shares, the Company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

### 7. Subrogation

In the event of any payment under this policy, the Company shall be subrogated to all the Insured's rights of recovery therefor against any person or organization and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The Insured shall do nothing after loss to prejudice such rights.

### 8. Changes

Notice to, or knowledge possessed by, any representative of the Company or by any other person shall not effect a waiver or a change in any part of this policy or estop the Company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy.

### 9. Assignment

Assignment of interest under this policy shall not bind the Company until its consent is endorsed hereon; if, however, the Named Insured shall die, such insurance as is afforded by this policy shall apply (1) to the Named Insured's legal representative, as the Named Insured, but only while acting within the scope of his duties as such, and (2) with respect to the property of the Named Insured, to the person having proper temporary custody thereof, as Insured, but only until the appointment and qualification of the legal representative.

### 10. Three Year Policy

If this policy is issued for a period of three years any limit of the Company's liability stated in this policy as "aggregate" shall apply separately to each consecutive annual period thereof.

### 11. Cancellation

This policy may be cancelled by the Named Insured by surrender thereof to the Company's authorized representative or by mailing to the Company's authorized representative written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by the Company by mailing to the Named Insured at the address shown in this policy, written notice stating when not less than 10 days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the Named Insured or by the Company shall be equivalent to mailing.

If the Named Insured cancels, return premium shall be computed at 90% of the pro-rata unearned policy premium, or minimum annual premium if applicable, subject, however, to a retention by the Company of any minimum earned premium specified in this policy. If the Company cancels, earned premium shall be computed pro-rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable thereafter, but payment or tender of unearned premium is not a condition of cancellation.

### 12. Declarations

By acceptance of this policy, the Named Insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the Company or any of its representatives relating to this insurance.

## NUCLEAR ENERGY LIABILITY EXCLUSION

This policy does not apply:

a. Under any Liability Coverage, to bodily injury or property damage:

(1) with respect to which an Insured under the policy is also an Insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, or Nuclear Insurance Association of Canada, or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(2) resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the Insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization;

b. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to bodily injury resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization;

c. Under any Liability Coverage, to bodily injury or property damage resulting from the hazardous properties of nuclear material, if:

(1) the nuclear material (a) is at any nuclear facility owned by, or operated by or on behalf of, an Insured, or (b) has been discharged or dispersed therefrom;

(2) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an Insured; or

(3) the bodily injury or property damage arises out of the furnishing by an Insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions, or Canada, this exclusion (3) applies only to property damage to such nuclear facility and any property thereat;

d. As used in this Exclusion:

(1) "Hazardous properties" include radioactive, toxic, or explosive properties;

(2) "Nuclear material" means source material, special nuclear material or byproduct material;

(3) "Source material," "special nuclear material," and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

(4) "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

(5) "Waste" means any waste material (a) containing byproduct material and (b) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (6), (a) or (b) thereof;

(6) "Nuclear facility" means: (a) any nuclear reactor, (b) any equipment or device designed or used for (i) separating the isotopes of uranium or plutonium, (ii) processing or utilizing spent fuel, or (iii) handling, processing, or packaging waste; (c) any equipment or device used for processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235, (d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste, and (e) includes the site on which any of the foregoing is located, all operations conducted on such site, and all premises used for such operations;

(7) "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

(8) "Property damage" includes all forms of radioactive contamination of property.

## SERVICE OF SUIT

It is agreed that in the event of the failure of the Company hereon to pay any amount claimed to be due hereunder, the Company, at the request of the Insured (or Reinsured), will submit to the jurisdiction of any court of competent jurisdiction within the United States of America or Canada and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

It is further agreed that service of process in such suit may be made upon Jere J. Duffett, Executive Vice President of Acceptance Risk Managers, Inc., or his designee, and that in any suit instituted against any one of them upon this contract, the Company will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

The above-named is authorized and directed to accept service of process on behalf of the Company in any such suit and/or upon the request of the Insured (or Reinsured) to give a written undertaking to the Insured (or Reinsured) that it or they will enter a general appearance upon the Company's behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States of America or province of Canada, which makes provision therefor, the Company hereby designates the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Insured (or Reinsured) or any beneficiary hereunder arising out of this contract of insurance (or reinsurance), and the Company hereby designates the above-named as the person to whom the said officer is authorized to mail such process or a true copy thereof.

## AMENDATORY CONDITION — NOTICE
(Only Applicable in Texas)

As respects bodily injury liability coverage and property damage liability coverage, unless the Company is prejudiced by the Insured's failure to comply with the requirement, any provision of this policy requiring the Insured to give notice of action, occurrence or loss, or requiring the Insured to forward demands, notices, summons or other legal process, shall not bar liability under this policy.

**IN WITNESS WHEREOF, the Company has caused this policy to be signed by its President and Secretary, but this policy shall not be valid unless countersigned by a duly authorized representative of the Company.**

AIU 0201

John Robobola [signature]
*Secretary*

[signature]
*President*

*ACCEPTANCE INSURANCE COMPANY*

*NAME INSURED:   CALIFORNIA CEDAR PRODUCTS COMPANY*

*POLICY NUMBER: C 95 CG 0598*

*POLICY PERIOD: 03/01/95 TO 03/01/96*

*ENDORSEMENTS ATTACHED AT INCEPTION*

```
 1 - Named Insured
 2 - Combined Single Limit of Liability
 3 - Liability Deductible
 4 - Amendment to Liquor Liability Exclusion
 5 - Broad Form Liability
 6 - Employee Benefits Liability
 7 - Contractual Liability
 8 - Additional Insured - Vendors
 9 - Additional Insureds
10 - Hostile Fire
11 - Owned Watercraft Liability
12 - Sixty Day Notice of Cancellation
13 - Personal Injury Liability Deletion of Exclusion (c)
14 - Joint Venture
15 - Notice of Occurrence
16 - Punitive Damages Exclusion
17 - Absolute Asbestos Exclusion
18 - Specified Products Exclusion
19 - Advertising Injury Liability
20 - Minimum Retained Premium
```

AIU 0202

| INSURING COMPANY | **Acceptance Insurance Company** | **PERSONAL INJURY** |
|---|---|---|
| | (herein called "the Company") | **LIABILITY INSURANCE** |
| | | **COVERAGE PART** |

**ADDITIONAL DECLARATIONS**          Policy No. ___C 95 CG 0598___

## SCHEDULE

The insurance afforded is only with respect to personal injury arising out of an offense included within such of the following groups of offenses as are indicated by specific premium charge or charges.

|  | GROUPS OF OFFENSES | ADVANCE PREMIUM |
|---|---|---|
| A. | False Arrest, Detention or Imprisonment, or Malicious Prosecution .................. $ | Included |
| B. | Libel, Slander, Defamation or Violation of Right of Privacy ......................... $ | Included |
| C. | Wrongful Entry or Eviction or Other Invasion of Right of Private Occupancy .......... $ | Included |

Insured's Participation ____0____ %  Minimum Premium $ _Included_   **TOTAL ADVANCE PREMIUM ►**   $ __Included__

---

**I. COVERAGE P—PERSONAL INJURY LIABILITY**

The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of injury (herein called "personal injury") sustained by any person or organization and arising out of one or more of the following offenses committed in the conduct of the Named Insured's business:

Group A— false arrest, detention or imprisonment, or malicious prosecution;

Group B—the publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right of privacy; except publications or utterances in the course of or related to advertising, broadcasting or telecasting activities conducted by or on behalf of the Named Insured;

Group C—wrongful entry or eviction, or other invasion of the right of private occupancy;

if such offense is committed during the policy period within the United States of America, its territories or possessions, or Canada, and the Company shall have the right and duty to defend any suit against the Insured seeking damages on account of such personal injury even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

**Exclusions**

This insurance does not apply:

(a)  to liability assumed by the Insured under any contract or agreement;

(b)  to personal injury arising out of the willful violation of a penal statute or ordinance committed by or with the knowledge or consent of any Insured;

(c)  to personal injury sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the Named Insured;

(d)  to personal injury arising out of any publication or utterance described in Group B, if the first injurious publication or utterance of the same or similar material by or on behalf of the Named Insured was made prior to the effective date of this insurance;

(e)  to personal injury arising out of a publication or utterance described in Group B, concerning any organization or business enterprise, or its products or services, made by or at the direction of any Insured with knowledge of the falsity thereof.

**II. PERSONS INSURED**

Each of the following is an Insured under this insurance to the extent set forth below:

(a)  if the Named Insured is designated in the declarations as an individual, the person so designated and his spouse;

(b)  if the Named Insured is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such;

(c)  if the Named Insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.

This insurance does not apply to personal injury arising out of the conduct of any partnership or joint venture of which the Insured is a partner or member and which is not designated in this policy as a Named Insured.

**III. LIMITS OF LIABILITY; INSURED'S PARTICIPATION**

Regardless of the number of (1) Insureds under this policy, (2) persons or organizations who sustain personal injury, or (3) claims made or suits brought on account of personal injury, the total liability of the Company under this coverage for all damages shall not exceed the limit of personal injury liability stated in the declarations as "aggregate".

If a participation percentage is stated in the schedule for the Insured, the Company shall not be liable for a greater proportion of any loss than the difference between such percentage and one hundred percent and the balance of the loss shall be borne by the Insured; provided, the Company may pay the Insured's portion of a loss to effect settlement of the loss, and, upon notification of the action taken, the Named Insured shall promptly reimburse the Company therefor.

**IV. ADDITIONAL DEFINITION**

When used in reference to this insurance:

"**damages**" means only those damages which are payable because of personal injury arising out of an offense to which this insurance applies.

**AIU 0203**

| | |
|---|---|
| **INSURING COMPANY** Acceptance Insurance Company<br>(herein called "the Company") | **DORSEMENT**<br>**REVISED**<br>NO. **1**  TO POLICY NO. **C 94 CG 0370**<br>**EFFECTIVE DATE** **3/1/94** |
| **NAMED INSURED** California Cedar Products Company | **NAMED INSURED** |

It is understood and agreed that the Named Insured is completed as follows:

> Calmills, Inc.
> Calcedar Export, Inc.
> C.P.C. Marketing
> Duraflame, Inc.
> P & M Holdings, Inc.
> P & M Cedar Products, Inc., a wholly owned subsidiary
>     of P & M Holdings, Inc.
> Little St. Simons Island, a division of P & M Cedar
>     Products, Inc.
> M & P Properties, a General Partnership
> Rylock Company, Ltd.
> Charles P. Berolzheimer, Philip C. Berolzheimer and
>     Michael G. Berolzheimer, as individuals
> Firstmark
> Spring Hill Associates, a partnership composed of
>     P & M Cedar Products, Inc. (50%) and Martin
>     Cooper (50%)

and/or any other subsidiary owned or financially controlled company that is now or may hereafter be constituted.

**AIU 0204**

BY: _____
     Authorized Representative

E.  JRSEMENT

| INSURING COMPANY | Acceptance Insurance Company | NO. 1 TO POLICY NO. C 95 CG 0598 |
|---|---|---|
| | (herein called "the Company") | EFFECTIVE DATE 3/1/95 |

| NAMED INSURED | California Cedar Products Company | NAMED INSURED |
|---|---|---|

It is understood and agreed that the Named Insured is completed as follows:

> Calmills, Inc.
> Calcedar Export, Inc.
> C.P.C. Marketing
> Duraflame, Inc.
> P & M Holdings, Inc.
> P & M Cedar Products Company, Inc. A Wholly owned
>     Subsidiary of P & M Holdings, Inc.
> Little St. Simons, Island, A Division of P & M
>     Cedar Products Company, Inc.
> M & P Properties, A General Partnership
> Charles P. Berolzheimer, Philip C. Berolzheimer and
>     Michael G. Berolzheimer, as individuals
> Firstmark
> Spring Hill Associates, A Partnership composed of
>     P & M Cedar Products Company, Inc. (50%) and
>     Martin Cooper (50%)

and/or any other subsidiary owned or financially controlled company is now or may hereafter be constituted.

It is further understood and agreed that this policy specifically excludes Rylock Company, Ltd. as a Named Insured.

AIU 0205

BY: _____
Authorized Representative

E.  ORSEMENT

| | |
|---|---|
| **INSURING COMPANY** Acceptance Insurance Company<br>(herein called "the Company") | NO. _____2_____ TO POLICY NO. _____C 95 CG 059__<br><br>EFFECTIVE DATE _____3/1/95_____ |
| **NAMED INSURED** California Cedar Products Company | **COMBINED SINGLE LIMIT OF LIABILIT** |

**A.** The LIMITS OF LIABILITY on the DECLARATIONS are amended to read as follows:

$2,000,000._____ each occurrence as respects Bodily Injury or Property Damage Liability or both combined.

$2,000,000._____ aggregate.

**B.** It is further understood and agreed that Insuring Agreement III - "LIMITS OF LIABILITY," as contained in any Coverage Part attached to this policy deleted and the following substituted therefor:

**III.   LIMITS OF LIABILITY**

Regardless of the number of (1) Insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims or suits brought on account of bodily injury or property damage, the Company's liability is limited as follows:

The total liability of the Company for all damages, including damages for care and loss of services, because of bodily injury sustained by one or more persons as the result of any one occurrence and the total liability of the Company for all damages because of all property damage sustained by one or more persons or organizations as a result of any one occurrence shall not exceed the limit of liability stated herein as applicable to "each occurrence."

For the purpose of determining the limit of the Company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.

If an aggregate amount is stated in the Schedule then subject to the above provision respecting "each occurrence", the total liability of the Company for all damages because of all bodily injury and property damage which occurs during each annual period while this policy is in force commencing from its effective date and which is described in any of the numbered subparagraphs below shall not exceed the limit of liability stated in the Schedule of this endorsement as "aggregate":

(1)    all property damage arising out of premises operations rated on a remuneration basis or contractor's equipment rated on a receipts basis, including property damage for which liability is assumed under any incidental contract relating to such premises or operations, but excluding property damage included in subparagraph (2) below;

(2)    all property damage arising out of and occurring in the course of operations performed for the Named Insured by independent contractors and general supervision thereof by the Named Insure including any such property damage for which liability is assum under any incidental contract relating to such operations, but t' subparagraph (2) does not include property damage arising out maintenance or repairs at premises owned by or rented to t Named Insured or structural alterations at such premises which not involve changing the size of or moving buildings or otl structures;

(3)    if Products-Completed Operations insurance is afforded, all bod injury and property damage included within the complet operations hazard and all bodily injury and property dama included within the products hazard; and

(4)    if Contractual Liability insurance is afforded, all property dama for which liability is assumed under any contract to which Contractual Liability Insurance applies.

Such aggregate limit shall apply separately:

(i)    to the property damage described in subparagraphs and (2) and separately with respect to each pro away from premises owned by or rented to the Na Insured;

(ii)    to the sum of the damages for all bodily injury property damage described in subparagraph (3); and

(iii)    to the property damage described in subparagraph and separately with respect to each project away f premises owned by or rented to the Named Insured

**AIU 0206**

BY: _____
Authorized Representative

| INSURING COMPANY | Acceptance Insurance Company | NO. __3__ TO POLICY NO. __C 95 CG 059__ |
|---|---|---|
| | (herein called "the Company") | EFFECTIVE DATE __3/1/95__ |

| NAMED INSURED | California Cedar Products Company | **LIABILITY DEDUCTIBLE** |
|---|---|---|

In consideration of the premium charged, it is agreed:

1. From the total amount of the Company's obligation to pay either damages on behalf of the Insured, or any expense incurred under the SUPPLEMENTARY PAYMENTS provision, there shall be subtracted the deductible amounts stated in the schedule below as applicable to such coverages.

2. The deductible amount stated in the schedule applies as follows:

   (a) PER-CLAIM BASIS -- If the deductible is on a "per-claim" basis, the deductible amount applies under Bodily Injury Liability or Property Damage Liability Coverage, respectively, to all payments made (damages expenses) because of bodily injury sustained by each person, or to all property damage sustained by each person or organization, as the result of any one occurrence.

   (b) PER-OCCURRENCE BASIS -- If the deductible is on a "per-occurrence" basis, the deductible amount applies under the Bodily Injury Liability or Property Damage Liability Coverage, respectively, to all payments made (Damages or Expenses) because of all bodily injury or property damage as the result of one occurrence.

3. The terms of the policy, including those with respect to (a) the Company's rights and duties with respect to the defense of suits and (b) the Insured's duties in the event of an occurrence, apply irrespective of the application of the deductible amount.

4. The Company may pay any part or all of the deductible amount to effect settlement of any claim or suit and, upon notification of the action taken, the Named Insured shall promptly reimburse the Company for such part of the deductible amount as has been paid by the Company.

5. In the event that the Insured shall not promptly reimburse the Company for the deductible amount demanded, the any cost incurred by the Company in collection of the deductible amount shall be added to and applied in addition the applicable deductible amount without limitation to such costs. These costs shall include but not be limited collection agency fees, attorney's fees and interest.

## SCHEDULE

| COVERAGE | AMOUNT & BASIS OF DEDUCTIBLE |
|---|---|
| A. Bodily/Personal Injury Liability | $_____ Per Claim<br>$_____ Per Occurrence |
| B. Property Damage | $_____ Per Claim<br>$_____ Per Occurrence |
| C. Bodily/Personal Injury and Property Damage Liability Combined | $_____ Per Claim<br>$ 10,000. Per Occurrence |

NOTE: If the policy provides Personal Injury Liability Coverage, the word "Personal" shall be substituted for the word "Bodi in the foregoing.

BY: _____
Authorized Representative

C-0008 (Rev. 8/94)

C-0007 (6/91)

**AIU 0207**

ENDORSEMENT

| | |
|---|---|
| INSURING COMPANY | Acceptance Insurance Company <br> (herein called "the Company") |

NO. _____4_____ TO POLICY NO. _____C 95 CG 0598_____

EFFECTIVE DATE _____3/1/95_____

NAMED INSURED  California Cedar Products Company

AMENDMENT TO LIQUOR LIABILITY EXCLUSION

It is understood and agreed that Exclusion (i) of the COMMERCIAL GENERAL LIABILITY INSURANCE COVERAGE PART (Form C-0003) does not apply to the Insured's operations on Little St. Simon's Island.

AIU 0208

BY: _____
       Authorized Representative

NL SEMENT

| INSURING COMPANY Acceptance Insurance Company | NO. 5 TO POLICY NO. C 95 CG 0598 |
|---|---|
| (herein called "the Company") | EFFECTIVE DATE 3/1/95 |
| NAMED INSURED California Cedar Products Company | BROAD FORM LIABILITY ENDORSEMENT |

Such insurance as is afforded by the policy for Commercial General Liability is amended to include the following additions and extensions of coverage:

## I. ADDITIONAL INSURED - EMPLOYEES

The "Persons Insured" provision is amended to include any employee of the Named Insured while acting within the scope of his duties as such but the insurance afforded to such employee does not apply:

1.  to bodily injury to (a) another employee of the Named Insured arising out of or in the course of his employment or (b) the Named Insured or, if the Named Insured is a partnership or joint venture, any partner or member thereof;

2.  to property damage to property owned, occupied or used by, rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by (a) another employee of the Named Insured or (b) the Named Insured or, if the Named Insured is a partnership or joint venture, any partner or member thereof;

3.  to injury to which incidental Malpractice Coverage, Section VI. of this endorsement, applies.

## II. BROAD FORM PROPERTY DAMAGE (Including Completed Operations)

It is agreed that the insurance for property damage liability applies, subject to the following additional provisions:

A.  The exclusions relating to property damage to (1) property owned, occupied or used by or rented to the Insured or in the care, custody or control of the Insured or as to which the Insured is for any purpose exercising physical control and (2) work performed by, or on behalf of, the Named Insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith, are replaced by the following exclusions (y) and (z):

    (y)  to property damage

        (1)  to property owned or occupied by or rented or leased to the Insured, or except with respect to the use of elevators, to property held by the Insured for sale or entrusted to the Insured for storage or safekeeping,

AIU 0209

(2) except with respect to liability under a written sidetrack agreement or the use of elevators to

    (a) property while on premises owned by or rented to the Insured for the purpose of having operations performed on such property by or on behalf of the Insured,

    (b) tools or equipment while being used by the Insured in performing his operations,

    (c) property in the custody of the Insured which is to be installed, erected or used in construction by the Insured,

    (d) that particular part of any property, not on premises owned by or rented to the Insured,

        (i) upon which operations are being performed by or on behalf of the Insured at the time of the property damage arising out of such operations, or

        (ii) out of which any property damage arises, or

        (iii) the restoration, repair or replacement of which has been made or is necessary by reason of faulty workmanship thereon by or on behalf of the Insured;

  (z) with respect to the completed operations hazard, to property damage to work performed by, or on behalf of, the Named Insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith.

B. The insurance afforded hereby shall be excess insurance over any valid and collectable property insurance (including any deductible portion thereof) available to the Insured, such as but not limited to Fire and Extended coverage, Builder's Risk Coverage or Installation Risk Coverage, and the "Other Insurance" Condition is amended accordingly.

## III. WATERCRAFT NON-OWNERSHIP (UNDER 33 FEET IN LENGTH)

It is agreed that the policy exclusion relating to the ownership, maintenance, operation, use, loading or unloading of watercraft shall not apply to any watercraft under 33 feet in length provided such watercraft is not owned by the Named Insured and is not being used to carry persons for a charge.

The insurance afforded hereby shall be excess insurance over any other valid and collectible insurance available to the Insured.

## IV. WORLDWIDE PRODUCTS LIABILITY (Claims or Suits Brought Within the USA or Canada)

It is hereby understood and agreed that item (3) of the definition of "policy territory" is amended to read as follows:

"anywhere in the world with respect to damages because of bodily injury or property damage arising out of the Named Insured's product, provided the original suit for such damages is brought within the United States of America, its territories or possessions, or Canada."

---

BROAD FORM LIABILITY ENDORSEMENT

C-0006 (Rev. 12/93)

AIU 0210

## V. AUTOMATIC COVERAGE - NEWLY ACQUIRED ENTITIES (90 DAYS)

The word Insured shall include any entity which is acquired or formed after the effective date of this endorsement by any Named Insured and over which such Named Insured maintains ownership or financial control, provided this insurance does not apply to bodily injury or property damage with respect to which such a new Insured under this policy is also an Insured under any other liability or indemnity policy or would be an Insured under any such policy but for exhaustion of its limits of liability. The insurance afforded hereby shall terminate 90 days from the date any such entity is acquired or formed by such Named Insured unless this policy is endorsed to include such new Insured as a Named Insured effective as of the date of such acquisition.

## VI. INCIDENTAL MALPRACTICE COVERAGE

It is agreed that the definition of "bodily injury" is amended to include Incidental Medical Malpractice Injury.

Incidental Medical Malpractice Injury means injury arising out of the rendering of or failure to render during the policy period, the following services:

(a) medical, surgical, dental, x-ray or nursing service or treatment or the furnishing of food or beverages in connection therewith; or

(b) the furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances.

This coverage does not apply to:

(1) expenses incurred by the Insured for first-aid to others at the time of an accident and the "Supplementary Payments" provision and the "Insured's Duties in the Event of Occurrence, Claim or Suit" condition are amended accordingly;

(2) any insured engaged in the business or occupation of providing any of the services described under (a) and (b) above;

(3) injury caused by any indemnitee if such indemnitee is engaged in the business or occupation of providing any of the services described under (a) and (b) above.

## VII. HOST LIQUOR LIABILITY

The exclusion contained in the policy with respect to the manufacturing, distributing, selling or serving alcoholic beverages does not apply to bodily injury or property damage arising out of serving or giving of alcoholic beverages by or on behalf of the Named Insured provided the Named Insured is not a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or is not an owner or lessor of premises used for such purposes.

## VIII. EXTENDED BODILY INJURY COVERAGE

The definition of occurrence includes any intentional act by or at the direction of the Insured which results in bodily injury, if such injury arises solely from the use of reasonable force for the purpose of protecting persons or property.

---

BROAD FORM LIABILITY ENDORSEMENT

C-0006 (Rev. 12/93)            PAGE 3 of 4 PAGES

AIU 0211

## IX. FIRE LEGAL LIABILITY COVERAGE - REAL PROPERTY

The insurance for property damage liability applies to property damage to structures or portions thereof rented to or occupied by the Named Insured, including fixtures permanently attached thereto, if such property damage arises out of fire subject to the following additional provisions.

(A) With respect to the insurance provided by these provisions, all of the exclusions of the policy, other than the Nuclear Energy Liability Exclusion (Broad Form), are deleted and replaced by the following:

   (1) This insurance does not apply to liability assumed by the Insured under any contract or agreement.

(B) The limit of property damage liability in the declarations of the policy as applicable to "each occurrence" is, as respects this Fire Legal Liability Coverage -- Real Property, amended to read $1,000,000. each occurrence.

(C) The Insurance afforded hereby shall be excess insurance over any valid and collectible property insurance (including any deductible portion thereof) available to the Insured, such as, but not limited to, Fire, Extended Coverage, Builder's Risk Coverage or Installation Risk Coverage, and the "Other Insurance" Condition of the policy is amended accordingly.

---

AIU 0212

| | ENDORSEMENT |
|---|---|
| **INSURING COMPANY** Acceptance Insurance Company<br>(herein called "the Company") | NO. ____6____ TO POLICY NO. ____C 95 CG 0598<br>EFFECTIVE DATE ____3/1/95____ |
| **NAMED INSURED** California Cedar Products Company | EMPLOYEE BENEFITS LIABILITY<br>(Page 1 of 5) |

The Company agrees with the Named Insured, subject to all of the provisions of the policy not expressly modified herein, as follows:

I.  **EMPLOYEE BENEFITS LIABILITY COVERAGE.**

The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of loss sustained by any employee or former employee of the Named Insured, or by the estate, heirs, legal representatives, beneficiaries or assigns of any such employee or former employee, arising out of any act, error or omission occurring in the administration of the Named Insured's employee benefits program; and the Company shall have the right and duty to defend any suit against the Insured seeking such damages, even if any of the allegations of the suit are groundless, false or fraudulent, and the Company may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

EXCLUSIONS

This insurance does not apply:

(A)  to any loss or claim arising out of      **AIU 0213**

(1)  discrimination;

(2)  libel, slander or humiliation; or

(3)  any dishonest, fraudulent, criminal or malicious act;

(B)  to any loss or claim arising out of bodily injury, or injury to the feelings or reputation of any person, including any mental injury, or injury to or destruction of tangible property, including the loss of use thereof;

CM048

BY: _____
Authorized Representative

ENDORSEMENT

| INSURING COMPANY | Acceptance Insurance Company | NO. 6 | TO POLICY NO. C 95 CG 059 |
| | (herein called "the Company") | EFFECTIVE DATE 3/1/95 | |

| NAMED INSURED | California Cedar Products Company | EMPLOYEE BENEFITS LIABILITY (Page 2 of 5) |

    (C)  to any loss or claim arising out of failure of performance of any contract by an insurer or reinsurer;

    (D)  to any loss or claim based upon the Insured's failure to comply with any law concerning workers' compensation, unemployment compensation, social security, or disability benefits;

    (E)  to any loss or claim based upon

        (1)  failure of stock or other investments to perform as represented by the Insured;

        (2)  advice on whether to participate or not participate in any stock subscription plan;

        (3)  the investment or noninvestment of funds;

        (4)  financial failure of any plan or program included in the Named Insured's employee benefits program;

    (F)  to any loss or claim arising out of the Employee Retirement Income Security Act of 1974, including any amendments or revisions thereof and any regulations relating thereto.

II.  **PERSONS INSURED.**

Each of the following is an Insured under this insurance to the extent set forth below:

    (A)  if the Named Insured is designated in the Declarations as an individual, the person so designated but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the Named Insured with respect to the conduct of such a business.

    (B)  if the Named Insured is designated in the Declarations as a partnership or joint venture, the

BY: _____
Authorized Representative

CM048 (pg.2)

C-0007 (6/91)

**AIU 0214**

**ENDORSEMENT**

| INSURING COMPANY | Acceptance Insurance Company | NO. ___6___ TO POLICY NO. ___C 95 CG 059__ |
|---|---|---|
| | *(herein called "the Company")* | EFFECTIVE DATE ___3/1/95___ |

| NAMED INSURED | California Cedar Products Company | EMPLOYEE BENEFITS LIABILITY (Page 3 of 5) |
|---|---|---|

partnership or joint venture so designated and any such partner or member thereof but only with respect to his liability as such;

(C) if the Named Insured is designated in the Declarations as other than an individual, partnership, or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such;

(D) any employee of the Named Insured authorized to act in the administration of the Named Insured's employee benefits program, while acting within the scope of his duties in connection therewith.

This insurance does not apply to loss arising out of the conduct of any partnership or joint venture of which the Insured is a partner or member and which is not designated in the policy as a Named Insured.

III. **LIMITS OF LIABILITY; DEDUCTIBLE.**

The limit of liability stated in the SCHEDULE of this endorsement as applicable to "each claim" is the limit of the Company's liability for all damages included in each claim to which this insurance applies; provided that the term "each claim" includes all claims on account of any loss or losses sustained by any one employee or former employee and the estate, heirs, legal representatives, beneficiaries or assigns of such employee or former employee, as the result of any act, error or omission or combination of acts, errors or omissions.

Subject to the foregoing provision respecting the limit of liability for "each claim", the limit of liability stated in the SCHEDULE as "aggregate" is the total limit of the Company's liability for all damages because of all losses under this insurance.

From the total amount of the Company's obligation to pay either damages on behalf of the Insured, or any expenses incurred, there shall be subtracted the deductible amount stated in the SCHEDULE of this endorsement.

BY: _____

*Authorized Representative*

**AIU 0215**

ENDORSEMENT

| INSURING COMPANY | Acceptance Insurance Company | NO. 6 TO POLICY NO. C 95 CG 059 |
|---|---|---|
| | (herein called "the Company") | EFFECTIVE DATE 3/1/95 |

| NAMED INSURED | California Cedar Products Company | EMPLOYEE BENEFITS LIABILITY (Page 4 of 5) |
|---|---|---|

IV.  **ENDORSEMENT PERIOD; TERRITORY.**

The Insurance applies only to loss for which claim is first made against the Insured within the United States of America, its territories or possessions, or Canada, during the endorsement period, provided that with respect to any such claims arising out of acts, errors or omissions occurring prior to the effective date of this endorsement, the insurance applies only if on the effective date of this endorsement the Insured did not have knowledge of such prior occurrences or any other circumstances that he knew or ought reasonably to have known might result in a claim under this insurance.

If during this endorsement period the Insured becomes aware of any occurrences or circumstances which might result in a claim or claims under this insurance, and notice thereof is given to the Company as soon as practicable, in accordance with condition 4 (A) of the policy, it is agreed that any subsequent claim arising out of such occurrences or circumstances, whether made during or after the expiration of this endorsement period, shall be treated as a claim made during this endorsement period.

V.  **ADDITIONAL DEFINITIONS.**

When used in reference to this insurance

"ADMINISTRATION" means:

(1)  providing interpretations and giving counsel to employees of the Named Insured regarding the Named Insured's employee benefits program;

(2)  handling records in connection with the Named Insured's employee benefits program;

(3)  effecting the enrollment, termination or cancellation of employees under the Named Insured's employee benefits program.

BY: _____
Authorized Representative

C-0007 (6/91)

AIU 0216

ENDORSEMENT

| INSURING COMPANY | Acceptance Insurance Company | NO. 6 TO POLICY NO. C 95 CG 059 |
|---|---|---|
| | *(herein called "the Company")* | EFFECTIVE DATE 3/1/95 |

| NAMED INSURED | California Cedar Products Company | EMPLOYEE BENEFITS LIABILITY (Page 5 of 5) |
|---|---|---|

"EMPLOYEE BENEFITS PROGRAM" means any of the following employee benefit plans and programs maintained for the benefit of the Named Insured's employees or former employees:

(1)  group life insurance, group accident and health insurance, employee pension plans, employee stock subscription plans, profit-sharing plans, workers' compensation, unemployment compensation, social security and disability benefits insurance;

(2)  any employee benefit plan or program described in the schedule of this endorsement;

(3)  any other employee benefit plan or program added to the Named Insured's employee benefits program after the effective date of this endorsement provided that written notice is given to the Company within 10 days after the effective date thereof.

VI.  ADDIITIONAL CONDITIONS.

Notice of claim, suit, act, error or omission.  If any claim is made against the Insured or if the Insured shall learn of any occurrences or circumstances which might result in a claim hereunder, written notice shall be given by or on behalf of the Insured as soon as practicable in accordance with the requirements of Condition 4 (A) of the policy.

SCHEDULE

1.  Limits of Liability

$2,000,000.  each claim

$2,000,000.  aggregate.

2.  Deductible: $10,000.  per claim

3.  Premium: $ included

BY: _____

Authorized Representative

CM048   (pg. 5)

C-0007 (6/91)

AIU 0217

| | | ENDORSEMENT |
|---|---|---|
| **INSURING COMPANY** | Acceptance Insurance Company <br> *(herein called "the Company")* | NO. ____7____ TO POLICY NO. ____C '95 CG 059___ <br><br> EFFECTIVE DATE ____3/1/95____ |
| **NAMED INSURED** | California Cedar Products Company | CONTRACTUAL LIABILITY <br> Page 1 of 2 |

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to COMMERCIAL GENERAL LIABILITY INSURANCE:

Contractual Liability Coverage

(A)   The definition of incidental contract is extended to include any written contract or agreement relating to the conduct of the Named Insured's business, except the liability of the indemnitee resulting from his sole negligence.

(B)   The insurance afforded with respect to liability assumed under an incidental contract is subject to the following additional exclusions:

(1)   To bodily injury or property damage for which the Insured has assumed liability under any incidental contract, if such injury or damage occurred prior to the execution of the incidental contract;

(2)   If the Insured is an architect, engineer or surveyor, to bodily injury or property damage arising out of the rendering of, or the failure to render, professional services by such Insured, including

(a)   the preparation or approval of maps, drawings, opinions, reports, surveys, change orders, designs or specifications,

(b)   supervisory, inspection or engineering services;

(3)   If the indemnitee of the Insured is an architect, engineer or surveyor, to the liability of the indemnitee, his agents or employees, arising out of

(a)   the preparation or approval of or the failure to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications, or

BY: _____
Authorized Representative

CM001   (6/91)

C-0007 (6/91)

**AIU 0218**

ENDORSEMENT

| | |
|---|---|
| **INSURING COMPANY** Acceptance Insurance Company<br>(herein called "the Company") | NO. ___7___ TO POLICY NO. ___C 95 CG 0598___<br><br>EFFECTIVE DATE ___3/1/95___ |
| **NAMED INSURED** California Cedar Products Company | CONTRACTUAL LIABILITY<br>Page 2 of 2 |

       (b)  the giving of or the failure to give directions or instructions by the indemnitee, his agents or employees, provided such giving or failure to give is the primary cause of the bodily injury or property damage;

  (4)  to any obligation for which the Insured may be held liable in an action on a contract by a third party beneficiary for bodily injury or property damage arising out of a project for a public authority; but this exclusion does not apply to an action by the public authority or any other person or organization engaged in the project;

  (5)  to bodily injury or property damage arising out of operations, within 50 feet of any railroad property, affecting any railroad property, railroad bridge or trestle, tracks, road beds, tunnel, underpass or crossing; but this exclusion does not apply to sidetrack agreements.

(C)  The following additional condition applies:

ARBITRATION

The Company shall be entitled to exercise all of the Insured's rights in the choice of arbitrators and in the conduct of any arbitration proceeding.

CM001 (pg. 2)

BY: _____
Authorized Representative

C-0007 (6/91)

AIU 0219

| | | ENDORSEMENT | |
|---|---|---|---|
| INSURING COMPANY | Acceptance Insurance Company<br>(herein called "the Company") | NO. ____8____ TO POLICY NO. ____C 95 CG 0598 | |
| | | EFFECTIVE DATE ____3/1/95____ | |

| NAMED INSURED | California Cedar Products Company | ADDITIONAL INSURED - VENDORS |
|---|---|---|
| | | X   BLANKET      ____SPECIFIED |

It is agreed that the "Persons Insured" provision is amended to
include any persons or organizations designated below (herein
referred to as "vendor"), as an Insured, but only with respect to
the distribution or sale in the regular course of the vendor's
business of the Named Insured's products designated below subject
to the following additional provisions:

1.    The insurance with respect to the vendor does not apply to:

    a.   any express warranty unauthorized by the Named Insured;

    b.   bodily injury or property damage arising out of

       (i)   any physical or chemical change in the form of the
product made intentionally by the vendor,

       (ii) repacking, unless unpacked solely for the purpose of
inspection, demonstration, testing or the substitution of
parts under instruction from the manufacturer and then
repacked in the original container,

       (iii) demonstration, installation, servicing or repair
operations, except such operations performed at the
vendor's premises in connection with the sale of the
product, or

       (iv) products which after distribution or sale by the
Named Insured have been labeled or relabeled or used as
a container, part or ingredient of any other thing or
substance by or for the vendor.

2.    The insurance does not apply to any person or organization, as
Insured, from whom the Named Insured has acquired such
products or any ingredient, part or container, entering into,
accompanying or containing such products.

SCHEDULE

VENDOR(S)                                    PRODUCTS

All          AIU 0220              various

BY: _____
                                   Authorized Representative

CM033   (2/93)

C-0007 (6/91)

**ENDORSEMENT**

| | |
|---|---|
| **INSURING COMPANY** Acceptance Insurance Company <br> (herein called "the Company") | NO. ___9___ TO POLICY NO. ___C 95 CG 059___ <br><br> EFFECTIVE DATE ___3/1/95___ |
| **NAMED INSURED** California Cedar Products Company | ADDITIONAL INSUREDS |

Insuring Agreement II. PERSONS INSURED of the COMMERCIAL GENERAL LIABILITY COVERAGE PART (form #C-0003) is amended by the addition of the following:

> "(f) any customer or client of the Named Insured to whom or to which the Named Insured is obligated by virtue of a written contract, or permit, to provide insurance such as is afforded by the terms of this policy, but only with respect to operations by, or on behalf of, the Named Insured or to facilities of, or used by the Named Insured and then only to the extent of the coverage required by such contract and for the limits of liability specified in such contract, but in no event for insurance not afforded by this policy nor for limits of liability in excess of the applicable limits of liability of this policy."

**AIU 0221**

CM004   (6/91)

BY: _____
Authorized Representative

C-0007 (6/91)

ENDORSEMENT

| | | | | |
|---|---|---|---|---|
| INSURING COMPANY | Acceptance Insurance Company<br>(herein called "the Company") | NO. | 10 | TO POLICY NO. | C 95 CG 059 |

EFFECTIVE DATE _____ 3/1/95 _____

| | |
|---|---|
| NAMED INSURED | California Cedar Products Company |

HOSTILE FIRE

The following is added to exclusion f. of the COMMERCIAL GENERAL LIABILITY INSURANCE COVERAGE PART:

Subparagraph (a) and (d)(i) of this exclusion do not apply to bodily injury or property damage caused by heat, smoke or fumes from a hostile fire. As used in this exclusion, a hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

AIU 0222

BY: _____
Authorized Representative

ENDORSEMENT

| INSURING COMPANY | Acceptance Insurance Company (herein called "the Company") | NO. 11   TO POLICY NO.   C 95 CG 059 |
|---|---|---|
| | | EFFECTIVE DATE   3/1/95 |

| NAMED INSURED | California Cedar Products Company | OWNED WATERCRAFT LIABILITY |
|---|---|---|

It is understood and agreed that exclusion (e) of the COMMERCIAL GENERAL LIABILITY COVERAGE PART (Form C-0003) does not apply to watercraft owned by the Named Insured as follows:

> 1979 Nettler 14' Aluminum Fishing Boat with
> 1979 Manner 15 HP outboard - 2M79L

> 1987 Sylvan 14' Aluminum Fishing Boat with 1987
> Manner 15 HP outboard - 8L687, 9L687, 2L687

> Metal 14' Canoe

> 3 Sea Snapper Hulls

> 3 15 YP Yamaha Outboards

> "Klamath" Ferry boat, but only as respects those
> coverages not afforded under either the P & I Policy
> or the TULIP Policy currently in force.

> It is further warranted that the Insured shall maintain
> the P & I and TULIP policies as described on file with
> the Company.

**AIU 0223**

BY: _____
    Authorized Representative

C-0007 (6/91)

| INSURING COMPANY | Acceptance Insurance Company | NO. 12 | TO POLICY NO. C 95 CG 059 |
|---|---|---|---|
| | (herein called "the Company") | EFFECTIVE DATE 3/1/95 | |

| NAMED INSURED | California Cedar Products Company | SIXTY-DAY NOTICE OF CANCELLATION |
|---|---|---|

The sixth (6th) line of CONDITION 11. is amended to read as follows:

"than 60 days thereafter such cancellation shall be effective. However, if cancelled for non-payment of premium or for non-reimbursement of deductible amounts, then written notice shall be given stating when, not less than 10 days thereafter, such cancellation shall be effective.  The mailing of notice"

AIU 0224

CM006  (6/91)

BY: _____

Authorized Representative

C-0007 (6/91)

| | | ENDORSEMENT |
|---|---|---|

INSURING COMPANY __Acceptance Insurance Company__
(herein called "the Company")

NO. ___13___ TO POLICY NO. ___C 95 CG 059__

EFFECTIVE DATE ___3/1/95___

NAMED INSURED __California Cedar Products Company__

PERSONAL INJURY LIABILITY
DELETION OF EXCLUSION (c)

It is understood and agreed that Exclusion (c) of the Personal Injury Liability Insurance Coverage Part is deleted.

AIU 0225

BY: _____
Authorized Representative

CM021   (6/91)

C-0007 (6/91)

| INSURING COMPANY | Acceptance Insurance Company | ENDORSEMENT |
|---|---|---|

INSURING COMPANY **Acceptance Insurance Company**
(herein called "the Company")

ENDORSEMENT

NO. **14** TO POLICY NO. _____ C 95 CG 059

EFFECTIVE DATE _____ 3/1/95

NAMED INSURED  **California Cedar Products Company**

**JOINT VENTURE**

If the Named Insured under this policy is now or hereafter becomes a partner or member of any partnership or joint venture, the insurance afforded to the Named Insured under this policy also applies to the Named Insured in its capacity as a partner or member of such partnership of joint venture, subject to the following provisions:

1. With respect to such partnership or joint venture, this insurance applies only the Named Insured's liability as a partner or member of such partnership or joint venture for loss arising out of the conduct or operations of such partnership or joint venture; and

2. If other valid and collectible insurance with any other insurer is available to the assured covering a loss also covered by this policy, other than insurance that is in excess of the insurance afforded by this policy, shall be in excess of and shall not contribute with such other insurance. Nothing herein shall be construed to make this policy subject to the terms, conditions and limitations of other insurance.

**AIU 0226**

BY: _____
Authorized Representative

| | ENDORSEMENT |
|---|---|
| **INSURING COMPANY** Acceptance Insurance Company<br>(herein called "the Company") | NO. _____15_____ TO POLICY NO. _____C 95 CG 059<br><br>EFFECTIVE DATE _____3/1/95_____ |
| **NAMED INSURED** _California Cedar Products Company_ | NOTICE OF OCCURRENCE |

The Company shall not deny coverage as the result of an unintentional failure by the Insured to give written notice as respects any occurrence for which the Insured has given written notice to any workers compensation insurer, provided written notice is given under this policy as soon as practicable after the Insured becomes aware that this policy may apply to such occurrence.

AIU 0227

CM011   (6/91)                                    BY: _____
                                                        Authorized Representative

EN  JRSEMENT

| INSURING COMPANY | Acceptance Insurance Company | NO. 16 | TO POLICY NO. C 95 CG 059 |
|---|---|---|---|
| | (herein called "the Company") | EFFECTIVE DATE 3/1/95 | |

| NAMED INSURED | California Cedar Products Company | PUNITIVE DAMAGES EXCLUSION |
|---|---|---|

It is understood and agreed that this policy does not apply to punitive or exemplary damages awarded against the Insured.

AIU 0228

BY: _____

Authorized Representative

| INSURING COMPANY | Acceptance Insurance Company | ENDORSEMENT |
|---|---|---|
| | (herein called "the Company") | NO. ___17___ TO POLICY NO. ___C 95 CG 059___ |
| | | EFFECTIVE DATE ___3/1/95___ |

| NAMED INSURED | California Cedar Products Company | ABSOLUTE ASBESTOS EXCLUSION |
|---|---|---|

This policy does not apply to any liability arising out of the mining, manufacture, handling, use, distribution, sale, existence or removal of asbestos.

The Company shall have no duty to investigate or defend any claim or suit against the Insured arising out of asbestos in any form, nor shall the Company have any duty to pay the expenses incurred by the Insured for such investigation or defense.

AIU 0229

CM003  (6/91)

BY: _____
Authorized Representative

| INSURING COMPANY | Acceptance Insurance Company | EN..JRSEMENT |
|---|---|---|
| | (herein called "the Company") | NO. ___18___ TO POLICY NO. _____ C 95 CG 059: |
| | | EFFECTIVE DATE _____ 3/1/95 |

| NAMED INSURED | California Cedar Products Company | SPECIFIED PRODUCTS EXCLUSION |
|---|---|---|

It is hereby agreed that this policy excludes all claims arising out of or resulting from the manufacturing of pencil slats, including pencil stock and intercompany sales as concerns the products and completed operations hazard.

AIU 0230

BY: _____
                                Authorized Representative

| | |
|---|---|
| **INSURING COMPANY** Acceptance Insurance Company<br>(herein called "the Company") | **E.....RSEMENT**<br>NO. ___19___ TO POLICY NO. ___C 95 CG 059{__<br>EFFECTIVE DATE ___3/1/95___ |
| **NAMED INSURED** California Cedar Products Company | ADVERTISING INJURY LIABILITY<br>(AMENDING PERSONAL INJURY<br>COVERAGE PART) |

In consideration of the premium paid, it is understood and agreed that Coverage P - PERSONAL INJURY LIABILITY, Group B, is amended to include coverage for advertising injury subject to the following definition and additional exclusions:

### Definition

"Advertising injury" means injury arising out of oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; oral or written publication of material that violates a person's right of privacy; misappropriation of advertising ideas or style of doing business; or infringement of copyright, title or slogan.

### Additional Exclusions

This insurance does not apply to advertising injury:

(f)    arising out of:

   (1)    oral or written publication of material, if done by or at the direction of the Insured with knowledge of its falsity;

   (2)    oral or written publication of material whose first publication took place before the beginning of the policy period;

   (3)    willful violation of a penal statute or ordinance committed by or with the consent of the Insured; or

   (4)    liability which the Insured has assumed under a contract or agreement, but this exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement;

   (5)    breach of contract, other than misappropriation of advertising ideas under an implied contract;

   (6)    the failure of goods, products or services to conform with advertised quality or performance;

   (7)    the wrong description of the price of goods, products or services; or        **AIU 0231**

   (8)    an offense committed by an Insured whose business is advertising, broadcasting, publishing or telecasting.

BY: _____
Authorized Representative

CM4024  (3/92)

| | ENDORSEMENT |
|---|---|
| **INSURING COMPANY** <u>Acceptance Insurance Company</u><br>(herein called "the Company") | NO. <u>20</u> TO POLICY NO. <u>C 95 CG 059</u><br><br>EFFECTIVE DATE <u>3/1/95</u> |
| **NAMED INSURED** <u>California Cedar Products Company</u> | MINIMUM RETAINED PREMIUM |

It is agreed that the second paragraph of CONDITION 11 shown on page 3 of the GENERAL LIABILITY POLICY Standard Provisions form C-0001 is amended to read as follows:

"If the Named Insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure; however, in no event shall Acceptance Insurance Company retain less than <u>$81,250.</u> due to such cancellation by the Named Insured. If Acceptance Insurance Company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation."

**AIU 0232**

CM027  (6/91)

BY: _____
Authorized Representative

| | ENDORSEMENT |
|---|---|
| **INSURING COMPANY** Acceptance Insurance Company<br>(herein called "the Company") | NO. ___21___ TO POLICY NO. _____C 95 CG 0598_____<br><br>EFFECTIVE DATE _____3/1/95_____ |
| **NAMED INSURED** California Cedar Products Company | NOTICE OF OCCURRENCE |

In consideration of the premium charged, it is understood and agreed that Endorsement No. 15 is deleted and replaced with the following:

> It is agreed that in the event of an occurrence, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to the Company or any of its authorized agents as soon as practical after and executive officer or risk manager has knowledge of an occurrence.

**AIU 0233**

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

BY: _____
         Authorized Representative

|  | ENDORSEMENT |
|---|---|

| INSURING COMPANY | Acceptance Insurance Company | NO. 22 TO POLICY NO. C 95 CG 0598 |
|---|---|---|
|  | (herein called "the Company") | EFFECTIVE DATE 7/30/95 |

| NAMED INSURED | California Cedar Products Company | ADDITIONAL INSURED |
|---|---|---|

In consideration of the premium charged, it is understood and agreed that the following is included as an additional insured:

> McCloud Community Service District
> 220 West Minnesota Avenue
> McCloud, CA
> Attn: Bruce French

but only as respects the Named Insured's liability arising out of the lumberjack contest held on July 30, 1995.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.          AIU 0234

BY: _____
                    Authorized Representative