1  Mary E. McPherson, Esq., SBN 177194
   mmcpherson@tsmp.com
2  Linda M. Corrie, Esq., SBN 201477
   lcorrie@tsmp.com
3  TRESSLER, SODERSTROM, MALONEY
   & PRIESS, LLP
4  3070 Bristol Street, Suite 450
5  Costa Mesa, California 92626
   Telephone:  (714) 429-2900
6  Facsimile:   (714) 429-2901

7
   Attorneys for Defendant ARROWOOD Indemnity Company, f/k/a
8  Royal Indemnity Company,
   as successor in interest to
9  Royal Insurance Company of America
10 (improperly sued as "Royal Insurance Company of America")

11              UNITED STATES DISTRICT COURT

12        NORTHERN DISTRICT OF CALIFORNIA - San Francisco Division

13 AIU INSURANCE COMPANY, a New          Case No.:  C 07 5491 PJH
   York corporation,
14                                        ANSWER AND AFFIRMATIVE
                                          DEFENSES OF DEFENDANT
15              Plaintiff                 ARROWOOD TO FIRST
                                          AMENDED COMPLAINT AND
16        v.                              COUNTERCLAIM/CROSS-
                                          COMPLAINT
17 ACCEPTANCE INSURANCE
   COMPANY, a Delaware corporation,       DEMAND FOR JURY TRIAL
18 TIG SPECIALTY INSURANCE
   COMPANY, a California corporation,     COMPLAINT FILED:
19 ARROWOOD INDEMNITY                     October 29, 2007
   COMPANY (f/k/a/ ROYAL
20 INDEMNITY) ROYAL INSURANCE
   COMPANY OF AMERICA, a
21 Delaware corporation, AMERICAN
   SAFETY RISK RETENTION GROUP,
22 IND., a Vermont corporation, and
   DOES 1-10, INCLUSIVE,
23
24
                Defendants.
25

1

1    Defendant Arrowood Indemnity Company (f/k/a royal Indemnity Company,

2  as successor-in-interest to Royal Insurance Company of America) ("Arrowood")

3  hereby answers the First Amended Complaint for Declaratory Relief of Plaintiff

4  AIU Insurance Company ("AIU") as follows:

5                              **JURISDICTION**

6    1.    Answering Paragraph 1 of the FAC, Arrowood lacks sufficient

7  information to form a belief as to the truth of the allegations contained in

8  Paragraph 1, and on that basis denies each and every allegation contained therein.

9    2.    Answering Paragraph 2 of the FAC, Arrowood admits only that some

10  of the underlying lawsuits which give rise to this lawsuit were filed in the County

11  of San Mateo, California and denies each and every remaining allegation in

12  Paragraph 2.

13    3.    Answering Paragraph 3 of the FAC, Arrowood admits only that AIU

14  is seeking declaratory relief and that it lacks sufficient information to form a belief

15  as to the truth of the remaining allegations contained in Paragraph 3, and on that

16  basis denies each and every allegation contained therein.

17                                **PARTIES**

18    4.    Answering Paragraph 4 of the FAC, Arrowood lacks sufficient

19  information to form a belief as to the truth of allegations contained in Paragraph 4,

20  and on that basis denies each and every allegation contained therein.

21    5.    Answering Paragraph 5 of the FAC, Arrowood lacks sufficient

22  information to form a belief as to the truth of allegations contained in Paragraph 5,

23  and on that basis denies each and every allegation contained therein.

24  ///

25

**ARROWOOD'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIM/CROSS-FAC**

6. Answering Paragraph 6 of the FAC, Arrowood lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 6, and on that basis denies each and every allegation contained therein.

7. Answering Paragraph 7 of the FAC, Arrowood admits only that it is a Delaware corporation, with its principal place of business in Charlotte, North Carolina and that it is authorized to, and does, business in California. Arrowood further admits that it was at all times herein mentioned, engaged in the business of insurance and admitted to the State of California to transact the business of insurance. Arrowood denies each and every other allegation of Paragraph 7.

8. Answering Paragraph 8 of the FAC, Arrowood lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 8, and on that basis denies each and every allegation contained therein.

9. Answering Paragraph 9 of the FAC, Arrowood lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 9, and on that basis denies each and every allegation contained therein.

10. Answering Paragraph 10 of the FAC, Arrowood lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 10, and on that basis denies each and every allegation contained therein.

## VENUE

11. Answering Paragraph 11 of the FAC, Arrowood lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 11, and on that basis denies each and every allegation contained therein.

## THE INSURANCE POLICIES

12. Answering Paragraph 12 of the FAC, Arrowood state only that on

1  information and belief, AIU issued excess policies to Rylock which were in effect

2  from March 1, 1996 to March 1, 2002.  Arrowood lacks sufficient information to

3  form a belief as to the truth of allegations contained in Paragraph 12, and on that

4  basis denies each and every allegation contained therein.

5        13.    Answering Paragraph 13 of the FAC, Arrowood lacks sufficient

6  information to form a belief as to the truth of allegations contained in Paragraph

7  13, and on that basis denies each and every allegation contained therein.

8        14.    Answering Paragraph 14 of the FAC, Arrowood lacks sufficient

9  information to form a belief as to the truth of allegations contained in Paragraph

10  14, and on that basis denies each and every allegation contained therein.

11        15.    Answering Paragraph 15 of the FAC, Arrowood lacks sufficient

12  information to form a belief as to the truth of allegations contained in Paragraph 15

13  and on that basis denies each and every allegation contained therein.

14        16.    Answering Paragraph 16 of the FAC, Arrowood admits only that it

15  issued the following insurance policies for the periods indicated:  (1) Policy No.

16  PTY 441053 effective for the period March 1, 1996 to March 1, 1997; (2) Policy

17  No. PTS 443208 effective for the period March 1, 1996 to March 1, 1998; (3)

18  Policy No. PTR 457882 effective for the period March 1, 1998 to March 1, 1999;

19  and (4) Policy No. PTR 4578820099 effective for the period March 1, 1999 to

20  March 1, 2000, each which policy speaks for itself.  Arrowood denies each and

21  every remaining allegation in Paragraph 16.

22        17.    Answering Paragraph 17 of the FAC, Arrowood lacks sufficient

23  information to form a belief as to the truth of allegations contained in Paragraph

24  17, and on that basis denies each and every allegation contained therein.

25

**ARROWOOD'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIM/CROSS-FAC**

18.    Answering Paragraph 18 of the FAC, Arrowood lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 18, and on that basis denies each and every allegation contained therein.

19.    Answering Paragraph 19 of the FAC, Arrowood lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 19, and on that basis denies each and every allegation contained therein.

### THE UNDERLYING EVENTS

20.    Answering Paragraph 20 of the FAC, Arrowood admits only that Rylock was engaged in the business of window manufacturing; that Rylock is alleged to have installed windows in home located in California and elsewhere; and that Rylock has been named as defendant and/or cross-defendant in lawsuits in which homeowners alleged that Rylock's windows were defective and that such defects lead to water intrusion resulting in property damage.  Except as expressly admitted herein, Arrowood lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 20, and on that basis denies each and every allegation contained therein.

21.    Answering Paragraph 21 of the FAC, Arrowood admits only that Rylock tendered the defense and indemnity of certain lawsuits in which Rylock was named a defendant and/or cross-defendant to Arrowood.  Except as expressly admitted herein, Arrowood lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 21, and on that basis denies each and every allegation contained therein.

22.    Answering Paragraph 22 of the FAC, Arrowood lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph

ARROWOOD'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM/CROSS-FAC

1    22, and on that basis denies each and every allegation contained therein.

2        23.    Answering Paragraph 23 of the FAC, Arrowood admits only that

3    Rylock referenced the court decision *Armstrong World Industries, Inc. v. Aetna*

4    *Casualty & Surety Co,* (1996) 45 Cal.App.4th 1 in certain correspondence it sent to

5    Arrowood as well as to other insurance companies and denies each and every other

6    allegation contained in Paragraph 23 of the FAC.

7        24.    Answering Paragraph 24 of the FAC, Arrowood admits only that the

8    limits of the Arrowood policies Policy No. PTY 441053 effective for the period

9    March 1, 1996 to March 1, 1997, Policy No. PTS 443208 effective for the period

10   March 1, 1996 to March 1, 1998, Policy No. PTR 457882 effective for the period

11   March 1, 1998 to March 1, 1999, and Policy No. PTR 4578820099 effective for

12   the period March 1, 1999 to March 1, 2000, each which policy speaks for itself,

13   have been exhausted through payment of settlements or judgments made on behalf

14   of Rylock or other insured entities and that upon exhaustion of the Arrowood

15   policies the AIU excess policies are triggered requiring AIU to defend and

16   indemnify Rylock in all outstanding lawsuits and claims.  Rylock further admits it

17   provided AIU with notice of such exhaustion.  Except as expressly admitted

18   herein, Arrowood lacks sufficient information to form a belief as to the truth of

19   allegations contained in Paragraph 24, and on that basis denies each and every

20   allegation contained therein.

21       25.    Answering Paragraph 25 of the FAC, Arrowood admits only that the

22   limits of the Arrowood policies Policy No. PTY 441053 effective for the period

23   March 1, 1996 to March 1, 1997, Policy No. PTS 443208 effective for the period

24   March 1, 1996 to March 1, 1998, Policy No. PTR 457882 effective for the period

25

ARROWOOD'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIM/CROSS-FAC

1    March 1, 1998 to March 1, 1999, and Policy No. PTR 4578820099 effective for

2    the period March 1, 1999 to March 1, 2000, each which policy speaks for itself,

3    have been exhausted through payment of settlements or judgments made on behalf

4    of Rylock. Arrowood denies that its policies have not been properly exhausted and

5    denies that the Arrowood policies may be "refreshed" by any amounts that may be

6    owed to Rylock by any other insurer upon exhaustion of the Arrowood policies the

7    AIU excess policies are triggered requiring AIU to defend and indemnify Rylock

8    in all outstanding lawsuits and claims.    Arrowood also asserts that except as

9    expressly admitted herein, Arrowood lacks sufficient information to form a belief

10   as to the truth of allegations contained in Paragraph 25, and on that basis denies

11   each and every allegation contained therein.

12                          **FIRST CLAIM FOR RELIEF**

13              **(For Declaratory Relief Against American Safety)**

14        26.    Answering Paragraph 26 of the FAC, Arrowood repeats and

15   incorporates by reference its answers to Paragraphs 1-25 above as if they were set

16   forth herein.

17        27.    Answering Paragraph 27 of the FAC, Arrowood lacks sufficient

18   information to form a belief as to the truth of allegations contained in Paragraph

19   27, as they are directed only to American Safety and not to Arrowood and on that

20   basis denies each and every allegation contained therein.

21        28.    Answering Paragraph 28 of the FAC, Arrowood has no obligation to

22   either admit or deny such allegations contained therein as they are directed only to

23   American Safety and not to Arrowood and on that basis denies each and every

24   allegation contained therein.

25

ARROWOOD'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIM/CROSS-FAC

29.    Answering Paragraph 29 of the FAC, Arrowood lacks sufficient information to form a belief as to the truth of allegations contained in Paragraph 29, as they are directed only to American Safety and not to Arrowood and on that basis denies each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

## (For Declaratory Relief Against Acceptance, TIG, Arrowood, American Safety and DOES 1-10)

30.    Answering Paragraph 30 of the FAC, Arrowood repeats and incorporates by reference its answers to Paragraphs 1-29, above as if set forth fully herein.

31.    Answering Paragraph 31 of the FAC, Arrowood admits only that there is a dispute or controversy between the parties regarding AIU's coverage obligations to Rylock and whether the Arrowood policies have been exhausted. Arrowood denies each and every remaining allegation contained in Paragraph 31.

32.    Answering Paragraph 32 of the FAC, Arrowood admits only that there is a dispute or controversy between the parties regarding AIU's coverage obligations to Rylock and whether the Arrowood policies have been exhausted. Arrowood denies each and every remaining allegation contained in Paragraph 32.

33.    Answering Paragraph 33 of the FAC, Arrowood admits only that there is a dispute or controversy between the parties regarding AIU's coverage obligations to Rylock and whether the Arrowood policies have been exhausted. Arrowood denies that the AIU excess policies will not be triggered upon exhaustion of the Arrowood policies.  Arrowood contends that AIU to defend and indemnify Rylock in all outstanding lawsuits and claims filed against Rylock upon

1  exhaustion of the Arrowood policies.   Arrowood denies that the AIU excess

2  policies will not be triggered upon exhaustion of the Arrowood policies.

3  Arrowood contends that AIU to defend and indemnify Rylock in all outstanding

4  lawsuits and claims filed against Rylock upon exhaustion of the Arrowood

5  policies.   Arrowood denies each and every remaining allegation contained in

6  Paragraph 33.

7      34.    Answering Paragraph 34 of the FAC, Arrowood lacks sufficient

8  information to form belief as to the truth of allegations contained in Paragraph 34,

9  and on that basis denies each and every allegation contained therein.

10     35.    Answering Paragraph 35 of the FAC, Arrowood admits only that there

11  is a dispute or controversy between the parties regarding AIU's coverage

12  obligations to Rylock and whether the Arrowood policies have been exhausted.

13  Arrowood denies each and every remaining allegation contained in Paragraph 35.

14                      **THIRD CLAIM FOR RELIEF**

15              **(for Declaratory Relief Against Royal and DOES 1-10)**

16     36.    Answering Paragraph 36 of the FAC, Arrrowood repeat and

17  incorporates by reference its answers to paragraphs 1-35 above as it set forth fully

18  herein.

19     37.    Answering Paragraph 37 of the FAC, Arrowood admits only that the

20  limits of the Arrowood policies Policy No. PTY 441053 effective for the period

21  March 1, 1996 to March 1, 1997, Policy No. PTS 443208 effective for the period

22  March 1, 1996 to March 1, 1998, Policy No. PTR 457882 effective for the period

23  March 1, 1998 to March 1, 1999, and Policy No. PTR 4578820099 effective for

24  the period March 1, 1999 to March 1, 2000, each which policy speaks for itself,

25

1    and each of which has been properly exhausted through payment of settlements or

2    judgments made on behalf of Rylock and that upon exhaustion of the Arrowood

3    policies the AIU excess policies are triggered requiring AIU to defend and

4    indemnify Rylock in all outstanding lawsuits and claims. Rylock further admits it

5    provided AIU with notice of such exhaustion. Except as expressly admitted

6    herein, Arrowood lacks sufficient information to form a belief as to the truth of

7    allegations contained in Paragraph 37, and on that basis denies each and every

8    allegation contained therein.

9          38.    Answering Paragraph 38 of the FAC, Arrowood admits only that the

10   limits of the Arrowood policies Policy No. PTY 441053 effective for the period

11   March 1, 1996 to March 1, 1997, Policy No. PTS 443208 effective for the period

12   March 1, 1996 to March 1, 1998, Policy No. PTR 457882 effective for the period

13   March 1, 1998 to March 1, 1999, and Policy No. PTR 4578820099 effective for

14   the period March 1, 1999 to March 1, 2000, each which policy speaks for itself,

15   and each of which has been properly exhausted through payment of settlements or

16   judgments made on behalf of Rylock and that upon exhaustion of the Arrowood

17   policies the AIU excess policies are triggered requiring AIU to defend and

18   indemnify Rylock in all outstanding lawsuits and claims. Rylock further admits it

19   provided AIU with notice of such exhaustion. Except as expressly admitted

20   herein, Arrowood lacks sufficient information to form a belief as to the truth of

21   allegations contained in Paragraph 38, and on that basis denies each and every

22   allegation contained therein.

23         39.    Answering Paragraph 39 of the FAC, Arrowood admits only that the

24   limits of the Arrowood policies Policy No. PTY 441053 effective for the period

25

ARROWOOD'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIM/CROSS-FAC

1  March 1, 1996 to March 1, 1997, Policy No. PTS 443208 effective for the period

2  March 1, 1996 to March 1, 1998, Policy No. PTR 457882 effective for the period

3  March 1, 1998 to March 1, 1999, and Policy No. PTR 4578820099 effective for

4  the period March 1, 1999 to March 1, 2000, each which policy speaks for itself,

5  and each of which has been properly exhausted through payment of settlements or

6  judgments made on behalf of Rylock and that upon exhaustion of the Arrowood

7  policies the AIU excess policies are triggered requiring AIU to defend and

8  indemnify Rylock in all outstanding lawsuits and claims.  Rylock further admits it

9  provided AIU with notice of such exhaustion.   Except as expressly admitted

10  herein, Arrowood lacks sufficient information to form a belief as to the truth of

11  allegations contained in Paragraph 39, and on that basis denies each and every

12  allegation contained therein.

13      40.      Answering Paragraph 40 of the FAC, Arrowood admits only that there

14  is a dispute or controversy between the parties regarding AIU's coverage

15  obligations to Rylock and whether the Arrowood policies have been exhausted.

16  Arrowood denies that the AIU excess policies will not be triggered upon

17  exhaustion of the Arrowood policies.  Arrowood contends that AIU has a duty to

18  defend and indemnity Rylock and all outstanding lawsuits and claims filed against

19  Rylock and/or additional insureds qualifying for coverage due to the exhaustion of

20  the Arrowood policies.   Except as expressly admitted herein, Arrowood lacks

21  sufficient information to form a belief as to the truth of allegations contained in

22  Paragraph 40, and on that basis denies each and every allegation contained herein.

23  //

24  //

25

ARROWOOD'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIM/CROSS-FAC

1

## FOURTH CLAIM FOR RELIEF

2

## (For Equitable Indemnity and Contribution Against Acceptance, TIG, Royal,

3

## American Safety Risk, American Safety Indemnity, and DOES 1-10)

4        41.    Answering paragraph 41 of the FAC, Arrowood repeats and

5  incorporates by reference its answers to paragraphs 1-40 above as it set forth fully

6  herein.

7        42.    Answering Paragraph 42 of the FAC, Arrowood admits only that there

8  is a dispute or controversy between the parties regarding AIU's coverage

9  obligations to Rylock and whether the Arrowood policies have been exhausted.

10  Arrowood denies each and every remaining allegation contained in Paragraph 42.

11        43.    Answering Paragraph 43 of the FAC, Arrowood admits only that there

12  is a dispute or controversy between the parties regarding AIU's coverage

13  obligations to Rylock and whether the Arrowood policies have been exhausted.

14  Arrowood denies each and every remaining allegation contained in Paragraph 43.

15

## FIFTH CLAIM FOR LEAVE

16

## (For Equitable Subrogation Against Acceptance, TIG, Royal, American

17

## Safety Risk, American Safety Indemnity and DOES 1-10)

18        44.    Answering Paragraph 44 of the FAC, Arrowood repeats and

19  incorporates by reference its answers to Paragraphs 1-43 above as it set forth fully

20  herein.

21        45.    Answering Paragraph 45 of the FAC, Arrowood admits only that there

22  is a dispute or controversy between the parties regarding the parties coverage

23  obligations to Rylock and denies each and every remaining allegation contained on

24  Paragraph 45.

25

ARROWOOD'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIM/CROSS-FAC

1

## SIXTH CLAIM FOR RELIEF

2

### (For Waiver and Estoppel Against Royal and DOES 1-10)

3        46.    Answering Paragraph 46 of the FAC, Arrowood repeats and

4 incorporates by reference its answers to Paragraphs 1-45 above as it set forth fully

5 herein.

6        47.    Answering Paragraph 47 of the FAC, Arrowood admits only that there

7 is a dispute or controversy between the parties regarding AIU's coverage

8 obligations to Rylock and whether the Arrowood policies have been exhausted.

9 Arrowood denies each and every remaining allegation contained on Paragraph 32.

10       48.    Answering Paragraph 48 of the FAC, Arrowood admits only that there

11 is a dispute or controversy between the parties regarding AIU's coverage

12 obligations to Rylock and whether the Arrowood policies have been exhausted.

13 Arrowood denies each and every remaining allegation contained on Paragraph 48.

14       49.    Answering Paragraph 49 of the FAC, Arrowood admits only that there

15 is a dispute or controversy between the parties regarding AIU's coverage

16 obligations to Rylock and whether the Arrowood policies have been exhausted.

17 Arrowood denies each and every remaining allegation contained on Paragraph 49.

18

## PRAYER

19      Arrowood denies that AIU is entitled to the relief sought by its FAC.

20

## AFFIRMATIVE DEFENSES

21      By way of further answer, and by way of affirmative defenses, Arrowood

22 alleges as follows:

23

### FIRST AFFIRMATIVE DEFENSE

24       1.    AIU's claims against Arrowood are barred, in whole or in part, to the

25

1    extent that AIU fails to state a claim against Arrowood upon which relief may be

2    granted.

3                        **SECOND AFFIRMATIVE DEFENSE**

4    2.      AIU's claims against Arrowood are barred, in whole or in part, to the

5    extent that AIU fails to state facts sufficient to constitute a cause of action against

6    Arrowood.

7                        **THIRD AFFIRMATIVE DEFENSE**

8    3.      AIU's claims against Arrowood against Arrowood are barred because

9    the limits of the Arrowood policies Policy No. PTY 441053 effective for the period

10   March 1, 1996 to March 1, 1997, Policy No. PTS 443208 effective for the period

11   March 1, 1996 to March 1, 1998, Policy No. PTR 457882 effective for the period

12   March 1, 1998 to March 1, 1999, and Policy No. PTR 4578820099 effective for

13   the period March 1, 1999 to March 1, 2000, each which policy speaks for itself,

14   and each of which has been properly exhausted through payment of settlements or

15   judgments Arrowood has made on behalf of Rylock and/or additional insurers

16   under the Arrowood policies.

17                        **FOURTH AFFIRMATIVE DEFENSE**

18   4.      AIU's claims against Arrowood are barred because Arrowood has

19   no obligation to obtain contribution from any other insurance company, person or

20   entity relative to the defense and indemnification of Rylock and/or additional

21   insured under the Arrowood Policies for amounts incurred prior to exhaustion of

22   the Arrowood policies.

23                        **FIFTH AFFIRMATIVE DEFENSE**

24   5.      AIU's claims against Arrowood are barred because, once the

25

ARROWOOD'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIM/CROSS-FAC

1  Arrowood policies have been exhausted through payment of settlements or

2  judgments, Arrowood has no further obligations to defend or indemnify Rylock

3  or any additional insured under the Arrowood policies.

4  **SIXTH AFFIRMATIVE DEFENSE**

5  6.     AIU's claims against Arrowood are barred, in whole or in part,

6  pursuant    to    the    terms,    provisions,    definitions,    conditions,    exclusions,

7  endorsements, and limitations set forth in Arrowood Policies.

8  **SEVENTH AFFIRMATIVE DEFENSE**

9  7.     AIU's claims against Arrowood are barred because once the

10  Arrowood policies have been exhausted through payment of settlements or

11  judgment, they may not be retroactively "refreshed" by any amounts that may be

12  owed to Rylock by any other insurer.

13  **EIGHTH AFFIRMATIVE DEFENSE**

14  8.     AIU's claims against Arrowood are barred, in whole or in part, to the

15  extent the applicable statutes of limitations have expired.

16  **NINTH AFFIRMATIVE DEFENSE**

17  9.     AIU's claims against Arrowood are barred, in whole or in part, to the

18  extent the doctrine of laches applies.

19  **TENTH AFFIRMATIVE DEFENSE**

20  10.     AIU's claims against Arrowood are barred, in whole or in part, to the

21  extent the doctrine of waiver applies.

22  **ELEVENTH  AFFIRMATIVE DEFENSE**

23  11.     AIU's claims against Arrowood are barred, in whole or in part, to the

24  extent the doctrine of estoppel applies.

25

1

## TWELFTH AFFIRMATIVE DEFENSE

2       12.    AIU's claims against Arrowood are barred, in whole or in part, to the

3    extent AIU failed to exercise reasonable diligence to mitigate its damages.

4

## THIRTEENTH AFFIRMATIVE DEFENSE

5       13.    AIU has suffered no damages.

6

## FOURTEENTH AFFIRMATIVE DEFENSE

7       14.    AIU's claims against Arrowood are barred, in whole or in part, to the

8    extent the doctrine of unclean hands applies.

9

## FIFTEENTH AFFIRMATIVE DEFENSE

10      15.    AIU's claims against Arrowood are barred, in whole or in part, to the

11   extent any duty or performance of Arrowood has been excused by reason of failure

12   of consideration, breach, prevention of performance, frustration of purpose, and/or

13   acceptance.

14

## SIXTEENTH AFFIRMATIVE DEFENSE

15      16.    AIU's claims against Arrowood are barred, in whole or in part, to the

16   extent any duty or obligation that Arrowood may have had under contract or by

17   operation of law has been performed, discharged, excused, or rendered impossible

18   or impractical to perform by AIU and/or other persons or entities.

19

## SEVENTEENTH AFFIRMATIVE DEFENSE

20      17.    AIU's claims against Arrowood are barred, in whole or in part, to

21   the extent AIU seeks reimbursement under the Arrowood Policies for obligations

22   assumed, or monies voluntarily paid, by AIU.

23

## EIGHTEENTH AFFIRMATIVE DEFENSE

24      18.    Arrowood reserves its right to assert further and additional affirmative

25

1  defenses and policy defenses based upon information that may be provided in

2  discovery or other investigation in the course of this litigation.

3         WHEREFORE, having fully answered AIU's FAC, and having asserted its

4  affirmative defenses thereto, Arrowood respectfully prays for judgment against

5  AIU as follows:

6         1.     That AIU take nothing against Arrowood by reason of the FAC on file

7  herein;

8         2.     That this Court adjudge, determine and decree that AIU is not entitled

9  to the relief sought in its FAC;

10        3.     That AIU is not entitled to cost of suit, reasonable attorneys' fees or

11 any other relief as to its FAC;

12        4.     That this Court adjudge, determine and decree that Arrowood is

13 entitled to its costs and disbursements incurred in this action including, but not

14 limited to, reasonable attorneys' fees; and

15        5.     For such other and further relief as the Court deems just and proper.

16 Dated:  July 10, 2007

17                   TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP

18

19              By:   _____

20                    Mary E. McPherson
                      Linda M. Corrie
21                    Attorneys for Defendant
                      Arrowood Indemnity Company (f/k/a Royal Indemnity
22                    Company as successor in interest to Royal Insurance
                      Company of America)
23

24

25

**ARROWOOD'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM/CROSS-FAC**

## COUNTERCLAIM AND CROSS-CLAIM

In accordance with Federal Rule of Civil Procedure 13, defendant, counterclaimant, and cross-claimant Arrowood Indemnity Company (f/k/a Royal Indemnity Company as successor-in-interest to Royal Insurance Company of America) ("Arrowood") alleges claims against plaintiff and counter-defendant AIU Insurance Company ("AIU") and, in the alternative, against defendants and cross-defendants Acceptance Insurance Company ("Acceptance"), TIG Specialty Insurance Company ("TIG"), American Safety Risk Retention Group, Inc. ("American Safety Risk"), and American Safety Indemnity Company ("American Safety Indemnity") as follows:

## JURISDICTION

1.    Arrowood's counterclaim against AIU and, in the alternative, Arrowood's crossclaim against Acceptance, TIG, American Safety Risk, and American Safety Indemnity arises under Federal Rule of Civil Procedure 13(a) and 13(g), and this Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

## VENUE

2.    Venue is proper because this is a compulsory counterclaim under Federal Rule of Civil Procedure 13(a), and Arrowood is informed and believes that this is the proper venue under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Arrowood is further informed and believes that AIU, Acceptance, TIG, American Safety Risk, and American Safety Indemnity will admit to the jurisdiction of this

ARROWOOD'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIM/CROSS-FAC

1  court.

2                          **THE PARTIES**

3      3.      Arrowood is a Delaware corporation, with its principal place of

4  business in Charlotte, North Carolina.  Arrowood is authorized to do, and is doing,

5  business in California.

6      4.      Arrowood is informed and believes, and on that basis alleges, that

7  AIU is a New York Corporation, with its principal place of business in New York,

8  New York.  AIU is authorized to do, and is doing, business in California.

9      5.      Arrowood is informed and believes, and on that basis alleges, that

10  Acceptance is a Delaware corporation, with its principal place of business in

11  Omaha, Nebraska.  Acceptance is authorized to do, and is doing, business in

12  California.  Acceptance is, and was at all times herein mentioned, engaged in the

13  business of insurance and is admitted in the State of California to transact the

14  business of insurance.

15      6.      Arrowood is informed and believes, and on that basis alleges, that

16  TIG is a California corporation, with its principal place of business in Irving,

17  Texas.  TIG is authorized to do, and is doing, business in California.  TIG is, and

18  was at all times herein mentioned, engaged in the business of insurance and is

19  admitted in the State of California to transact the business of insurance.

20      7.      Arrowood is informed and believes, and based thereon alleges, that

21  American Safety Indemnity is a Vermont corporation, with its principal place of

22  business in Atlanta, Georgia.  American Safety Indemnity is authorized to do, and

23  is doing business in California.  American Safety Indemnity is, and was at all times

24  herein mentioned, engaged in the business of insurance and is admitted in the State

25

1    of California to transact the business of insurance.

2         Arrowood denies that the AIU excess policies will not be triggered upon

3    exhaustion of the Arrowood policies. Arrowood contends that AIU to defend and

4    indemnify Rylock in all outstanding lawsuits and claims filed against Rylock upon

5    exhaustion of the Arrowood Policies.

6                      **THE INSURANCE POLICIES**

7         9.    Arrowood issued the following primary commercial general liability

8    insurance policies to Rylock Company, Ltd. ("Rylock") for the periods indicated:

9    (1) policy no. PTY441053 effective March 1, 1996 to March 1, 1997; (2) policy

10   no. PTS443208 effective March 1, 1997 to March 1, 1998; (3) policy no.

11   PTR457882 effective March 1, 1998 to March 1, 1999 and (4) policy no. PTR-

12   457882009 effective March 1, 1999 to March 1, 2000 (collectively, the "Arrowood

13   Policies.")  A true and correct copy of the Arrowood Policies are attached hereto as

14   Exhibits A, B, C, and D and are incorporated by reference herein as though set

15   forth in full.

16        10.   Arrowood is informed and believes, and on that basis alleges, that

17   AIU issued the following excess liability policies to Rylock for the periods

18   indicated: (1) policy no. BE 309-29-74 effective March 1, 1996 to March 1, 1998;

19   and (2) BE 357-20-18 effective March 1, 1998 to March 1, 2002 (collectively the

20   "AIU Policies").  The AIU Policies are attached hereto as Exhibits E and F and are

21   incorporated by reference herein as though set forth in full.

22        11.   Arrowood is informed and believes, and on that basis alleges, that

23   Acceptance issued the following primary commercial general liability insurance

24   policies to Rylock for the periods indicated: (1) policy no. C2CG0053 effective

25

**ARROWOOD'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM/CROSS-FAC**

1    March 1, 1992 to March 1, 1993; (2) policy no. C93G0194 effective March 1,

2    1993 to March 1, 1994; (3) policy no. C94G0370 effective March 1, 1994 to

3    March 1, 1995; and (4) policy no. C95CG60598 effective March 1, 1995 to March

4    1, 1996 (collectively the "Acceptance Policies"). The Acceptance Policies are

5    attached hereto as Exhibits G, H, I and J and are incorporated by reference herein

6    as though set forth in full.

7          12.    Arrowood is informed and believes, and on that basis alleges, that

8    TIG issued primary general liability policy no. 3135280 effective March 1, 1995 to

9    March 1, 1996 to Rylock ("TIG Policy"). The TIG Policy is attached hereto as

10    Exhibit K and is incorporated by reference herein as though set forth in full.

11          13.    Arrowood is informed and believes, and on that basis alleges, that

12    American Safety Risk issued primary general liability policy no. XGI 00-1462-001

13    effective March 1, 2000 to March 1, 2001 to Rylock ("American Safety Risk

14    Policy"). The American Safety Risk Policy is attached hereto as Exhibit L and is

15    incorporated by reference herein as though set forth in full.

16          14.    Arrowood is informed and believes, and on that basis alleges, that

17    American Safety Indemnity issued general liability policy no. XGI 01-1462-002

18    effective March 1, 2001 to March 1, 2002 to Rylock ("American Safety Indemnity

19    Policy") The American Safety Indemnity Policy is attached hereto as Exhibit M

20    and is incorporated by reference herein as though set forth in full.

21                            **THE UNDERLYING EVENTS**

22          15.    Arrowood is informed and believes, and on that basis alleges, that

23    Rylock was engaged in the business of window manufacturing. Arrowood is

24    informed and believes that Rylock windows were installed in numerous homes in

25

ARROWOOD'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIM/CROSS-FAC

1    California and elsewhere.

2         16.    Arrowood is informed and believes that Rylock has been named as

3    defendant and/or cross-defendant in hundreds of lawsuits and/or has had claims

4    made against it ("Rylock Actions") in which homeowners have alleged that

5    Rylock's windows were defective and that such defects lead to water intrusion

6    resulting in property damage during the effective periods of the policies issued by

7    Arrowood, AIU, Acceptance, TIG, American Safety Risk, and American Safety

8    Indemnity.

9         17.    Arrowood is informed and believes that entities qualifying as

10   additional insureds under the Arrowood Policies ("Additional Insureds") have been

11   named as defendants and/or cross-defendants in hundreds of lawsuits and/or has

12   had claims made against it in the Rylock Actions.

13        18.    Arrowood defended and indemnified Rylock and/or Additional

14   Insureds under the Arrowood Policies in the Rylock Actions.

15        19.    On November 12, 2007, the Arrowood Policies were exhausted

16   through payment of settlement or judgments made on behalf of Rylock and/or

17   Additional Insureds in the Rylock Actions.

18        20.    In late January of 2008 Arrowood confirmed exhaustion of all four

19   Arrowood Policies.  On February 4, 2008, Arrowood advised AIU that the

20   Arrowood Policies had been exhausted as of November 12, 2007, that Arrowood

21   had no further obligation to defend or indemnify Rylock under the Arrowood

22   Policies for any claims, suits or actions against Rylock, that Arrowood is not

23   responsible for any defense or indemnity amounts incurred, but not paid, on or

24   after November 12, 2007, and that AIU which issued the excess policies directly

25

1    above the exhausted Arrowood Policies, is responsible to immediately assume the

2    defense and indemnification of Rylock on all outstanding claims, action or suits

3    against Rylock.

4        21.    A copy of Arrowood's Loss Run Report which evidenced actual

5    exhaustion of all Arrowood Policies by payments of settlement or judgment was

6    provided to AIU, Acceptance, TIG, American Safety Risk, and American Safety

7    Indemnity.

8        22.    A copy of Arrowood's Claim List, which included claims under

9    which Arrowood made payments of settlement or judgment on behalf of Rylock

10   and/or Additional Insureds was provided to AIU, Acceptance, TIG, American

11   Safety Risk, and American Safety Indemnity.

12       23.    A copy of Arrowood's list of claims located at Data Chamber Record

13   Management and a copy of a list of claims located at NovaPro Risk Solutions was

14   provided to AIU, Acceptance, TIG, American Safety Risk, and American Safety

15   Indemnity.

16       24.    Arrowood has no present obligation to defend or indemnify Rylock

17   and/or any Additional Insured in the outstanding Rylock Actions because the

18   Arrowood Policies have been exhausted since November 12, 2007.

19       25.    Arrowood asserts that AIU, which issued the excess policies directly

20   above the exhausted Arrowood Policies, is responsible to immediately assume the

21   defense and indemnification of Rylock and any Additional Insured on all

22   outstanding claims, actions, or suits against Rylock.

23       26.    Arrowood asserts that it is entitled to an amount in excess of $400,000

24   in reimbursement from AIU for all amounts Arrowood paid in defense or

25

**ARROWOOD'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM/CROSS-FAC**

1 indemnity on behalf of Rylock and/or any Additional Insured in the Rylock

2 Actions under the Arrowood Policies which were incurred on or after November

3 12, 2007.

4       27.    Alternatively, Arrowood asserts that it is entitled to an amount in

5 excess of $400,000 in reimbursement from Acceptance, TIG, American Safety

6 Risk and/or American Safety Indemnity for all amounts Arrowood paid in defense

7 or indemnity on behalf of Rylock and/or any Additional Insured in the Rylock

8 Actions under the Arrowood Policies which were incurred on or after November

9 12, 2007.

10                    **FIRST CLAIM FOR RELIEF**

11              **(For Declaratory Relief Against AIU**

12     **with Respect to the Exhaustion of the Arrowood Policies)**

13       28.    Arrowood repeats each and every allegation contained in paragraphs 1

14 through 27 of this Counterclaim/Cross-Claim and incorporates them as though

15 fully set forth herein.

16       29.    Arrowood has no obligation to defend or indemnify Rylock, and/or

17 any Additional Insured in the outstanding Rylock Actions because the Arrowood

18 Policies have been exhausted since November 12, 2007.

19       30.    An actual controversy has now arisen and exists between Arrowood

20 on the one hand, and AIU on the other hand, concerning Arrowood's rights and

21 duties under the Arrowood Policies in connection with the Rylock Actions.

22       31.    Arrowood seeks a judicial declaration that it is not obligated to defend

23 and indemnify Rylock, and/or any Additional Insured in the Rylock Actions

24 because the Arrowood Policies exhausted on November 12, 2007.

25

ARROWOOD'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIM/CROSS-FAC

1

## SECOND CLAIM FOR RELIEF

2

## (For Declaratory Relief Against AIU with Respect to Its Obligation To Defend

3

## and Indemnify Rylock and/or Any Additional Insured)

4        32.    Arrowood repeats each and every allegation contained in paragraphs 1

5   through 31 of this counterclaim/cross-claim and incorporations them as though

6   fully set forth herein.

7        33.    AIU has an obligation to defend and indemnify Rylock and any

8   Additional Insured in the outstanding Rylock Actions under the AIU Excess

9   Policies because the Arrowood Policies have been exhausted since November 12,

10  2007.

11       34.    An actual controversy has now arisen and exists between Arrowood

12  on the one hand, and AIU on the other hand, concerning AIU's duties and

13  obligations under the AIU Policies in connection with the Rylock Actions.

14       35.    Arrowood seeks a judicial declaration that AIU is obligated to defend

15  and indemnify Rylock and any Additional Insured in the Rylock Actions under the

16  AIU Policies because the Arrowood Policies exhausted on November 12, 2007.

17

## THIRD CLAIM FOR RELIEF

18

## (For Equitable Indemnity and Contribution Against AIU)

19       36.    Arrowood repeats each and every allegation contained in paragraphs 1

20  through 35 of this counterclaim/cross-complaint and incorporates them as though

21  fully set forth herein.

22       37.    The Arrowood Policies exhausted on November 12, 2007.  Therefore,

23  Arrowood is not responsible for any defense or indemnity costs incurred on behalf

24  of Rylock and/or any Additional Insured in the Rylock Actions under the

25

ARROWOOD'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIM/CROSS-FAC

1 | Arrowood Policies on or after November 12, 2007.

2 |      38.    Arrowood has paid in excess of $400,000 in defense and indemnity

3 | costs on behalf of Rylock and/or Additional Insureds in the Rylock Actions under

4 | the Arrowood Policies which were incurred on or after November 12, 2007.

5 |      39.    Exhaustion of the Arrowood Policies on November 12, 2007 triggered

6 | AIU's obligation under the AIU Policies to provide Rylock and any Additional

7 | Insured with defense and indemnity in the Rylock Actions.

8 |      40.    Arrowood is entitled to in excess of $400,000 in reimbursement from

9 | AIU for all amounts Arrowood paid in defense or indemnity on behalf of Rylock

10 | and/or Additional Insured in the Rylock Actions under the Arrowood Policies

11 | which were incurred on or after November 12, 2007.

12 |      41.    An actual controversy has now arisen and exists between Arrowood

13 | on the one hand, and AIU on the other hand, concerning Arrowood's rights and

14 | duties under the Arrowood Policies in connection with the Rylock Actions.

15 | **FOURTH CLAIM FOR RELIEF**

16 | **(In the Alternative, For Equitable Indemnity and Contribution Against**

17 | **Acceptance, TIG, American Safety Risk, and American Safety Indemnity)**

18 |      42.    Arrowood repeats each and every allegation contained in paragraphs 1

19 | through 41 of this counterclaim/cross-claim and incorporates them as though fully

20 | set forth herein.

21 |      43.    The Arrowood Policies exhausted on November 12, 2007. Therefore,

22 | Arrowood is not responsible for any defense or indemnity costs incurred on behalf

23 | of Rylock and/or any Additional Insured in the Rylock Actions under the

24 | Arrowood Policies on or after November 12, 2007.

25 |

1    44.    Arrowood paid in excess of $400,000 in defense and indemnity costs

2  on behalf of Rylock and/or Additional Insureds in the Rylock Actions under the

3  Arrowood Policies which were incurred on or after November 12, 2007.

4    45.    Exhaustion of the Arrowood Policies on November 12, 2007 triggered

5  AIU's obligation under the AIU Policies, or in the alternative, Acceptance, TIG,

6  American Safety Risk, and American Safety Indemnity's obligations under the

7  Acceptance Policies, the TIG Policy, the American Safety Risk Policy and the

8  American Safety Indemnity Policy to provide Rylock and any Additional Insured

9  with defense and indemnity in the Rylock Actions.

10    46.    If the court determines Arrowood is not entitled to reimbursement

11  from AIU, then Arrowood, in the alternative, is entitled to in excess of $400,000 in

12  reimbursement from Acceptance, TIG, American Safety Risk, and American

13  Safety Indemnity for all amounts Arrowood paid in defense or indemnity on behalf

14  of Rylock and/or Additional Insured in the Rylock Actions under the Arrowood

15  Policies which were incurred on or after November 12, 2007.

16    WHEREFORE, Arrowood prays for relief as follows:

17    1.    For a declaration that Arrowood is not currently obligated, and was

18  not obligated after November 12, 2007, to defend and/or indemnify Rylock and/or

19  any Additional Insured in the Rylock Actions because the Arrowood Policies

20  exhausted on November 12, 2007.

21    2.    For a declaration that AIU is obligated to defend and indemnify

22  Rylock and any Additional Insured in the Rylock Actions under the AIU Policies

23  because the Arrowood Policies exhausted on November 12, 2007.

24    3.    For equitable indemnity from AIU, or in the alternative, contribution

25

ARROWOOD'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIM/CROSS-FAC

1  from AIU, together with interest thereon all amounts Arrowood paid in defense or

2  indemnity on behalf of Rylock and/or Additional Insured in the Rylock Actions

3  under the Arrowood Policies which were incurred on or after November 12, 2007.

4          4.      If the Court finds that Arrowood is not entitled to indemnity and/or

5  contribution from AIU, then Arrowood, in the alternative, prays for indemnity

6  and/or contribution from Acceptance, TIG, American Safety Risk and American

7  Safety Indemnity all amounts Arrowood paid in defense or indemnity on behalf of

8  Rylock and/or Additional Insured in the Rylock Actions under the Arrowood

9  Policies which were incurred on or after November 12, 2007.

10         5.      For costs of suit incurred in this action.

11         6.      For reasonable attorney's fees.

12         7.      For such other and further relief as this Court deems just and proper.

13  Dated:  July 10, 2008              TRESSLER, SODERSTROM, MALONEY
                                       & PRIESS, LLP
14

15                                      By:  _____
                                            Mary E. McPherson
16                                          Linda M. Corrie
                                            Attorneys for Defendant/ Counterclaimant/
17                                          Cross-Complainant
                                            ARROWOOD INDEMNITY COMPANY
18                                          (f/k/a Royal Indemnity Company, successor-
                                            in-interest to Royal Insurance Company of
19                                          America)

20

21  LA-#16983 (1458-442)

22

23

24

25

**ARROWOOD'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIM/CROSS-FAC**

**PROOF OF SERVICE**

*AIU Insurance Company v. Acceptance Insurance Company, et al.*
US District Court, Northern District of California, San Francisco Division
Case No. C 07 5491 PJH

I am over the age of eighteen years and not a party to the within action.  I am employed by TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP, whose business address is 3070 Bristol Street, Suite 450, Costa Mesa, CA 92626.

On July 11, 2008, I served the within document(s) described as: **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ARROWOOD TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM CROSS-COMPLAINT** on the interested parties in this action:

☐    By placing ☐ the original ☐ true copy(ies) thereof enclosed in sealed envelope(s) ☐ addressed as follows ☐ addressed as stated on the attached mailing list:

**SEE ATTACHED SERVICE LIST**

☐    **BY MAIL** (CCP § 1013) - I deposited such envelope(s) for processing in the mailroom in our offices.  I am "readily familiar" with the firm's practices of collection and processing correspondence for mailing.  It is deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Costa Mesa, California, in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒    **BY ELECTRONIC FILING AND SERVICE VIA CM/ECF -** On **July 11, 2008**, I filed the foregoing documents, described above through the use of the United States District Court's CM/ECF electronic filing system

☐    **BY FAX** (CCP § 1013; CRC 2.306) - by transmitting said document(s) by electronic fax at approximately ___ a.m./p.m. at 3070 Bristol Street, Suite 450, Costa Mesa, California 92626 to the respective fax number(s) of the party(ies) as stated on the attached mailing list.  The fax machine I used complied with California Rules of Court, Rule 2.301, and no error was reported by the machine.  Pursuant to California Rules of Court, Rule 1013(e), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

☒    (FEDERAL) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Mary L. Sanchez

LA-#100114 (1458-442)

## SERVICE LIST

*AIU Insurance Company v. Acceptance Insurance Company, et al.*
US District Court, Northern District of California, San Francisco Division
Case No. C 07 5491 PJH

| | |
|---|---|
| Laura J. Ruettgers, Esq.<br>Christina M. Lavanier, Esq.<br>**McCurdy & Fuller LLP**<br>4300 Bohannon Drive, Suite 240<br>Menlo Park, CA 94025<br>Telephone: (650) 618-3500<br>Facsimile: (650) 618-3599<br>E-Mail:<br>laura.ruettgers@mccurdylawyers.com<br><br><br>*Attorneys for Plaintiff*<br>*AIU Insurance Company* | Semha Alwaya, Esq.<br>Trelawney James-Riechert, Esq.<br>A. Mark Hom, Esq.<br>**Law Offices of Semha Alwaya**<br>2200 Powell Street, Suite 110<br>Emeryville, CA 94608<br>Telephone: (510) 595-7900<br>Facsimile: (510) 595-9049<br>E-Mail:      salwaya@alwayalaw.com<br><br>*Attorneys for Defendant*<br>*TIG Insurance Company erroneously*<br>*sued herein as TIG Specialty Insurance*<br>*Company* |
| Thomas A. Foster, Esq.<br>Gannon Johnson, Esq.<br>**Marrone, Robinson, Frederick**<br>**    & Foster**<br>111 North First Street, Suite 300<br>Burbank, CA 91502-1851<br>Telephone: (818) 841-1144<br>Facsimile: (818) 841-0746<br>tomfoster@mrfflaw.net<br>gannonjohnson@mrfflaw.net<br><br>*Attorneys for Defendant*<br>*Acceptance Insurance Company* | David S. Blau, Esq.<br>**Law Office of David S. Blau**<br>6080 Center Drive, Suite 210<br>Los Angeles, CA 90045<br>Telephone: (310) 410-1900<br>Facsimile: (310) 410-1901<br>E-Mail: david@blaulaw.net<br><br>*Attorneys for Defendant American*<br>*Safety Risk Retention Group, Inc.* |

OC#17054
Updated: 7/11/08