# EXHIBIT C

**♔ Royal Insurance**

## Common Policy Declarations

45

| | |
|---|---|
| Insurer: | Executive Office: 78 |
| ROYAL INSURANCE COMPANY OF AMERICA | 9300 Arrowpoint Blvd. 82 |
| AN ILLINOIS STOCK COMPANY | Charlotte, NC 28273-8135 |
| | Internet http://www.royal-usa.com/ |
| Policy No. P TR-457882 0000 | RENEWAL OF: P TS-443208 |
| | Producer Code: 3193600 |

THIS IS A TRUE AND EXACT COPY OF

| Named Insured & Address | Producer Name & Address |
|---|---|
| CALIFORNIA CEDAR PRODUCTS | SEDGWICK OF CALIFORNIA |
| SEE NAMED INSURED ENDORSEMENT | P O BOX 7601 |
| P.O. BOX 528 | 160 SPEAR STREET |
| STOCKTON          CA 95201 | SAN FRANCISCO    CA 94105 |

**Policy Period:** From 03/01/1998 to 03/01/1999 at 12:01 A.M. Standard Time at your Mailing
Address shown above.

**Business Description:** WOOD PRODUCTS

In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to
provide the insurance as stated in this policy.

This policy consists of the following Coverage Parts for which a premium is indicated. This premium may be
subject to adjustment.

| | Premium | COMM. |
|---|---|---|
| COMMERCIAL PROPERTY COVERAGE PART | NOT COVERED | |
| COMMERCIAL LIABILITY COVERAGE PART(S) | $   394,084.00 | 15.2 |
| COMMERCIAL CRIME COVERAGE PART | NOT COVERED | |
| COMMERCIAL INLAND MARINE COVERAGE PART | NOT COVERED | |
| COMMERCIAL BOILER AND MACHINERY COVERAGE PART | NOT COVERED | |
| COMMERCIAL AUTOMOBILE COVERAGE PART | NOT COVERED | |

| | | |
|---|---|---|
| TOTAL PREMIUM | $ | 394,084.00 |
| INSTALLMENT SERVICE CHARGE | | 20.00 |
| TOTAL PAYABLE PER ATTACHED PAYMENT SCHEDULE | $ | 394,104.00 |

Forms Applicable to All Coverage Parts -    IL 00 17 11 85  · LI 0004 0990-A      **AIU 0448**

Countersigned_____            By: _____
             (Date)                                  (Authorized Representative)

These declarations, together with the Common Policy Conditions, Coverage Part Declarations, Coverage Forms
and Endorsements, if any, issued to form a part thereof, complete the contract of insurance.

# REINSURED

LI 99 99 01 87    LIABILITY          X67962-2        COMPANY COPY

# ♟ Royal Insurance

Commerical General Liability Coverage Part Declarations

| | |
|---|---|
| Policy No. P TR-457882      0000 | Effective Date: 03/01/1998 |

Named Insured and Mailing Address

> CALIFORNIA CEDAR PRODUCTS
> SEE NAMED INSURED ENDORSEMENT
> P.O. BOX 528
> STOCKTON          CA      95201

Limits of Insurance

| | |
|---|---:|
| GENERAL AGGREAGTE LIMIT | $2,000,000 |
| (OTHER THAN PRODUCTS/COMPLETED OPERATIONS) | |
| PRODUCTS/COMPLETED OPERATIONS AGGREGATE LIMITS | $2,000,000 |
| PERSONAL & ADVERTISING INJURY LIMIT | $2,000,000 |
| EACH OCCURRENCE LIMIT | $2,000,000 |
| FIRE DAMAGE LIMIT (ANY ONE  FIRE) | $1,000,000 |
| MEDICAL EXPENSE LIMIT (ANY ONE PERSON) | 10,000 |

Form of Business
CORPORATION

Location of All Premises You Own, Rent or Occupy

> For description of the insured premises, please refer to the attached schedules

Classifications

> All classifications applicable to this coverage form may be found in the attached schedules

Coverage Forms and Endorsements Attached to this policy:

| | | | |
|---|---|---|---|
| CG 24 04 10 93 | ~~CG 25 03 11 85~~ | ~~CG 25 04 11 85~~ | GC 03 30 06 96 |
| CG 00 01 01 96 | GC 00 01 01 87 | IL 02 70 08 97 | GC 00 38 12 87 |
| CG 21 47 10 93 | CG 03 00 01 96 | CG 21 33 11 85 | GC 00 09 04 88 |
| IL 00 21 11 94 | GC 00 23 05 96 | IL 02 62 12 95 | CG 00 54 03 97 |
| CG 00 55 03 97 | GC 03 26 01 96 | LI 0004 0990-B | LI 0004 0990-C |
| LI 0004 0990-D | LI 0004 0990-E | LI 0004 0990-F | LI 0004 0990-G |
| LI 0004 0990-H | | | |

These declarations, when combined with the Common Policy Declarations, Common Policy  Conditions, Coverage Forms and Endorsements, if any, forming a part thereof, complete the contract of insurance.

GC 99 99 01 87                    COMPANY  COPY                    **AIU 0449**
                B31B   P TR-457882   0000   T002   03061998

**Royal Insurance**

# Payment Extension Schedule

Policy No. P TR-457882 0000

EFFECTIVE DATE: 03/01/1998

RENEWAL OF:  P TS-443208

**Named Insured and Mailing Address:**

CALIFORNIA CEDAR PRODUCTS
SEE NAMED INSURED ENDORSEMENT
P.O. BOX 528
STOCKTON          CA 95201

Policy Effective Date: 03/01/1998          Policy Expiration Date: 03/01/1999

| DUE DATE | PREMIUM | ADDITIONAL CHARGES | SERVICE CHARGE | TOTAL PAYMENT |
|---|---|---|---|---|
| 03/01/1998 | $ 157,635.00 | | $ 5.00 | $ 157,640.00 |
| 06/01/1998 | $ 118,225.00 | | $ 5.00 | $ 118,230.00 |
| 09/01/1998 | $ 59,112.00 | | $ 5.00 | $ 59,117.00 |
| 12/01/1998 | $ 59,112.00 | | $ 5.00 | $ 59,117.00 |

TOTAL PREMIUM AMOUNT:     $  394,084.00
TOTAL SERVICE CHARGE:     $       20.00

TOTAL PAYMENT AMOUNT:     $  394,104.00

LI 99 97 01 87                    COMPANY COPY

**AIU 0450**

Case 3:07-cv-05491-PJH    Document 43-4    Filed 07/11/2008    Page 5 of 56
Case 3:07-cv-05491-PJH    Document 35-11    Filed 06/20/2008    Page 5 of 56

COMMERCIAL GENERAL LIABILITY
CG 00 01 01 96

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under WHO IS AN INSURED (SECTION II).

Other words and phrases that appear in quotation marks have special meaning. Refer to DEFINITIONS (SECTION V).

## SECTION I - COVERAGES

### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        (1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

        (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.

    b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

        (2) The "bodily injury" or "property damage" occurs during the policy period.

    c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

2. **Exclusions**

    This insurance does not apply to:

    a. **Expected or Intended Injury**

        "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

    b. **Contractual Liability**

        "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

        (1) That the insured would have in the absence of the contract or agreement; or

        (2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

            (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**AIU 0451**

Copyright, Insurance Services Office, Inc., 1994

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

c. **Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

d. **Workers Compensation and Similar Laws**

Any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.

e. **Employer's Liability**

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of paragraph (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

f. **Pollution**

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

(a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;

(b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible; or

(d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations:

(i) If the pollutants are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor; or

(ii) If the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants.

Subparagraph (d)(i) does not apply to "bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the fuels, lubricants or other operating fluids are intentionally discharged, dispersed or released, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent to be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor.

Copyright, Insurance Services Office, Inc., 1994

CG 00 01 01 96

AIU 0452

Subparagraphs (a) and (d)(i) do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire.

As used in this exclusion, a hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

(2) Any loss, cost or expense arising out of any:

(a) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or

(b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

g. Aircraft, Auto or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion does not apply to:

(1) A watercraft while ashore on premises you own or rent;

(2) A watercraft you do not own that is:

(a) Less than 26 feet long; and

(b) Not being used to carry persons or property for a charge;

(3) Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

(4) Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

(5) "Bodily injury" or "property damage" arising out of the operation of any of the equipment listed in paragraph f.(2) or f.(3) of the definition of "mobile equipment".

h. Mobile Equipment

"Bodily injury" or "property damage" arising out of:

(1) The transportation of "mobile equipment" by an "auto" owned or operated by or rented or loaned to any insured; or

(2) The use of "mobile equipment" in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

i. War

"Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

j. Damage to Property

"Property damage" to:

(1) Property you own, rent, or occupy;

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

**AIU 0453**

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

### k. Damage to Your Product

"Property damage" to "your product" arising out of it or any part of it.

### l. Damage to Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

### m. Damage to Impaired Property or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

### n. Recall of Products, Work or Impaired Property

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "Your product";

(2) "Your work"; or

(3) "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

Exclusions c. through n. do not apply to damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to this coverage as described in LIMITS OF INSURANCE (Section III).

## COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY

### 1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal injury" or "advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.

b. This insurance applies to:

(1) "Personal injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

(2) "Advertising injury" caused by an offense committed in the course of advertising your goods, products or services;

but only if the offense was committed in the "coverage territory" during the policy period.

### 2. Exclusions

This insurance does not apply to:

a. "Personal injury" or "advertising injury":

(1) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

Copyright, Insurance Services Office, Inc., 1994

CG 00 01 01 96

AIU 0454

(2) Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

(3) Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured;

(4) For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement; or

(5) Arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.

b. "Advertising injury" arising out of:

(1) Breach of contract, other than misappropriation of advertising ideas under an implied contract;

(2) The failure of goods, products or services to conform with advertised quality or performance;

(3) The wrong description of the price of goods, products or services; or

(4) An offense committed by an insured whose business is advertising, broadcasting, publishing or telecasting.

c. Any loss, cost or expense arising out of any:

(1) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or

(2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

## COVERAGE C. MEDICAL PAYMENTS

### 1. Insuring Agreement

a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

(1) On premises you own or rent;

(2) On ways next to premises you own or rent; or

(3) Because of your operations;

provided that:

(1) The accident takes place in the "coverage territory" and during the policy period;

(2) The expenses are incurred and reported to us within one year of the date of the accident; and

(3) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:

(1) First aid administered at the time of an accident;

(2) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

(3) Necessary ambulance, hospital, professional nursing and funeral services.

### 2. Exclusions

We will not pay expenses for "bodily injury":

a. To any insured.

b. To a person hired to do work for or on behalf of any insured or a tenant of any insured.

c. To a person injured on that part of premises you own or rent that the person normally occupies.

d. To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers compensation or disability benefits law or a similar law.

e. To a person injured while taking part in athletics.

f. Included within the "products-completed operations hazard".

g. Excluded under Coverage A.

h. Due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution.

AIU 0455

## SUPPLEMENTARY PAYMENTS - COVERAGES A AND B

We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

1. All expenses we incur.

2. Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies. We do not have to furnish these bonds.

3. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

4. All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

5. All costs taxed against the insured in the "suit".

6. Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

7. All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

a. The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

b. This insurance applies to such liability assumed by the insured;

c. The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

d. The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

e. The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

f. The indemnitee:

(1) Agrees in writing to:

(a) Cooperate with us in the investigation, settlement or defense of the "suit";

(b) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

(c) Notify any other insurer whose coverage is available to the indemnitee; and

(d) Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

(2) Provides us with written authorization to:

(a) Obtain records and other information related to the "suit"; and

(b) Conduct and control the defense of the indemnitee in such "suit".

So long as the above conditions are met, attorneys fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of paragraph 2.b.(2) of COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I - Coverages), such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the limits of insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys fees and necessary litigation expenses as Supplementary Payments ends when:

a. We have used up the applicable limit of insurance in the payment of judgments or settlements; or

b. The conditions set forth above, or the terms of the agreement described in paragraph f. above, are no longer met.

**AIU 0456**

Copyright, Insurance Services Office, Inc., 1994
CG 00 01 01 96

## SECTION II - WHO IS AN INSURED

1. If you are designated in the Declarations as:

   a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

   b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

   c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

   d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2. Each of the following is also an insured:

   a. Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" is an insured for:

      (1) "Bodily injury" or "personal injury":

         (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), or to a co-"employee" while that co-"employee" is either in the course of his or her employment or performing duties related to the conduct of your business;

         (b) To the spouse, child, parent, brother or sister of that co-"employee" as a consequence of paragraph (1)(a) above; or

         (c) For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in paragraphs (1)(a) or (b) above; or

         (d) Arising out of his or her providing or failing to provide professional health care services.

      (2) "Property damage" to property:

         (a) Owned, occupied or used by,

         (b) Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

         you, any of your "employees", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

   b. Any person (other than your "employee"), or any organization while acting as your real estate manager.

   c. Any person or organization having proper temporary custody of your property if you die, but only:

      (1) With respect to liability arising out of the maintenance or use of that property; and

      (2) Until your legal representative has been appointed.

   d. Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

3. With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with your permission. Any other person or organization responsible for the conduct of such person is also an insured, but only with respect to liability arising out of the operation of the equipment, and only if no other insurance of any kind is available to that person or organization for this liability. However, no person or organization is an insured with respect to:

   a. "Bodily injury" to a co-"employee" of the person driving the equipment; or

   b. "Property damage" to property owned by, rented to, in the charge of or occupied by you or the employer of any person who is an insured under this provision.

4. Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

   a. Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

**AIU 0457**

b. Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

c. Coverage B does not apply to "personal injury" or "advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

## SECTION III - LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

   a. Insureds;

   b. Claims made or "suits" brought; or

   c. Persons or organizations making claims or bringing "suits".

2. The General Aggregate Limit is the most we will pay for the sum of:

   a. Medical expenses under Coverage C;

   b. Damages under Coverage A, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

   c. Damages under Coverage B.

3. The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard".

4. Subject to 2. above, the Personal and Advertising Injury Limit is the most we will pay under Coverage B for the sum of all damages because of all "personal injury" and all "advertising injury" sustained by any one person or organization.

5. Subject to 2. or 3. above, whichever applies, the Each Occurrence Limit is the most we will pay for the sum of:

   a. Damages under Coverage A; and

   b. Medical expenses under Coverage C

   because of all "bodily injury" and "property damage" arising out of any one "occurrence".

6. Subject to 5. above, the Fire Damage Limit is the most we will pay under Coverage A for damages because of "property damage" to premises, while rented to you or temporarily occupied by you with permission of the owner, arising out of any one fire.

7. Subject to 5. above, the Medical Expense Limit is the most we will pay under Coverage C for all medical expenses because of "bodily injury" sustained by any one person.

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

## SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

1. **Bankruptcy**

   Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

2. **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and

      (2) Notify us as soon as practicable.

      You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**AIU 0458**

Copyright, Insurance Services Office, Inc., 1994
CG 00 01 01 96    ☐

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

3. **Legal Action Against Us**

No person or organization has a right under this Coverage Part:

a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

b. To sue us on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

4. **Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

a. **Primary Insurance**

This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.

b. **Excess Insurance**

This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:

(1) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

(2) That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner; or

(3) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of Coverage A (Section I).

When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

c. **Method of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

**AIU 0459**

   Copyright, Insurance Services Office, Inc., 1994

5. **Premium Audit**

  a. We will compute all premiums for this Coverage Part in accordance with our rules and rates.

  b. Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period. Audit premiums are due and payable on notice to the first Named Insured. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.

  c. The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

6. **Representations**

  By accepting this policy, you agree:

  a. The statements in the Declarations are accurate and complete;

  b. Those statements are based upon representations you made to us; and

  c. We have issued this policy in reliance upon your representations.

7. **Separation Of Insureds**

  Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

  a. As if each Named Insured were the only Named Insured; and

  b. Separately to each insured against whom claim is made or "suit" is brought.

8. **Transfer Of Rights Of Recovery Against Others To Us**

  If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

9. **When We Do Not Renew**

  If we decide not to renew this Coverage Part, we will mail or deliver to the first Named Insured shown in the Declarations written notice of the nonrenewal not less than 30 days before the expiration date.

  If notice is mailed, proof of mailing will be sufficient proof of notice.

**SECTION V - DEFINITIONS**

1. "Advertising injury" means injury arising out of one or more of the following offenses:

  a. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

  b. Oral or written publication of material that violates a person's right of privacy;

  c. Misappropriation of advertising ideas or style of doing business; or

  d. Infringement of copyright, title or slogan.

2. "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment".

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. "Coverage territory" means:

  a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

  b. International waters or airspace, provided the injury or damage does not occur in the course of travel or transportation to or from any place not included in a. above; or

  c. All parts of the world if:

    (1) The injury or damage arises out of:

      (a) Goods or products made or sold by you in the territory described in a. above; or

**AIU 0460**

Copyright, Insurance Services Office, Inc., 1994

CG 00 01 01 96    □

(b) The activities of a person whose home is in the territory described in **a.** above, but is away for a short time on your business; and

(2) The insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in **a.** above or in a settlement we agree to.

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

7. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:

   a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

   b. Your fulfilling the terms of the contract or agreement.

8. "Insured contract" means:

   a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

   b. A sidetrack agreement;

   c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

   d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

   e. An elevator maintenance agreement;

f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph f. does not include that part of any contract or agreement:

(1) That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

(2) That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

   (a) Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

   (b) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

(3) Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

9. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

10. "Loading or unloading" means the handling of property:

   a. After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

**AIU 0461**

b. While it is in or on an aircraft, watercraft or "auto"; or

c. While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

11. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

b. Vehicles maintained for use solely on or next to premises you own or rent;

c. Vehicles that travel on crawler treads;

d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

(1) Power cranes, shovels, loaders, diggers or drills; or

(2) Road construction or resurfacing equipment such as graders, scrapers or rollers;

e. Vehicles not described in a., b., c. or d. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

(1) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

(2) Cherry pickers and similar devices used to raise or lower workers;

f. Vehicles not described in a., b., c. or d. above maintained primarily for purposes other than the transportation of persons or cargo.

However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

(1) Equipment designed primarily for:

(a) Snow removal;

(b) Road maintenance, but not construction or resurfacing; or

(c) Street cleaning;

(2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

(3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

12. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

13. "Personal injury" means injury, other than "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;

d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

e. Oral or written publication of material that violates a person's right of privacy.

14. "Products-completed operations hazard":

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a) When all of the work called for in your contract has been completed.

(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**AIU 0462**

b. Does not include "bodily injury" or "property damage" arising out of:

  (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

  (2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

  (3) Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

15. "Property damage" means:

  a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

16. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies are alleged. "Suit" includes:

  a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

  b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

17. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

18. "Your product" means:

  a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

    (1) You;

    (2) Others trading under your name; or

    (3) A person or organization whose business or assets you have acquired; and

  b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

"Your product" includes:

  a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

  b. The providing of or failure to provide warnings or instructions.

"Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

19. "Your work" means:

  a. Work or operations performed by you or on your behalf; and

  b. Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

  a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

  b. The providing of or failure to provide warnings or instructions.

**AIU 0463**

CG 00 01 01 96    Copyright, Insurance Services Office, Inc., 1994    Page 13 of 13

# COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

## A. CANCELLATION

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

## B. CHANGES

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

## C. EXAMINATION OF YOUR BOOKS AND RECORDS

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

## D. INSPECTIONS AND SURVEYS

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the conditions we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

## E. PREMIUMS

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

## F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

IL 00 17 11 85

Copyright, Insurance Services Office, Inc., 1982, 1983

**AIU 0464**

☗ Royal Insurance

## SCHEDULE OF COVERED PREMISES/OPERATIONS

POLICY NO. P TR-457882 0000                   EFFECTIVE DATE: 03/01/1998

---

| LOC. | NO. | LOCATION |
| ---- | --- | -------- |
| 0001 | 001 | 400 FRESNO & 1340 W WASHINGTON |
|      |     | CALIFORNIA CEDAR PRODUCTS |
|      |     | STOCKTON          CA 95201 |

| CLASS | SUBLINE | EXPOSURE | EXPOSURE BASIS | RATE | PREMIUM |
| ----- | ------- | -------- | -------------- | ---- | ------- |
| 20050 |         |          |                |      |         |

---

| LOC. | NO. | LOCATION |
| ---- | --- | -------- |
| 0002 | 001 | LITTLE ST SIMMONS ISLAND |
|      |     | LITTLE ST. SIMONS ISLAND |
|      |     | ST SIMMONS        GA 31561 |

| CLASS | SUBLINE | EXPOSURE | EXPOSURE BASIS | RATE | PREMIUM |
| ----- | ------- | -------- | -------------- | ---- | ------- |
| 70050 |         |          |                |      |         |

---

| LOC. | NO. | LOCATION |
| ---- | --- | -------- |
| 0003 | 001 | RYLOCK |
|      |     | UNION CITY        CA 94536 |

| CLASS | SUBLINE | EXPOSURE | EXPOSURE BASIS | RATE | PREMIUM |
| ----- | ------- | -------- | -------------- | ---- | ------- |
| 20050 |         |          |                |      |         |

---

| LOC. | NO. | LOCATION |
| ---- | --- | -------- |
| 0004 | 001 | P & M |
|      |     | PIONEER           CA 95666 |

| CLASS | SUBLINE | EXPOSURE | EXPOSURE BASIS | RATE | PREMIUM |
| ----- | ------- | -------- | -------------- | ---- | ------- |
| 20050 |         |          |                |      |         |

---

GC 99 97 05 93                   COMPANY COPY                   **AIU 0465**

COMMERCIAL GENERAL LIABILITY
CG 24 04 10 93

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# WAIVER OF TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

Name of Person or Organization:

    As required by contract.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US Condition (Section IV - COMMERCIAL GENERAL LIABILITY CONDITIONS) is amended by the addition of the following:

We waive any right of recovery we may have against the person or organization shown in the Schedule above because of payments we make for injury or damage arising out of your ongoing operations or "your work" done under a contract with that person or organization and included in the "products-completed operations hazard". This waiver applies only to the person or organization shown in the Schedule above.

CG 24 04 10 93        Copyright, Insurance Services Office, Inc., 1992

**AIU 0466**

COMMERCIAL GENERAL LIABILITY

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# AMENDMENT-AGGREGATE LIMITS OF INSURANCE
## (PER PROJECT)

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

The General Aggregate Limit under LIMITS OF INSURANCE (SECTION III) applies separately to each of your projects away from premises owned by or rented to you.

CG 25 03 11 85              Copyright, Insurance Services Office, Inc., 1984

**AIU 0467**

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# AMENDMENT-AGGREGATE LIMITS OF INSURANCE
## (PER LOCATION)

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

The General Aggregate Limit under LIMITS OF INSURANCE (Section III) applies separately to each of your "locations" owned by or rented to you.

"Location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

CG 25 04 11 85                 Copyright, Insurance Services Office, Inc., 1984

AIU 0468

**Royal Insurance**

*This Endorsement Changes the Policy. Please Read it Carefully.*

# CALIFORNIA
# GENERAL LIABILITY ENHANCEMENT ENDORSEMENT

This endorsement modifies insurance provided under the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**1. NAMED INSURED**

Under SECTION II - WHO IS AN INSURED, ITEM 4. is replaced in its entirety with the following:

4. Any organization over which you maintain ownership or a majority interest will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

    a. Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

    b. Coverage B does not apply to "personal injury" or "advertising injury" arising out of an offense committed before you acquired or formed the organization.

**2. KNOWLEDGE OF OCCURRENCE**

Under SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS, ITEM 2 - DUTIES IN THE EVENT OF OCCURRENCE, CLAIM, OR SUIT, the following is added:

e. You must give us or our authorized representative prompt notice of an "occurrence", claim or loss only when the "occurrence", claim or loss is known to:

    1. You, if you are an individual;

    2. A partner, if you are a partnership; or

    3. An executive officer or the employee designated by you to give such notice, if you are a corporation.

**3. REVISED NOTICE OF OCCURRENCE**

Under SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS, ITEM 2 - DUTIES IN THE EVENT OF OCCURRENCE, CLAIM, OR SUIT, the following is added:

f. Your rights under this policy will not be prejudiced if you fail to give us notice of an "occurrence" or claim, and that failure is solely due to your reasonable belief that the "bodily injury" or "property damage" is not covered under this policy.

**4. UNINTENTIONAL ERRORS OR OMISSIONS**

Under SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS, ITEM 6 - REPRESENTATIONS, the following is added:

d. We will not disclaim coverage under this Coverage Form if you unintentionally fail to disclose all hazards existing as of the inception date of the policy.

**5. PREMISES ALIENATED**

Under SECTION I - COVERAGE A., ITEM 2 EXCLUSIONS, Paragraph j.(2) is replaced in its entirety with the following:

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises, and occurred from hazards that were known by you, or should have reasonably been known by you, at the time the property was transferred or abandoned.

**6. CANCELLATION CONDITION**

Under COMMON POLICY CONDITIONS, SECTION A, FORM IL 0017 - CANCELLATION, paragraph 2. is replaced in its entirety by the following:

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

    a. Ten days before the effective date of cancellation if we cancel for nonpayment of premium; or

    b. 60 days before the effective date of cancellation if we cancel for any other reason.

Under COMMON POLICY CONDITIONS, SECTION A, FORM IL 0017 - CANCELLATION, the following is added:

7. If we decide not to renew this policy, we will mail or deliver to the first Named Insured written notice of nonrenewal at least 60 days prior to the expiration date of the policy.

**AIU 0469**

7. **MEDICAL PAYMENTS**

A. Under SECTION I, COVERAGE C, MEDICAL PAYMENTS, 1. Insuring Agreement, Paragraph a. is replaced by the following:

a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

(1) On premises you own or rent;

(2) On ways next to premises you own or rent;

(3) Because of your operations; or

(4) Included within the "Products-Completed Operations hazard"

provided that:

(a) The accident takes place in the "coverage territory" and during the policy period;

(b) The expenses are incurred and reported to us within three years of the date of the accident; and

(c) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

Item 2., Exclusions, exclusion f. is replaced by the following:

f. Caused by or resulting from substantive or chemical alteration of the insured's products without written authorization by the insured executed prior to the time of loss.

B. Under SECTION III, LIMITS OF INSURANCE paragraphs 3 and 7 are replaced by the following:

3. The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" and Coverage C for "bodily injury" included in the "products-completed operations hazard".

7. Subject to 5. above, the most we will pay under Coverage C for all medical expenses because of "bodily injury" sustained by any one person is the greater of:

1. $10,000; or

2. The amount shown in the Declarations for Medical Expense Limit.

C. This provision 7. does not apply if COVERAGE C. MEDICAL PAYMENTS is not provided by this policy.

8. **INSURED CONTRACT**

In SECTION V - DEFINITIONS, definition 8. "Insured contract" is replaced by the following:

8. "Insured Contract" means:

a. A lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire, lightning or explosion to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

b. A sidetrack agreement;

c. An easement or license agreement;

d. Any obligation, as required by ordinance, to indemnify a municipality, except in connection with work performed for a municipality;

e. An elevator maintenance agreement;

f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the liability of another party to pay for "bodily injury" or "property damage" to a third person or organization.

An "Insured Contract" does not include that part of any contract or agreement:

a. That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

b. That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

(1) Preparing, approving, failing to prepare or approve maps, shop drawings, opinions, reports, surveys, change orders, design, or drawings and specifications; or

**AIU 0470**

(2) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage;

c. Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in b. above and supervisory, inspection, architectural or engineering activities.

d. That indemnifies any person or organization for damage by fire, lightning or explosion to premises rented or loaned to you.

## 9. PROPERTY DAMAGE LIABILITY - ELEVATOR AND SIDETRACK AGREEMENTS

Under SECTION I, COVERAGE A., ITEM 2, EXCLUSIONS, the following applies:

1. Paragraphs (3), (4) and (6) of EXCLUSION j. do not apply to "property damage" to property while on or being moved onto or off an elevator.

2. Exclusion k. does not apply to:

   a. "Your product" while on, being moved onto or off an elevator; or

   b. Liability assumed under a sidetrack agreement.

This insurance is excess over any other valid and collectible insurance available to the insured whether primary, excess or contingent.

## 10. NON-OWNED WATERCRAFT

Under SECTION I COVERAGE A., ITEM 2, EXCLUSIONS, Item g., Paragraph (2)(a) is amended as follows:

a. Less that 51 feet long; and

This provision 10 applies to any person, who with your consent, either uses or is responsible for the use of a watercraft.

This insurance is excess over any other valid and collectible insurance available to the insured whether primary, excess or contingent.

## 11. SUPPLEMENTARY PAYMENTS

Under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B:

1. Paragraph 2 is revised to increase the limit for the cost of bail bonds from $250 to $1,000; and

2. Paragraph 4 is revised to increase the limit for loss of earnings from $100 a day to $300 a day.

3. The following paragraph is added:

   8. All expenses we incur and all necessary expenses incurred at our request by an indemnitee of the insured in a "suit" if:

      a. We also defend the insured in the "suit"; and

      b. The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract".

## 12. ADDITIONAL INSUREDS - BY CONTRACT, AGREEMENT OR PERMIT

The following is added to SECTION II - WHO IS AN INSURED:

5. a. Any person or organization you are required by a written contract, agreement or permit to name as an insured is an insured but only with respect to liability arising out of:

      1. "Your work" performed for that insured at the location designated in the contract, agreement or permit; or

      2. Premises owned or used by you.

   b. This insurance does not apply unless the contract, agreement or permit is executed prior to the "bodily injury" or "property damage".

   c. This insurance does not apply to the rendering of or failure to render any professional services.

   d. This insurance is primary if that is required by the contract, agreement or permit.

## 13. FIRE, LIGHTNING OR EXPLOSION DAMAGE

The last paragraph of SECTION I, COVERAGE A, 2. EXCLUSIONS is replaced by the following:

a. Exclusions c through n do not apply to damage by fire, lightning, or explosion to premises rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to this coverage as described in LIMITS OF INSURANCE (SECTION III).

**AIU 0471**

Paragraph 6 of **SECTION III - LIMITS OF INSURANCE** is replaced by the following:

6. Subject to 5. above, the most we will pay for damages because of property damage to premises rented by you or temporarily occupied by you with permission of the owner resulting from fire, lightning or explosion, or any combination of the three, is the greater of:

   a. $300,000; or

   b. The amount shown next to Fire Damage Limit in the Declarations.

This provision 13 does not apply if Fire Legal Liability coverage is not provided by this policy.

14. **INCIDENTAL MEDICAL MALPRACTICE LIABILITY**

The definition of "bodily injury" is amended to include injury arising out of the rendering of or failure to render, during the policy period, the following services:

   (A)  medical, surgical, paramedical, dental, x-ray or nursing service or treatment or the furnishing of food or beverages in connection therewith; or

   (B)  the furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances.

This insurance does not apply to any insured engaged in the business or occupation of providing any of the services described under (A) and (B) above except an employee of yours who provides medical, paramedical, surgical, dental, x-ray or nursing services.

15. **ADDITIONAL INSURED - VENDORS**

If this policy provides Products Liability Coverage, **WHO IS AN INSURED (SECTION II)** is amended to include as an insured any vendor you are required by a written contract or agreement to name as an insured, but only with respect to "bodily injury" or "property damage" arising out of "your products" which are distributed or sold in the regular course of the vendor's business, subject to the following additional exclusions:

1. The insurance afforded the vendor does not apply to:

   a. "Bodily injury" or "property damage" for which the vendor is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages that the vendor would have in the absence of the contract or agreement;

   b. any warranty unauthorized by you;

   c. any physical or chemical change in the product made intentionally by the vendor;

   d. repackaging, unless unpacked solely for the purpose of inspection, demonstration, testing, or the substitution of parts under instructions from the manufacturer, and then repackaged in the original container;

   e. demonstration, installation, servicing or repair operations, except such operations performed at the vendor's premises in connection with the sale of the product;

   f. products which, after distribution or sale by you, have been labeled or relabeled or used as a container, part or ingredient of any other thing or substance by or for the vendor.

2. This insurance does not apply to any insured vendor from whom you have acquired such products, or any ingredient, part or container, entering into, accompanying or containing such products.

16. **PROPERTY DAMAGE - BORROWED EQUIPMENT**

Under **SECTION I, COVERAGE A., ITEM 2, EXCLUSIONS**, the following is added to item j.:

   a. This exclusion does not apply to "property damage" to borrowed equipment while at a jobsite and not being used to perform operations.

   b. This insurance is excess over any other valid and collectible insurance whether primary, excess or contingent, or on any other basis.

17. **MOBILE EQUIPMENT REDEFINED**

Under **SECTION V - DEFINITIONS, ITEM 11**, paragraph f(1)(a)(b)(c) does not apply to self-propelled vehicles of less than 1,000 pounds gross vehicle weight.

18. **ADDITIONAL INSURED - CLUB MEMBERS**

**SECTION II, WHO IS AN INSURED** is amended to include as an insured employees of the insured who participate in clubs or organizations that are a function of employment and operate with full knowledge and approval of the insured, but only with respect to their liability for your activities or activities they perform on your behalf.

19. **FELLOW EMPLOYEE COVERAGE**

In **SECTION V - DEFINITIONS**, item 6. "Executive officer" is replaced by the following:

**AIU 0472**

6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document. The term also includes, at your option, and subject to the terms of this policy, your managers, supervisors or any employees designated by you.

20. WAIVER OF SUBROGATION

Under SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS, the following is added to condition 8. Transfer of Rights of Recovery Against Others to Us.:

If the insured has waived those rights before a loss, our rights are waived also.

21. AGGREGATE LIMITS OF INSURANCE (Per Location)

The General Aggregate Limit under LIMITS OF INSURANCE (Section II) applies separately to each of "your locations" owned by or rented to you.

"Location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

22. LIBERALIZATION

If we revise the Coverage Form during this policy period to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

AIU 0473

**⚜ Royal Insurance**

*This Endorsement Changes the Policy. Please Read it Carefully.*

# ABSOLUTE ASBESTOS EXCLUSION

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

In consideration of the premium charged, it is agreed that the insurance provided by this policy shall not apply to any loss, claim or expense caused by, resulting from or arising out of asbestos, exposure to asbestos, or any product containing asbestos.

It is further agreed that we shall have no duty or obligation to provide or pay for the investigation or defense of any loss, cost, expense, claim or suit excluded herein.

GC 0001 0187

**AIU 0474**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# CALIFORNIA CHANGES - CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BOILER AND MACHINERY COVERAGE PART
BUSINESSOWNERS POLICY
COMMERCIAL AUTO COVERAGE PART
COMMERCIAL CRIME COVERAGE PART*
COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL INLAND MARINE COVERAGE PART
COMMERCIAL PROPERTY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

*This endorsement does not apply to coverage provided for employee dishonesty (Coverage Form A), forgery or alteration (Coverage Form B), or public employee dishonesty (Coverage Forms O and P).

A. Paragraphs 2. and 3. of the **Cancellation Common Policy Condition** are replaced by the following:

2. **All Policies In Effect For 60 Days Or Less:**

If this policy has been in effect for 60 days or less, and is not a renewal of a policy we have previously issued, we may cancel this policy by mailing or delivering to the first Named Insured at the mailing address shown in the policy and to the producer of record, advance written notice of cancellation, stating the reason for cancellation, at least:

a. 10 days before the effective date of cancellation if we cancel for:

(1) Nonpayment of premium; or

(2) Discovery of fraud or material misrepresentation by:

(a) Any insured or his or her representative in obtaining this insurance; or

(b) You or your representative in pursuing a claim under this policy.

b. 30 days before the effective date of cancellation if we cancel for any other reason.

3. **All Policies In Effect For More Than 60 Days**

a. If this policy has been in effect for more than 60 days, or is a renewal of a policy we issued, we may cancel this policy only upon the occurrence, after the effective date of the policy, of one or more of the following:

(1) Nonpayment of premium, including payment due on a prior policy we issued and due during the current policy term covering the same risks.

(2) Discovery of fraud or material misrepresentation by:

(a) Any insured or his or her representative in obtaining this insurance; or

(b) You or your representative in pursuing a claim under this policy.

(3) A judgment by a court or an administrative tribunal that you have violated a California or Federal law, having as one of its necessary elements an act which materially increases any of the risks insured against.

(4) Discovery of willful or grossly negligent acts or omissions, or of any violations of state laws or regulations establishing safety standards, by you or your representative, which materially increase any of the risks insured against.

**AIU 0475**

(5) Failure by you or your representative to implement reasonable loss control requirements, agreed to by you as a condition of policy issuance, or which were conditions precedent to our use of a particular rate or rating plan, if that failure materially increases any of the risks insured against.

(6) A determination by the Commissioner of Insurance that the:

(a) Loss of, or changes in, our reinsurance covering all or part of the risk would threaten our financial integrity or solvency; or

(b) Continuation of the policy coverage would:

(i) Place us in violation of California law or the laws of the state where we are domiciled; or

(ii) Threaten our solvency.

(7) A change by you or your representative in the activities or property of the commercial or industrial enterprise, which results in a materially added, increased or changed risk, unless the added, increased or changed risk is included in the policy.

b. We will mail or deliver advance written notice of cancellation, stating the reason for cancellation, to the first Named Insured, at the mailing address shown in the policy, and to the producer of record, at least:

(1) 10 days before the effective date of cancellation if we cancel for a reason listed in Paragraph 3.a.(1) or 3.a.(2); or

(2) 30 days before the effective date of cancellation if we cancel for any other reason listed in Paragraph 3.a.

B. The following provision is added to the Cancellation Common Policy Condition:

7. Residential Property

This provision applies to coverage on real property which is used predominantly for residential purposes and consisting of not more than four dwelling units, and to coverage on tenants' household personal property in a residential unit, if such coverage is written under one of the following:

Businessowners Policy

Commercial Property Coverage Part

Farm Coverage Part - Farm Property Coverage Form

a. If such coverage has been in effect for 60 days or less, and is not a renewal of coverage we previously issued, we may cancel this coverage for any reason, except as provided in b. and c. below.

b. We may not cancel this policy solely because the first Named Insured has:

(1) Accepted an offer of earthquake coverage; or

(2) Cancelled or did not renew a policy issued by the California Earthquake Authority (CEA) that included an earthquake policy premium surcharge.

However, we shall cancel this policy if the first Named Insured has accepted a new or renewal policy issued by the CEA that includes an earthquake policy premium surcharge but fails to pay the earthquake policy premium surcharge authorized by the CEA.

c. We may not cancel such coverage solely because corrosive soil conditions exist on the premises. This restriction (c.) applies only if coverage is subject to one of the following, which exclude loss or damage caused by or resulting from corrosive soil conditions:

(1) Businessowners Policy Businessowners Special Property Coverage Form;

(2) Commercial Property Coverage Part - Causes Of Loss - Special Form; or

(3) Farm Coverage Part - Farm Property Coverage Form; Covered Causes Of Loss - Special.

C. The following is added and supersedes any provisions to the contrary:

NONRENEWAL

1. Subject to the provisions of Paragraphs C.2. and C.3. below, if we elect not to renew this policy, we will mail or deliver written notice stating the reason for nonrenewal to the first Named Insured shown in the Declarations and to the producer of record, at least 60 days, but not more than 120 days, before the expiration or anniversary date.

We will mail or deliver our notice to the first Named Insured, and to the producer of record, at the mailing address shown in the policy.

**AIU 0476**

Copyright, Insurance Services Office, Inc., 1997

IL 02 70 08 97    ☐

## 2. Residential Property

This provision applies to coverage on real property used predominantly for residential purposes and consisting of not more than four dwelling units, and to coverage on tenants' household property contained in a residential unit, if such coverage is written under one of the following:

Businessowners Policy

Commercial Property Coverage Part

Farm Coverage Part - Farm Property Coverage Form

**a.** We may elect not to renew such coverage for any reason, except as provided in b, c. and d. below:

**b.** We will not refuse to renew such coverage solely because the first Named Insured has accepted an offer of earthquake coverage.

However, the following applies only to insurers who are associate participating insurers as established by Cal. Ins. Code Section 10089.16. We may elect not to renew such coverage after the first Named Insured has accepted an offer of earthquake coverage, if one or more of the following reasons applies:

    **(1)** The nonrenewal is based on sound underwriting principles that relate to the coverages provided by this policy and that are consistent with the approved rating plan and related documents filed with the Department of Insurance as required by existing law;

    **(2)** The Commissioner of Insurance finds that the exposure to potential losses will threaten our solvency or place us in a hazardous condition. A hazardous condition includes, but is not limited to, a condition in which we make claims payments for losses resulting from an earthquake that occurred within the preceding two years and that required a reduction in policyholder surplus of at least 25% for payment of those claims; or

    **(3)** We have:

        **(a)** Lost or experienced a substantial reduction in the availability or scope of reinsurance coverage; or

        **(b)** Experienced a substantial increase in the premium charged for reinsurance coverage of our residential property insurance policies; and

the Commissioner has approved a plan for the nonrenewals that is fair and equitable, and that is responsive to the changes in our reinsurance position.

**c.** We will not refuse to renew such coverage solely because the first Named Insured has cancelled or did not renew a policy, issued by the California Earthquake Authority that included an earthquake policy premium surcharge.

**d.** We will not refuse to renew such coverage solely because corrosive soil conditions exist on the premises. This restriction (d.) applies only if coverage is subject to one of the following, which exclude loss or damage caused by or resulting from corrosive soil conditions:

    **(1)** Businessowners Policy Businessowners Special Property Coverage Form;

    **(2)** Commercial Property Coverage Part - Causes Of Loss - Special Form; or

    **(3)** Farm Coverage Part - Farm Property Coverage Form; Covered Causes Of Loss - Special.

**3.** We are not required to send notice of nonrenewal in the following situations:

**a.** If the transfer or renewal of a policy, without any changes in terms, conditions, or rates, is between us and a member of our insurance group.

**b.** If the policy has been extended for 90 days or less, provided that notice has been given in accordance with Paragraph C.1.

**c.** If you have obtained replacement coverage, or if the first Named Insured has agreed, in writing, within 60 days of the termination of the policy, to obtain that coverage.

**d.** If the policy is for a period of no more than 60 days and you are notified at the time of issuance that it will not be renewed.

**e.** If the first Named Insured requests a change in the terms or conditions or risks covered by the policy within 60 days of the end of the policy period.

**f.** If we have made a written offer to the first Named Insured, in accordance with the timeframes shown in Paragraph C.1., to renew the policy under changed terms or conditions or at an increased premium rate, when the increase exceeds 25%.

**AIU 0477**

Royal Insurance

# CONFORMITY WITH STATUTE

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

| | |
|---|---|
| If this endorsement is listed in the policy declarations, it is in effect from the time coverage under this policy commences.   Otherwise, the effective date of this endorsement is as shown below at the same time or hour of the day as the policy became effective. | COUNTERSIGNED BY: |
| | |
| | AUTHORIZED REPRESENTATIVE |

COMPANY

| PRODUCER CODE | ENDORSEMENT (MO., DAY, YR) EFFECTIVE DATE | POLICY SYMBOL & NO. P TR-457882 0000 |
|---|---|---|
| Named Insured (and address, zip code when necessary for mailing) | Producer (and address, zip code, for mailing) | |

Any terms of this policy which are in conflict with the statutes of the state wherein this policy is issued are hereby amended to conform to such statutes.

GC 0038 1287

**AIU 0478**

COMMERCIAL GENERAL LIABILITY
CG 21 47 10 93

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EMPLOYMENT-RELATED PRACTICES EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is added to paragraph 2., Exclusions of COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section I - Coverages):

This insurance does not apply to:

"Bodily injury" to:

(1) A person arising out of any:

    (a) Refusal to employ that person;

    (b) Termination of that person's employment; or

    (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

(2) The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in paragraphs (a), (b), or (c) above is directed.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**B.** The following exclusion is added to paragraph 2., Exclusions of COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY (Section I - Coverages):

This insurance does not apply to:

"Personal injury" to:

(1) A person arising out of any:

    (a) Refusal to employ that person;

    (b) Termination of that person's employment; or

    (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

(2) The spouse, child, parent, brother or sister of that person as a consequence of "personal injury" to that person at whom any of the employment-related practices described in paragraphs (a), (b), or (c) above is directed.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

CG 21 47 10 93          Copyright, Insurance Services Office, Inc., 1992

**AIU 0479**

POLICY NUMBER: P TR-457882 0000

COMMERCIAL GENERAL LIABILITY
CG 03 00 01 96

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# DEDUCTIBLE LIABILITY INSURANCE

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

### SCHEDULE

| Coverage | Amount and Basis of Deductible | |
|---|---|---|
| | PER CLAIM | PER OCCURRENCE |
| Bodily Injury Liability | $ | $ |
| OR | | |
| Property Damage Liability | $ | $ 1,000 |
| OR | | |
| Bodily Injury Liability and/or Property Damage Liability Combined | $ | $ |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

APPLICATION OF ENDORSEMENT (Enter below any limitations on the application of this endorsement. If no limitation is entered, the deductibles apply to damages for all "bodily injury" and "property damage", however caused):

APPLIES TO DURAFLAME, INC. ONLY

**AIU 0480**

A. Our obligation under the Bodily Injury Liability and Property Damage Liability Coverages to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the Schedule above as applicable to such coverages.

B. You may select a deductible amount on either a per claim or a per "occurrence" basis. Your selected deductible applies to the coverage option and to the basis of the deductible indicated by the placement of the deductible amount in the Schedule above. The deductible amount stated in the Schedule above applies as follows:.

1. PER CLAIM BASIS. If the deductible amount indicated in the Schedule above is on a per claim basis, that deductible applies as follows:

   1. Under Bodily Injury Liability Coverage, to all damages sustained by any one person because of "bodily injury";

b. Under Property Damage Liability Coverage, to all damages sustained by any one person because of "property damage"; or

c. Under Bodily Injury Liability and/or Property Damage Liability Coverage Combined, to all damages sustained by any one person because of:

   (1) "Bodily injury";
   (2) "Property damage"; or
   (3) "Bodily injury" and "property damage" combined

as the result of any one "occurrence".

If damages are claimed for care, loss of services or death resulting at any time from "bodily injury", a separate deductible amount will be applied to each person making a claim for such damages.

With respect to "property damage", person includes an organization

2. **PER OCCURRENCE BASIS.** If the deductible amount indicated in the Schedule above is on a "per occurrence" basis, that deductible amount applies as follows:

   a. Under Bodily Injury Liability Coverage, to all damages because of "bodily injury";

   b. Under Property Damage Liability Coverage, to all damages because of "property damage"; or

   c. Under Bodily Injury Liability and/or Property Damage Liability Coverage Combined, to all damages because of:

      (1) "Bodily injury";
      (2) "Property damage"; or
      (3) "Bodily injury" and "property damage" combined

   as the result of any one "occurrence", regardless of the number of persons or organizations who sustain damages because of that "occurrence".

C. The terms of this insurance, including those with respect to:

   1. Our right and duty to defend the insured against any "suits" seeking those damages; and

   2. Your duties in the event of an "occurrence," claim, or "suit"

   apply irrespective of the application of the deductible amount.

D. We may pay any part or all of the deductible amount to effect settlement of any claim or "suit" and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible amount as has been paid by us.

**AIU 0481**

Copyright, Insurance Services Office, Inc., 1994        CG 03 00 01 96 □

POLICY NUMBER: P TR-457882 0000                    COMMERCIAL GENERAL LIABILITY

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EXCLUSION - DESIGNATED PRODUCTS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

SCHEDULE

Designated Product(s):

INCENSE CEDAR PENCIL SLATS.  HOWEVER, PRODUCTS COVERAGE IS PROVIDED
FOR ALTERNATE SPECIES (PORT OREFORD CEDAR, REDWOOD, FIR, ETC.)
PENCIL SLATS.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of any of "your products" shown in the Schedule.

CG 21 33 11 85                Copyright, Insurance Services Office, Inc., 1984        **AIU 0482**

**Royal Insurance**

*THIS FORM PROVIDES CLAIMS MADE COVERAGE*
*This Endorsement Changes the Policy. Please Read it Carefully.*

# EMPLOYEE BENEFITS ERRORS AND OMISSIONS INSURANCE

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations.*

| | |
|---|---|
| If this endorsement is listed in the policy declarations, it is in effect from the time coverage under this policy commences. Otherwise, the effective date of this endorsement is as shown below at the same time or hour of the day as the policy became effective. | COUNTERSIGNED BY: |
| | AUTHORIZED REPRESENTATIVE |

COMPANY

| PRODUCER CODE | PREMIUM  Add'l. ___ Ret. ___ $ _____ | ENDORSEMENT (MO., DAY, YR) EFFECTIVE DATE | POLICY SYMBOL & NO.  P TR-457882 0000 |
|---|---|---|---|
| Named Insured (and address, zip code when necessary for mailing) | | Producer (and address, zip code, for mailing) | |

## DECLARATION

ITEM 1.   Named Insured
          and Address:     CALIFORNIA CEDAR PRODUCTS
                           SEE NAMED INSURED ENDORSEMENT
                           P.O. BOX 528
                           STOCKTON          CA 95201

ITEM 2.   Limit of Liability: $ ___2,000,000___ each claim; $ ___2,000,000___ aggregate

ITEM 3.   Premium Computation:

| Estimated Number of Employees | Rate (Per Employee) | Estimated Premium |
|---|---|---|
| | First 5000 $ INCLUDED | $ INCLUDED |
| | Next 5000 $ | $ |
| | Over 10000 $ | $ |
| Minimum Premium: $ INCLUDED | | Total $ INCLUDED |

## INSURING AGREEMENTS

This endorsement modifies insurance provided in the policy as follows:

I.   COVERAGE. We will pay those sums that the "insured" becomes legally obligated to pay as damages because of claims made against you by an employee, former employee or the beneficiaries or legal representatives thereof and caused by any negligent act, error or omission of yours, or any other person for whose act the "insured" is legally liable in the "administration" of your "Employee Benefit Programs."

II.   Our obligation to pay damages on your behalf applies only to the amount in excess of a $1,000 deductible as applicable to each claim.

It is agreed you must see to it that we are notified promptly of an "occurrence" which may result in a claim. You must also provide prompt written notice of any claim or "suit" brought against any "insured" to us or any of our authorized agents. We may investigate and settle any claim or "suit" at our discretion; and you are to cooperate with us in the investigation, settlement or defense of the claim or "suit" to the extent of the stated deductible amount or promptly reimburse us for such part of the deductible amount as has been paid by us.

III. DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS. We shall:

(a) have the right and duty to defend any "suit" against you alleging such negligent act, error or omission to which this insurance applies and shall make investigation and negotiation of any claim or "suit" as we deemed expedient. However, we shall not make settlement or compromise any claim or "suit" without your written consent.

(b) pay the cost of bonds to release attachments, but only for bond amounts within the applicable limit of liability of this endorsement. We do not have to furnish these bonds.

(c) pay all costs taxed against the "insured" in the "suit," all expenses we incur and all interest on the full amount of any judgement that accrues after entry of the judgement and before we have paid, offered to pay, or deposited in court the part of the judgement that is within the applicable limit of insurance.

(d) reimburse all reasonable expenses incurred by the "insured" at our request to assist us in the investigation or defense of the claim or "suit," including actual loss of earnings up to $100 a day because of time off from work.

These payments will not reduce the limits of liability of this endorsement.

IV. EXTENDED REPORTING PERIODS

Upon termination or expiration, by you or us, of this endorsement for any reason the Named Insured shall have the right to:

(a) A Basic Extended Reporting Period automatically provided without additional charge. This period starts with the end of this endorsement period and lasts for 60 days.

(b) A Supplemental Extended Reporting Period of unlimited duration is available, but only for an extra charge. This supplemental period starts 60 days after the end of this endorsement period provided:

1. You give us a written request for the coverage within 60 days after the termination of this endorsement;
2. You pay promptly when due an additional premium not to exceed 200% of the annual premium for this coverage.

(c) Extended Reporting Periods do not extend the endorsement period or change the scope of coverage provided. They apply only for claims for damages covered by this endorsement that occurred during the original term of this endorsement.

V. POLICY PERIOD AND TERRITORY. This endorsement applies only to claims resulting from negligent acts, errors or omissions of yours, or any other person for whose act the "insured" is legally liable in the "administration" of "Employee Benefit Programs" occurring within the United States of America (including its territories and possessions), Puerto Rico and Canada, provided such claim is first made against any "insured" during the policy period, and, as of the effective date of this policy you had no knowledge of, nor could have reasonably foreseen, any circumstances which might result in a claim of "suit."

VI. DEFINITION

A. "Insured" - the word "insured," wherever used in this endorsement, includes not only you, but also any partner, executive officer, director, stockholder or employee, provided such employee is authorized to act in the "administration" of your "Employee Benefit Programs."

B. "Employee Benefit Programs" - shall mean Group Life Insurance, Group Accident or Health Insurance, Profit Sharing Plans, Pension Plans, Employee Stock Subscription Plans, Worker's Compensation, Unemployment Insurance, Social Security and Disability Benefits.

C. "Administration" - wherever used in this endorsement shall mean:

1. giving counsel to employees with respect to the "Employee Benefit Programs;"
2. interpreting the "Employee Benefit Programs;"
3. handling of records in connection with the "Employee Benefit Programs;"
4. effecting enrollment or cancellation of employees under the "Employee Benefit Programs;"

Provided all such acts are authorized by you.

## EXCLUSIONS

This endorsement does not apply to:

(a) any dishonest, fraudulent, criminal or malicious act, libel, slander, discrimination or humiliation;

(b) bodily injury, sickness, disease or death or any person, or physical injury to or destruction of any tangible property including all resulting loss of use of that property;

(c) any claim for failure of performance of contract by an insurer, or any other party, including the "insured," obligated to afford the benefits;

(d) any obligation of the "insured" under a Workers' Compensation, Social Security, Disability Benefits or Unemployment Compensation law or any similar law;

(e) any claim based upon:

(1) failure of stock, bonds or other securities to perform as represented by an "insured" including but not limited to their failure to produce financial gain, profit or growth.

(2) advice given by an "insured" to an employee to participate or not to participate in stock subscription plans.

(f) any liability of an insured as a fiduciary under the Employee Retirement Income Security Act of 1974 (P.L. 93-406), as respects any employee benefit plan.

## CONDITIONS

1. Policy Provisions. No provision of the policy applies to the insurance under this endorsement.

2. Limits of Liability. The limits of liability shown in the Declarations as applicable to "each claim" is the most we will pay for all damages on account of any covered claim. The "aggregate" limit stated in the Declarations, subject to the above provision respecting each claim, is the most we will pay for the sum of all covered claims occurring during each policy year. The inclusion of more than one "insured" shall not operate to increase our limits of liability.

3. Duties In the Event of Claim or Suit. You must see to it that we are notified promptly when you receive information as to your alleged negligent act, error or omission. Such notice shall contain full information of any claim arising therefrom. If claim is made or "suit" is brought the insured must immediately send up copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit."

4. Assistance and Cooperation of the Insured. You and any other insured must cooperate with us in the investigation, settlement or defense of the claim or "suit" and assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply. No insured will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense without our consent.

5. Legal Action Against US. No person or organization has a right under this endorsement to join us as a party or otherwise bring us into a "suit" asking for damages from an insured or to sue us on this endorsement unless all of its terms have been fully complied with. A person or organization may sue us to recover on an agreed settlement or on a final judgement against an insured obtained after an actual trail; but we will not be liable for damages that are not payable under terms of this endorsement or that are in excess of the applicable limit of liability. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

GC 0009 0488

**AIU 0485**

6. Other Insurance. If other valid and collectible insurance is available to the insured for a loss we cover under this endorsement we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of liability to the total applicable limits of liability of all insurers for such loss.

7. Subrogation. If the insured has rights to recover all or part of any payment we have made under this endorsement, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

8. Changes. This policy contains all the agreements between you and us concerning the insurance afforded. The First Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

9. Non-Assignable. The interest of the insured under this policy shall not be assignable to any other interest.

10. Cancellation. This policy may be cancelled as follows:

    1. The First Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

    2. We may cancel this policy by mailing or delivering to the First Named Insured written notice of cancellation at least:

       a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

       b. 30 days before the effective date of cancellation if we cancel for any other reason.

    3. We will mail or deliver our notice to the First Named Insured's last mailing address known to us.

    4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

    5. If this policy is cancelled, we will send the First Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the First Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

    6. If notice is mailed, proof of mailing will be sufficient proof of notice.

11. Premium. The premium stated in the Declarations is only an estimated premium. At our request the insured, upon termination of each policy period, will furnish us a statement of the total number of employees at the end of the policy period. The earned premium shall be computed on the average of the number of employees at the beginning and the end of such period in accordance with the rates set forth in item 3 of the Declarations. If the computed earned premium is greater than the paid advance premium you shall pay the excess to us; if less, we will return the excess to the First Named Insured subject to the minimum premium stated in item 3 of the Declarations.

THIS ENDORSEMENT 'ANGES THE POLICY. PLEASE RI ) IT CAREFULLY.

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

This endorsement modifies insurance provided under the following:

> BUSINESSOWNERS POLICY
> COMMERCIAL AUTO COVERAGE PART
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> FARM COVERAGE PART
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
> LIQUOR LIABILITY COVERAGE PART
> POLLUTION LIABILITY COVERAGE PART
> OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
> RAILROAD PROTECTIVE LIABILITY COVERAGE PART
> SPECIAL PROTECTIVE AND HIGHWAY LIABILITY POLICY NEW YORK DEPARTMENT OF TRANSPORTATION
> UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

   A. Under any Liability Coverage, to "bodily injury" or "property damage:"

   (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

   (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material," if:

   (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom;

   (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured;" or

   (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility," but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

   "Hazardous properties" includes radioactive, toxic or explosive properties;

   "Nuclear material" means "source material," "Special nuclear material" or "by-product material;"

   "Source material," "special nuclear material," and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

   "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor;"

**AIU 0487**

"Waste" means any waste material (a) containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and (b) resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility."

"Nuclear facility" means:

(a) Any "nuclear reactor;"

(b) Any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing "spent fuel," or (3) handling, processing or packaging "waste;"

(c) Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

(d) Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste;"

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

"Property damage" includes all forms of radioactive contamination of property.

Copyright, Insurance Services Office, Inc., 1994

IL 00 21 11 94

AIU 0488

**Royal Insurance**

*This Endorsement Changes the Policy. Please Read it Carefully.*

# ABSOLUTE ASBESTOS EXCLUSION
## (GEORGIA, LOUISIANA, OKLAHOMA)

This endorsement modifies insurance provided under the following:



### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

This insurance does not apply to any loss, claim or expense caused by, resulting from or arising out of asbestos, exposure to asbestos, or any product containing asbestos.

We shall have no duty or obligation to provide or pay for the investigation or defense of any loss, cost, expense, claim or suit resulting from or arising out of asbestos, exposure to asbestos, or any product containing asbestos.

Accepted: _____

Signature of Insured

GC 0023 0596

**AIU 0489**

IL 02 62 12 95

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# GEORGIA CHANGES - CANCELLATION
# AND NONRENEWAL

This endorsement modifies insurance provided under the following:

    BOILER AND MACHINERY COVERAGE PART
    COMMERCIAL AUTO COVERAGE PART
    COMMERCIAL CRIME COVERAGE PART
    COMMERCIAL INLAND MARINE COVERAGE PART
    COMMERCIAL PROPERTY COVERAGE PART
    COMMERCIAL GENERAL LIABILITY COVERAGE PART
    FARM COVERAGE PART
    LIQUOR LIABILITY COVERAGE PART
    POLLUTION LIABILITY COVERAGE PART
    PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

A. Paragraph A.1. of the CANCELLATION Common Policy Condition is replaced by the following:

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation stating a future date on which the policy is to be cancelled, subject to the following:

    a. If only the interest of the first Named Insured is affected, the effective date of cancellation will be either the date we receive notice from the first Named Insured or the date specified in the notice, whichever is later. However, upon receiving a written notice of cancellation from the first Named Insured, we may waive the requirement that the notice state the future date of cancellation, by confirming the date and time of cancellation in writing to the first Named Insured.

    b. If by statute, regulation or contract this policy may not be cancelled unless notice is given to a governmental agency, mortgagee or other third party, we will mail or deliver at least 10 days notice to the first Named Insured and the third party as soon as practicable after receiving the first Named Insured's request for cancellation.

Our notice will state the effective date of cancellation, which will be the later of the following:

    (1) 10 days from the date of mailing or delivering our notice, or

    (2) The effective date of cancellation stated in the first Named Insured's notice to us.

B. Paragraph A.5. of the CANCELLATION Common Policy Condition is replaced by the following:

5. Premium Refund

    a. If this policy is cancelled, we will send the first Named Insured any premium refund due.

    b. If we cancel, the refund will be pro rata, except as provided in c. below.

    c. If the cancellation results from failure of the first Named Insured to pay, when due, any premium to us or any amount, when due, under a premium finance agreement, then the refund may be less than pro rata. Calculation of the return premium at less than pro rata represents a penalty charged on unearned premium.

    d. If the first Named Insured cancels, the refund may be less than pro rata.

    e. The cancellation will be effective even if we have not made or offered a refund.

Copyright, Insurance Services Office, Inc., 1995
Copyright, ISO Commercial Risk Services, Inc., 1995

AIU 0490

COMMERCIAL GENERAL LIABILITY
CG 00 54 03 97

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# AMENDMENT OF POLLUTION EXCLUSION - EXCEPTION FOR BUILDING HEATING EQUIPMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART

Subparagraph (1)(a) of the Pollution exclusion under Paragraph 2., Exclusions of Bodily Injury And Property Damage Liability Coverage (**Section I – Coverages**) is replaced by the following:

This insurance does not apply to:

POLLUTION

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

(a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured.

However, Subparagraph (a) does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot from equipment used to heat that building.

AIU 0491

Copyright, Insurance Services Office, Inc., 1996

Page 1 of 1   ☐

COMMERCIAL GENERAL LIABILITY
CG 00 55 03 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AMENDMENT OF OTHER INSURANCE CONDITION
## OCCURRENCE VERSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART (OCCURRENCE VERSION)

Paragraph 4.b. of the Other Insurance Condition - (Section IV - Commercial General Liability Conditions) is replaced by the following:

**4. Other Insurance**

  **b. Excess Insurance**

    This insurance is excess over:

    (1) Any of the other insurance, whether primary, excess, contingent or on any other basis:

      (a) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

      (b) That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner; or

      (c) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of COVERAGE A (SECTION I).

    (2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under COVERAGES A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

**AIU 0492**

**Royal Insurance**

*This Endorsement Changes the Policy. Please Read it Carefully.*

# SELF INSURED RETENTION LIABILITY ENDORSEMENT
## (INCLUDING EXPENSES)

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART
    PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**Limitations to the application of this endorsement:**

    This endorsement applies to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of any of "your products" attributable to Rylock Company, Ltd.

(If no limitation is entered, the "Self Insured Retention" applies to damages for all "bodily injury", "property damage", "personal injury" and "advertising injury", however caused):

1.  We will pay for damages on your behalf to which this insurance applies in excess of the "Self Insured Retention" as follows:

    $ __25,000.__    each "occurrence" or offense

    $ _____    "Self Insured Retention Aggregate"

2.  Expenses shown under **Section I, Supplementary Payments** of this policy are included in the "Self Insured Retention" but will not include general administrative expenses or costs such as employee salaries, retainer fees or third party administrator costs which are not related to a particular claim.

3.  We may, at our discretion and at our expense, participate with you in the investigation, settlement or defense of any claim or "suit" which is likely to involve this policy and upon written request from us, you will tender such portion of the "Self Insured Retention" as we may deem necessary to complete the settlement of such claim.

4.  Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements in excess of the "Self Insured Retention" to which this insurance applies.

5.  Your bankruptcy, insolvency or inability to pay the "Self Insured Retention" shall not relieve you of your obligations under this policy.

**AIU 0493**

Royal Insurance

## This Endorsement Changes the Policy. Please Read it Carefully.

ENDORSEMENT NO.
A

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations*

| If this endorsement is listed in the policy declarations, it is in effect from the time coverage under this policy commences. Otherwise, the effective date of this endorsement is as shown below at the same time or hour of the day as the policy became effective. | COUNTERSIGNED BY: |
|---|---|
| COMPANY | AUTHORIZED REPRESENTATIVE |

| PRODUCER CODE | PREMIUM Add'l. ___ Ret. ___ $ _____ | POLICY EFFECTIVE DATE | POLICY EXPIRATION DATE |
|---|---|---|---|
| | | ENDORSEMENT (MO.,DAY, YR) EFFECTIVE DATE | POLICY SYMBOL & NO. P  TR-457882  0000 |

Named Insured (and address, zip code when necessary for mailing)

Producer (and address, zip code for mailing)

---

### NAMED INSURED

CALIFORNIA CEDAR PRODUCTS COMPANY

CALMILLS, INC.

CALCEDAR EXPORT, INC.

C.P.C. MARKETING

DURAFLAME, INC.

P&M HOLDINGS, INC.

P&M CEDAR PRODUCTS, INC., A WHOLLY OWNED SUBSIDIARY OF P&M HOLDINGS, INC.

LITTLE SAINT SIMONS ISLAND, A DIVISION OF P&M HOLDINGS, INC.

RYLOCK COMPANY, LTD.

PHILIP C. BEROLZHEIMER, AND MICHAEL G. BEROLZHEIMER, AS INDIVIDUALS

FIRSTMARK

SPRING HILL ASSOCIATES, A PARTNERSHIP COMPOSED OF P&M CEDAR PRODUCTS, INC. (50%) AND MARTIN COOPER (50%) AND/OR ANY OTHER SUBSIDIARY OWNED OR FINANCIALLY CONTROLLED COMPANY AS IS NOW OR MAY HEREAFTER BE CONSTITUTED.

ESTATE OF CHARLES P. BEROLZHEIMER

**AIU 0494**

---

LI 0004 0990 - A

*This Endors    ent Changes the Policy. Please r\\   l it Carefully*

# ♔ Royal Insurance

| | ENDORSEMENT NO. |
|---|---|
| | B |

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations*

| If this endorsement is listed in the policy declarations, it is in effect from the time coverage under this policy commences. Otherwise, the effective date of this endorsement is as shown below at the same time or hour of the day as the policy became effective. | COUNTERSIGNED BY: |
|---|---|
| | AUTHORIZED REPRESENTATIVE |

| COMPANY | | POLICY EFFECTIVE DATE | POLICY EXPIRATION DATE |
|---|---|---|---|
| PRODUCER CODE | PREMIUM <br> Add'l ☐  Ret. ☐  $ | ENDORSEMENT (MO.,DAY,YR.) <br> EFFECTIVE DATE | POLICY SYMBOL & NO. <br> PTR 457882 0000 |

Named Insured (and address, zip code when necessary for mailing)          Producer (and address, zip code, for mailing)

California Cedar Products

PTR 457882
03/01/98-03/01/99

### LOGGING AND LUMBERING OPERATIONS ENDORSEMENT

This endorsement modifies insurance provided under the following:

Commercial General Liability Coverage Part

With respect to logging ad lumbering operations as defined below, Section 1, coverage A Property Damage Liability, is amended to include the following:

Commercial General Liability Coverage Part

With respect to logging ad lumbering operations as defined below, Section 1, coverage A Property Damage Liability, is amended to include the following:

1.  Fire Suppression Expense - meaning fire suppression expenses incurred by others for which the named insured is legally obligated, solely by reason of such expenses having been incurred as a direct consequence of fire resulting from and immediately attributable to an occurrence arising out of logging or lumbering operations of the named insured.

2.  Property Damage to Timberland or Timber not owned by any Named Insured -meaning property damage to timberland standing, felled or bucked timber at premises rented or controlled by the named insured, if such timberland or timber is not owned by any insured and except while such timer is being transported.

**AIU 0495**

*This Endorsement Changes the Policy. Please Read Carefully*

## Royal Insurance

| ENDORSEMENT NO. |
|---|
| B |

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations*

| If this endorsement is listed in the policy declarations, it is in effect from the time coverage under this policy commences. Otherwise, the effective date of this endorsement is as shown below at the same time or hour of the day as the policy became effective. | COUNTERSIGNED BY: |
|---|---|
| | AUTHORIZED REPRESENTATIVE |

| COMPANY | POLICY EFFECTIVE DATE | POLICY EXPIRATION DATE |
|---|---|---|

| PRODUCER CODE | PREMIUM | ENDORSEMENT (MO..DAY,YR.) | POLICY SYMBOL & NO. |
|---|---|---|---|
| | Add'l ☐  Ret. ☐  $ | EFFECTIVE DATE | PTR 457882 0000 |

| Named Insured (and address, zip code when necessary for mailing) | Producer (and address, zip code, for mailing) |
|---|---|

---

3.     Property Damage to Automobiles and Railroad cars not owned by the Named Insured - meaning property damage to automobiles and railroad cars not owned by the named insured which occurs while such vehicles are being loaded or unloaded by or behalf of the named insured and arises out of such loading and unloading.

The insurance provided for fire suppression expense and for damage to timberland or timber not owned by any named insured shall not apply to damages because of fire or fire suppression if the fire arose out of the following operations conducted by or at the direction of the insured:

(A)     The burning of slash at times or under conditions prohibited or not approved by proper state or federal authorities, or

(B)     The felling or bucking of timber, the operation of logging equipment (including railroad equipment) or the loading or unloading of logs at a time during which suspension of such operations has been directed by the proper state or federal authorities.

The insurance afforded by this endorsement is subject to a $250.00 property damage deductible per occurrence.

Definition: Logging and lumbering operations means all operations associated with the felling of timber and production of lumber, including road building operations, the operation of saw or planning mills, operations incidental to any of these, and ownership, maintenance or use of vehicles in connection with such operations, if such operations are conducted by or for the named insured.

**AIU 0496**

COMPANY    COPY

# Royal Insurance

*This Endorsement Changes the Policy. Please Read it Carefully*

| | ENDORSEMENT NO. |
|---|---|
| | C |

Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations

| If this endorsement is listed in the policy declarations, it is in effect from the time coverage under this policy commences. Otherwise, the effective date of this endorsement is as shown below at the same time or hour of the day as the policy became effective. | COUNTERSIGNED BY: |
|---|---|
| | AUTHORIZED REPRESENTATIVE |

| COMPANY | POLICY EFFECTIVE DATE | POLICY EXPIRATION DATE |
|---|---|---|
| | DATE | PTR 457882  0000 |

Add'l ☐    Ret. ☐    $

Named Insured (and address, zip code when necessary for mailing)          Producer (and address, zip code, for mailing)

## Water Damage Legal Liability

RE: Endorsement GC0330 (1097), #13 **FIRE, LIGHTING OR EXPLOSION DAMAGE:**

1. Replace the words "Fire, Lighting, or Explosion" with "Fire, Lighting, Explosion, or Water".

2. Any reference to the limits of insurance as "Any combination of the three" is amended to "Any combination of the four".

**AIU 0497**

# Royal Insurance

*This Endorsement Changes the Policy. Please Read it Carefully*

| | ENDORSEMENT NO. |
|---|---|
| | D |

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations*

| If this endorsement is listed in the policy declarations, it is in effect from the time coverage under this policy commences. Otherwise, the effective date of this endorsement is as shown below at the same time or hour of the day as the policy became effective. | COUNTERSIGNED BY: |
|---|---|
| | |
| | AUTHORIZED REPRESENTATIVE |
| COMPANY | POLICY EFFECTIVE DATE | POLICY EXPIRATION DATE |
| | | |
| Add'l ☐  Ret. ☐  $ | DATE | PTR 457882 0000 |

| Named Insured (and address, zip code when necessary for mailing) | Producer (and address, zip code, for mailing) |
|---|---|

It is understood and agreed that exclusion (G) of the Commercial General Liability Coverage Part (Form CG0001) does not apply to watercraft owned by the named insured as follows:

    1979   Nettler 14' Aluminum Fishing Boat with
             1979 Manner 15 HP Outboard - 2M79L

    1987   Sylvan 14' Aluminum Fishing Boat with
             1987 Manner 15 HP Outboard - 8L687, 9L687, 2L687

Metal 14' Canoe

3 Sea Snapper Hulls

3 15 YP Yamaha Outboards

"Klamath" Ferry Boat, but only as respects those coverages not afforded under either the P & I policy or the Tulip policy currently in force.

It is further warranted that the insured shall maintain the P & I and Tulup policies as described on file with the company.

AIU 0498

# Royal Insurance

*This Endorsement Changes the Policy. Please Read it Carefully*

ENDORSEMENT NO.

E

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations*

If this endorsement is listed in the policy declarations, it is in effect from the time coverage under this policy commences. Otherwise, the effective date of this endorsement is as shown below at the same time or hour of the day as the policy became effective.

COUNTERSIGNED BY:

COMPANY

AUTHORIZED REPRESENTATIVE

| POLICY EFFECTIVE DATE | POLICY EXPIRATION DATE |
|---|---|
| | |

Add'l ☐    Ret. ☐    $    DATE

PTR 457882  0000

Named Insured (and address, zip code when necessary for mailing)    Producer (and address, zip code, for mailing)

### Liquor Liability

It is agreed that exclusion (C) of section I of the Commercial General Liability Insurance Coverage Part (Form CG0001) does not apply to the insureds operations on Little St. Simon's Island.

**AIU 0499**

# Royal Insurance

*This Endorsement Changes the Policy. Please Read it Carefully*

ENDORSEMENT NO.

**F**

Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations

| If this endorsement is listed in the policy declarations, it is in effect from the time coverage under this policy commences. Otherwise, the effective date of this endorsement is as shown below at the same time or hour of the day as the policy became effective. | COUNTERSIGNED BY: |
|---|---|
| COMPANY | AUTHORIZED REPRESENTATIVE |

| | | POLICY EFFECTIVE DATE | POLICY EXPIRATION DATE |
|---|---|---|---|
| | Add'l ☐  Ret. ☐  S | DATE | PTR 457882 0000 |

Named Insured (and address, zip code when necessary for mailing)          Producer (and address, zip code, for mailing)

The endorsement changes the policy.  Please read it carefully.

## Known Injury or Damage Exclusion

This endorsement modifies insurance provided under the following:

## Commercial General Liability

The following is added to paragraph 2., exclusions of coverage A - Bodily Injury and Property Damage Liability (Section 1- Coverages) and paragraph 2., exclusions of coverage B - Personal and Advertising Injury Liability (Section 1 - Coverages):

This insurance does not apply to "Bodily Injury" or "Property Damage" arising form an "Occurrence" or "Personal Injury" or "Advertising Injury" arising from an offense which was known to any corporate officer of the insured prior to the effective date of this policy regardless of whether there is repeated or continued exposure during the policy period or whether the injury or damage continues during the policy period.

For the purposes of this exclusion:                                                  **AIU 0500**

(A)    Knowledge of a prior "Occurrence" or offense is defined as: any occurrence for which the insured has been served legal notification.

(B)    Knowledge of "Bodily Injury" or Property Damage" arising from an "Occurrence" or "Personal Injury" or "Advertising Injury" arising from an offense constitutes knowledge of all injury or damage caused by the same "Occurrence" of offense.

# Royal Insurance

*This Endorsement Changes the Policy. Please Read it Carefully*

| | ENDORSEMENT NO. |
|---|---|
| | G |

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations*

| If this endorsement is listed in the policy declarations, it is in effect from the time coverage under this policy commences. Otherwise, the effective date of this endorsement is as shown below at the same time or hour of the day as the policy became effective. | COUNTERSIGNED BY: |
|---|---|
| COMPANY | AUTHORIZED REPRESENTATIVE |

| | | | | POLICY EFFECTIVE DATE | POLICY EXPIRATION DATE |
|---|---|---|---|---|---|
| | Add'l | Ret. | $ | DATE | PTR 457882 0000 |

Named Insured (and address, zip code when necessary for mailing)      Producer (and address, zip code, for mailing)

## Notice of Loss or Claim

This insurance shall not be prejudiced by your failure to give prompt notice of loss or claim unless knowledge of the event giving rise to the loss or claim is coveyed to your risk manager or insurance manager, nor shall you be penalized for reporting such loss or claim to what later proves to be the wrong insurance company.

This clause supersedes paragraph #2 of form GC0330 (1097) "General Liability Coverage Enhancement Endorsement".

**AIU 0501**

**Royal Insurance**

## This Endorsement Changes the Policy. Please Read it Carefully.

| ENDORSEMENT NO. |
| H |

*Type policy number only, in this section above the heavy line, IF issued with policy and attachment stated in policy declarations*

If this endorsement is listed in the policy declarations, it is in effect from the time coverage under this policy commences. Otherwise, the effective date of this endorsement is as shown below at the same time or hour of the day as the policy became effective.

COUNTERSIGNED BY:

AUTHORIZED REPRESENTATIVE

COMPANY

| POLICY EFFECTIVE DATE | POLICY EXPIRATION DATE |

PRODUCER CODE          PREMIUM

Add'l. ____ Ret. ____ $ _____

| ENDORSEMENT (MO., DAY, YR) EFFECTIVE DATE | POLICY SYMBOL & NO. |
| | P  TR-457882 0000 |

Named Insured (and address, zip code when necessary for mailing)

Producer (and address, zip code for mailing)

THE FOLLOWING CLASS CODES, RATES, EXPOSURES, AND PREMIUMS ARE TO APPLY.

| ENTITY | CODE | DESCRIPTION | SALES | RATE | PREMIUM |
|--------|------|-------------|-------|------|---------|
| DURFLAME | 59985 | WOOD PRODUCTS | $65,000,000. | $3.006 | $195,390 |
| RYLOCK | 52134 | DOOR OR WINDOW MFG. | $ 9,112,000. | $15.633 | $142,448 |
| P&M | 58873 | SAW MILLS | $30,000,000. | $1.706 | $ 51,180 |
| LSSI | 45190 | HOTELS | $   821,000. | $6.170 | $  5,066 |
| TOTAL | | | | | $394,084 |

LI 0004 0990 - H

COMPANY COPY

AIU 0502