Thomas A. Foster, Esq. (SBN 55640)
MARRONE, ROBINSON, FREDERICK & FOSTER
111 North First Street, Suite 300
Burbank, CA 91502-1851
Phone: (818) 841-1144
Fax: (818) 841-0746

Attorneys for Defendant,
ACCEPTANCE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - San Francisco Division

| | |
|---|---|
| AIU INSURANCE COMPANY, a New York corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ACCEPTANCE INSURANCE COMPANY, a Delaware corporation, TIG SPECIALTY INSURANCE COMPANY, a California corporation, ROYAL INSURANCE COMPANY OF AMERICA, a Delaware corporation, AMERICAN SAFETY RISK RETENTION GROUP, IND., a Vermont corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. C 07 5491 PJH<br><br>ACCEPTANCE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE INDEMNITY, SUBROGATION AND CONTRIBUTION<br><br>DEMAND FOR JURY TRIAL |

COMES NOW, defendant, ACCEPTANCE INSURANCE COMPANY, in answering the Plaintiff's First Amended Complaint, for itself alone, and for no other defendant, admits, denies and alleges as follows:

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 1

1. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and based thereon denies the allegations contained therein.

1

## ANSWERING THE ALLEGATIONS OF PARAGRAPH 2

2. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and based thereon denies the allegations contained therein.

## ANSWERING THE ALLEGATIONS OF PARAGRAPH 3

3. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and based thereon denies the allegations contained therein.

## ANSWERING THE ALLEGATIONS OF PARAGRAPH 4

4. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and based thereon denies the allegations contained therein.

## ANSWERING THE ALLEGATIONS OF PARAGRAPH 5

5. This responding defendant denies that it is a Delaware Corporation, with its principal place of business in Omaha, Nebraska. This responding defendant denies that ACCEPTANCE INSURANCE COMPANY is and was at all times herein mentioned engaged in the business of insurance, and is admitted in the State of California to transact the business of insurance. This responding defendant admits that ACCEPTANCE INSURANCE COMPANY is a Nebraska corporation, with its principal place of business in Council Bluffs, Iowa.

## ANSWERING THE ALLEGATIONS OF PARAGRAPH 6

6. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and based thereon denies the allegations contained therein.

## ANSWERING THE ALLEGATIONS OF PARAGRAPH 7

7. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and based thereon denies the allegations contained therein.

///

ACCEPTANCE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE INDEMNITY, SUBROGATION AND CONTRIBUTION; DEMAND FOR JURY TRIAL

ANSWERING THE ALLEGATIONS OF PARAGRAPH 8

8. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 9

9. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 10

10. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and based thereon, denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 11

11. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 12

12. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 13

13. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 14

14. Defendant admits that ACCEPTANCE INSURANCE COMPANY issued the following primary commercial general insurance policies to California Cedar Products Company for the periods indicated:

   a) Policy C92CG0053 providing coverage for the period of March 1, 1992 through March 1, 1993.

   b) Policy C93G0194 for the period of March 1, 1993 through March 1, 1994.

   c) Policy C94G0370 for the period of March 1, 1994 through March 1, 1995.

   d) Policy C95CG60598 for the period of March 1, 1995 through March 1, 1996.

Defendant further admits that Rylock was an insured under policy C92CG0053, C93G0194 and C94G0370. Responding defendant denies that Rylock was an insured under the C95CG60598 policy, as it was specifically excluded from that policy. Further, this responding defendant denies that each of the ACCEPTANCE INSURANCE COMPANY primary policies provided limits of $1 million per occurrence. This responding defendant admits that each of the ACCEPTANCE INSURANCE COMPANY primary policies had a $2 million aggregate for property damage which takes place during the policy period and arises out of an occurrence.

## ANSWERING THE ALLEGATIONS OF PARAGRAPH 15

15. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and based thereon denies the allegations contained therein.

## ANSWERING THE ALLEGATIONS OF PARAGRAPH 16

16. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and based thereon denies the allegations contained therein.

## ANSWERING THE ALLEGATIONS OF PARAGRAPH 17

17. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and based thereon denies the allegations contained therein.

## ANSWERING THE ALLEGATIONS OF PARAGRAPH 18

18. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 19

19. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 20

20. This responding defendant admits that Rylock was engaged in the business of window manufacturing and that Rylock windows were installed in numerous home in California and elsewhere. This responding defendant further admits that Rylock has been named as a Defendant and/or Cross-Defendant in litigation which homeowners have alleged that Rylock windows were defective. As for the remainder of the paragraph, this responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph, and based thereon, denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 21

21. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 22

22. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 23

23. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 24

24. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 25

25.     This responding defendant denies that ACCEPTANCE INSURANCE COMPANY owes any amount to Royal for any indemnity payments. Further, this responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 26

26.     This responding defendant incorporates herein and by this reference as though set forth in full its response to the allegations of Paragraphs 1 through 26 hereinabove.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 27

27.     This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 28

28.     This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 29

29.     This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 30

30.     This responding defendant incorporates herein by this reference as if set out in full its responses to the allegations in paragraphs 1 through 29 hereinabove.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 31

31.     This responding defendant denies the allegations of this paragraph as to ACCEPTANCE INSURANCE COMPANY having an obligation to reimburse Royal. This responding defendant admits that ACCEPTANCE INSURANCE COMPANY asserts that it has no obligation to reimburse Royal. With respect to the balance of the allegations contained in this

paragraph, this responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 32

32. This responding defendant denies the allegations in this paragraph.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 33

33. This responding defendant denies the allegations of this paragraph as to ACCEPTANCE INSURANCE COMPANY having an obligation to reimburse Royal. This responding defendant admits that ACCEPTANCE INSURANCE COMPANY asserts that it has no obligation to reimburse Royal. With respect to the balance of the allegations contained in this paragraph, this responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 34

34. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 35

35. This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35, and based thereon, denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 36

36. This responding defendant incorporates herein, and by this reference as though set forth in full, its response to allegations paragraphs 1 through 36 hereinabove.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 37

37 This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, and based thereon denies the allegations contained therein.

ACCEPTANCE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE INDEMNITY, SUBROGATION AND CONTRIBUTION; DEMAND FOR JURY TRIAL

ANSWERING THE ALLEGATIONS OF PARAGRAPH 38

38	This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 39

39	This responding defendant denies the allegations in this paragraph.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 40

40	This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 41

41	This responding defendant incorporates herein and by this reference as though forth in full its response to allegations of paragraphs 1 through 40.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 42

42	This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 43

43	This responding defendant denies that Acceptance Insurance Company owes any amount of monies or reimbursements to any carrier. Further, this responding defendant alleges that it is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 44

44	This responding defendant incorporates herein and by reference as though set forth in full its response to allegations in paragraphs 1 through 43.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 45

45	This responding defendant denies the allegations of this paragraph as to Acceptance Insurance Company breaching its obligation to defend and indemnify Rylock. With respect to the

balance of the allegations contained in this paragraph, this responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 46

46   This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 through 45, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 47

47   This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 48

48   This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 49

49   This responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49, and based thereon denies the allegations contained therein.

### PRAYER

This responding defendant denies that it is responsible for any damages that are alleged in the prayer.

### FIRST AFFIRMATIVE DEFENSE

1.   That the First Amended Complaint on file herein, and each and every purported action contained therein, fails to state facts sufficient to constitute a cause of action against this answering defendant.

## SECOND AFFIRMATIVE DEFENSE

2.  This responding defendant is informed and believes and upon such information and belief alleges that circumstances exist that cause the plaintiff's claim to be barred under the Doctrine of Estoppel.

## THIRD AFFIRMATIVE DEFENSE

3.  This responding defendant is informed and believes and upon such information and belief alleges that the circumstances exist that cause plaintiff's claims to be barred under the Doctrine of Waiver.

## FOURTH AFFIRMATIVE DEFENSE

4.  This responding defendant is informed and believes and upon such information and belief alleges that plaintiff does not have standing to bring the claimed allegations in plaintiff's First Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE

5.  This responding defendant is informed and believes and upon such information and belief alleges that plaintiff's claim is barred because plaintiff cannot bring this claim because of the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

6.  This responding defendant is informed and believes and upon such information and belief alleges that plaintiff is barred from recovery due to the Doctrine of Latches.

## SEVENTH AFFIRMATIVE DEFENSE

7.  This responding defendant is informed and believes and upon such information and belief alleges that the First Amended Complaint on file herein, and each and every purported cause of action contained therein, is barred by the statute of limitations set forth in California Code of Civil Procedure, §339, and all other applicable statutes and limitations.

## EIGHTH AFFIRMATIVE DEFENSE

8.  This responding defendant is informed and believes and upon such information and belief alleges that plaintiff does not have standing to bring a claim for equitable subrogation.

///

ACCEPTANCE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE INDEMNITY, SUBROGATION AND CONTRIBUTION; DEMAND FOR JURY TRIAL

NINTH AFFIRMATIVE DEFENSE

9. This responding defendant is informed and believes and upon such information and belief alleges that plaintiff does not have standing to bring a claim for equitable contribution.

WHEREFORE, this answering Defendant prays for judgment as follows:

1. That the plaintiff take nothing by way of its First Amended Complaint;
2. For costs of suit incurred; and
3. For such other and further relief as the court may deem just and proper.

DATED: July 2, 2008

MARRONE, ROBINSON, FREDERICK & FOSTER
A Professional Corporation


By: _____
THOMAS A. FOSTER,
Attorneys for Defendant,
ACCEPTANCE INSURANCE COMPANY

11

ACCEPTANCE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE INDEMNITY, SUBROGATION AND CONTRIBUTION; DEMAND FOR JURY TRIAL

PROOF OF SERVICE
C.C.P. §1013a

I, the undersigned, declare that I am, and was at the time of service of the papers herein referred to, over the age of 18 years and not a party to the within action or proceeding. My business address is 111 North First Street, Suite 300, Burbank, California 91502-1851. I am employed in the County of Los Angeles, State of California, where this mailing, facsimile and/or delivery is occurring.

☒ **BY MAIL** I am readily familiar with the practices of the law firm in which I am employed for collection and processing of documents for mailing with the United States Postal Service; In the ordinary course of business, this document would be deposited with the United States Postal Service on the same day as the execution of this declaration This document referred to herein was placed for deposit in the United States Postal Service on the date of this declaration as dated below, and it was placed for said deposit at the place of business reflected in the preceding paragraph. The envelope containing said document was sealed and placed for collection and mailing on the date of the execution of this declaration, following the ordinary business practices of this business.

On the date of this declaration, I have caused this document, i.e., ACCEPTANCE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL to be served in the manner described above upon the following party(ies):

| Attorneys for Plaintiff, AIU INSURANCE COMPANY: | Attorneys for Defendant, ROYAL INDEMNITY COMPANY |
|---|---|
| Laura J. Ruettgers, Esq.<br>Christina M. Vavanier, Esq.<br>McCurdy & Fuller LLP<br>4300 Bohannon Drive, Suite 240<br>Meno Park, CA 94025<br>(650) 618-3500 - phone / (650) 618-3599 - fax<br>(laura.ruettgers@mccurdylawyers.com) | Mary E. McPherson, Esq.<br>Angela Pak, Esq.<br>Tressler, Soderstrom, Maloney & Priess LLP<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067<br>(310) 203-4800 - phone / (310) 203-4850 - fax<br>(mmcpherson@tsmp.com) |
| **Attorneys for Defendant, TIG INSURANCE COMPANY** | **Attorneys for Defendant, AMERICAN SAFETY RISK RETENTION GROUP, INC.** |
| Semha Alwaya, Esq.<br>Trelawney James-Riechert, Esq.<br>Law Offices of Semha Alwaya<br>2200 Powell Street, Suite 110<br>Emeryville, CA 94608<br>(510) 595-7900 - phone / (510) 595-9049 - fax<br>(salwaya@alwayalaw.com) | David S. Blau, Esq.<br>Law Offices of David S. Blau<br>6080 Center Drive, Suite 210<br>Los Angeles, CA 90045<br>(310) 410-1900 - / (310) 410-1901 - fax<br>david@blaulaw.net |

I declare under the penalty of perjury under the laws of the United States that the above is true and correct.

Executed on **July** ____, **2008**, at Burbank, California.

_____
Micheline Valenti

MARRONE, ROBINSON, FREDERICK & FOSTER
A Professional Corporation
111 N. First Street, Suite 300, Burbank, California 91502-1851
Ph.: (818) 841-1144 / Fax: (818) 841-0746

Answer to First Amended Complaint.wpd

12
ACCEPTANCE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE INDEMNITY, SUBROGATION AND CONTRIBUTION; DEMAND FOR JURY TRIAL