David S. Blau (Bar No. 166825)
David M. Morrow (Bar No. 175776)
Law Offices of David S. Blau, P.C.
6080 Center Drive, Suite 210
Los Angeles, California 90045
(310) 410-1900 phone
(310) 410-1901 fax
david@blaulaw.net

Attorneys for Defendants
American Safety Risk Retention Group, Inc.,
and American Safety Indemnity Company

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIU INSURANCE COMPANY, a New York corporation, | Case No. 07-CV-05491 PJH |
| Plaintiff, | **ANSWER OF AMERICAN SAFETY INDEMNITY COMPANY TO FIRST AMENDED COMPLAINT** |
| vs. | [Demand for Jury Trial] |
| ACCEPTANCE INSURANCE COMPANY, a Delaware corporation, TIG SPECIALTY INSURANCE COMPANY, a California corporation, ARROWOOD INDEMNITY COMPANY, FORMERLY KNOWN AS ROYAL INDEMNITY COMPANY, SUCCESSOR-IN-INTEREST TO ROYAL INSURANCE COMPANY OF AMERICA, a Delaware corporation, AMERICAN SAFETY RISK RETENTION GROUP, INC., a Vermont corporation, AMERICAN SAFETY INDEMNITY COMPANY, a Oklahoma corporation, and DOES 1 through 10, inclusive, | |
| Defendants. | |

Defendant AMERICAN SAFETY INDEMNITY COMPANY (hereinafter "Defendant" or "ASIC"), for itself alone and for no others, hereby answers the First Amended Complaint of Plaintiff ACCEPTANCE INSURANCE COMPANY ("Plaintiff"), admits, denies and alleges as follows:

1

**ANSWER OF AMERICAN SAFETY INDEMNITY COMPANY TO FIRST AMENDED COMPLAINT**

**JURISDICTION**

1.     Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 1 of the First Amended Complaint, and on that basis denies each and every allegation contained therein.

2.     Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 2 of the First Amended Complaint, and on that basis denies each and every allegation contained therein.

3.     Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 3 of the First Amended Complaint, and on that basis denies each and every allegation contained therein.

**PARTIES**

4.     Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 4 of the First Amended Complaint, and on that basis denies each and every allegation contained therein.

5.     Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 5 of the First Amended Complaint, and on that basis denies each and every allegation contained therein.

6.     Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 6 of the First Amended Complaint, and on that basis denies each and every allegation contained therein.

7.     Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 7 of the First Amended Complaint, and on that basis denies each and every allegation contained therein.

8.     Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 8 of the First Amended Complaint, and on that basis denies each and every allegation contained therein.

9.     Defendant admits that it is an Oklahoma corporation, with its place of business in Atlanta, Georgia, and that it was authorized to engage in the business of insurance in

2

California, and was so engaged, at all relevant times. Except as specifically admitted, Defendant denies the remaining allegations of paragraph 9 of the First Amended Complaint.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 10 of the First Amended Complaint, and on that basis denies each and every allegation contained therein.

**VENUE**

11. Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 11 of the First Amended Complaint, and on that basis denies each and every allegation contained therein.

**THE INSURANCE POLICIES**

12. Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 12 of the First Amended Complaint, and on that basis denies each and every allegation contained therein.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 13 of the First Amended Complaint, and on that basis denies each and every allegation contained therein.

14. Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 14 of the First Amended Complaint, and on that basis denies each and every allegation contained therein.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 15 of the First Amended Complaint, and on that basis denies each and every allegation contained therein.

16. Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 16 of the First Amended Complaint, and on that basis denies each and every allegation contained therein.

17. Defendant admits that it issued policy XGI 01-1462-002 to Rylock Company Limited, effective March 1, 2001 to March 1, 2002. Except as specifically admitted, Defendant denies the remaining allegations of paragraph 17 of the First Amended Complaint.

3

**ANSWER OF AMERICAN SAFETY INDEMNITY COMPANY TO FIRST AMENDED COMPLAINT**

18.    Defendant admits that policy XGI 01-1462-002 contains a Per Occurrence Limit of $1,000,000.00, an aggregate Products/Completed Operations Limit of $2,000,000.00, and Endorsement form ASIC - ES 98 01 08 99, and that the terms of the policy are clear and unambiguous, and speak for themselves. Except as specifically admitted, Defendant denies the remaining allegations of paragraph 18 of the First Amended Complaint.

19.    Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 19 of the First Amended Complaint, and on that basis denies each and every allegation contained therein.

## THE UNDERLYING EVENTS

20.    Defendant admits that it is informed and believes that Rylock was engaged in the business of window manufacturing or distribution, and is alleged to have installed purportedly defective windows in homes located in California and elsewhere. Except as specifically admitted, Defendant denies the remaining allegations of paragraph 20 of the First Amended Complaint.

21.    Defendant admits that Rylock tendered to various insurers, including Defendant, certain lawsuits to which Rylock was a party. Except as specifically admitted, Defendant denies the remaining allegations of paragraph 21 of the First Amended Complaint.

22.    Defendant admits that it offered to participate in the defense of Rylock in certain lawsuits to which Rylock was a party, and which were tendered to Defendant, under the above-specified policy, subject to reservation of Defendant's rights and upon pay over of Rylock's applicable $50,000.00 self-insured retention. Except as specifically admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained in paragraph 22 of the First Amended Complaint, and on that basis denies those remaining allegations contained therein.

23.    Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 23 of the First Amended Complaint, and on that basis denies each and every allegation contained therein.

24.    Defendant lacks sufficient knowledge or information to form a belief as to the

4

1   truthfulness of the allegations contained in paragraph 24 of the First Amended Complaint, and

2   on that basis denies each and every allegation contained therein.

3       25.    Defendant lacks sufficient knowledge or information to form a belief as to the

4   truthfulness of the allegations contained in paragraph 25 of the First Amended Complaint, and

5   on that basis denies each and every allegation contained therein.

6                           **FIRST CLAIM FOR RELIEF**

7                   **(For Declaratory Relief Against ASRRG and ASIC)**

8       26.    Defendant hereby re-alleges and incorporates by this reference each and every

9   allegation contained in all preceding paragraphs of this Answer as though such allegations are

10  set forth herein.

11      27.    Defendant admits that it offered to participate in the defense of Rylock in certain

12  lawsuits to which Rylock was a party, and which were tendered to Defendant, under the above-

13  specified policy, subject to reservation of Defendant's rights and upon pay over of Rylock's

14  applicable $50,000.00 self-insured retention.  Except as specifically admitted, Defendant lacks

15  sufficient knowledge or information to form a belief as to the truthfulness of the remaining

16  allegations contained in paragraph 27 of the First Amended Complaint, and on that basis

17  denies those remaining allegations contained therein.

18      28.    Defendant admits that form ASIC - ES 98 01 08 99 contained within the above-

19  referenced policy provides that Rylock is obligated to pay over the full amount of the

20  applicable self-insured retention to Defendant.  Except as specifically admitted, Defendant

21  lacks sufficient knowledge or information to form a belief as to the truthfulness of the

22  remaining allegations contained in paragraph 28 of the First Amended Complaint, and on that

23  basis denies those remaining allegations contained therein.

24      29.    Defendant lacks sufficient knowledge or information to form a belief as to the

25  truthfulness of the allegations contained in paragraph 29 of the First Amended Complaint, and

26  on that basis denies each and every allegation contained therein.

27  / / /

28  / / /

5

**ANSWER OF AMERICAN SAFETY INDEMNITY COMPANY TO FIRST AMENDED COMPLAINT**

1

## SECOND CLAIM FOR RELIEF

2

### (For Declaratory Relief Against Acceptance, TIG, Royal, American Safety Risk,

3

### American Safety Indemnity, and DOES 1 through 10)

4      30.     Defendant hereby re-alleges and incorporates by this reference each and every

5  allegation contained in all preceding paragraphs of this Answer as though such allegations are

6  set forth herein.

7      31.     Defendant admits that there is a dispute concerning Plaintiff's obligations to

8  Rylock.  Except as specifically admitted, Defendant lacks sufficient knowledge or information

9  to form a belief as to the truthfulness of the remaining allegations contained in paragraph 31 of

10  the First Amended Complaint, and on that basis denies those remaining allegations contained

11  therein.

12      32.     Defendant lacks sufficient knowledge or information to form a belief as to the

13  truthfulness of the allegations contained in paragraph 32 of the First Amended Complaint, and

14  on that basis denies each and every allegation contained therein.

15      33.     Defendant admits that there is a dispute concerning Plaintiff's obligations to

16  Rylock.  Except as specifically admitted, Defendant lacks sufficient knowledge or information

17  to form a belief as to the truthfulness of the remaining allegations contained in paragraph 33 of

18  the First Amended Complaint, and on that basis denies those remaining allegations contained

19  therein.

20      34.     Defendant lacks sufficient knowledge or information to form a belief as to the

21  truthfulness of the allegations contained in paragraph 34 of the First Amended Complaint, and

22  on that basis denies each and every allegation contained therein.

23      35.     Defendant lacks sufficient knowledge or information to form a belief as to the

24  truthfulness of the allegations contained in paragraph 35 of the First Amended Complaint, and

25  on that basis denies each and every allegation contained therein.

26

## THIRD CLAIM FOR RELIEF

27

### (For Declaratory Relief Against Royal, and DOES 1 through 10)

28      36.     Defendant hereby re-alleges and incorporates by this reference each and every

**ANSWER OF AMERICAN SAFETY INDEMNITY COMPANY TO FIRST AMENDED COMPLAINT**

1  allegation contained in all preceding paragraphs of this Answer as though such allegations are

2  set forth herein.

3      37.     Defendant lacks sufficient knowledge or information to form a belief as to the

4  truthfulness of the allegations contained in paragraph 37 of the First Amended Complaint, and

5  on that basis denies each and every allegation contained therein.

6      38.     Defendant denies that it has an obligation to reimburse Royal for amounts paid

7  under Royal's policies issued to Rylock. Defendant lacks sufficient knowledge or information

8  to form a belief as to the truthfulness of the remaining allegations contained in paragraph 38 of

9  the First Amended Complaint, and on that basis denies those remaining allegations contained

10 therein.

11     39.     Defendant lacks sufficient knowledge or information to form a belief as to the

12 truthfulness of the allegations contained in paragraph 39 of the First Amended Complaint, and

13 on that basis denies each and every allegation contained therein.

14     40.     Defendant lacks sufficient knowledge or information to form a belief as to the

15 truthfulness of the allegations contained in paragraph 40 of the First Amended Complaint, and

16 on that basis denies each and every allegation contained therein.

17              **FOURTH CLAIM FOR RELIEF**

18 **(For Equitable Indemnity and Contribution Against Acceptance, TIG, Royal, American**

19 **Safety Risk, American Safety Indemnity, and DOES 1 through 10)**

20     41.     Defendant hereby re-alleges and incorporates by this reference each and every

21 allegation contained in all preceding paragraphs of this Answer as though such allegations are

22 set forth herein.

23     42.     Defendant denies the allegations contained in paragraph 42 of the First Amended

24 Complaint.

25     43.     Defendant denies the allegations contained in paragraph 43 of the First Amended

26 Complaint.

27 / / /

28 / / /

7

**ANSWER OF AMERICAN SAFETY INDEMNITY COMPANY TO FIRST AMENDED COMPLAINT**

1

### FIFTH CLAIM FOR RELIEF

2

**(For Equitable Subrogation Against Acceptance, TIG, Royal, American Safety Risk,**

3

**American Safety Indemnity, and DOES 1 through 10)**

4

44.    Defendant hereby re-alleges and incorporates by this reference each and every

5

allegation contained in all preceding paragraphs of this Answer as though such allegations are

6

set forth herein.

7

45.    Defendant denies the allegations contained in paragraph 45 of the First Amended

8

Complaint.

9

### SIXTH CLAIM FOR RELIEF

10

**(For Waiver and Estoppel Against Royal and DOES 1 through 10)**

11

46.    Defendant hereby re-alleges and incorporates by this reference each and every

12

allegation contained in all preceding paragraphs of this Answer as though such allegations are

13

set forth herein.

14

47.    Defendant lacks sufficient knowledge or information to form a belief as to the

15

truthfulness of the allegations contained in paragraph 47 of the First Amended Complaint, and

16

on that basis denies each and every allegation contained therein.

17

48.    Defendant lacks sufficient knowledge or information to form a belief as to the

18

truthfulness of the allegations contained in paragraph 48 of the First Amended Complaint, and

19

on that basis denies each and every allegation contained therein.

20

49.    Defendant lacks sufficient knowledge or information to form a belief as to the

21

truthfulness of the allegations contained in paragraph 49 of the First Amended Complaint, and

22

on that basis denies each and every allegation contained therein.

23

### AFFIRMATIVE DEFENSES

24

In addition to the foregoing, Defendant asserts the following affirmative defenses without

25

assuming the burden of proof for such where the burden is not by law upon Defendant:

26

### FIRST AFFIRMATIVE DEFENSE

27

50.    As a separate affirmative defense to the First Amended Complaint, Defendant

28

alleges that the First Amended Complaint, and each and every cause of action thereof, fails to

8

ANSWER OF AMERICAN SAFETY INDEMNITY COMPANY TO FIRST AMENDED COMPLAINT

state facts sufficient to constitute a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

51.    Defendant affirmatively alleges, in the alternative, that recovery is barred as the underlying claims fail to come within the scope of the Insuring Agreement of the policy issued by Defendant, "COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY."

### THIRD AFFIRMATIVE DEFENSE

52. As a separate affirmative defense to the First Amended Complaint, Defendant alleges that the First Amended Complaint, and each and every cause of action thereof, is barred by the equitable doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

53.    As a separate affirmative defense to the First Amended Complaint, Defendant alleges that the First Amended Complaint, and each and every equitable cause of action therein, is barred as against Defendant by virtue of Plaintiff's status as an excess insurer.

### FIFTH AFFIRMATIVE DEFENSE

54.    As a  separate affirmative defense to the First Amended Complaint, Defendant is informed and believes and thereon alleges that if Plaintiff sustained any injury or damages, such injury or damages were solely caused or contributed to by the wrongful conduct of other persons or entities other than this answering Defendant.  To the extent that Plaintiff's injury or damages were so caused, any recovery by Plaintiff as against Defendant should be proportionately reduced, and Defendant shall be entitled to complete indemnity or comparative equitable indemnity/contribution from said third parties.

### SIXTH AFFIRMATIVE DEFENSE

55.    As a separate affirmative defense to the First Amended Complaint, Defendant alleges that Plaintiff's causes of action for Declaratory Relief are barred as against Defendant by virtue of the fact that Plaintiff is not a party to the insurance policies issued by Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

56.    As a separate affirmative defense to the First Amended Complaint, Defendant

9

alleges that Plaintiff, by its conduct, voluntarily assumed the risk of injury, damage or loss, and Plaintiff's claims are thereby barred in their entirety. This answering Defendant contends that at or about the time and place alleged in the First Amended Complaint, Plaintiff knowingly, wilfully and voluntarily assumed the risk of the conduct alleged in said First Amended Complaint and to the extent that Plaintiff assumed such risk, any award, recovery or claim by said Plaintiff should be reduced as a result of such assumption of the risk.

### EIGHTH AFFIRMATIVE DEFENSE

57.    As a separate affirmative defense to the First Amended Complaint, Defendant alleges that any recovery herein by Plaintiff is barred or diminished to the extent that Plaintiff failed to mitigate its damages.

### NINTH AFFIRMATIVE DEFENSE

58.    As a separate affirmative defense to the First Amended Complaint, Defendant alleges that Plaintiff's claims are barred by the doctrine of estoppel, including by virtue of Plaintiff's own actions, conduct, or omissions.

### TENTH AFFIRMATIVE DEFENSE

59.    As a separate affirmative defense to the First Amended Complaint, Defendant alleges that Plaintiff's claims have been waived by the actions, conduct, or omissions of Plaintiff or others within the control of or acting with the authority of Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

60.    As a separate affirmative defense to the First Amended Complaint, Defendant alleges that this action is barred or Plaintiff is precluded from prosecuting same under the doctrine of unclean hands, by virtue of its own improper actions, conduct, or omissions.

### TWELFTH AFFIRMATIVE DEFENSE

61.    Defendant affirmatively alleges, in the alternative, that recovery for the claims and damages asserted in the First Amended Complaint is precluded by the terms, exclusions, conditions and/or limitations contained in or incorporated into the policy issued by Defendant, including Exclusions "f," "j," "k," "l," "m," and "n," as set forth within the policy issued by Defendant.

10

### THIRTEENTH AFFIRMATIVE DEFENSE

62.   As a separate affirmative defense to the First Amended Complaint, Defendant alleges that Plaintiff's causes of action are barred by the applicable statute of limitations, including, but not limited to, those set forth in California Code of Civil Procedure Sections 337, 340, and/or 343.

### FOURTEENTH AFFIRMATIVE DEFENSE

63.   As a separate affirmative defense to the First Amended Complaint, Defendant alleges that recovery for the claims and damages asserted in the First Amended Complaint is precluded by other and additional terms, exclusions, conditions and/or limitations contained in or incorporated into the policy issued by Defendant, including, but not limited to, the "PRE-EXISTING INJURY OR DAMAGE EXCLUSION - FORM B."

### FIFTEENTH AFFIRMATIVE DEFENSE

64.   As a separate affirmative defense to the First Amended Complaint, Defendant alleges that recovery for the claims and damages asserted in the First Amended Complaint is barred, in whole or part, to the extent that the conditions precedent to coverage under the policy issued by Defendant were not satisfied, including, but not limited to, satisfaction of the Self-Insured Retention.

### SIXTEENTH AFFIRMATIVE DEFENSE

65.   As a separate affirmative defense to the First Amended Complaint, Defendant alleges that recovery for the claims and damages asserted in the First Amended Complaint is barred or excused, in whole or part, by breaches of other parties' duties as called for in the policy issued by Defendant, including, but not limited to, the duty to cooperate and the duty to timely provide notice of a claim.

### SEVENTEENTH AFFIRMATIVE DEFENSE

66.   As a separate affirmative defense to the First Amended Complaint, Defendant alleges that any obligations or duties, as called for in the policy issued by Defendant, have been fully performed and fulfilled by this answering Defendant.

/ / /

11

### EIGHTEENTH AFFIRMATIVE DEFENSE

67.     As a separate affirmative defense to the First Amended Complaint, Defendant alleges that Plaintiff's causes of action are barred, in whole or part, to the extent that costs sought to be recovered were incurred without Defendant's prior consent.

### NINETEENTH AFFIRMATIVE DEFENSE

68.     As a separate affirmative defense to the First Amended Complaint, Defendant alleges that the First Amended Complaint is barred, and any adjudication of the claims and allegations therein improper, to the extent that Plaintiff has failed to join all parties necessary and indispensable to this action.

### TWENTIETH AFFIRMATIVE DEFENSE

69.     Defendant affirmatively alleges, in the alternative, that Plaintiff's First Amended Complaint does not state the claims made against Defendant with sufficient particularity to enable Defendant to determine all of its defenses, and that recovery is barred by other terms, conditions, definitions or exclusions set forth in the policy issued by Defendant, which may become applicable as the precise nature of Plaintiff's claims are determined through discovery or otherwise.

### PRAYER OF RELIEF

Wherefore, this answering Defendant prays that:

1.     Plaintiff take nothing by way of the First Amended Complaint on file herein as against this answering Defendant;

2.     This answering Defendant be dismissed with an award of its costs of suit incurred herein;

3.     Plaintiff's recovery as against this answering Defendant, if any, be diminished by an amount equal to the degree of liability attributable to Plaintiff and/or to such other persons;

4.     Plaintiff's recovery as against this answering Defendant, if any be diminished by Defendant's claim of offset;

5.     That Plaintiff has judgment entered against it for a declaration of rights, duties and obligations (including those regarding indemnity) between the parties and each of them; and

12

6.    The Court grant such other and further relief as it deems just and proper.

Respectfully submitted,

DATED: July 21, 2008                    Law Offices of David S. Blau

By: _____

David S. Blau
David M. Morrow
Attorney for Defendants
American Safety Risk Retention Group, Inc.
and American Safety Indemnity Company

ANSWER OF AMERICAN SAFETY INDEMNITY COMPANY TO FIRST AMENDED COMPLAINT