Thomas A. Foster, Esq. (SBN 55640)
MARRONE, ROBINSON, FREDERICK & FOSTER
111 North First Street, Suite 300
Burbank, CA 91502-1851
Phone: (818) 841-1144
Fax: (818) 841-0746

Attorneys for Defendant and Cross-Defendant,
ACCEPTANCE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - San Francisco Division

| | |
|---|---|
| AIU INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACCEPTANCE INSURANCE COMPANY, a Delaware corporation, TIG SPECIALTY INSURANCE COMPANY, a California corporation, ROYAL INSURANCE COMPANY OF AMERICA, a Delaware corporation, AMERICAN SAFETY RISK RETENTION GROUP, IND., a Vermont corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. C 07 5491 PJH<br><br>ACCEPTANCE INSURANCE COMPANY'S ANSWER TO COUNTER CLAIM/CROSS CLAIM OF ARROWOOD INDEMNITY COMPANY, f/k/a/ ROYAL INDEMNITY COMPANY AS SUCCESSOR IN INTEREST TO ROYAL INSURANCE COMPANY OF AMERICA<br><br>DEMAND FOR JURY TRIAL |

COMES NOW, Cross-Defendant, ACCEPTANCE INSURANCE COMPANY, in answering the ARROWOOD INDEMNITY COMPANY's Counter Claim/Cross Claim, for itself alone, and for no other defendant or Cross-Defendant, admits, denies and alleges as follows:

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 1

1.  This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 2

2. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 3

3. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 4

4. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 5

5. This responding Cross-Defendant denies that it is a Delaware Corporation, with its principal place of business in Omaha, Nebraska. This responding Cross-Defendant denies that ACCEPTANCE INSURANCE COMPANY is and was at all times herein mentioned engaged in the business of insurance, and is admitted in the State of California to transact the business of insurance. This responding Cross-Defendant admits that ACCEPTANCE INSURANCE COMPANY is a Nebraska corporation, with its principal place of business in Council Bluffs, Iowa.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 6

6. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 7

7. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and based thereon denies the allegations contained therein.

///

MARRONE, ROBINSON, FREDERICK & FOSTER
A Professional Corporation
111 N. First Street, Suite 300, Burbank, California 91502-1851
Ph.: (818) 841-1144 / Fax: (818) 841-0746

Answer to Counter-Claim and
Cross-Claim of Arrowood.wpd

2
ACCEPTANCE INSURANCE COMPANY'S ANSWER TO COUNTER CLAIM/CROSS CLAIM OF ARROWOOD INDEMNITY COMPANY, f/k/a/ ROYAL INDEMNITY COMPANY AS SUCCESSOR IN INTEREST TO ROYAL INSURANCE COMPANY OF AMERICA; DEMAND FOR JURY TRIAL

ANSWERING THE ALLEGATIONS OF PARAGRAPH 9

9. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 10

10. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and based thereon, denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 11

11. Cross-Defendant admits that ACCEPTANCE INSURANCE COMPANY issued the following primary commercial general insurance policies to California Cedar Products Company for the periods indicated:

    a) Policy C92CG0053 providing coverage for the period of March 1, 1992 through March 1, 1993.

    b) Policy C93G0194 for the period of March 1, 1993 through March 1, 1994.

    c) Policy C94G0370 for the period of March 1, 1994 through March 1, 1995.

    d) Policy C95CG60598 for the period of March 1, 1995 through March 1, 1996.

Cross-Defendant further admits that Rylock was an insured under policy C92CG0053, C93G0194 and C94G0370. Responding Cross-Defendant denies that Rylock was an insured under the C95CG60598 policy, as it was specifically excluded from that policy. Further, this responding Cross-Defendant denies that each of the ACCEPTANCE INSURANCE COMPANY primary policies provided limits of $1 million per occurrence. This responding Cross-Defendant admits that each of the ACCEPTANCE INSURANCE COMPANY primary policies had a $2 million aggregate for property damage which takes place during the policy period and arises out of an occurrence.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 12

12. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 13

13. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 14

14. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 15

15. This responding Cross-Defendant admits that Rylock was engaged in the business of window manufacturing and that Rylock windows were installed in numerous home in California and elsewhere. This responding Cross-Defendant further admits that Rylock has been named as a Cross-Defendant and/or Cross-Defendant in litigation which homeowners have alleged that Rylock windows were defective. As for the remainder of the paragraph, this responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph, and based thereon, denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 16

16. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 17

17. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and based thereon denies the allegations contained therein.

### ANSWERING THE ALLEGATIONS OF PARAGRAPH 18

18. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and based thereon denies the allegations contained therein.

MARRONE, ROBINSON, FREDERICK & FOSTER
A Professional Corporation
111 N. First Street, Suite 300, Burbank, California 91502-1851
Ph.: (818) 841-1144 / Fax: (818) 841-0746

Answer to Counter-Claim and Cross-Claim of Arrowood.wpd

ANSWERING THE ALLEGATIONS OF PARAGRAPH 19

19. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 20

20. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 21

21. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 22

22. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 23

23. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 24

24. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 25

25. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 26

26.    This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 27

27.    This responding Cross-Defendant denies the allegations of this paragraph as to the Acceptance Insurance Company having an obligation to reimburse Arrowood. With respect to the balance of the allegations contained in this paragraph, this responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 28

28.    This responding Cross-Defendant incorporates herein by this reference as though set forth in full its responses to the allegations of Paragraphs 1 through 27 hereinabove.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 29

29.    This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 30

30.    This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 31

31.    This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 32

32.    This responding Cross-Defendant incorporates herein and by this reference as though set forth in full its response to allegations 1 through 31 hereinabove.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 33

33. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 34

34. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 35

35. This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 36

36. This responding Cross-Defendant incorporates herein, and by this reference as though set forth in full, its response to allegations paragraphs 1 through 35 hereinabove.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 37

37 This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 38

38 This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38, and based thereon denies the allegations contained therein.

ANSWERING THE ALLEGATIONS OF PARAGRAPH 39

39 This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39, and based thereon denies the allegations contained therein.

///

#### ANSWERING THE ALLEGATIONS OF PARAGRAPH 40

40     This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and based thereon denies the allegations contained therein.

#### ANSWERING THE ALLEGATIONS OF PARAGRAPH 41

41     This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41, and based thereon denies the allegations contained therein.

#### ANSWERING THE ALLEGATIONS OF PARAGRAPH 42

42     This responding Cross-Defendant incorporates herein by this reference as though set forth in full its response to allegations of paragraphs 1 through 41 hereinabove.

#### ANSWERING THE ALLEGATIONS OF PARAGRAPH 43

43     This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43, and based thereon denies the allegations contained therein.

#### ANSWERING THE ALLEGATIONS OF PARAGRAPH 44

44     This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44, and based thereon denies the allegations contained therein.

#### ANSWERING THE ALLEGATIONS OF PARAGRAPH 45

45     This responding Cross-Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45, and based thereon denies the allegations contained therein.  Further, this responding Cross-Defendant denies the allegation that the exhaustion of the Arrowood policy on November 12, 2007 triggered a duty under the policies of Acceptance Insurance Company.

#### ANSWERING THE ALLEGATIONS OF PARAGRAPH 46

46     This responding Cross-Defendant denies the allegations of this paragraph as to Acceptance Insurance Company having any obligation to reimburse Royal.  With respect to the

MARRONE, ROBINSON, FREDERICK & FOSTER
A Professional Corporation
111 N. First Street, Suite 300, Burbank, California 91502-1851
Ph.: (818) 841-1144 / Fax: (818) 841-0746

Answer to Counter-Claim and Cross-Claim of Arrowood.wpd

8
ACCEPTANCE INSURANCE COMPANY'S ANSWER TO COUNTER CLAIM/CROSS CLAIM OF ARROWOOD INDEMNITY COMPANY, f/k/a/ ROYAL INDEMNITY COMPANY AS SUCCESSOR IN INTEREST TO ROYAL INSURANCE COMPANY OF AMERICA; DEMAND FOR JURY TRIAL

balance of the allegations contained in this paragraph, this responding defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained herein, and based thereon denies the allegations contained therein.

### PRAYER

This responding Cross-Defendant denies that it is responsible for any damages that are alleged in the prayer.

### FIRST AFFIRMATIVE DEFENSE

1. That the Counter Claim/Cross Claim of Arrowood on file herein, and each and every purported action contained therein, fails to state facts sufficient to constitute a cause of action against this answering Cross-Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. This responding Cross-Defendant is informed and believes and upon such information and belief alleges that circumstances exist that cause the Counter Claimant/Cross Claimant to be barred under the Doctrine of Estoppel.

### THIRD AFFIRMATIVE DEFENSE

3. This responding Cross-Defendant is informed and believes and upon such information and belief alleges that the circumstances exist that cause Counter Claimant/Cross Claimant's claims to be barred under the Doctrine of Waiver.

### FOURTH AFFIRMATIVE DEFENSE

4. This responding Cross-Defendant is informed and believes and upon such information and belief alleges that Counter Claimant/Cross Claimant does not have standing to bring the claimed allegations in Counter Claim/Cross Claim of Arrowood.

### FIFTH AFFIRMATIVE DEFENSE

5. This responding Cross-Defendant is informed and believes and upon such information and belief alleges that Counter Claimant/Cross Claimant's claim is barred because Counter Claimant/Cross Claimant cannot bring this claim because of the equitable doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

6. This responding Cross-Defendant is informed and believes and upon such information

1 and belief alleges that Counter Claimant/Cross Claimant is barred from recovery due to the Doctrine
2 of Latches.

### SEVENTH AFFIRMATIVE DEFENSE

7. This responding Cross-Defendant is informed and believes and upon such information and belief alleges that the Counter Claim/Cross Claim of Arrowood on file herein, and each and every purported cause of action contained therein, is barred by the statute of limitations set forth in California Code of Civil Procedure, §339, and all other applicable statutes and limitations.

### EIGHTH AFFIRMATIVE DEFENSE

8. This responding Cross-Defendant is informed and believes and upon such information and belief alleges that Counter Claimant/Cross Claimant does not have standing to bring a claim for equitable subrogation.

### NINTH AFFIRMATIVE DEFENSE

9. This responding Cross-Defendant is informed and believes and upon such information and belief alleges that Counter Claimant/Cross Claimant does not have standing to bring a claim for equitable contribution.

WHEREFORE, this answering Cross-Defendant prays for judgment as follows:

1. That the Counter Claim/Cross Claim of Arrowood take nothing by way of its Counter Claim/Cross Claim.

2. For costs of suit incurred; and

3. For such other and further relief as the court may deem just and proper.

DATED: July 23, 2008

MARRONE, ROBINSON, FREDERICK & FOSTER
A Professional Corporation

By: _____
THOMAS A. FOSTER,
Attorneys for Defendant and Cross-Defendant,
ACCEPTANCE INSURANCE COMPANY
PROOF OF SERVICE

ACCEPTANCE INSURANCE COMPANY'S ANSWER TO COUNTER CLAIM/CROSS CLAIM OF ARROWOOD INDEMNITY COMPANY, f/k/a/ ROYAL INDEMNITY COMPANY AS SUCCESSOR IN INTEREST TO ROYAL INSURANCE COMPANY OF AMERICA; DEMAND FOR JURY TRIAL

PROOF OF SERVICE
C.C.P. §1013a

I, the undersigned, declare that I am, and was at the time of service of the papers herein referred to, over the age of 18 years and not a party to the within action or proceeding. My business address is 111 North First Street, Suite 300, Burbank, California 91502-1851. I am employed in the County of Los Angeles, State of California, where this mailing, facsimile and/or delivery is occurring.

On the date of this declaration, I have caused this document, i.e., ACCEPTANCE INSURANCE COMPANY'S ANSWER TO COUNTER CLAIM/CROSS CLAIM OF ARROWOOD INDEMNITY COMPANY, f/k/a/ ROYAL INDEMNITY COMPANY AS SUCCESSOR IN INTEREST TO ROYAL INSURANCE COMPANY OF AMERICA; DEMAND FOR JURY TRIAL to be served in the manner described below upon the following party(ies):

| Attorneys for Plaintiff, AIU INSURANCE COMPANY: | Attorneys for Defendant, ROYAL INDEMNITY COMPANY |
|---|---|
| Laura J. Ruettgers, Esq.<br>Christina M. Vavanier, Esq.<br>McCurdy & Fuller LLP<br>4300 Bohannon Drive, Suite 240<br>Meno Park, CA 94025<br>(650) 618-3500 - phone / (650) 618-3599 - fax<br>(laura.ruettgers@mccurdylawyers.com) | Mary E. McPherson, Esq.<br>Angela Pak, Esq.<br>Tressler, Soderstrom, Maloney & Priess LLP<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067<br>(310) 203-4800 - phone / (310) 203-4850 - fax<br>(mmcpherson@tsmp.com) |
| **Attorneys for Defendant, TIG INSURANCE COMPANY** | **Attorneys for Defendant, AMERICAN SAFETY RISK RETENTION GROUP, INC.** |
| Semha Alwaya, Esq.<br>Trelawney James-Riechert, Esq.<br>Law Offices of Semha Alwaya<br>2200 Powell Street, Suite 110<br>Emeryville, CA 94608<br>(510) 595-7900 - phone / (510) 595-9049 - fax<br>(salwaya@alwayalaw.com) | David S. Blau, Esq.<br>Law Offices of David S. Blau<br>6080 Center Drive, Suite 210<br>Los Angeles, CA 90045<br>(310) 410-1900 - / (310) 410-1901 - fax<br>david@blaulaw.net |

☒ **BY ELECTRONIC FILING AND SERVICE VIA CM/ECF** - on 7/23/08, I filed the foregoing documents, described above, through the use of the United States District Court's CM/ECF electronic filing system.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

_Micheline Valenti_

---

11

ACCEPTANCE INSURANCE COMPANY'S ANSWER TO COUNTER CLAIM/CROSS CLAIM OF ARROWOOD INDEMNITY COMPANY, f/k/a/ ROYAL INDEMNITY COMPANY AS SUCCESSOR IN INTEREST TO ROYAL INSURANCE COMPANY OF AMERICA; DEMAND FOR JURY TRIAL