Semha Alwaya (CSBN 141999)
Trelawney James-Riechert (CSBN 160853)
A. Mark Hom (CSBN 154777)
Law Offices of Semha Alwaya
2200 Powell Street, Suite 110
Emeryville, California 94608
Telephone:   (510) 595-7900
Facsimile:   (510) 595-9049
E-mail:salwaya@alwayalaw.com

Attorney for Defendant
TIG INSURANCE COMPANY
ERRONEOUSLY SUED HEREIN AS
TIG SPECIALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AIU INSURANCE COMPANY, a New York corporation,<br><br>             Plaintiff,<br>vs.<br><br>ACCEPTANCE INSURANCE COMPANY, a Delaware corporation, TIG SPECIALTY INSURANCE COMPANY, a California corporation, ROYAL INSURANCE COMPANY OF AMERICA, a Delaware corporation, AMERICAN SAFETY RISK RETENTION GROUP, IND., a Vermont corporation, and DOES 1 through 10, inclusive,<br><br>             Defendants. | No. C 07-05491 EDL<br><br>**ANSWER OF TIG INSURANCE COMPANY TO ARROWOOD INDEMNITY COMPANY'S CROSS-COMPLAINT** |

Defendant TIG Insurance Company ("TIG"), erroneously sued herein as TIG Specialty Insurance Company, answers the allegations contained in the Cross-Complaint brought by defendant Arrowood Indemnity Company (formerly known as Royal Indemnity Company as successor-in-interest to Royal Insurance Company of America) ("Arrowood") as follows:

-1-

ANSWER OF DEFENDANT TIG INSURANCE COMPANY TO ARROWOOD INDEMNITY COMPANY'S CROSS-COMPLAINT

1. Answering the allegations contained in Paragraph 1 of Arrowood's Cross-Complaint, TIG admits the jurisdictional allegations contained therein. Except as expressly admitted herein, the remainder of Paragraph 1 does not call for an admission or a denial.

2. Answering the allegations contained in Paragraph 2 of Arrowood's Cross-Complaint, TIG admits the venue allegations contained therein. Except as expressly admitted herein, the remainder of Paragraph 2 does not call for an admission or a denial.

3. Answering the allegations contained in Paragraph 3 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4. Answering the allegations contained in Paragraph 4 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5. Answering the allegations contained in Paragraph 5 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6. Answering the allegations contained in Paragraph 6 of Arrowood's Cross-Complaint, TIG admits that it is a California corporation, authorized to do, and doing business in California. TIG also admits that it is engaged in the business of insurance and is admitted in the State of California to transact the business of insurance. Contrary to the allegations of Paragraph 6, TIG's principal place of business is in Manchester, New Hampshire. Except as expressly admitted herein, TIG denies the remaining allegations of Paragraph 6.

7. Answering the allegations contained in Paragraph 7 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

8. The allegations contained in the unnumbered Paragraph of Arrowood's Cross-Complaint between Paragraphs 7 and 9 do not call for an admission or a denial from TIG.

9. Answering the allegations contained in Paragraph 9 of Arrowood's Cross-Complaint, TIG affirmatively alleges that the terms and conditions of the Arrowood Policies attached as Exhibits

A, B, C and D speak for themselves. However, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

10. Answering the allegations contained in Paragraph 10 of Arrowood's Cross-Complaint, TIG affirmatively alleges that the terms and conditions of the AIU Policies attached as Exhibits E and F speak for themselves. However, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

11. Answering the allegations contained in Paragraph 11 of Arrowood's Cross-Complaint, TIG affirmatively alleges that the terms and conditions of the Acceptance Policies attached as Exhibits G, H, I, and J speak for themselves. However, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

12. Answering the allegations contained in Paragraph 12 of Arrowod's Cross-Complaint, TIG admits that it issued policy No. 31352800 effective March 1, 1995 to March 1, 1996 to Rylock. TIG affirmatively alleges that the terms and conditions of the TIG Policy attached as Exhibit K speak for themselves.

13. Answering the allegations contained in Paragraph 13 of Arrowood's Cross-Complaint, TIG affirmatively alleges that the terms and conditions of the American Safety Risk Policy attached as Exhibit L speak for themselves. However, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14. Answering the allegations contained in Paragraph 14 of Arrowood's Cross-Complaint, TIG affirmatively alleges that the terms and conditions of the American Safety Indemnity Policy attached as Exhibit M speak for themselves. However, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15. Answering the allegations contained in Paragraph 15 of Arrowood's Cross-Complaint, TIG admits that Rylock was engaged in the business of window manufacturing. TIG also admits that Rylock windows were installed in numerous homes in California.

16. Answering the allegations contained in Paragraph 16 of Arrowood's Cross-Complaint, TIG admits that Rylock has been named as a defendant and/or cross-defendant in litigations and/or has had claims made against it in which homeowners have alleged that Rylock's windows were defective and that such defects led to water intrusion resulting in property damage. Except as expressly admitted herein, TIG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 and thus denies the same.

17. Answering the allegations contained in Paragraph 17 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

18. Answering the allegations contained in Paragraph 18 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19. Answering the allegations contained in Paragraph 19 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

20. Answering the allegations contained in Paragraph 20 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21. Answering the allegations contained in Paragraph 21 of Arrowood's Cross-Complaint, TIG admits that Arrowood provided TIG with a Loss Run Report. Except as expressly admitted herein, TIG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21 and thus denies the same.

22. Answering the allegations contained in Paragraph 22 of Arrowood's Cross-Complaint, TIG admits that Arrowood provided TIG with a Claim List. Except as expressly admitted herein,

TIG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 and thus denies the same.

23. Answering the allegations contained in Paragraph 23 of Arrowood's Cross-Complaint, TIG admits that Arrowood provided TIG loss runs which contained a list of claims. Except as expressly admitted herein, TIG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 and thus denies the same.

24. Answering the allegations contained in Paragraph 24 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

25. The allegations contained in Paragraph 25 of Arrowood's Cross-Complaint do not call for an admission or a denial from TIG.

26. The allegations contained in Paragraph 26 of Arrowood's Cross-Complaint do not call for an admission or a denial from TIG.

27. Answering the allegations contained in Paragraph 27 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

28. Answering the allegations contained in Paragraph 28 of Arrowood's Cross-Complaint, TIG incorporates by reference its answers to Paragraphs 1 through 27 as though fully set forth herein.

29. Answering the allegations contained in Paragraph 29 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

30. Answering the allegations contained in Paragraph 30 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

31. The allegations contained in Paragraph 31 of Arrowood's Cross-Complaint do not call for an admission or a denial from TIG.

32. Answering the allegations contained in Paragraph 32 of Arrowood's Cross-Complaint, TIG incorporates by reference its answers to Paragraphs 1 through 31 as though fully set forth herein.

33. Answering the allegations contained in Paragraph 33 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

34. Answering the allegations contained in Paragraph 34 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

35. The allegations contained in Paragraph 35 of Arrowood's Cross-Complaint do not call for an admission or a denial from TIG.

36. Answering the allegations contained in Paragraph 36 of Arrowood's Cross-Complaint, TIG incorporates by reference its answers to Paragraphs 1 through 35 as though fully set forth herein.

37. Answering the allegations contained in Paragraph 37 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

38. Answering the allegations contained in Paragraph 38 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

39. Answering the allegations contained in Paragraph 39 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

40. Answering the allegations contained in Paragraph 40 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

41. Answering the allegations contained in Paragraph 41 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

42. Answering the allegations contained in Paragraph 42 of Arrowood's Cross-Complaint, TIG incorporates by reference its answers to Paragraphs 1 through 41 as though fully set forth herein.

43. Answering the allegations contained in Paragraph 43 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

44. Answering the allegations contained in Paragraph 44 of Arrowood's Cross-Complaint, TIG is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

45. Answering the allegations contained in Paragraph 45 of Arrowood's Cross-Complaint, TIG denies each and every allegation contained therein.

46. Answering the allegations contained in Paragraph 46 of Arrowood's Cross-Complaint, TIG denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

TIG asserts the following affirmative defenses to Arrowood's Cross-Complaint.

### First Affirmative Defense

This matter is subject to dismissal based on abstention principles in that this Court has the power to refrain from hearing cases based on "'scrupulous regard for the rightful independence of the state governments' and for the smooth working of the federal judiciary" [*Quackenbush v. Allstate Ins. Co.* (1996) 517 U.S. 706, 718, quoting *Railroad Comm'n of Tex. v. Pullman Co.* (1941) 312 U.S. 496, 500–501] because the only relief sought is for equitable or discretionary relief.

### Second Affirmative Defense

Arrowood's Cross-Complaint fails to state a claim against TIG upon which relief can be granted.

### Third Affirmative Defense

To the extent that Arrowood may have failed to mitigate, minimize or avoid any damages it allegedly sustained, any recovery against TIG must be reduced by that amount.

### Fourth Affirmative Defense

As a separate and affirmative defense to Arrowood's Cross-Complaint and without admitting that the terms, conditions and exclusions of an insurance policy must be pled in an affirmative

defense, TIG alleges that coverage for the claims that are the subject of this action is precluded, in whole or in part, by reason of the terms, conditions, provisions, limitations, endorsements and exclusions of the TIG Policy.

### Fifth Affirmative Defense

TIG alleges that its obligations in connection with the underlying actions, if any, must be apportioned among all of the responsible insurers including, without limitation, Arrowood.

### Sixth Affirmative Defense

As a separate affirmative defense, TIG alleges that Arrowood's damages, if any, were caused by or contributed to by the acts, errors and omissions of Arrowood and/or other individuals or entities, and that Arrowood's recovery against TIG, if any, must be reduced accordingly.

### Seventh Affirmative Defense

Without admitting that the subject matter of this paragraph must be pled as an affirmative defense, TIG alleges that Arrowood may not recover from TIG any amounts for which payments have been made to or are collected by Arrowood from third parties to this litigation, and Arrowood's recovery, if any, against TIG must be reduced by the payments that have been made by such third parties.

### Eighth Affirmative Defense

Arrowood's claim against TIG is barred by the applicable statutes of limitations.

### Ninth Affirmative Defense

Arrowood's claims against TIG are barred in that Arrowood paid for claims that do not give rise to property damage and/or bodily injury caused by an occurrence.

### Tenth Affirmative Defense

TIG alleges that it may have additional defenses that cannot now be articulated and, therefore, TIG reserves its right to amend this Answer.

**WHEREFORE** TIG requests a judgment as follows:

1. That Arrowood take nothing by reason of its Cross-Complaint;

2. A declaration that TIG has no obligation to Arrowood for any amount claimed in Arrowood's Cross-Complaint;

ANSWER OF DEFENDANT TIG INSURANCE COMPANY TO ARROWOOD INDEMNITY COMPANY'S CROSS-COMPLAINT

3. That TIG be awarded costs of suit incurred herein; and

4. For such other and further relief as the Court deems appropriate.

DATED: July 24, 2008

LAW OFFICES OF SEMHA ALWAYA

By: /s/ Semha Alwaya
Semha Alwaya
Attorney for Defendant TIG INSURANCE COMPANY ERRONEOUSLY SUED HEREIN AS TIG SPECIALTY INSURANCE COMPANY