LAURA J. RUETTGERS (SBN 206636)
CHRISTINA M. LAVANIER (SBN 233335)
McCurdy & Fuller LLP
4300 Bohannon Drive, Suite 240
Menlo Park, California 94025
Telephone: (650) 618-3500
Facsimile: (650) 618-3599

Attorneys for Plaintiff
AIU INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AIU INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACCEPTANCE INSURANCE COMPANY, a Delaware corporation, TIG SPECIALTY INSURANCE COMPANY, a California corporation, ARROWOOD INDEMNITY COMPANY, FORMERLY KNOWN AS ROYAL INDEMNITY COMPANY, SUCCESSOR-IN-INTEREST TO ROYAL INSURANCE COMPANY OF AMERICA, a Delaware corporation, AMERICAN SAFETY RISK RETENTION GROUP, INC., a Vermont corporation, AMERICAN SAFETY INDEMNITY COMPANY, an Oklahoma corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 07-CV-05491 PJH<br><br>**PLAINTIFF AIU INSURANCE COMPANY'S ANSWER TO ARROWOOD INDEMNITY COMPANY SUCCESSOR IN INTEREST TO ROYAL INSURANCE COMPANY OF AMERICA'S COUNTERCLAIM / CROSS-COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff and cross-defendant, AIU Insurance Company ("AIU") answers, avers to and denies the allegations in the counterclaim / cross-complaint filed by Arrowood Indemnity Company successor-in-interest to Royal Indemnity Company of America ("Arrowood") (hereinafter the "counterclaim/cross-complaint") as follows:

1.     AIU lacks knowledge or information sufficient to respond to the allegations in paragraph 1 and therefore, denies the allegations.

2. AIU admits that venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, AIU lacks knowledge or information sufficient to respond to the remaining allegations in paragraph 2 and therefore, denies the allegations.

3. AIU lacks knowledge or information sufficient to respond to the allegations in paragraph 3 and therefore, denies the allegations.

4. AIU admits the allegations in paragraph 4.

5. AIU lacks knowledge or information sufficient to respond to the allegations in paragraph 5 and therefore, denies the allegations.

6. AIU lacks knowledge or information sufficient to respond to the allegations in paragraph 6 and therefore, denies the allegations.

7. AIU lacks knowledge or information sufficient to respond to the allegations in paragraph 7 and therefore, denies the allegations.

8. AIU denies the allegations in the unnumbered paragraph between paragraphs 7 and 9.

9. As to paragraph 9, AIU lacks sufficient knowledge or information to respond to the allegation that true and correct copies of the Arrowood Policies are attached to the counterclaim/cross-complaint and therefore, denies the allegation. AIU admits the remaining allegations in paragraph 9.

10. AIU admits the allegations in paragraph 10.

11. On information and belief, AIU agrees that Acceptance issued the policies enumerated in paragraph 11.

12. On information and belief, AIU agrees that TIG issued the policy enumerated in paragraph 12.

13. On information and belief, AIU agrees that American Safety Risk issued the policy enumerated in paragraph 13.

14. On information and belief, AIU agrees that American Safety Indemnity issued the policy enumerated in paragraph 14.

**AIU Insurance Company's Answer to Arrowood's Counterclaim/Cross-Complaint**

**THE UNDERLYING EVENTS**

15.     On information and belief, AIU admits the allegations in paragraph 15.

16.     On information and belief, AIU admits the allegations in paragraph 16.

17.     AIU lacks knowledge or information sufficient to respond to the allegations in paragraph 17 and therefore, denies the allegations.

18.     On information and belief, AIU understands that Arrowood provided defense and indemnity for entities in actions involving Rylock.  AIU lacks knowledge or information sufficient to respond to the remaining allegations in paragraph 18 and therefore, denies the allegations.

19.     AIU denies the allegations in paragraph 19.  AIU contends that the Arrowood Policies are not exhausted.  In addition to other issues, AIU contends that Arrowood is entitled to reimbursement for amounts incurred defending and indemnifying Rylock and any other alleged additional insured against claims by other primary insurers on the risk, including but not limited to Acceptance, TIG, American Safety Indemnity Company ("ASIC") and American Safety Risk Retention Group ("ASRRG").  AIU contends that once Arrowood properly accounts for the reimbursement amounts owed, Arrowood will find that its policies' limits are refreshed and that the Arrowood Policies are not exhausted.

20.     With respect to paragraph 20, AIU admits that Arrowood first notified AIU in January 2008 that it alleged its policies were exhausted.  AIU also admits that Arrowood asserts that its policies have been exhausted as of November 12, 2007.  AIU denies the remaining allegations in Paragraph 20.

21.     With respect to paragraph 21, AIU admits that Arrowood provided AIU with a Loss Run Report.  AIU denies the remaining allegations in paragraph 21 on the grounds that the Arrowood Policies are not exhausted.

22.     With respect to paragraph 22, AIU admits that Arrowood provided AIU with a Claims List.  AIU lacks knowledge or information sufficient to respond to the remaining allegations in paragraph 22 and therefore, denies the allegations.

23.     AIU admits that Arrowood provided AIU with a list of claims.  AIU lacks knowledge or information sufficient to respond to the remaining allegations in paragraph 23 and

**AIU Insurance Company's Answer to Arrowood's Counterclaim/Cross-Complaint**

therefore, denies the allegations.

24.    AIU denies the allegations in paragraph 24.  AIU contends that the Arrowood Policies are not exhausted.  Until such dispute resolving the exhaustion issues is resolved, Arrowood retains the obligation to defend and indemnify Rylock.  Moreover, once the Arrowood policy limits are refreshed by reimbursements made under other primary policies implicated by the claims, Arrowood will have a continuing obligation to defend and indemnify the insured until its policies are properly and completely exhausted.

25.    AIU denies the allegations in paragraph 25.  AIU contends that the Arrowood Policies are not exhausted.  Accordingly, Arrowood retains the primary obligation to defend and indemnify Rylock.  Moreover, once the Arrowood policy limits are refreshed by reimbursements made under other primary policies implicated by the claims, Arrowood will have a continuing obligation to defend and indemnify the insured until its policies are properly and completely exhausted.  AIU further contends that no obligation arises under the AIU excess policies because other primary insurance is available to respond to the claims.

26.    AIU denies the allegations in paragraph 26.  AIU contends that the Arrowood Policies are not exhausted.  AIU further contends that no obligation arises under the AIU excess policies because other primary insurance is obligated to respond to the claims.

27.    AIU lacks knowledge or information sufficient to respond to the allegations in paragraph 27 and therefore, denies the allegations.

**FIRST CLAIM FOR RELIEF**

**(For Declaratory Relief Against AIU**

**with Respect to the Exhaustion of the Arrowood Policies)**

28.    AIU incorporates by reference herein paragraphs 1 through 27 of this answer as if they were set forth herein.

29.    AIU denies the allegations in paragraph 29.  AIU contends that the Arrowood Policies are not exhausted.  Until such dispute resolving the exhaustion issues is resolved, Arrowood retains the primary defense and indemnity obligation.  Moreover, once the Arrowood policy limits are refreshed by reimbursements made under other primary policies implicated by the

- 4 -

claims, Arrowood will have a continuing obligation to defend and indemnify all insureds until its policies are properly and completely exhausted.

30.    AIU admits the allegations in paragraph 30.

31.    AIU denies the allegations in paragraph 31.  AIU contends that the Arrowood Policies are not exhausted.  Until such dispute resolving the exhaustion issues is resolved, Arrowood retains the primary defense and indemnity obligation.  Moreover, once the Arrowood policy limits are refreshed by reimbursements made under other primary policies implicated by the claims, Arrowood will have a continuing obligation to defend and indemnify all insureds until its policies are properly and completely exhausted.

**SECOND CAUSE OF ACTION**

**(For Declaratory Relief Against AIU with Respect to Its Obligation To Defend and Indemnify Rylock and/or Any Additional Insured)**

32.    AIU incorporates by reference herein paragraphs 1 through 31 of this answer as if they were set forth herein.

33.    AIU denies the allegations in paragraph 33.  AIU contends that the Arrowood Policies are not exhausted.  Accordingly, Arrowood retains the primary obligation to defense and indemnity obligation.  Moreover, once the Arrowood policy limits are refreshed by reimbursements made under other primary policies implicated by the claims, Arrowood will have a continuing obligation to defend and indemnify all insureds until its policies are properly and completely exhausted.  AIU further contends that no obligation arises under the AIU excess policies because other primary insurance is available to respond to the claims.

34.    AIU admits the allegations in paragraph 34.

35.    AIU denies the allegations in paragraph 35.  AIU contends that the Arrowood Policies are not exhausted.  Accordingly, Arrowood retains the primary defense and indemnity obligations.  Moreover, once the Arrowood policy limits are refreshed by reimbursements made under other primary policies implicated by the claims, Arrowood will have a continuing obligation to defend and indemnify all insureds until its policies are properly and completely exhausted.  AIU further contends that no obligation arises under the AIU excess policies because other primary

1  insurance is available to respond to the claims.

2  ### THIRD CAUSE OF ACTION

3  ### (For Equitable Indemnity and Contribution Against AIU)

4  36.    AIU incorporates by reference herein paragraphs 1 through 35 of this answer as if

5  they were set forth herein.

6  37.    AIU denies the allegations in paragraph 37.  AIU contends that the Arrowood

7  Policies are not exhausted.  Accordingly, Arrowood retains the primary defense and indemnity

8  obligation.  Moreover, once the Arrowood policy limits are refreshed by reimbursements made

9  under other primary policies implicated by the claims, Arrowood will have a continuing obligation

10  to defend and indemnify all insureds until its policies are properly and completely exhausted.

11  38.    AIU lacks knowledge or information sufficient to respond to the allegations in

12  paragraph 38 and therefore, denies the allegations.

13  39.    AIU denies the allegations in paragraph 39.  AIU contends that the Arrowood

14  Policies are not exhausted.  Accordingly, Arrowood retains the primary defense and indemnity

15  obligation.  Moreover, once the Arrowood policy limits are refreshed by reimbursements made

16  under other primary policies implicated by the claims, Arrowood will have a continuing obligation

17  to defend and indemnify all insureds until its policies are properly and completely exhausted.  AIU

18  further contends that no obligation arises under the AIU excess policies because other primary

19  insurance is available to respond to the claims.

20  40.    AIU denies the allegations in paragraph 40.  AIU contends that the Arrowood

21  Policies are not exhausted.  Accordingly, Arrowood retains the primary defense and indemnity

22  obligation.  Moreover, once the Arrowood policy limits are refreshed by reimbursements made

23  under other primary policies implicated by the claims, Arrowood will have a continuing obligation

24  to defend and indemnify all insureds until its policies are properly and completely exhausted.  AIU

25  further contends that no obligation arises under the AIU excess policies because other primary

26  insurance is available to respond to the claims.

27  41.    AIU admits the allegations in paragraph 41.

28

29356

**FOURTH CLAIM FOR RELIEF**

**(In the Alternative, For Equitable Indemnity and Contribution Against Acceptance,**

**TIG, American Safety Risk, and American Safety Indemnity)**

42.     AIU incorporates by reference herein paragraphs 1 through 41 of this answer as if they were set forth herein.

43.     AIU denies the allegations in paragraph 43.  AIU contends that the Arrowood Policies are not exhausted.  Accordingly, Arrowood retains the primary defense and indemnity obligation.  Moreover, once the Arrowood policy limits are refreshed by reimbursements made under other primary policies implicated by the claims, Arrowood will have a continuing obligation to defend and indemnify all insureds until its policies are properly and completely exhausted.

44.     AIU lacks knowledge or information sufficient to respond to the allegations in paragraph 44 and therefore, denies the allegations.

45.     With respect to paragraph 45, AIU denies that the Arrowood policies exhausted on November 12, 2007 and that AIU has or had any immediate obligation under the AIU policies. AIU lacks knowledge or information sufficient to respond to the remaining allegations regarding contribution owed by other primary carriers and therefore, can neither admit nor deny the allegations.

46.     AIU lacks knowledge or information sufficient to respond to the allegations in paragraph 46 and therefore, denies the allegations.

**PRAYER**

AIU denies that Arrowood is entitled to the relief sought in its counterclaim/cross-complaint.

**AFFIRMATIVE DEFENSES**

AIU asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

Arrowood's counterclaim/cross-complaint fails to state facts sufficient to constitute a cause of action against AIU.

29356

- 7 -

## SECOND AFFIRMATIVE DEFENSE

Arrowood's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE

Arrowood's claims are barred, in whole or in part, by the doctrines of laches and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

AIU has no duty to Arrowood in connection with the events alleged in the cross-complaint.

## FIFTH AFFIRMATIVE DEFENSE

Arrowood's claims are barred, in whole or in part, by the terms, definitions, exclusions, conditions and limitations of the AIU policies.

## SIXTH AFFIRMATIVE DEFENSE

Arrowood's claims are barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Arrowood failed to mitigate its damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

The sole and proximate cause of the damages alleged by Arrowood were due to the acts or omissions of persons and entities other than AIU.

## NINTH AFFIRMATIVE DEFENSE

AIU has performed all obligations owed to Rylock and/or any insured, if any, under the AIU policies.

## TENTH AFFIRMATIVE DEFENSE

AIU alleges that Arrowood's claims against AIU are barred to the extent Arrowood seeks recovery of sums not incurred for the defense of Rylock and/or any additional insured nor in satisfaction of final judgments nor approved settlements.

## ELEVENTH AFFIRMATIVE DEFENSE

AIU alleges that Arrowood's claims against AIU are barred to the extent the Arrowood Policies have not been properly exhausted by payment of covered judgments, settlements or otherwise covered indemnity payments.

**TWELTH AFFIRMATIVE DEFENSE**

AIU alleges that Arrowood's claims against AIU are barred to the extent there is primary insurance available to respond to the Rylock Actions.

**THIRTEENTH AFFIRMATIVE DEFENSE**

AIU alleges that Arrowood, a primary carrier, cannot maintain a cause of action for equitable contribution against AIU, an excess carrier.

**FOURTEENTH AFFIRMATIVE DEFENSE**

AIU alleges that the complaint does not describe the claims with sufficient particularity to enable AIU to determine all of its defenses. AIU, therefore, reserves its right to assert all defenses that may become pertinent once the precise nature of such claims is determined as this matter progresses.

WHEREFORE, AIU prays:

1.      That Arrowood take nothing by its complaint against AIU;

2.      For costs of suit incurred herein; and

3.      For such other and further relief as may be just.


Dated:  August 1, 2008                    MCCURDY & FULLER, LLP


                                By */Laura J. Ruettgers/*
                                LAURA J. RUETTGERS
                                CHRISTINA M. LAVANIER
                                Attorneys for Plaintiff
                                AIU INSURANCE COMPANY

29356

- 9 -

1

## <u>DEMAND FOR JURY TRIAL</u>

2      AIU demands a trial by jury.

3

4      Dated:  August 1, 2008

5                                          MCCURDY & FULLER, LLP

6

7                                          By */Laura J. Ruettgers/*
                                              LAURA J. RUETTGERS
8                                             CHRISTINA M. LAVANIER
                                              Attorneys for Plaintiff
9                                             AIU INSURANCE COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AIU Insurance Company's Answer to Arrowood's Counterclaim/Cross-Complaint**