David S. Blau (Bar No. 166825)
David M. Morrow (Bar No. 175776)
Law Offices of David S. Blau, P.C.
6080 Center Drive, Suite 210
Los Angeles, California 90045
(310) 410-1900 phone
(310) 410-1901 fax
david@blaulaw.net

Attorneys for Defendants
American Safety Risk Retention Group, Inc.,
and American Safety Indemnity Company

### UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIU INSURANCE COMPANY, a New York corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>ACCEPTANCE INSURANCE COMPANY, a Delaware corporation, TIG SPECIALTY INSURANCE COMPANY, a California corporation, ARROWOOD INDEMNITY COMPANY, FORMERLY KNOWN AS ROYAL INDEMNITY COMPANY, SUCCESSOR-IN-INTEREST TO ROYAL INSURANCE COMPANY OF AMERICA, a Delaware corporation, AMERICAN SAFETY RISK RETENTION GROUP, INC., a Vermont corporation, AMERICAN SAFETY INDEMNITY COMPANY, a Oklahoma corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 07-CV-05491 PJH<br><br>**ANSWER OF AMERICAN SAFETY RISK RETENTION GROUP, INC. TO ARROWOOD INDEMNITY COMPANY'S CROSS-COMPLAINT**<br><br>[Demand for Jury Trial] |

Defendant and Cross-Defendant AMERICAN SAFETY RISK RETENTION GROUP, INC. (hereinafter "Cross-Defendant" or "ASRRG"), for itself alone and for no others, hereby answers the Cross-Complaint of Defendant, Counterclaimant, and Cross-Claimant ARROWOOD INDEMNITY COMPANY ("Cross-Claimant"), admits, denies and alleges as

1

**ANSWER OF AMERICAN SAFETY RISK RETENTION GROUP, INC. TO CROSS-COMPLAINT**

follows:

## JURISDICTION

1. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 1 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

## VENUE

2. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 2 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

## THE PARTIES

3. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 3 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

4. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 4 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

5. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 5 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

6. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 6 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

7. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 7 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

## THE INSURANCE POLICIES

9. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 8 of the Cross-Complaint, and on that

basis denies each and every allegation contained therein.

10.    Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 10 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

11.    Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 11 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

12.    Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 12 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

13.    Defendant admits that it issued policy XGI 00-1462-001 to Rylock Company Limited, effective March 1, 2000 to March 1, 2001. Except as specifically admitted, Cross-Defendant denies the remaining allegations of paragraph 17 of the Cross-Complaint.

14.    Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 14 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

## THE UNDERLYING EVENTS

15.    Cross-Defendant admits that it is informed and believes that Rylock was engaged in the business of window manufacturing or distribution, and is alleged to have installed windows in homes located in California and elsewhere. Except as specifically admitted, Cross-Defendant denies the remaining allegations of paragraph 15 of the Cross-Complaint.

16.    Cross-Defendant admits that it is informed and believes that Rylock is alleged to have installed defective windows in connection with numerous lawsuits. Except as specifically admitted, Cross-Defendant denies the remaining allegations of paragraph 16 of the Cross-Complaint.

17.    Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 17 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

ANSWER OF AMERICAN SAFETY RISK RETENTION GROUP, INC. TO CROSS-COMPLAINT

18. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 18 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

19. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 19 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

20. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 20 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

21. Cross-Defendant admits that a copy of a Loss Run Report has been provided to Cross-Defendant by Cross-Claimant during the course of the above-captioned litigation. Except as specifically admitted, Cross-Defendant denies the remaining allegations of paragraph 21 of the Cross-Complaint.

22. Cross-Defendant admits that a copy of a Claim List has been provided to Cross-Defendant by Cross-Claimant during the course of the above-captioned litigation. Except as specifically admitted, Cross-Defendant denies the remaining allegations of paragraph 22 of the Cross-Complaint.

23. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 23 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

24. Cross-Defendant denies the allegations contained in paragraph 24 of the Cross-Complaint.

25. Cross-Defendant admits on information and belief the allegations contained in paragraph 25 of the Cross-Complaint.

26. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 26 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

ANSWER OF AMERICAN SAFETY RISK RETENTION GROUP, INC. TO CROSS-COMPLAINT

27. Cross-Defendant denies that Cross-Claimant is entitled to any reimbursement from Cross-Defendant. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained in paragraph 27 of the Cross-Complaint, and on that basis denies the remaining allegations contained therein.

### FIRST CLAIM FOR RELIEF

**(For Declaratory Relief Against AIU With Respect to the Exhaustion of the Arrowood Policies)**

28. Cross-Defendant hereby re-alleges and incorporates by this reference each and every allegation contained in all preceding paragraphs of this Answer as though such allegations are set forth herein.

29. Cross-Defendant denies the allegations contained in paragraph 29 of the Cross-Complaint.

30. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 30 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

31. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 31 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

### SECOND CLAIM FOR RELIEF

**(For Declaratory Relief Against AIU With Respect to Its Obligation to Defend and Indemnify Rylock and/or Any Additional Insured)**

32. Cross-Defendant hereby re-alleges and incorporates by this reference each and every allegation contained in all preceding paragraphs of this Answer as though such allegations are set forth herein.

33. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 33 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

34. Cross-Defendant lacks sufficient knowledge or information to form a belief as to

the truthfulness of the allegations contained in paragraph 34 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

35. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 35 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

## FOURTH CLAIM FOR RELIEF

### (For Equitable Indemnity and Contribution Against AIU)

36. Cross-Defendant hereby re-alleges and incorporates by this reference each and every allegation contained in all preceding paragraphs of this Answer as though such allegations are set forth herein.

37. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 37 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

38. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 38 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

39. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 39 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

40. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 40 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

41. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 41 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

///
///
///

ANSWER OF AMERICAN SAFETY RISK RETENTION GROUP, INC. TO CROSS-COMPLAINT

## FOURTH CLAIM FOR RELIEF

### (In the alternative, For Equitable Indemnity and Contribution Against Acceptance, TIG, American Safety Risk, American Safety Indemnity)

42. Cross-Defendant hereby re-alleges and incorporates by this reference each and every allegation contained in all preceding paragraphs of this Answer as though such allegations are set forth herein.

43. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 43 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

44. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 44 of the Cross-Complaint, and on that basis denies each and every allegation contained therein.

45. Cross-Defendant denies that its defense and indemnity obligations were triggered under the policies issued to Rylock. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained in paragraph 45 of the Cross-Complaint, and on that basis denies those remaining allegations contained therein.

46. Cross-Defendant denies that it has an obligation to reimburse Arrowood for amounts paid under the policies Royal issued to Rylock. Cross-Defendant lacks sufficient knowledge or information to form a belief as to the truthfulness of the remaining allegations contained in paragraph 46 of the Cross-Complaint, and on that basis denies those remaining allegations contained therein.

## AFFIRMATIVE DEFENSES

In addition to the foregoing, Cross-Defendant asserts the following affirmative defenses without assuming the burden of proof for such where the burden is not by law upon Cross-Defendant:

### FIRST AFFIRMATIVE DEFENSE

47. As a separate affirmative defense to the Cross-Complaint, Cross-Defendant

alleges that the Cross-Complaint, and each and every cause of action thereof, fails to state facts sufficient to constitute a cause of action against this answering Cross-Defendant.

### SECOND AFFIRMATIVE DEFENSE

48. Cross-Defendant affirmatively alleges, in the alternative, that recovery is barred as the underlying claims fail to come within the scope of the Insuring Agreement of the policy issued by Cross-Defendant, "COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY."

### THIRD AFFIRMATIVE DEFENSE

49. As a separate affirmative defense to the Cross-Complaint, Cross-Defendant alleges that the Cross-Complaint, and each and every cause of action thereof, is barred by the equitable doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

50. As a separate affirmative defense to the Cross-Complaint, Cross-Defendant alleges that the Cross-Complaint is barred, and any adjudication of the claims and allegations therein improper, to the extent that Cross-Claimant has failed to join all parties necessary and indispensable to this action.

### FIFTH AFFIRMATIVE DEFENSE

51. As a separate affirmative defense to the Cross-Complaint, Cross-Defendant is informed and believes and thereon alleges that if Cross-Claimant sustained any injury or damages, such injury or damages were solely caused or contributed to by the wrongful conduct of other persons or entities other than this answering Cross-Defendant. To the extent that Cross-Claimant's injury or damages were so caused, any recovery by Cross-Claimant as against Cross-Defendant should be proportionately reduced, and Cross-Defendant shall be entitled to complete indemnity or comparative equitable indemnity/contribution from said third parties.

### SIXTH AFFIRMATIVE DEFENSE

52. As a separate affirmative defense to the Cross-Complaint, Cross-Defendant alleges that Cross-Complainant's causes of action for Declaratory Relief are barred as against Cross-Defendant by virtue of the fact that Cross-Claimant is not a party to the insurance

policies issued by Cross-Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

53. As a separate affirmative defense to the Cross-Complaint, Cross-Defendant alleges that Cross-Complainant, by its conduct, voluntarily assumed the risk of injury, damage or loss, and Cross-Complainant's claims are thereby barred in their entirety. This answering Cross-Defendant contends that at or about the time and place alleged in the Cross-Complaint, Cross-Claimant knowingly, wilfully and voluntarily assumed the risk of the conduct alleged in said Cross-Complaint and to the extent that Cross-Claimant assumed such risk, any award, recovery or claim by said Cross-Claimant should be reduced as a result of such assumption of the risk.

### EIGHTH AFFIRMATIVE DEFENSE

54. As a separate affirmative defense to the Cross-Complaint, Cross-Defendant alleges that any recovery herein by Cross-Claimant is barred or diminished to the extent that Cross-Claimant failed to mitigate its damages.

### NINTH AFFIRMATIVE DEFENSE

55. As a separate affirmative defense to the Cross-Complaint, Cross-Defendant alleges that Cross-Complainant's claims are barred by the doctrine of estoppel, including by virtue of Cross-Complainant's own actions, conduct, or omissions.

### TENTH AFFIRMATIVE DEFENSE

56. As a separate affirmative defense to the Cross-Complaint, Cross-Defendant alleges that Cross-Complainant's claims have been waived by the actions, conduct, or omissions of Cross-Claimant or others within the control of or acting with the authority of Cross-Complainant.

### ELEVENTH AFFIRMATIVE DEFENSE

57. As a separate affirmative defense to the Cross-Complaint, Cross-Defendant alleges that this action is barred or Cross-Claimant is precluded from prosecuting same under the doctrine of unclean hands, by virtue of its own improper actions, conduct, or omissions.

ANSWER OF AMERICAN SAFETY RISK RETENTION GROUP, INC. TO CROSS-COMPLAINT

### TWELFTH AFFIRMATIVE DEFENSE

58. Cross-Defendant affirmatively alleges, in the alternative, that recovery for the claims and damages asserted in the Cross-Complaint is precluded by the terms, exclusions, conditions and/or limitations contained in or incorporated into the policy issued by Cross-Defendant, including Exclusions "f," "j," "k," "l," "m," and "n," as set forth within the policy issued by Cross-Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

59. As a separate affirmative defense to the cross-Complaint, Cross-Defendant alleges that Cross-Complainant's causes of action are barred by the applicable statute of limitations, including, but not limited to, those set forth in California Code of Civil Procedure Sections 337, 340, and/or 343.

### FOURTEENTH AFFIRMATIVE DEFENSE

60. As a separate affirmative defense to the Cross-Complaint, Cross-Defendant alleges that recovery for the claims and damages asserted in the Cross-Complaint is precluded by other and additional terms, exclusions, conditions and/or limitations contained in or incorporated into the policy issued by Cross-Defendant, including, but not limited to, the "PRE-EXISTING INJURY OR DAMAGE EXCLUSION - FORM B."

### FIFTEENTH AFFIRMATIVE DEFENSE

61. As a separate affirmative defense to the Cross-Complaint, Cross-Defendant alleges that recovery for the claims and damages asserted in the Cross-Complaint is barred, in whole or part, to the extent that the conditions precedent to coverage under the policy issued by Cross-Defendant were not satisfied, including, but not limited to, satisfaction of the Self-Insured Retention.

### SIXTEENTH AFFIRMATIVE DEFENSE

62. As a separate affirmative defense to the Cross-Complaint, Cross-Defendant alleges that recovery for the claims and damages asserted in the Cross-Complaint is barred or excused, in whole or part, by breaches of other parties' duties as called for in the policy issued by Cross-Defendant, including, but not limited to, the duty to cooperate and the duty to timely

provide notice of a claim.

### SEVENTEENTH AFFIRMATIVE DEFENSE

63. As a separate affirmative defense to the cross-Complaint, Cross-Defendant alleges that any obligations or duties, as called for in the policy issued by Cross-Defendant, have been fully performed and fulfilled by this answering Cross-Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

64. As a separate affirmative defense to the Cross-Complaint, Cross-Defendant alleges that Cross-Complainant's causes of action are barred, in whole or part, to the extent that costs sought to be recovered were incurred without Cross-Defendant's prior consent.

### NINETEENTH AFFIRMATIVE DEFENSE

65. Cross-Defendant affirmatively alleges, in the alternative, that Cross-Complainant's Cross-Complaint does not state the claims made against Cross-Defendant with sufficient particularity to enable Cross-Defendant to determine all of its defenses, and that recovery is barred by other terms, conditions, definitions or exclusions set forth in the policy issued by Cross-Defendant, which may become applicable as the precise nature of Cross-Complainant's claims are determined through discovery or otherwise.

### PRAYER OF RELIEF

Wherefore, this answering Cross-Defendant prays that:

1. Cross-Claimant take nothing by way of the Cross-Complaint on file herein as against this answering Cross-Defendant;

2. This answering Cross-Defendant be dismissed with an award of its costs of suit incurred herein;

3. Cross-Claimant's recovery as against this answering Cross-Defendant, if any, be diminished by an amount equal to the degree of liability attributable to Cross-Claimant and/or to such other persons;

4. Cross-Claimant's recovery as against this answering Cross-Defendant, if any be diminished by Cross-Defendant's claim of offset;

5. That Cross-Claimant has judgment entered against it for a declaration of rights,

ANSWER OF AMERICAN SAFETY RISK RETENTION GROUP, INC. TO CROSS-COMPLAINT

1  duties and obligations (including those regarding indemnity) between the parties and each of
2  them; and

3      6.    The Court grant such other and further relief as it deems just and proper.

                                                                             Respectfully submitted,

DATED: August 4, 2008           Law Offices of David S. Blau

                                                    By:   _____

                                                    David S. Blau
                                                    David M. Morrow
                                                    Attorney for Cross-Defendants
                                                    American Safety Risk Retention Group, Inc.
                                                    and American Safety Indemnity Company

ANSWER OF AMERICAN SAFETY RISK RETENTION GROUP, INC. TO CROSS-COMPLAINT