Thomas A. Foster, Esq. (SBN 55640)
MARRONE, ROBINSON, FREDERICK & FOSTER
111 North First Street, Suite 300
Burbank, CA 91502-1851
Phone: (818) 841-1144
Fax: (818) 841-0746

Attorneys for Defendant,
ACCEPTANCE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA - San Francisco Division

| | |
|---|---|
| AIU INSURANCE COMPANY, a New York corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>ACCEPTANCE INSURANCE COMPANY, a Delaware corporation, TIG SPECIALTY INSURANCE COMPANY, a California corporation, ROYAL INSURANCE COMPANY OF AMERICA, a Delaware corporation, AMERICAN SAFETY RISK RETENTION GROUP, IND., a Vermont corporation, and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO. C 07-05491 PJH<br><br>NOTICE OF JOINDER AND JOINDER OF ACCEPTANCE INSURANCE COMPANY IN TIG'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>Date   :  October 29, 2008<br>Time  :  9:00 a.m.<br>Place  :  Courtroom 3 |

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

**NOTICE IS HEREBY GIVEN** that Defendant ACCEPTANCE INSURANCE COMPANY (hereinafter, "ACCEPTANCE") hereby joins in the Notice of Motion, Motion for Judgment on the Pleadings, and Memorandum of Points and Authorities filed in support thereof by Defendants TIG INSURANCE COMPANY (hereinafter, "TIG"), scheduled to be heard on October 29, 2008 at 9:00 a.m. before the Honorable Phyllis J. Hamilton in Courtroom 3, on the 17th Floor of the United States

Courthouse, located at 450 Golden Gate Avenue in San Francisco, California.

DATED: September 5, 2008

MARRONE, ROBINSON, FREDERICK & FOSTER
A Professional Corporation

By: _____
THOMAS A. FOSTER,
Attorneys for Defendant,
ACCEPTANCE INSURANCE COMPANY

## JOINDER IN TIG INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

### I. INTRODUCTION

Defendant ACCEPTANCE INSURANCE COMPANY ("ACCEPTANCE") joins in the Notice of Motion, Motion for Judgment on the Pleadings, and Memorandum of Points and Authorities filed in support thereof (collectively, "Motion") by Defendant TIG Insurance ("TIG").

The reasons that support TIG's Motion apply with equal force to ACCEPTANCE; namely, that AIU's Second Cause of Action for Declaratory Relief, Fourth Cause of Action for Equitable Indemnity Contribution, and Fifth Cause of Action for Equitable Subrogation, each fail to state claims upon which relief can be granted as to ACCEPTANCE. ACCEPTANCE is not named as a defendant with respect to any other cause of action. Thus, ACCEPTANCE joins each and every part of TIG's Motion.

For the reasons set forth in TIG's Motion, AIU's second, fourth and fifth causes of action, as against ACCEPTANCE must be dismissed.

### II. ALLEGATIONS IN PLAINTIFF'S FIRST AMENDED COMPLAINT

#### A. AIU Excess Policies

ACCEPTANCE joins this portion of TIG's Motion, describing AIU's Excess Policies.

#### B. ACCEPTANCE Primary Policies

AIU's First Amended Complaint states that ACCEPTANCE issued the following primary liability policies to Rylock Company, Ltd. ("Rylock"): (1) Policy no. C2CG0053, effective March 1, 1992 to March 1, 1993 [cite FAC ¶ 14]; (2) Policy no. C93G0194, effective March 1, 1993 to March 1, 1994 [cite FAC ¶ 14]; (3) Policy no. C94G0370 effective March 1, 1994 to March 1, 1995 [cite FAC ¶ 14]; (4) Policy no. C95CG60598, effective March 1, 1995 to March 1, 1996 [cite FAC ¶ 14]; (collectively, "ACCEPTANCE Policies"). The ACCEPTANCE Policies are attached to the FAC as Exhibits "C," "D," "E" and "F" [cite FAC ¶ 14];

As noted in TIG's Motion, AIU's Fist Amended Complaint does not contain any allegations

MARRONE, ROBINSON, FREDERICK & FOSTER
A Professional Corporation
111 N. First Street, Suite 300, Burbank, California 91502-1851
Ph.: (818) 841-1144 / Fax: (818) 841-0746

Notice of Joinder and Joinder.wpd

that the coverage periods of TIG's insurance policy, overlapped with AIU's coverage period. The same holds true for ACCEPTANCE -- the Fist Amended Complaint does not contain any allegations that any policy period of any of the ACCEPTANCE Policies overlapped with AIU's coverage period.

### C. The Underlying Litigation

ACCEPTANCE joins this portion of TIG's Motion, describing the subject of the underlying litigation.

### D. AIU's Second, Fourth, and Fifth Claims for Relief

#### 1. Second Claim for Declaratory Relief

ACCEPTANCE joins this portion of TIG's Motion, describing AIU's Second Claim for declaratory relief.

#### 2. Fourth Claim for Equitable Indemnity and Contribution

ACCEPTANCE joins this portion of TIG's Motion, as the same allegations are made against ACCEPTANCE, as against TIG, and AIU fails equally, as against both defendants, to specify how much, if anything, AIU has paid in defense and indemnity of Rylock in the underlying actions.

#### 3. Fifth Claim for Equitable Subrogation

ACCEPTANCE joins this portion of TIG's Motion, as the same allegations are made against ACCEPTANCE, as against TIG.

## III. LEGAL ARGUMENT

### A. Standard for Motion for Judgment on the Pleadings

ACCEPTANCE joins this portion of TIG''s Motion, as the same standard applies against ACCEPTANCE.

### B. AIU's Second Claim for Declaratory Relief Is Duplicative of its Other Claims and Should Be Dismissed

ACCEPTANCE joins in this portion of TIG''s Motion, as the second cause of action for declaratory relief is subject to dismissal since it would serve no useful purpose and would be uneconomical for the Court to address the merits of the claim, given that AIU's claims for equitable indemnity and contribution and for equitable subrogation present the same issues, and are thus,

1  duplicative.

### C. AIU Cannot State a Claim for Equitable Contribution or Equitable Indemnity

ACCEPTANCE joins this portion of TIG''s Motion, as ACCEPTANCE was also a primary level carrier, and AIU, as an excess carrier, did not share the same level of obligation on the same risk to Rylock. Thus, under California law, AIU has no right to equitable contribution or equitable indemnity from ACCEPTANCE for the same reasons AIU is not entitled to equitable contribution or equitable indemnity from TIG.

### D. AIU Has Not Stated a Claim for Equitable Subrogation

ACCEPTANCE joins this portion of TIG''s Motion, as any payments made by AIU on account of property damage first manifesting during ACCEPTANCE's policy period were voluntary in nature and thus not recoverable under an equitable subrogation theory, for the same reasons similar payments made during TIG's policy period were voluntary and thus unrecoverable. AIU's Equitable subrogation claim is also defective because AIU's First Amended Complaint fails to allege payment of a sum certain to Rylock in satisfaction of obligations for which ACCEPTANCE was liable, just as it failed to allege as against TIG.

#### 1. Overview of Equitable Subrogation

ACCEPTANCE joins this portion of TIG''s Motion, as the same principles apply as to ACCEPTANCE.

#### 2. Any Payments Made by AIU for Losses Which Acceptance Is Primarily Liable for Were Voluntary

ACCEPTANCE joins this portion of TIG''s Motion. Again, any payments made by AIU on account of property damage first manifesting during ACCEPTANCE's policy period were voluntary in nature since AIU had no obligation to make said payments, and California law bars recovery of such payments under an equitable subrogation theory.

#### 4. AIU Has Not Alleged Any Specific Amounts it Paid

ACCEPTANCE joins this portion of TIG''s Motion. Again, AIU's failure to alleged damages in a liquidated amount renders AIU's equitable subrogation claim equally defective against ACCEPTANCE, as it is against TIG, thus, warranting dismissal.

## IV. CONCLUSION

For all of the reasons set forth herein, AIU's second, fourth and fifth, causes of action against ACCEPTANCE should be dismissed for the same reasons as set forth in TIG's Motion: each fails to state a claim upon which relief can be granted as against ACCEPTANCE.

DATED:  September 5, 2008

MARRONE, ROBINSON, FREDERICK & FOSTER
A Professional Corporation

By: _/s/ Thomas A. Foster_____
THOMAS A. FOSTER,
Attorneys for Defendant,
ACCEPTANCE INSURANCE COMPANY

## PROOF OF SERVICE
### C.C.P. §1013a

I, the undersigned, declare that I am, and was at the time of service of the papers herein referred to, over the age of 18 years and not a party to the within action or proceeding. My business address is 111 North First Street, Suite 300, Burbank, California 91502-1851. I am employed in the County of Los Angeles, State of California, where this mailing, facsimile and/or delivery is occurring.

On the date of this declaration, I have caused this document, i.e., NOTICE OF JOINDER AND JOINDER OF ACCEPTANCE INSURANCE COMPANY IN TIG'S MOTION FOR JUDGMENT ON THE PLEADINGS to be served in the manner described below upon the following party(ies):

| Attorneys for Plaintiff, AIU INSURANCE COMPANY: | Attorneys for Defendant, ROYAL INDEMNITY COMPANY |
|---|---|
| Laura J. Ruettgers, Esq.<br>Christina M. Vavanier, Esq.<br>McCurdy & Fuller LLP<br>4300 Bohannon Drive, Suite 240<br>Meno Park, CA 94025<br>(650) 618-3500 - phone / (650) 618-3599 - fax<br>(laura.ruettgers@mccurdylawyers.com) | Mary E. McPherson, Esq.<br>Tressler, Soderstrom, Maloney & Priess LLP<br>3070 Bristol Street, Suite 450<br>Costa Mesa, CA 92626<br>(714) 429-2900 - phone / (714) 429-2901 - fax<br>(mmcpherson@tsmp.com) |
| **Attorneys for Defendant, TIG INSURANCE COMPANY** | **Attorneys for Defendant, AMERICAN SAFETY RISK RETENTION GROUP, INC.** |
| Semha Alwaya, Esq.<br>Trelawney James-Riechert, Esq.<br>Law Offices of Semha Alwaya<br>2200 Powell Street, Suite 110<br>Emeryville, CA 94608<br>(510) 595-7900 - phone / (510) 595-9049 - fax<br>(salwaya@alwayalaw.com) | David S. Blau, Esq.<br>Law Offices of David S. Blau<br>6080 Center Drive, Suite 210<br>Los Angeles, CA 90045<br>(310) 410-1900 - / (310) 410-1901 - fax<br>david@blaulaw.net |

☒ **BY ELECTRONIC FILING AND SERVICE VIA CM/ECF** - on September 5, 2008, I filed the foregoing documents, described above, through the use of the United States District Court's CM/ECF electronic filing system.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

_____
Micheline Valenti

MARRONE, ROBINSON, FREDERICK & FOSTER
A Professional Corporation
111 N. First Street, Suite 300, Burbank, California 91502-1851
Ph.: (818) 841-1144 / Fax: (818) 841-0746

Notice of Joinder and Joinder.wpd

7

NOTICE OF JOINDER AND JOINDER OF ACCEPTANCE INSURANCE COMPANY IN TIG'S
MOTION FOR JUDGMENT ON THE PLEADINGS