UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AIU INSURANCE C0MPANY,

    Plaintiff,

    v.

ACCEPTANCE INSURANCE COMPANY, et al.,

    Defendants.
_____/

No. C 07-5491 PJH

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS IN PART AND DENYING IT IN PART**

    The motion of defendants TIG Insurance Company ("TIG") and Acceptance Insurance Company ("Acceptance") for judgment on the pleadings came on for hearing before this court on November 12, 2008.

    Plaintiff AIU Insurance Company ("AIU") appeared by its counsel Laura J. Ruettgers; defendant TIG appeared by its counsel Semha Alwaya; defendant Acceptance appeared by its counsel Linet Megerdomian; defendant Arrowood Indemnity Company ("Royal/Arrowood"), formerly known as Royal Indemnity Company, successor-in-interest to Royal Insurance Company of America, appeared by its counsel Mary E. McPherson; and defendants American Safety Indemnity Company and American Safety Risk Retention Group ("American Safety defendants") appeared by their counsel David Blau.

    Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion in part and DENIES it in part, as follows.

## BACKGROUND

The main dispute in this case involves the allocation and priority between primary and excess general liability insurance policies issued to Rylock Company, Ltd. ("Rylock"), an Australian company that manufactures windows and doors. AIU issued an excess liability policy to Rylock for the period March 1, 1996, to March 1, 1998, and a second excess liability policy to Rylock for the period March 1, 1998, to March 1, 2002. During some or all of the same coverage periods, the five defendant insurers (and some unnamed DOE defendant insurers) issued primary general liability policies to Rylock.

AIU alleges that Rylock has been named as a defendant or cross-defendant in litigation in which homeowners have asserted that Rylock's windows were defective and that such defects resulted in water intrusion that caused property damage during the effective policy periods of the policies issued by the five defendant insurers. Rylock tendered its defense and indemnity to its primary carriers (including the five defendant insurers), and designated the Royal (now Arrowood) policies to respond to each of the Rylock actions. AIU asserts, however, that Royal/Arrowood has provided notice that its policies are exhausted, but also failed to obtain the proper contribution from the other defendant insurers; and that the other defendant insurers have taken the position that AIU has a present obligation to defend or indemnify Rylock in the Rylock actions under the AIU excess liability policies.

AIU claims that it has no such present obligation because the Royal/Arrowood primary policies are not exhausted, in that once Royal/Arrowood obtains the contributions it should have obtained from the other defendant insurers, its policy limits will be refreshed. AIU also asserts that it will have no present obligation to defend or indemnify until all the underlying primary insurance, including the policies issued by all the defendant insurers, has been properly exhausted.

AIU asserts six causes of action in the first amended complaint – (1) a claim for declaratory relief against the two American Safety defendants; (2) a claim for declaratory relief against all five named insurer defendants and the DOE defendants; (3) a claim for

declaratory relief against Royal/Arrowood; (4) a claim for equitable indemnity and contribution against all five named insurer defendants and the DOE defendants; (5) a claim for equitable subrogation against all five named insurer defendants and the DOE defendants; and (6) a claim for waiver and estoppel against Royal/Arrowood and the DOE defendants.

The relief AIU seeks in this action is an order declaring that the Royal/Arrowood policies are not exhausted because Royal/Arrowood is entitled to reimbursement for defense and indemnity costs of other primary insurers on the risk; an order declaring that the American Safety policies do not require that the insurer personally satisfy the self-insured retentions provided for therein; and an order declaring that AIU has no duty to defend or indemnify Rylock until all underlying insurance, including the American Safety policies, has been exhausted by the payment of claims.

TIG and Acceptance now move for judgment on the pleadings on the three causes of action asserted against them – the second cause of action for declaratory relief, the fourth cause of action for equitable indemnity and equitable contribution, and the fifth cause of action for equitable subrogation.

**DISCUSSION**

A.   Legal Standard

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed by within such time as not to delay the trial." Fed. R. Civ. P. 12(c).  A Rule 12(c) motion challenges the legal sufficiency of the other party's pleadings.  Rules 12(b)(6) and 12(c) are virtually interchangeable, and the same standard applies to both motions.  Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., 132 F.3d 526, 529 (9th Cir. 1997).

B.   Defendants' Motion

TIG/Acceptance argue that the second cause of action is duplicative of other claims against them, and should be dismissed; that the fourth cause of action should be dismissed because AIG cannot state a claim for equitable contribution or equitable indemnity against

3

them; and that the fifth cause of action should be dismissed because AIG has not stated a claim for equitable subrogation against them.

1. Second cause of action

In the second cause of action, AIU seeks a declaration by the court that the policies issued by Royal/Arrowood to Rylock are not exhausted, and that there is no obligation under the AIU Excess Policies until all primary coverage is exhausted.

TIG/Acceptance argue that this claim is entirely duplicative of AIU's claims for equitable indemnity and contribution and for equitable subrogation, since all the claims seek to have the court adjudicate the rights and duties of the parties under their respective policies of insurance. TIG/Acceptance assert that under these conditions, a declaratory judgment would serve no purpose, and the second cause of action should therefore be dismissed as to them.

Under the Declaratory Judgment Act, the court "may" but is not required to "declare the rights and other legal obligations of any interested party seeking such declaration. See 28 U.S.C. § 2201(a). A court properly acts within its discretion by dismissing a claim for declaratory relief if "a declaratory judgment would serve no useful purpose." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

The court finds that the motion must be DENIED. The allegations in the first amended complaint are sufficient to state a claim for declaratory relief. It may be true that TIG/Acceptance have no obligation to reimburse Royal, or that the Royal policies are not subject to refreshment from the other primary carriers, or that Royal is not making a claim against any of its insurers. However, the court cannot make that determination in the absence of evidence that is not before it. Until the equitable indemnity/contribution and subrogation claims have been resolved, the court cannot find that the claim for declaratory relief would be duplicative of other claims or that it serves no useful purpose.

2. Fourth cause of action

In the fourth cause of action for equitable contribution and equitable indemnity, AIU alleges that defendants, including TIG/Acceptance, have wrongfully refused to defend and

4

indemnify Rylock in the underlying actions, and that as a result AIU has been forced to pay for such defense and indemnity under the AIU Excess Policies.  AIU seeks contribution from TIG/Acceptance of the monies that AIU has allegedly paid toward defense and indemnity.

In response, TIG/Acceptance contend that AIU, as an excess carrier, has no right to equitable contribution or equitable indemnity from the primary carriers TIG/Acceptance, since AIU and the primaries did not share the same level of obligation on the same risk to Rylock – as there was no overlap in their respective coverage periods, and AIU covered only excess losses.

The court finds that the motion must be DENIED.  The court finds that the parties have not adequately briefed the issues, particularly as to equitable indemnity.  Moreover, for the reasons stated below in the discussion of the claim for equitable subrogation, the dispute over whether AIU did or did not act "voluntarily" in paying any claims is not one that the court can determine on a motion for judgment on the pleadings.

3. Fifth cause of action

In the fifth cause of action, AIU asserts that it is equitably subrogated to the rights of Rylock with respect to the primary-level carriers, including TIG/Acceptance, who allegedly breached their obligation to defend and indemnify Rylock in the underlying actions.

TIG/Acceptance argue that this cause of action fails to state a claim for equitable subrogation against them for two reasons.  First, TIG/Acceptance assert that any payments made by AIU on account of property damage first manifesting during their respective policy periods would have been voluntary in nature, since AIU provided excess level coverage for property damage that occurred between March 1, 1996, and March 1, 2002, and had no obligation to pay for property damage that first occurred and/or manifested itself during TIG/Acceptance's policy period.  Second, TIG/Acceptance contend that the claim fails because AIU has not alleged damages in a liquidated amount.

The court finds that the motion must be GRANTED for the second reason argued by TIG/Acceptance.  The essential elements of an insurer's cause of action for equitable

subrogation are

> (a) the insured suffered a loss for which the defendant is liable . . .; (b) the claimed loss was one for which the insurer was not primarily liable; (c) the insurer has compensated the insured in whole or in part for the same loss for which the defendant is primarily liable; (d) the insurer has paid the claim of its insured to protect its own interest and not as a volunteer; (e) the insured has an existing, assignable cause of action against the defendant which the insured could have asserted for its own benefit and it not been compensated for its loss by the insurer; (f) the insurer has suffered damages caused by the act or omission upon which the liability of the defendant depends; (g) justice requires that the loss be entirely shifted from the insurer to the defendant, whose equitable position is inferior to that of the insurer; and (h) the insurer's damages are in a liquidated sum, generally the amount paid to the insured.

Fireman's Fund Ins. Co. v. Maryland Cas. Co., 65 Cal. App. 4th 1279, 1292 (1998).

Here, AIU has not alleged facts that meet all the required elements of a claim for equitable subrogation. At the hearing, counsel for AIU stated that the allegations of damages that support the fifth cause of action for equitable subrogation can be found in ¶¶ 42 and 43 of the first amended complaint. As indicated above, a requisite element of a cause of action for equitable subrogation is the insurer's damages are in a stated sum, which is usually the amount paid to the insured, assuming payment was not voluntary and was reasonable. See Gulf Ins. Co. v. TIG Ins. Co., 86 Cal. App. 4th 422, 434 (2001). The court finds that the allegations in the first amended complaint do not satisfy this standard. AIU will be given leave to amend to correct this deficiency.

As for TIG/Acceptance's first argument – that any payment made by AIU was "voluntary" because its obligation did not extend to the period covered by the TIG/Acceptance policies, the court finds that the parties briefs did not adequately address the issue. At the hearing, counsel referred generally to "Montrose" and "Armstrong," which the court interpreted as references to Montrose Chem. Corp. v. Admiral Ins. Co., 10 Cal. 4th 645, 677 (1995) (where damages continue throughout successive policy periods, all insurance policies in effect during those periods are triggered), and Armstrong World Indus., Inc. v. Aetna Cas. & Surety Co., 45 Cal. App. 1, 105 (1996) (once triggered, the policy obligates the insurer to pay "all sums" which the insured shall become liable to pay as damages).

However, neither side appears to have mentioned those cases in their briefs, and the court is uncertain how to interpret the parties' arguments in light of those two cases. And in any event, the issue would better be addressed in a motion for summary judgment than in a motion for judgment on the pleadings.

## CONCLUSION

In accordance with the foregoing, the court DENIES the motion as to the second and fourth causes of action, and GRANTS the motion as to the fifth cause of action, with leave to amend. Any amended complaint shall be filed no later than December 22, 2008.

**IT IS SO ORDERED.**

Dated: November 17, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge