UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AIU INSURANCE C0MPANY,

    Plaintiff,

    v.

ACCEPTANCE INSURANCE COMPANY, et al.,

    Defendants.

_____/

No. C 07-5491 PJH

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

    Plaintiff's motion for summary judgment came on for hearing before this court on July 28, 2010. Plaintiff appeared by its counsel Laura J. Ruettgers, and defendants American Safety Indemnity Company and American Safety Risk Retention Group, Inc. appeared by their counsel David Blau. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court hereby DENIES the motion.

    Summary judgment is appropriate when there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

    Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. Soremekun v.Thrifty Payless, Inc., 509 F.3d 978, 994 (9th Cir. 2007). On an issue where

the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. <u>Celotex</u>, 477 U.S. at 324-25. If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. <u>See</u> Fed. R. Civ. P. 56(e); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986).

In this insurance coverage action, plaintiff AIU Insurance Company ("AIU") seeks a determination that primary carriers American Safety Risk Retention Group, Inc. ("ASRRG") and American Safety Indemnity Company ("ASIC") (collectively, "American Safety") are contractually obligated to defend and indemnify Rylock Company Ltd. ("Rylock"), and that AIU, as excess carrier, is not.

Rylock manufactured and installed windows in homes throughout California, and was named as a defendant in numerous "construction defect" actions in California. After many years of protracted litigation, Rylock dissolved. Following the dissolution and subsequent distribution of assets, Rylock's defense counsel withdrew.

According to AIU, Rylock remains a defendant or cross-defendant in at least 19 pending construction defect actions in California ("the Underlying Actions"), asserting that property damage resulted from the manufacture or installation of Rylock windows. The Underlying Actions name as defendants certain general contractor and/or developer entities, which filed cross-complaints against subcontractors, including Rylock, seeking to pass any defense fees and costs (as well as damages) pursuant to written subcontractor agreements. According to AIU, the subcontractor agreements require Rylock to defend and indemnify the general contractor/developer entities, and also require Rylock to name the general contractor/developer entities as "additional insureds" on Rylock's general liability insurance coverage.

During the period March 1996 to March 2002 (the relevant period), Rylock maintained primary insurance through Arrowood Indemnity Company, successor-in-interest to Royal Insurance Company of America ("Arrowood/Royal") and through American Safety

(Arrowood/Royal from March 1996 to March 2000; ASRRG from March 2000 to March 2001; ASIC from March 2001 to March 2002). AIU provided the excess coverage during the same time period with Policy No. 309-29-74 (March 1996 to March 1998) and Policy No. 357-20-18 (March 1998 to March 2002). The Arrowood/Royal policies have been exhausted. Thus, the remaining policies at issue are the American Safety primary policies and the AIU excess policies.

AIU asserts that when American Safety was tendered the actions on behalf of Rylock and the additional insured general contractors/developers, it either declined the tenders outright, or accepted the defense conditional upon payment of the policies' self-insured retentions ("SIRs"). American Safety had taken the position, however, that no defense or indemnity obligation arises under its policies unless and until the named insured satisfies the SIR amount.

AIU claims that because Rylock has dissolved and cannot satisfy the SIR, American Safety is attempting to employ the SIR provisions as an absolute bar to any obligation under its policies. AIU asserts, however, that the American Safety policies apply to the Underlying Actions (and no defense obligation therefore inures to AIU) – even to the extent that there are unsatisfied SIRs on the applicable primary policies.

In the claim asserted against American Safety, AIU seeks a judicial declaration that the terms and conditions of the American Safety Policies do not provide that only the insured, personally, can satisfy the retention amounts and trigger an obligation under the Policies – or, in the event that only the insured party can satisfy the retention amount, a declaration regarding how the American Safety Policies apply to the extent that the insured is personally unable to satisfy the retention amount, and when the AIU Excess Policies apply in light of the unexhausted primary coverage afforded by American Safety

In the present motion, AIU seeks a declaration that ASRRG is contractually obligated to defend Rylock in the pending Underlying Actions; that ASIC is contractually obligated to defend Rylock in the pending Underlying Actions; that AIU has no obligation to defend or indemnify Rylock in the Underlying Actions; and that the alleged unsatisfied SIR

amounts do not relieve ASRRG's or ASIC's ultimate obligation to indemnify Rylock with respect to judgments and/or settlements.

AIU makes two main arguments in support of its motion – that American Safety has the sole obligation to defend Rylock in the Underlying Actions, and that American Safety's SIR provisions cannot preclude American Safety's indemnity obligations.

In its first main argument, AIU contends that American Safety has the sole obligation to defend Rylock in the Underlying Actions because the Underlying Actions allege that defective work performed by Rylock damaged the homes, and therefore implicate coverage under the American Safety Policies; and because AIU has no concurrent defense obligation since the AIU Excess Policies are excess to the American Safety Policies. AIU argues further that because the endorsements do not clearly and unambiguously provide for satisfaction of the SIR amounts only by the insured, the SIR amounts can also be satisfied in two alternative ways – by insurance payments, and by additional insureds and their carriers. AIU contends in addition that Rylock's dissolution does not affect American Safety's defense obligation.

AIU supports its argument regarding the Underlying Actions with a Request for Judicial Notice, purporting to identify 66 documents filed in the Underlying Actions, plus a declaration from AIU attorney David Hungerford, offering a summary of the various complaints and other documents filed in the Underlying Actions, copies of which are attached as exhibits to the declaration. Mr. Hungerford also purports to explain what the relevant subcontracts provide and what American Safety's response to various actions has been. AIU asserts that the allegations in the Underlying Actions are sufficient to trigger the duty to defend, and that unless American Safety can produce conclusive, specific evidence that the alleged damages are not covered under its policies, nothing precludes that defense duty.

AIU also argues that American Safety cannot escape its defense obligation based on the assertion that the SIR amounts have not been satisfied. AIU argues that because defense counsel for "additional insureds" have billed and been paid in several actions, this

4

satisfies any requirement that the SIR provision might impose. In support of this argument, AIU provides four declarations from defense counsel for "additional insureds," stating that they have billed and been paid at least $50,000 in several of the Underlying Actions.

In its second main argument, AIU asserts that American Safety's SIR provisions cannot preclude American Safety's indemnity obligations. AIU anticipates that American Safety will argue that it has no indemnity obligation because of the allegedly unsatisfied SIRs, but asserts that California law supports a holding that American Safety would be liable for a judgment in excess of the SIR amount, even to the extent that the SIR was not otherwise satisfied. Moreover, AIU asserts, under California Insurance Code § 11580, insurers are required to guarantee their indemnity obligations regardless of the insured's insolvency.

In opposition, American Safety responds to AIU's arguments, and asserts in addition that this declaratory relief action is improper because AIU cannot establish the existence of a case or controversy ripe for judicial review, and cannot show that it has standing to seek judicial review of any such controversy. American Safety contends that AIU brings its motion on the basis that _if_ there are claims against Rylock that might present liability that is covered, and that _if_ those claims go undefended, and _if_ the actions result in default judgments against Rylock, and _if_ the judgment creditors sue Rylock's carriers under California Insurance Code § 11580, and _if_ American Safety's policies are exhausted, then AIU _might_ be exposed to liability. American Safety contends that the presence of all these "ifs" means that AIU is actually seeking an advisory opinion.

In addition, American Safety argues that AIU cannot show that it has standing to seek judicial review of such controversy, because it cannot show that it has suffered an actual injury or that there is a real and imminent danger that it will suffer a real injury. American Safety asserts that it is undisputed that AIU has incurred no sums in connection with the defense or indemnity of Rylock in relation to any of the Underlying Actions. American Safety asserts that if and when AIU is presented with a claim to which it is actually exposed and incurs damages, and such damages are allegedly due to American

5

Safety's actions, then it may have the right to sue for equitable contribution, which American Safety claims is the appropriate method for carriers on the same risk to share the loss.

American Safety also argues that AIU is not entitled to summary judgment because the SIR has not been satisfied in connection with any Underlying Case, and the specific conditions of coverage set forth in American Safety's insuring agreements have therefore not been met. Moreover, American Safety asserts, the court cannot find that American Safety has any indemnity obligation, as there has been nothing so far establishing the underlying liability of Rylock.

The court finds that the motion must be DENIED. As an initial matter, the court finds that for purposes of declaratory relief, AIU has adequately alleged a "case or controversy" and that it does not need to show that it has suffered an "injury in fact" beyond what it has shown here. The Ninth Circuit has held that there is a "case or controversy" when an insurer brings a declaratory judgment action to establish whether it has a duty to defend and to indemnify, even when the underlying liability action has not yet proceeded to judgment. See American States Ins. v. Kearns, 15 F.3d 142, 144 (9th Cir. 1994); see also Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005).

Here, the standard is met. AIU alleges that American Safety is obligated to defend Rylock, and contends that American Safety has declined to do so in several actions based on its argument that the SIRs in the American Safety Policies have not been satisfied. Each side has an interest in this dispute – American Safety's interest is that it does not want to pay defense costs, while AIU asserts that its interest is in protecting itself from an unopposed judgment excess of American Safety's limits.

As for American Safety's argument that AIU lacks standing because it has not suffered any injury, AIU need not establish that it was injured in the past to maintain its claim for declaratory relief, but rather need show only "a very significant possibility of future harm," or "a likelihood of future injury," to establish standing to seek declaratory relief. Hodgers-Durgin v. De La Vina, 199 F.3d 1037, 1044 (9th Cir. 1999); Coral Constr. Co. v.

King County, 941 F.2d 910, 929 (9th Cir. 1991).  Here, AIU is not seeking a ruling that American Safety has any indemnity obligation – just a ruling that the American Safety SIR endorsement cannot preclude a duty to indemnify if one should arise.

Nevertheless, the court finds that the motion must be denied because AIU has provided insufficient competent evidence to prove coverage under the American Safety Policies.  AIU has not established that any of those actions present the potential for liability for "property damage" arising from the work or products of Rylock, let alone any liability that is actually covered under the American Safety Policies.

The statements in the Hungerford Declaration are not based on first-hand knowledge, and the purported "summary" of the allegations in the complaints and cross-complaints in the Underlying Actions is hearsay, as is the "summary" of the provisions of the subcontracts at issue in the Underlying Actions.  In addition, none of the 79 "exhibits" (the 66 referenced in the RJN, plus those and the additional 3 referenced in the Hungerford Declaration, plus the remaining 10), is authenticated, and none is self-authenticating under Federal Rule of Evidence 902.  As for the declarations by counsel for the "other insured," none establishes that AIU has paid any defense costs in the Underlying Actions or that it is obligated to pay them.

Even if the exhibits were admissible, AIU simply makes broad generalizations regarding all the underlying matters based on exhibits that are potentially applicable only to some.   For example, subcontract agreements are provided only in relation to nine Underlying Actions; home completion matrix exhibits address only seven Underlying Actions; and only seven Underlying Actions are supported by a declaration that a developer defendant's defense costs exceeded $50,000 (though it is not clear who paid the fees).  Moreover, even though AIU claims that all of the Underlying Actions share the foregoing attributes, AIU presents evidence in connection with only one Underlying Action (the Alvis case).

Nor has AIU provided competent evidence of any covered "property damage" caused by a "covered occurrence" during the period of defendants' policies.  While AIU has

provided the court with copies of complaints and cross-claims from the Underlying Actions, there are differences among those various actions.  AIU has indicated that it is not seeking an order compelling American Safety to defend any suit, but rather is requesting the court to determine the rights and obligations of the parties as insurers of Rylock.

Nevertheless, the court agrees with American Safety that any determination of coverage under either of the American Safety policies will require application of the policy terms to the specific facts of each Underlying Action, including the timing of Rylock's work in connection with each construction project, the timing of any resulting "property damage" alleged, and the amounts incurred by AIU (if any) in defending the parties' mutual insured, Rylock.  Thus, the relief that AIU is seeking in this motion (re "duty to defend in the Underlying Actions") is broader than is justified by the evidentiary showing.

Finally, as for whether American Safety's obligation to pay has been triggered regardless of whether Rylock personally has satisfied the SIR amounts, it appears to the court that AIU is seeking a ruling that – while not necessarily "advisory" – nevertheless would require the court to compare the policy language at issue here with the policy language at issue in the cases cited by the parties, and to issue a ruling in the abstract. The court is unwilling to do this in the absence of evidence of a concrete dispute with regard to coverage.

In accordance with the foregoing, AIU's motion for summary judgment is DENIED. American Safety's evidentiary objections are sustained in part, in accordance with this order.

**IT IS SO ORDERED.**

Dated: September 30, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge