United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIU INSURANCE C0MPANY, | |
| Plaintiff, | No. C 07-5491 PJH |
| v. | **ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| ACCEPTANCE INSURANCE COMPANY, et al., | |
| Defendants. _____/ | |

Before the court is the motion of plaintiff AIU Insurance Company for leave to file a motion for reconsideration of the court's September 30, 2010 order denying plaintiff's motion for summary judgment.

The Civil Local Rules of this court provide that a party seeking leave to file a motion for reconsideration of an interlocutory order "must specifically show" (1) that at the time of the motion, "a material difference in fact or law exists" from that which was presented to the court before entry of the interlocutory order for which reconsideration is sought; or (2) that "new material facts or a change of law" has emerged after the time of such order; or (3) "[a] manifest failure by the [c]ourt to consider material facts or dispositive legal arguments" that were presented to the court before such interlocutory order. Civ. L.R. 7-9(b). Here, plaintiff has shown none of these things, and the motion is DENIED on that basis.

Instead, plaintiff takes issue with the court's characterization of the evidence provided in support of its motion. Only admissible evidence can be considered by a court in ruling on a motion for summary judgment. Orr v. Bank of America, 285 F.3d 764, 773

(9th Cir. 2002). Plaintiff supported its motion with a request for judicial notice ("RJN"), which attached documents that were not authenticated in any way authorized under the Federal Rules of Evidence. Plaintiff also provided a declaration from one of its attorneys, David Hungerford, purporting to summarize the documents that were attached to the RJN, of which he lacked any personal knowledge.

While the court can take judicial notice of pleadings filed in other courts, that does not mean that those pleadings can serve as evidence to support a party's version of the facts. A court does not take judicial notice of a document, it takes judicial notice of facts "not subject to reasonable dispute," either because they are "generally known within the territorial jurisdiction of the trial court," or because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In other words, while the court can take judicial notice of the fact that certain documents were filed, that does not necessarily translate into a finding as to the truth of the matters asserted in the documents. And to the extent that plaintiff sought to authenticate the documents via the Hungerford Declaration, that effort failed, as the declaration of an attorney who lacks personal knowledge of a document is inadequate to authenticate the document properly. See Orr, 285 F.3d at 777.

**IT IS SO ORDERED.**

Dated: November 10, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

2