UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AIU INSURANCE C0MPANY,

    Plaintiff,

    v.

ACCEPTANCE INSURANCE COMPANY, et al.,

    Defendants.

_____/

No. C 07-5491 PJH

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    The motion of defendants American Safety Risk Retention Group, Inc. ("ASRRG") and American Safety Indemnity Company ("ASIC") for summary judgment came on for hearing before this court on December 22, 2010. Plaintiff AIU Insurance Company ("AIU") appeared by its counsel Laura Ruettgers, and ASRRG and ASIC appeared by their counsel David Blau. Having read the parties' papers and carefully considered their arguments, the court hereby GRANTS the motion as follows for the reasons stated at the hearing.

    The second amended complaint asserts a single cause of action against ASRRG and ASIC – a claim for declaratory relief seeking a judicial declaration as to the duties of AIU, ASRRG, and ASIC with regard to insurance coverage, in connection with claims asserted against Rylock Company, Ltd. ("the Underlying Actions").

    The Declaratory Judgment Act provides in relevant part: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The "case or controversy" requirement shields federal courts from being

drawn into disputes regarding abstract or hypothetical cases, as federal courts have no power to render advisory opinions as to what the law ought to be or affecting a dispute that has not yet arisen. See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240 (1937).

In general, an insurer's declaratory action regarding its duty to defend and indemnify may be sufficiently ripe, even when the underlying liability action has not yet proceeded to judgment. See, e.g., Maryland Casualty v. Pacific Coal & Oil Co., 312 U.S. 270 (1941). As long as the parties' dispute is of sufficient "immediacy and reality" to constitute a "controversy" in the constitutional sense, the exercise of federal power is specifically authorized under the Declaratory Judgment Act. Aetna, 300 U.S. at 240. If, however, a case is not ripe for review, then there is no case or controversy and the court cannot exercise subject-matter jurisdiction over the action. See American States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1994).

In opposing AIU's previous motion for summary judgment, ASRRG and ASIC argued that this declaratory relief action was improper because AIU could not establish the existence of a case or controversy ripe for judicial review, and could not show that it had standing to seek judicial review of any such controversy. In the September 30, 2010 order denying AIU's motion, the court found that "for purposes of declaratory relief, AIU has adequately alleged a 'case or controversy'" and that AIU did not need to make any further showing of "injury in fact."

Now, in support of their own motion for summary judgment, ASRRG and ASIC again assert that AIU cannot provide sufficient evidence to establish the existence of a "case or controversy," and also contend that what AIU is seeking amounts to a purely advisory opinion. In addition, ASRRG and ASIC argue that equitable contribution is the appropriate means of equitably allocating a claim depending on the coverage afforded by each of the carriers' policies and the specific facts and liability presented.

On an issue where the nonmoving party will bear the burden of proof at trial, the party seeking summary judgment can prevail merely by pointing out to the district court that

there is an absence of evidence to support the nonmoving party's case.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324-25 (1986).  If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion.  <u>See</u> <u>Anderson v. Liberty Lobby</u>, <u>Inc.</u>, 477 U.S. 242, 250 (1986).

As stated at the hearing, the court finds that AIU has failed to provide evidence showing that the parties' dispute is ripe for review.  The court finds further that AIU is in effect seeking an advisory opinion.  Accordingly, defendants' motion for summary judgment is GRANTED.  The dismissal of AIU's claim for declaratory relief against ASRRG and ASIC is without prejudice to refiling it once the claim is ripe.

**IT IS SO ORDERED.**

Dated:  December 23, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge